RECORD NO. 22-7054

In The

# United States Court of Appeals
### For The Fourth Circuit

## UNITED STATES OF AMERICA,

*Plaintiff – Appellee,*

**v.**

## ZACKARY ELLIS SANDERS,

*Defendant – Appellant.*

## ON APPEAL FROM THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## AT ALEXANDRIA

—————————

## JOINT APPENDIX
## VOLUME I OF II
## (Pages 1 – 236)

—————————

Nina J. Ginsberg
DIMUROGINSBERG, PC
1101 King Street, Suite 610
Alexandria, Virginia 22314
(703) 684-4333

Annie Z. Zanobini
OFFICE OF THE U.S. ATTORNEY
2100 Jamison Avenue
Alexandria, Virginia 22314
(703) 299-3700

*Counsel for Appellant*

*Counsel for Appellee*

THE LEX GROUP ♦ 1108 East Main Street ♦ Suite 1400 ♦ Richmond, VA 23219
(804) 644-4419 ♦ (800) 856-4419 ♦ Fax: (804) 644-3660 ♦ www.thelexgroup.com

## TABLE OF CONTENTS
## VOLUME I OF II

**Appendix Page**

Docket Entries.....................................................................................JA1

Indictment
      filed June 24, 2020 ...................................................JA64

Defendant's Memorandum in Support of Motion for Return of
Non-Contraband Seized Property and, Alternatively, Objection to Entry of
Preliminary Order of Forfeiture
      filed March 28, 2022.................................................JA70

Government's Motion for a Preliminary Order of Forfeiture and
Response in Opposition to Defendant's Motion for Return of Property,
With Exhibits,
      filed March 29, 2022.................................................JA80

    Exhibits:

    1.    Declaration of Special Agent Emily T. Eckert, FBI,
         In Support of Government's Motion for Preliminary Order
         Of Forfeiture
            dated March 28, 2022........................................JA99

    2.    Declaration of Special Agent Andrew Kochy, FBI, in Support of
         Government's Motion for Preliminary Order of Forfeiture
            dated March 29, 2022...................................... JA104

      Government's Proposed Order of Forfeiture
         undated ...........................................................JA110

Defendant's Supplemental Brief Regarding Forfeiture of
Non-Contraband Electronic Files and Data
      filed April 8, 2022 ...................................................JA114

Government's Reply to Defendant's Supplemental Brief
Regarding Forfeiture
      filed April 15, 2022................................................ JA127

Defendant's Response to Government's Supplemental Brief
Regarding Forfeiture of Non-Contraband Electronic Files and Data
With Exhibits,
      filed April 19, 2022 .................................................................. JA136

      <u>Exhibits:</u>

        1.     *United States v. Michael Alan Reaid*,
             4:10-cr-00042 (RH-CAS) (N.D.Fl. June 11, 2012)
             Order Directing Government to File Supplemental Response
                 dated June 11, 2012 .......................................................... JA145

        2.     *United States v. Arnold Bernard Conrad*,
             3:12-cr-00134-J-34 (TEM) (M.D. Fl. May 14, 2013)
             Report and Recommendation
                 dated May 14, 2013 .......................................................... JA150

        3.     Printout of Griffeye Website
                 dated April 18, 2022 .......................................................... JA173

Transcript of Forfeiture Hearing before
The Honorable T.S. Ellis, III
      on April 29, 2022 .................................................................. JA177

Memorandum Opinion of
The Honorable T.S. Ellis, III
Re: Granting Government's Motion for Preliminary Order of Forfeiture
And Denying Defendant's Motion for Return of Non-Contraband
Seized Property
      filed August 19, 2022 ........................................................... JA221

Order of
The Honorable T.S. Ellis, III
Re: Granting Government's Motion for Preliminary Order of Forfeiture
And Denying Defendant's Motion for Return of Non-Contraband
Seized Property
      filed August 19, 2022 ...........................................................JA235

Defendant's Notice of Appeal
      filed September 1, 2022 .......................................................JA236

## <u>TABLE OF CONTENTS</u>
### VOLUME II OF II – UNDER SEAL

<u>**Appendix Page**</u>

**Presentence Investigation Report**
>>**filed March 24, 2022**...............................................................................JA237

**Order of**
**The Honorable T.S. Ellis, III**
**Re:  Denying Defendant's Motion to Reconsider**
**Conditions of Supervised Release**
>>**filed April 28, 2022** ...............................................................................JA326

APPEAL,CLOSED

# U.S. District Court
## Eastern District of Virginia - (Alexandria)
## CRIMINAL DOCKET FOR CASE #: 1:20-cr-00143-TSE All Defendants

Case title: USA v. Sanders
Magistrate judge case number: 1:20-mj-00114-JFA-LMB

Date Filed: 06/24/2020
Date Terminated: 04/01/2022

Assigned to: District Judge T. S. Ellis, III

Appeals court case numbers: 22-4242 4th
Circuit, 22-7054 4th Circuit

**Defendant (1)**

**Zackary Ellis Sanders**
*TERMINATED: 04/01/2022*

represented by **Jonathan Stuart Jeffress**
KaiserDillon PLLC
1099 14th Street NW
8th Floor West
Washington, DC 20005
202-640-2850
Fax: 202-280-1034
Email: jjeffress@kaiserdillon.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Steven Joseph McCool**
McCool Law PLLC
1776 K St NW
Suite 200
Washington, DC 20006
202-450-3370
Fax: 202-450-3346
Email: smccool@mccoollawpllc.com
*TERMINATED: 04/07/2020*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Christopher Bryan Amolsch**
Law Office of Christopher Amolsch
12005 Sunrise Valley Drive
Suite 200
Reston, VA 20191
703-969-2214
Fax: 703-774-1201
Email: chrisamolsch@yahoo.com
*ATTORNEY TO BE NOTICED*

JA1

**Emily Anne Voshell**
KaiserDillon PLLC
1099 14th Street NW
8th Floor West
Washington, DC 20005
202-640-2850
Fax: 202-280-1034
Email: evoshell@kaiserdillon.com
*TERMINATED: 06/13/2022*
*Designation: Retained*

**Henry Louis Sirkin**
Santen & Hughes LPA (NA/OH)
600 Vine St
Suite 2700
Cincinnati, OH 45202
**NA**
513-721-4450
Fax: 513-852-5994
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Mark John Mahoney**
Harrington & Mahoney (NY-NA)
70 Nigagara Street
3rd Floor
Buffalo, NY 14202
**NA**
716-853-3700
Fax: 716-853-3710
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Nina J. Ginsberg**
DiMuroGinsberg PC
1101 King Street
Suite 610
Alexandria, VA 22314-2956
(703) 684-4333
Fax: 703-548-3181
Email: nginsberg@dimuro.com
*ATTORNEY TO BE NOTICED*

**Zachary Andrew Deubler**
DiMuroGinsberg PC
1101 King Street
Suite 610
Alexandria, VA 22314-2956

703-684-4333
Fax: 703-548-3181
Email: zdeubler@dimuro.com
*ATTORNEY TO BE NOTICED*

| **Pending Counts** | **Disposition** |
|---|---|
| 18:2251(a) and (e) Production of Child Pornography FORFEITURE (1) | 216 months w/Lifetime SR Term w/special conditions; $6,000 Restitution; $60,000 JVTA SA; $1,200 SA |
| 18:2251(a) and (e) Production of Child Pornography FORFEITURE (2) | 216 months w/Lifetime SR Term w/special conditions; $6,000 Restitution; $60,000 JVTA SA; $1,200 SA |
| 18:2251(a) and (e) Production of Child Pornography FORFEITURE (3) | 216 months w/Lifetime SR Term w/special conditions; $6,000 Restitution; $60,000 JVTA SA; $1,200 SA |
| 18:2251(a) and (e) Production of Child Pornography FORFEITURE (4) | 216 months w/Lifetime SR Term w/special conditions; $6,000 Restitution; $60,000 JVTA SA; $1,200 SA |
| 18:2251(a) and (e) Production of Child Pornography FORFEITURE (5) | 216 months w/Lifetime SR Term w/special conditions; $6,000 Restitution; $60,000 JVTA SA; $1,200 SA |
| 21:2252(a)(2) and (b)(I) Receipt of Child Pornography FORFEITURE (6) | 216 months w/Lifetime SR Term w/special conditions; $6,000 Restitution; $60,000 JVTA SA; $1,200 SA |
| 21:2252(a)(2) and (b)(I) Receipt of Child Pornography FORFEITURE (7) | 216 months w/Lifetime SR Term w/special conditions; $6,000 Restitution; $60,000 JVTA SA; $1,200 SA |
| 21:2252(a)(2) and (b)(I) Receipt of Child Pornography FORFEITURE (8) | 216 months w/Lifetime SR Term w/special conditions; $6,000 Restitution; $60,000 JVTA SA; $1,200 SA |
| 21:2252(a)(2) and (b)(I) Receipt of Child Pornography FORFEITURE (9) | 216 months w/Lifetime SR Term w/special conditions; $6,000 Restitution; $60,000 JVTA SA; $1,200 SA |
| 21:2252(a)(2) and (b)(I) Receipt of Child Pornography FORFEITURE (10) | 216 months w/Lifetime SR Term w/special conditions; $6,000 Restitution; $60,000 JVTA SA; $1,200 SA |
| 21:2252(a)(2) and (b)(I) Receipt of Child Pornography FORFEITURE (11) | 216 months w/Lifetime SR Term w/special conditions; $6,000 Restitution; $60,000 JVTA SA; $1,200 SA |
| 21:2252(a)(4)(B) and (b)(2) Possession of Child Pornography FORFEITURE (12) | 216 months w/Lifetime SR Term w/special conditions; $6,000 Restitution; $60,000 JVTA SA; $1,200 SA |

**Highest Offense Level (Opening)**

Felony

JA3

| **Terminated Counts** | **Disposition** |
|---|---|
| None | |

**Highest Offense Level (Terminated)**

None

| **Complaints** | **Disposition** |
|---|---|
| 18 U.S.C. § 2251(a), (e) Production of Child Pornography | 216 months w/Lifetime SR Term w/special conditions; $6,000 Restitution; $60,000 JVTA SA; $1,200 SA |

**Plaintiff**

| **USA** | represented by | **Jay V Prabhu** |
|---|---|---|

US Attorney's Office (Alexandria)
2100 Jamieson Avenue
Alexandria, VA 22314
**NA**
(703) 299-3700
Fax: (703) 299-3981
Email: jay.prabhu@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: US Attorney*

**William Clayman**
US Attorney's Office (Alexandria)
2100 Jamieson Avenue
Alexandria, VA 22314
**NA**
703-299-3700
Email: william.g.clayman@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: US Attorney*

**Annie Zanobini**
US Attorney's Office (Alexandria)
2100 Jamieson Avenue
Alexandria, VA 22314
NA
703-299-3700
Email: annie.zanobini2@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Seth Schlessinger**
US Attorney's Office (Alexandria)

JA4

2100 Jamieson Avenue
Alexandria, VA 22314
NA
703-299-3700
Email: seth.schlessinger@usdoj.gov
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 03/19/2020 | 1 | COMPLAINT as to Zackary Ellis Sanders (1). (rban, ) [1:20-mj-00114-JFA-LMB] (Entered: 03/20/2020) |
| 03/19/2020 | 3 | Redacted Criminal Case Cover Sheet (rban, ) [1:20-mj-00114-JFA-LMB] (Entered: 03/20/2020) |
| 03/19/2020 | 4 | AFFIDAVIT by USA as to Zackary Ellis Sanders 1 Complaint (rban, ) [1:20-mj-00114-JFA-LMB] (Entered: 03/20/2020) |
| 03/19/2020 | 5 | Arrest Warrant Issued by Magistrate Judge Ivan D. Davis in case as to Zackary Ellis Sanders. (rban, ) [1:20-mj-00114-JFA-LMB] (Entered: 03/20/2020) |
| 03/19/2020 | 6 | MOTION to Seal by USA as to Zackary Ellis Sanders. (rban, ) [1:20-mj-00114-JFA-LMB] (Entered: 03/20/2020) |
| 03/19/2020 | 7 | ORDER granting 6 Motion to Seal as to Zackary Ellis Sanders (1). ORDERED that the complaint and affidavit in support of the complaint, Motion to seal, and this Order be SEALED until the defendant is arrested. Signed by Magistrate Judge Ivan D. Davis on 3/19/2020. (rban, ) [1:20-mj-00114-JFA-LMB] (Entered: 03/20/2020) |
| 03/20/2020 | 8 | Arrest Warrant Returned Executed on 3/20/2020 in case as to Zackary Ellis Sanders. (lgue, ) [1:20-mj-00114-JFA-LMB] (Entered: 03/20/2020) |
| 03/20/2020 | 9 | Minute Entry for proceedings held before Magistrate Judge John F. Anderson:Initial Appearance as to Zackary Ellis Sanders held on 3/20/2020. US appeared through: Bill Clayman. Deft appeared with counsel: Steven McCool. Deft informed of rights, charges, and penalties. Deft requests PH/DH - GRANTED. Preliminary Hearing as to Zackary Ellis Sanders held on 3/20/2020. Gov't adduced evidence and rests. Affidavit admitted into evidence as gov't exhibit number one. Court finds PC. Matter continued for further proceedings before the Grand Jury. Detention Hearing as to Zackary Ellis Sanders held on 3/20/2020. Govt is seeking detention. Deft argues for release with conditions - DENIED. Deft remanded to the custody of the USMS. (Tape #FTR.)(lgue, ) [1:20-mj-00114-JFA-LMB] (Entered: 03/20/2020) |
| 03/20/2020 | 10 | NOTICE OF ATTORNEY APPEARANCE: Steven Joseph McCool appearing for Zackary Ellis Sanders (lgue, ) [1:20-mj-00114-JFA-LMB] (Entered: 03/20/2020) |
| 03/20/2020 | 11 | ORDER OF DETENTION as to Zackary Ellis Sanders. Signed by Magistrate Judge John F. Anderson on 3/20/2020. (lgue, ) [1:20-mj-00114-JFA-LMB] (Entered: 03/20/2020) |
| 03/25/2020 | 12 | TRANSCRIPT of Proceedings held on 3/20/2020, before Judge John F. Anderson. Transcriber Anneliese Thomson, Telephone number 703-299-8595. **NOTICE RE REDACTION OF TRANSCRIPTS:The parties have thirty(30) calendar days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available** |

| | | |
|---|---|---|
| | | to the public without redaction after 90 calendar days. The policy is located on our website at www.vaed.uscourts.gov Transcript may be viewed at the court public terminal or purchased through the transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER Redaction Request due 4/24/2020. Redacted Transcript Deadline set for 5/26/2020. Release of Transcript Restriction set for 6/23/2020.(thomson, anneliese) [1:20-mj-00114-JFA-LMB] (Entered: 03/25/2020) |
| 03/27/2020 | 13 | MOTION to Revoke *Detention Order and Request for Expedited Hearing* by Zackary Ellis Sanders. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Proposed Order)(McCool, Steven) [1:20-mj-00114-JFA-LMB] (Entered: 03/27/2020) |
| 03/27/2020 | 14 | Notice of Hearing Date set for April 3, 2020 re 13 MOTION to Revoke *Detention Order and Request for Expedited Hearing* (McCool, Steven) [1:20-mj-00114-JFA-LMB] (Entered: 03/27/2020) |
| 03/30/2020 | | Set Deadlines re Motion or Report and Recommendation in case as to Zackary Ellis Sanders 13 MOTION to Revoke *Detention Order and Request for Expedited Hearing*. Motion Hearing set for 4/3/2020 at 09:00 AM in Alexandria Courtroom 700 before District Judge Leonie M. Brinkema. (clar, ) [1:20-mj-00114-JFA-LMB] (Entered: 03/30/2020) |
| 03/31/2020 | | Per LMB chambers motions set for 4/3/2020 are on the pleading (clar, ) [1:20-mj-00114-JFA-LMB] (Entered: 03/31/2020) |
| 03/31/2020 | | Deadlines Terminated - Per LMB chambers motion set for 4/3/2020 are on the pleading (Per BR) (clar, ) [1:20-mj-00114-JFA-LMB] (Entered: 03/31/2020) |
| 04/01/2020 | 15 | RESPONSE in Opposition by USA as to Zackary Ellis Sanders re 13 MOTION to Revoke *Detention Order and Request for Expedited Hearing* (Attachments: # 1 Exhibit)(Clayman, William) [1:20-mj-00114-JFA-LMB] (Entered: 04/01/2020) |
| 04/01/2020 | 16 | REPLY TO RESPONSE to by Zackary Ellis Sanders re 15 Response in Opposition *to the Defendant's Motion for Revocation of Detention Order and Request for Expedited Hearing* (McCool, Steven) [1:20-mj-00114-JFA-LMB] (Entered: 04/01/2020) |
| 04/02/2020 | 17 | ORDER as to Zackary Ellis Sanders (1): For all these reasons, the Court finds that clear and convincing evidence supports theconclusion that defendant has failed to rebut the presumption under 18 U.S.C. § 3142(e)(3)(E) that there is no condition or combination of conditions that will reasonably assure the safety of the community. Accordingly, it is herebyORDERED that defendant's Motion for Revocation of Detention Order and Request for Expedited Hearing [Dkt. No. 13] be and is DENIED; and it is further ORDERED that the hearing scheduled for Friday, April 3, 2020 be and is CANCELLED.(see order for details). Signed by District Judge Leonie M. Brinkema on 4/2/20. (yguy) [1:20-mj-00114-JFA-LMB] (Entered: 04/02/2020) |
| 04/07/2020 | 18 | NOTICE OF ATTORNEY APPEARANCE: Emily Anne Voshell appearing for Zackary Ellis Sanders (Voshell, Emily) [1:20-mj-00114-JFA-LMB] (Entered: 04/07/2020) |
| 04/07/2020 | 19 | MOTION to Withdraw as Attorney by Steven J. McCool. by Zackary Ellis Sanders. (Attachments: # 1 Proposed Order)(McCool, Steven) [1:20-mj-00114-JFA-LMB] (Entered: 04/07/2020) |

| 04/07/2020 | 20 | ORDER granting 19 Motion to Withdraw as Attorney. Steven Joseph McCool withdrawn from case as to Zackary Ellis Sanders (1). Signed by District Judge Leonie M. Brinkema on 4/7/2020. (lcre, ) [1:20-mj-00114-JFA-LMB] (Entered: 04/07/2020) |
| --- | --- | --- |
| 04/07/2020 | 21 | NOTICE OF ATTORNEY APPEARANCE: Jonathan Stuart Jeffress appearing for Zackary Ellis Sanders (Jeffress, Jonathan) [1:20-mj-00114-JFA-LMB] (Entered: 04/07/2020) |
| 04/09/2020 | 22 | MOTION for Extension of Time to Indict by USA as to Zackary Ellis Sanders. (Attachments: # 1 Proposed Order)(Clayman, William) (Entered: 04/09/2020) |
| 04/09/2020 | 23 | ORDER granting **up to and including June 25, 2020** 22 Motion for Extension of Time to Indictment as to Zackary Ellis Sanders (1). Signed by District Judge Leonie M. Brinkema on 4/9/2020. (lcre, ) [1:20-mj-00114-JFA-LMB] (Entered: 04/09/2020) |
| 04/13/2020 | 24 | MOTION for Speedy Trial *Objections*, MOTION for Release from Custody by Zackary Ellis Sanders. (Attachments: # 1 Exhibit 1 Dr. Williams Affidavit, # 2 Exhibit 2 Inova Visit Summary, # 3 Exhibit 3A Inova Admission Summary, # 4 Exhibit 3B Inova Admission Summary, # 5 Exhibit 4 Letter from Dr. Dave, # 6 Exhibit 5 Drs. Sanders Declaration)(Voshell, Emily) [1:20-mj-00114-JFA-LMB] (Entered: 04/13/2020) |
| 04/23/2020 | 25 | ORDERED that the re re 24 MOTION for Speedy Trial *Objections* MOTION for Release from Custody is DENIED. ORDERED that the government advise the Court and defense counsel by Monday, April 27, 2020 as to whether the defendant is still being held under those conditions and if so, why. Signed by Magistrate Judge John F. Anderson on 4/23/2020. (lcre, )(c/s per ORDER) [1:20-mj-00114-JFA-LMB] (Entered: 04/23/2020) |
| 04/27/2020 | 26 | Memorandum by USA as to Zackary Ellis Sanders re 25 Order, (Clayman, William) [1:20-mj-00114-JFA-LMB] (Entered: 04/27/2020) |
| 04/27/2020 | 27 | Consent MOTION for Protective Order by USA as to Zackary Ellis Sanders. (Attachments: # 1 Proposed Order)(Clayman, William) [1:20-mj-00114-JFA-LMB] (Entered: 04/27/2020) |
| 04/27/2020 | 28 | Protective Order as to Zackary Ellis Sanders re 27 Consent MOTION for Protective Order filed by USA. Signed by District Judge Leonie M. Brinkema on 4/27/2020. (lcre, ) [1:20-mj-00114-JFA-LMB] (Entered: 04/27/2020) |
| 06/24/2020 | 29 | INDICTMENT as to Zackary Ellis Sanders (1) count(s) 1-5, 6-11, 12. (jlan) (Entered: 06/25/2020) |
| 06/24/2020 | 32 | Redacted Criminal Case Cover Sheet (jlan) (Entered: 06/25/2020) |
| 06/24/2020 | | Set Hearings as to Zackary Ellis Sanders: Arraignment set for 7/10/2020 at 09:00 AM in Alexandria Courtroom 900 before District Judge T. S. Ellis III. (jlan) (Entered: 06/25/2020) |
| 07/09/2020 | 33 | Motion to appear Pro Hac Vice by Jade Chong-Smith and Certification of Local Counsel Emily Voshell (Filing fee $ 75 receipt number 0422-7293443.) by Zackary Ellis Sanders. (Voshell, Emily) (Entered: 07/09/2020) |
| 07/10/2020 | 34 | Minute Entry for proceedings held before District Judge T. S. Ellis, III: Arraignment as to Zackary Ellis Sanders (1) Count 1-5,6-11,12 held on 7/10/2020. |

|  |  | USA appeared through William Clayman and Raj Parekh. Defendant appeared with counsel Emily Voshell and Jade Chong-Smith. Deft. WFA, PNG, and demands trial by jury. Motions to be filed by 8/20/2020 with **Motion Hearing set for 9/11/2020 at 09:00 AM** in Alexandria Courtroom 900 before District Judge T. S. Ellis III. **Jury Trial set for 11/17/2020 at 10:00 AM** in Alexandria Courtroom 900 before District Judge T. S. Ellis III. Defense advised the court that a Motion to Compel Discovery will be filed and request a hearing on the motion to be set for July 31, 2020 GRANTED - **Motion Hearing (defense motion to compel discovery) set for 7/31/2020 at 09:00 AM** in Alexandria Courtroom 900 before District Judge T. S. Ellis III. Discovery Order. Defendant remanded. Court Reporter: P. Kaneshiro-Miller (tran) Modified on 7/10/2020 (tran). Modified on 7/20/2020 (tran). Modified on 7/30/2020 (tran). (Entered: 07/10/2020) |
|---|---|---|
| 07/10/2020 | 35 | ORDER granting 33 Motion for Pro hac vice for Jade Chong-Smith as to Zackary Ellis Sanders (1). Signed by District Judge T. S. Ellis, III on 7/10/2020. (dest, ) (Entered: 07/10/2020) |
| 07/13/2020 | 36 | Consent MOTION to Seal *Portions of Motion to Compel and Exhibits* by Zackary Ellis Sanders. (Voshell, Emily) (Entered: 07/13/2020) |
| 07/13/2020 | 37 | MOTION to Compel *Discovery* by Zackary Ellis Sanders. (Voshell, Emily) (Entered: 07/13/2020) |
| 07/13/2020 | 38 | Sealed Motion to Compel Discovery by Zackary Ellis Sanders. (dest, ) (Entered: 07/14/2020) |
| 07/14/2020 | 39 | ORDERED that the consent motion for leave to file under seal Dkt. 36 is **GRANTED**. It is further **ORDERED** that the sealed motion to compel and exhibits 1-3 of the motion to compel shall remain UNDER SEAL as to Zackary Ellis Sanders (1). Signed by District Judge T. S. Ellis, III on 7/14/2020. (dest, ) (Entered: 07/14/2020) |
| 07/15/2020 | 40 | ORDERED that the period of delay resulting from the suspension of jury trials in the Eastern District of Virginia - the period of June 24, 2020 through September 13, 2020 shall be excluded in computing the time within which the trial must commence under the Speedy Trial Act. It is further ORDERED that the period of delay resulting from defendant's pretrial Motion to Compel Discovery - the period of July 13, 2020 through at least July 31, 2020, the date of the motion hearing, and continuing until the disposition of that motion - shall also be excluded in computing the time within which the trial must commence under the Speedy Trial Act. Signed by District Judge T. S. Ellis, III on 07/15/2020. (jlan) (Entered: 07/15/2020) |
| 07/27/2020 | 41 | RESPONSE in Opposition by USA as to Zackary Ellis Sanders re 37 MOTION to Compel *Discovery* (Clayman, William) (Entered: 07/27/2020) |
| 07/27/2020 | 42 | MOTION to Seal *Government's Response in Opposition* by USA as to Zackary Ellis Sanders. (Attachments: # 1 Proposed Order)(Clayman, William) (Entered: 07/27/2020) |
| 07/28/2020 | 43 | Sealed *Response in Opposition* by USA (Attachments: # 1 Sealed Response- Part 2, # 2 Sealed Response- Part 3)(dest, ) (Entered: 07/28/2020) |
| 07/29/2020 | 44 | ORDER granting 42 Motion to Seal as to Zackary Ellis Sanders (1). ORDERED that the government's opposition to the Defendant's motion to compel discovery be, sealed |

| | | |
|---|---|---|
| | | until further order of the Court. Signed by District Judge T. S. Ellis, III on 7/29/2020. (dest, ) (Entered: 07/29/2020) |
| 07/30/2020 | 45 | REPLY TO RESPONSE to by Zackary Ellis Sanders (Voshell, Emily) (Entered: 07/30/2020) |
| 07/30/2020 | 46 | Consent MOTION to Seal *Reply to Government Opposition to Motion to Compel* by Zackary Ellis Sanders. (Voshell, Emily) (Entered: 07/30/2020) |
| 07/30/2020 | 47 | ORDER granting 46 Consent MOTION to Seal *Reply to Government Opposition to Motion to Compel* as to Zackary Ellis Sanders (1). It is further **ORDERED** that defendant's reply brief in support of defendant's Motion to Compel Discovery and the exhibits thereto must remain **UNDER SEAL** until further Order of the Court. Signed by District Judge T. S. Ellis, III on 20-143. (dest, ) (Entered: 07/30/2020) |
| 07/30/2020 | 48 | Sealed Reply to Government Opposition to Motion to Compel 43 (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4)(dest, ) (Entered: 07/30/2020) |
| 07/31/2020 | 49 | Minute Entry for proceedings held before District Judge T. S. Ellis, III: Motion Hearing as to Zackary Ellis Sanders held on 7/31/2020 re 37 MOTION to Compel *Discovery* filed by Zackary Ellis Sanders<br>USA appeared through William Clayman and Tony Roberts. Defendant appeared with counsels, Jonathan Jeffress and Jade Chong-Smith.<br>Matter argued and taken under advisement. Parties to file simultaneous pleadings of no more than 10 pages within 10 days. Order to follow.<br>Defendant remanded.<br>Court Reporter: P. Kaneshiro-Miller<br>(tran) (Entered: 07/31/2020) |
| 08/06/2020 | 50 | ORDERED that counsel for defendant may obtain a copy of the July 31 2020 hearing transcript from the Court Reporter. It is further ORDERED that the July 31, 2020 hearing transcript remains **UNDER SEAL** and is subject to the protective order entered in this case. Signed by District Judge T. S. Ellis, III on 8/6/2020. (dest, ) (Entered: 08/06/2020) |
| 08/10/2020 | 51 | Supplemental Memorandum by Zackary Ellis Sanders re 37 MOTION to Compel *Discovery* (Attachments: # 1 Exhibit 2)(Voshell, Emily) (Entered: 08/10/2020) |
| 08/10/2020 | 52 | Consent MOTION to Seal *Supplemental Brief on Defendant's Motion to Compel* by Zackary Ellis Sanders. (Voshell, Emily) (Entered: 08/10/2020) |
| 08/10/2020 | 53 | Supplemental Memorandum by USA as to Zackary Ellis Sanders re 37 MOTION to Compel *Discovery* (Clayman, William) (Entered: 08/10/2020) |
| 08/10/2020 | 54 | MOTION to Seal *Supplemental Memorandum* by USA as to Zackary Ellis Sanders. (Attachments: # 1 Proposed Order)(Clayman, William) (Entered: 08/10/2020) |
| 08/11/2020 | 55 | ORDER granting 52 Consent MOTION to Seal *Supplemental Brief on Defendant's Motion to Compel* as to Zackary Ellis Sanders (1). Signed by District Judge T. S. Ellis, III on 8/11/2020. (dest, ) (Entered: 08/11/2020) |
| 08/11/2020 | 56 | ORDER granting 54 Motion to Seal *Supplemental Memorandum* as to Zackary Ellis Sanders (1). ORDERED that the government supplemental' s brief in opposition to the defendant's motion to compel discovery and exhibits 1 and 2 be sealed until further order of the Court. Signed by District Judge T. S. Ellis, III on 8/11/2020. (dest, ) (Entered: 08/11/2020) |

| 08/11/2020 | 57 | Sealed Supplemental Brief in Opposition filed by USA to 38 Sealed Motion filed by Zackary Ellis Sanders (dest, ) (Entered: 08/11/2020) |
| 08/11/2020 | 58 | Sealed Supplemental Brief re 38 Sealed Motion filed by Zackary Ellis Sanders (dest, ) (Entered: 08/11/2020) |
| 08/11/2020 | 59 | SEALED EXHIBIT 1 (Attachments: # 1 Sealed Exhibit 2)(dest, ) (Entered: 08/11/2020) |
| 08/12/2020 | 60 | MOTION for Leave to File *Response to Government's Supplemental Brief on Defendant's Motion to Compel Discovery* by Zackary Ellis Sanders. (Attachments: # 1 Supplement Response to Government's Supplemental Brief on Defendant's Motion to Compel Discovery)(Voshell, Emily) (Entered: 08/12/2020) |
| 08/12/2020 | 61 | Consent MOTION to Seal *Response to Government's Supplemental Brief on Defendant's Motion to Compel Discovery* by Zackary Ellis Sanders. (Voshell, Emily) (Entered: 08/12/2020) |
| 08/12/2020 | 62 | **ORDERED** that defendant's Motion for Leave to File Response to Government's Supplemental Brief on Defendant's Motion to Compel Discovery 60 is **GRANTED**. It is further **ORDERED** that the government may file a response to defendant's Response to Government's Supplemental Brief on Defendant's Motion to Compel Discovery on or before **Wednesday, August 19, 2020 at 5:00 p.m.**. Signed by District Judge T. S. Ellis, III on 08/12/2020. (tran) (Entered: 08/12/2020) |
| 08/12/2020 | 63 | SEALING ORDER -Accordingly, for good cause shown, the Motion for Leave to File Under Seal is granted. Signed by District Judge T. S. Ellis, III on 08/12/2020. (tran) (Entered: 08/12/2020) |
| 08/12/2020 | 64 | Supplement Response (*REDACTED*) to 57 Sealed Supplemental Brief in Opposition (dest, ) (Entered: 08/13/2020) |
| 08/12/2020 | 65 | Sealed Response to 57 Sealed Supplemental Brief in Opposition(Attachments: # 1 Exhibit 1) (dest, ) (Entered: 08/13/2020) |
| 08/17/2020 | 66 | MOTION for Extension *of Briefing Schedule Governing Defendant's Motion to Suppress* by Zackary Ellis Sanders. (Voshell, Emily) (Entered: 08/17/2020) |
| 08/19/2020 | 67 | Reply by USA as to Zackary Ellis Sanders re 64 Response *(Redacted)* (Clayman, William) (Entered: 08/19/2020) |
| 08/19/2020 | 68 | MOTION to Seal *Reply to Response to Government's Supplemental Brief* by USA as to Zackary Ellis Sanders. (Attachments: # 1 Proposed Order)(Clayman, William) (Entered: 08/19/2020) |
| 08/19/2020 | 69 | ORDER granting 68 Motion to Seal *Reply to Response to Government's Supplemental Brief* as to Zackary Ellis Sanders (1). Signed by District Judge T. S. Ellis, III on 8/19/2020. (see Order for further details) (dest, ) (Entered: 08/19/2020) |
| 08/19/2020 | 70 | Sealed Reply to 65 Sealed Response to Government's Supplemental Brief (dest, ) (Entered: 08/19/2020) |
| 08/19/2020 | 71 | RESPONSE in Opposition by USA as to Zackary Ellis Sanders re 66 MOTION for Extension *of Briefing Schedule Governing Defendant's Motion to Suppress* (Clayman, William) (Entered: 08/19/2020) |

| | | |
|---|---|---|
| 08/20/2020 | 72 | **ORDERED** that defendant's Motion for Extension of Briefing Schedule 66 is **GRANTED IN PART** insofar as defendant must file any pretrial motions on or before Thursday, August 27, 2020 at 5:00 p.m. and the government's response brief or briefs must be filed on or before Wednesday, September 9, 2020 at 5:00 p.m. Defendant's Motion for Extension of Briefing Schedule is **DENIED** in all other respects. Signed by District Judge T. S. Ellis, III on 08/20/2020. (tran) (Entered: 08/20/2020) |
| 08/21/2020 | 73 | SEALED MEMORANDUM OPINION. Signed by District Judge T. S. Ellis, III on 08/21/2020. (tran, c/m on 08/21/20) (Entered: 08/21/2020) |
| 08/21/2020 | 74 | **ORDERED** that defendant's Motion to Compel Discovery 37 and 38 is **DENIED**. Signed by District Judge T. S. Ellis, III on 08/21/2020. (tran) (Entered: 08/21/2020) |
| 08/27/2020 | 75 | MOTION to Suppress *and For Reconsideration of His Motion to Compel Discovery* (*Redacted*) by Zackary Ellis Sanders. (Voshell, Emily) Modified on 8/28/2020 (dest, ). (Entered: 08/27/2020) |
| 08/27/2020 | 76 | Consent MOTION to Seal *Motion to Suppress* by Zackary Ellis Sanders. (Voshell, Emily) (Entered: 08/27/2020) |
| 08/27/2020 | 77 | MOTION for Leave to File Excess Pages *in Motion to Suppress* by Zackary Ellis Sanders. (Voshell, Emily) (Entered: 08/27/2020) |
| 08/28/2020 | 78 | ORDER granting 76 Consent MOTION to Seal *Motion to Suppress* as to Zackary Ellis Sanders (1). Signed by District Judge T. S. Ellis, III on 8/28/2020. (see Order for details) (dest, ) (Entered: 08/28/2020) |
| 08/28/2020 | 79 | Sealed MOTION to Suppress *and For Reconsideration of His Motion to Compel Discovery* by Zackary Ellis Sanders. (Attachments: # 1 Sealed Motion- Part -2, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8, # 10 Exhibit 9, # 11 Exhibit 10, # 12 Exhibit 11, # 13 Exhibit 12, # 14 Exhibit 13, # 15 Exhibit 14, # 16 Exhibit 15, # 17 Exhibit 16, # 18 Exhibit 17, # 19 Exhibit 18, # 20 Exhibit 19, # 21 Exhibit 20, # 22 Exhibit 21, # 23 Exhibit 22 Part-1, # 24 Exhibit 22 Part-2, # 25 Exhibit 23, # 26 Exhibit 24, # 27 Proposed Order) (dest, ) (Entered: 08/28/2020) |
| 08/28/2020 | 80 | **ORDERED** that Defendant's Motion for Leave to File Motion to Suppress in Excess of Thirty Page Limit under Local Rule 47(F)(3) is **GRANTED IN PART** and **DENIED IN PART**. The Motion for Leave to File Motion to Suppress in Excess of Thirty Page Limit is granted insofar as Defendant is **GRANTED** leave to file a memorandum in support of a motion to suppress not exceeding thirty pages. The motion is **DENIED** in all other respects.<br>It is further **ORDERED** that Defendant's Motion to Suppress and for Reconsideration of his Motion to Compel Discovery filed August 27, 2020 75 is **STRICKEN WITHOUT PREJUDICE** because it exceeds eighty pages and was filed without first receiving permission of the Court.<br>It is further **ORDERED** that Defendant is **DIRECTED** to file a memorandum in support of his motion to suppress within the forty-page limit on or before Wednesday, September 2, 2020 at 5:00 p.m.<br>It is further **ORDERED** that Defendant is **DIRECTED** to file a separate motion for reconsideration and supporting memorandum that complies with the limits set by Local Rule 47(F)(3) and with the established requirements for a motion for reconsideration. Signed by District Judge T. S. Ellis, III on 08/28/2020. (tran) (Entered: 08/31/2020) |

| | | |
|---|---|---|
| 09/02/2020 | 81 | MOTION to Suppress *Due to Lack of Probable Cause (Motion to Suppress No. 1)* by Zackary Ellis Sanders. (Jeffress, Jonathan) (Entered: 09/02/2020) |
| 09/02/2020 | 82 | Memorandum in Support by Zackary Ellis Sanders re 81 MOTION to Suppress *Due to Lack of Probable Cause (Motion to Suppress No. 1) (REDACTED VERSION)* (Jeffress, Jonathan) (Entered: 09/02/2020) |
| 09/02/2020 | 83 | MOTION to Suppress *Based on Materially Misleading Statements and Omissions Regarding TOR, The Target Website, and the Subject Premises* by Zackary Ellis Sanders. (Jeffress, Jonathan) (Entered: 09/02/2020) |
| 09/02/2020 | 84 | Memorandum in Support by Zackary Ellis Sanders re 83 MOTION to Suppress *Based on Materially Misleading Statements and Omissions Regarding TOR, The Target Website, and the Subject Premises (Motion to Suppress No. 3)* (Jeffress, Jonathan) (Entered: 09/02/2020) |
| 09/02/2020 | 85 | MOTION to Suppress *Based on False and Misleading Material Information in Affidavit Paragraph 23 (Motion to Suppress No. 2)* by Zackary Ellis Sanders. (Jeffress, Jonathan) (Entered: 09/02/2020) |
| 09/02/2020 | 86 | Memorandum in Support by Zackary Ellis Sanders re 85 MOTION to Suppress *Based on False and Misleading Material Information in Affidavit Paragraph 23 (Motion to Suppress No. 2)* (Jeffress, Jonathan) (Entered: 09/02/2020) |
| 09/02/2020 | 87 | MOTION to Seal *Motions to Suppress and Renewed Motion to Compel* by Zackary Ellis Sanders. (Jeffress, Jonathan) (Entered: 09/02/2020) |
| 09/02/2020 | 88 | MOTION to Compel *Discovery (Renewed) or in the Alternative Motion for Reconsideration of Court's Order Denying Motion to Compel Discovery* by Zackary Ellis Sanders. (Jeffress, Jonathan) (Entered: 09/02/2020) |
| 09/02/2020 | 89 | Memorandum in Support by Zackary Ellis Sanders re 88 MOTION to Compel *Discovery (Renewed) or in the Alternative Motion for Reconsideration of Court's Order Denying Motion to Compel Discovery (REDACTED VERSION)* (Jeffress, Jonathan) (Entered: 09/02/2020) |
| 09/02/2020 | 90 | MOTION to Suppress *Based on False and Misleading Material Information in Affidavit Paragraph 25 (Motion to Suppress No. 4)* by Zackary Ellis Sanders. (Jeffress, Jonathan) (Entered: 09/02/2020) |
| 09/02/2020 | 91 | Memorandum in Support by Zackary Ellis Sanders re 90 MOTION to Suppress *Based on False and Misleading Material Information in Affidavit Paragraph 25 (Motion to Suppress No. 4) (REDACTED VERSION)* (Jeffress, Jonathan) (Entered: 09/02/2020) |
| 09/02/2020 | 92 | ORDER granting 87 Motion to Seal *Motions to Suppress and Renewed Motion to Compel* as to Zackary Ellis Sanders (1). It is further **ORDERED** that portions of defendant's memoranda in support of motions to suppress and renewed motion to compel and attached exhibits shall be maintained **UNDER SEALED** by the Clerk until otherwise directed. Signed by District Judge T. S. Ellis, III on 9/2/2020. (dest, ) (Entered: 09/03/2020) |
| 09/08/2020 | 93 | NOTICE by Zackary Ellis Sanders re 81 MOTION to Suppress *Due to Lack of Probable Cause (Motion to Suppress No. 1)* (Attachments: # 1 Exhibit ORDER from United States v. Reece, 16-CR-104 (E.D. Va. 2017))(Jeffress, Jonathan) (Entered: 09/08/2020) |

| 09/09/2020 | 94 | RESPONSE in Opposition by USA as to Zackary Ellis Sanders re 88 MOTION to Compel *Discovery (Renewed) or in the Alternative Motion for Reconsideration of Court's Order Denying Motion to Compel Discovery* (Clayman, William) (Entered: 09/09/2020) |
| 09/09/2020 | 95 | MOTION to Seal *94 Response in Opposition to Motion for Reconsideration* by USA as to Zackary Ellis Sanders. (Attachments: # 1 Proposed Order)(Clayman, William) (Entered: 09/09/2020) |
| 09/09/2020 | 96 | ORDER granting 95 Motion to Seal as to Zackary Ellis Sanders (1). Signed by District Judge T. S. Ellis, III on 9/9/2020. (rban, ) (Entered: 09/09/2020) |
| 09/09/2020 | 97 | RESPONSE in Opposition by USA as to Zackary Ellis Sanders re 83 MOTION to Suppress *Based on Materially Misleading Statements and Omissions Regarding TOR, The Target Website, and the Subject Premises*, 85 MOTION to Suppress *Based on False and Misleading Material Information in Affidavit Paragraph 23 (Motion to Suppress No. 2)*, 81 MOTION to Suppress *Due to Lack of Probable Cause (Motion to Suppress No. 1)*, 90 MOTION to Suppress *Based on False and Misleading Material Information in Affidavit Paragraph 25 (Motion to Suppress No. 4)* (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Clayman, William) (Entered: 09/09/2020) |
| 09/09/2020 | 98 | MOTION to Seal *97 Government's Omnibus Response in Opposition To Defendant's Motions to Suppress* by USA as to Zackary Ellis Sanders. (Attachments: # 1 Proposed Order)(Clayman, William) (Entered: 09/09/2020) |
| 09/09/2020 | 99 | ORDER granting 98 *Government's Omnibus Response in Opposition To Defendant's Motions to Suppress* as to Zackary Ellis Sanders (1). ORDERED that the government's omnibus response in opposition to the defendant's motions to suppress and exhibit 1 be sealed until further order of the Court. Signed by District Judge T. S. Ellis, III on 9/9/2020. (dest, ) (Entered: 09/10/2020) |
| 09/10/2020 | 100 | Sealed Response in Opposition by USA re 88 MOTION to Compel *Discovery (Renewed) or in the Alternative Motion for Reconsideration of Court's Order Denying Motion to Compel Discovery* filed by Zackary Ellis Sanders (dest, ) (Entered: 09/10/2020) |
| 09/10/2020 | 101 | Sealed Response in Opposition by USA re 83 MOTION to Suppress *Based on Materially Misleading Statements and Omissions Regarding TOR, The Target Website, and the Subject Premises* filed by Zackary Ellis Sanders, re 81 MOTION to Suppress *Due to Lack of Probable Cause (Motion to Suppress No. 1) by Zackary Ellis Sanders*, re 85 MOTION to Suppress *Based on False and Misleading Material Information in Affidavit Paragraph 23 (Motion to Suppress No. 2) by Zackary Ellis Sanders*, re 90 MOTION to Suppress *Based on False and Misleading Material Information in Affidavit Paragraph 25 (Motion to Suppress No. 4)* by Zackary Ellis Sanders (dest, ) (Entered: 09/10/2020) |
| 09/10/2020 | 102 | REPLY TO RESPONSE to by Zackary Ellis Sanders re 100 Sealed Document (Voshell, Emily) (Entered: 09/10/2020) |
| 09/10/2020 | 103 | Consent MOTION to Seal by Zackary Ellis Sanders. (Voshell, Emily) (Entered: 09/10/2020) |
| 09/10/2020 | 104 | REPLY TO RESPONSE to by Zackary Ellis Sanders re 101 Sealed Document,, (Voshell, Emily) (Entered: 09/10/2020) |

JA13

| 09/10/2020 | 105 | Sealed Document re: 102 Reply to Response filed by Zackary Ellis Sanders (rban, ) (Entered: 09/10/2020) |
|---|---|---|
| 09/10/2020 | 106 | Sealed Document re: 105 Sealed Document filed by Zackary Ellis Sanders (rban, ) (Entered: 09/10/2020) |
| 09/10/2020 | 107 | SEALED ORDER as to Zackary Ellis Sanders. Signed by District Judge T. S. Ellis, III on 09/10/2020. (tran, c/m on 09/10/20) (Entered: 09/10/2020) |
| 09/11/2020 | 108 | Minute Entry for proceedings held before District Judge T. S. Ellis, III: Sealed Minutes held on 9/11/2020. Court Reporter: P. Kaneshiro-Miller. (tran) (Entered: 09/11/2020) |
| 09/14/2020 | 109 | NOTICE *of Filing of Defense Exhibit* by Zackary Ellis Sanders re 81 MOTION to Suppress *Due to Lack of Probable Cause (Motion to Suppress No. 1)* (Attachments: # 1 Exhibit A)(Jeffress, Jonathan) (Entered: 09/14/2020) |
| 09/28/2020 | 110 | Subpoena issued for Jury Trial set for 11/17/2020 at 10:00 a.m. (dest, ) (Entered: 09/28/2020) |
| 10/19/2020 | 111 | ORDER granting 103 Motion to Seal as to Zackary Ellis Sanders (1). Signed by District Judge T. S. Ellis, III on 10/19/2020. (jlan) (Entered: 10/19/2020) |
| 10/26/2020 | 112 | NOTICE *OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF HIS MOTIONS TO SUPPRESS NO.1 AND NO.3* by Zackary Ellis Sanders (Attachments: # 1 Exhibit A)(Voshell, Emily) (Entered: 10/26/2020) |
| 10/26/2020 | 113 | SEALED MEMORANDUM OPINION (tran, c/m on 10/26/20) (Entered: 10/26/2020) |
| 10/26/2020 | 114 | **ORDERED** that defendant's Motions to Suppress 81 , 83 , 85 , and 90 are **DENIED**. It is **FURTHER ORDERED** that the Memorandum Opinion issued alongside this Order will be **UNSEALED** on **Thursday, October 29, 2020**, unless a party submits a motion establishing good cause to keep the Memorandum Opinion under seal. Signed by District Judge T. S. Ellis, III on 10/26/2020. (tran) (Entered: 10/26/2020) |
| 10/26/2020 | 115 | **ORDERED** that any motions *in limine* must be submitted on or before Friday, November 6, 2020 at 5:00 p.m. It is further **ORDERED** that each party **SHALL** submit (1) proposed jury instructions and (2) proposed *voir dire* no later than **Friday, November 6, 2020 at 5:00 p.m.** It is further **ORDERED** that each party **SHALL** submit any objections to the opposing party's motions *in limine*, proposed jury instructions, and/or proposed *voir dire* no later than **Wednesday, November 11, 2020 at 5:00 p.m.** It is further **ORDERED** that, on or before **Wednesday, November 11, 2020 at 5:00 p.m.**, the government **SHALL** submit the government's witness list and exhibit list and defendant **SHALL** submit a list of potential witnesses. It is further **ORDERED** that a final pretrial conference is **SCHEDULED** for **Friday, November 13, 2020 at 11:00 a.m.** Signed by District Judge T. S. Ellis, III on 10/26/2020. (tran) (Entered: 10/26/2020) |
| 10/26/2020 |  | Set Hearings as to Zackary Ellis Sanders: **Final Pretrial Conference set for 11/13/2020 at 11:00 AM** in Alexandria Courtroom 900 before District Judge T. S. Ellis III. (tran) (Entered: 10/26/2020) |

JA14

| | | |
|---|---|---|
| 10/28/2020 | 116 | Consent MOTION to Continue *Trial Date* by Zackary Ellis Sanders. (Jeffress, Jonathan) (Entered: 10/28/2020) |
| 10/28/2020 | 117 | MOTION to Seal *113 SEALED MEMORANDUM OPINION* by USA as to Zackary Ellis Sanders. (Attachments: # 1 Proposed Order, # 2 Exhibit 1)(Clayman, William) (Entered: 10/28/2020) |
| 10/28/2020 | 118 | Memorandum in Support by USA as to Zackary Ellis Sanders re 117 MOTION to Seal *113 SEALED MEMORANDUM OPINION* (Clayman, William) (Entered: 10/28/2020) |
| 10/29/2020 | 119 | **ORDERED** that defendant's Motion to Continue 116 is **DENIED**. Signed by District Judge T. S. Ellis, III on 10/29/2020. (tran) (Entered: 10/29/2020) |
| 10/29/2020 | 120 | Sealed Motion to Seal by USA as to Zackary Ellis Sanders. (dest, ) (Attachment(s): # 1 Exhibit 1) (dest, ). (Entered: 10/29/2020) |
| 10/29/2020 | 121 | Sealed Memorandum re 120 Sealed Motion to Seal filed by USA (dest, ) (Entered: 10/29/2020) |
| 10/29/2020 | 122 | Redacted version of 113 Sealed Memorandum Opinion.(rban, ) (Entered: 10/30/2020) |
| 10/29/2020 | 123 | ORDERED that the Court's sealed Memorandum Opinion 113 be kept under seal until further order of the court; that the copy of the Court's sealed Memorandum Opinion with the government's proposed redactions, attached to the government's motion as Exhibit 1, be filed on the public docket and made part of the record in this matter. Signed by District Judge T. S. Ellis, III on 10/29/2020. (rban, ) (Entered: 10/30/2020) |
| 10/30/2020 | 124 | Consent MOTION to Continue *Trial (Renewed)* by Zackary Ellis Sanders. (Jeffress, Jonathan) (Entered: 10/30/2020) |
| 10/30/2020 | 125 | **ORDERED** that oral argument on the renewed motion to continue 124 is **SCHEDULED** for **Friday, November 6, 2020 at 1:00 p.m.** Signed by District Judge T. S. Ellis, III on 10/30/2020. (tran) (Entered: 10/30/2020) |
| 10/30/2020 | | Set Deadlines re Motion in case as to Zackary Ellis Sanders 124 Consent MOTION to Continue *Trial (Renewed)*. **Motion Hearing set for 11/6/2020 at 01:00 PM** in Alexandria Courtroom 900 before District Judge T. S. Ellis III. (tran) (Entered: 10/30/2020) |
| 11/02/2020 | 126 | NOTICE *Government's Rule 16(a)(1)(G) Notice* by USA as to Zackary Ellis Sanders (Clayman, William) (Entered: 11/02/2020) |
| 11/02/2020 | 127 | NOTICE *of Intent to Introduce Certain Evidence Pursuant to Federal Rule of Evidence 414* by USA as to Zackary Ellis Sanders (Clayman, William) (Entered: 11/02/2020) |
| 11/06/2020 | 128 | Minute Entry for proceedings held before District Judge T. S. Ellis, III: Motion Hearing as to Zackary Ellis Sanders held on 11/6/2020 re 124 Consent MOTION to Continue *Trial (Renewed)* filed by Zackary Ellis Sanders. USA appeared through Jay Prabhu and William Clayman. Defendant appeared with counsel, Jonathan Jeffress and Jade Chong-Smith. Motion 124 -GRANTED. Parties to collaborate on an order that case is a complex matter, delay resulted in parties given adequate opportunity to prepare for trial and that COVID-19 presented it difficult for defense to communicate with his client. **Jury Trial reset for 2/9/2021 at 10:00 AM (1 week)** in Alexandria Courtroom 900 before District Judge T. S. Ellis III. Order to follow. |

| | | |
|---|---|---|
| | | Defendant remanded.<br>Court Reporter: P. Kaneshiro-Miller<br>(tran) (Entered: 11/06/2020) |
| 11/06/2020 | | Terminate Hearings as to Zackary Ellis Sanders: Final Pretrial Conference set for Friday, November 13, 2020 at 11:00 a.m. (tran) (Entered: 11/06/2020) |
| 11/09/2020 | 129 | NOTICE by USA as to Zackary Ellis Sanders (Attachments: # 1 Proposed Order re: Speedy Trial Act)(Clayman, William) (Entered: 11/09/2020) |
| 11/09/2020 | 130 | ORDERED that the period of delay resulting from the Court's continuance upon the defendant's motion-the period from November 17, 2020, to February 9, 2021-shall be executed in computing the time within which the trial must commence under the Speedy Trial Act. Signed by District Judge T. S. Ellis, III on 11/09/2020. (tran) (Entered: 11/09/2020) |
| 11/09/2020 | 131 | **ORDERED** that defendant's Renewed Unopposed Motion to Continue Trial 124 is **GRANTED**. The trial currently set for November 17, 2020 is **CONTINUED** until **Tuesday, February 9, 2021 at 9:00 a.m.**<br>It is further **ORDERED** that any motions *in limine* must be submitted on or before **Friday, December 18, 2020 at 5:00 p.m.**<br>It is further **ORDERED** that each party **SHALL** submit (1) proposed jury instructions and (2) proposed *voir dire* no later than **Friday, December 18, 2020 at 5:00 p.m.**<br>It is further **ORDERED** that each party **SHALL** submit any objections to the opposing party's motions *in limine*, proposed jury instructions, and/or proposed *voir dire* no later than **Friday, January 8, 2021 at 5:00 p.m.**<br>It is further **ORDERED** that, on or before **Friday, January 8, 2021 at 5:00 p.m.**, the government **SHALL** submit the government's witness list and exhibit list and defendant **SHALL** submit a list of potential witnesses.<br>It is further **ORDERED** that a final pretrial conference is **SCHEDULED** for **Friday, January 15, 2021 at 10:00 a.m.** Signed by District Judge T. S. Ellis, III on 11/09/2020. (tran) (Entered: 11/09/2020) |
| 11/09/2020 | | Set Hearings as to Zackary Ellis Sanders: **Final Pretrial Conference set for 1/15/2021 at 10:00 AM** in Alexandria Courtroom 900 before District Judge T. S. Ellis III. (tran) (Entered: 11/09/2020) |
| 11/17/2020 | 132 | Sealed Document (dest, ) (Entered: 11/17/2020) |
| 11/17/2020 | 133 | NOTICE *Amended Notice of Intent to Introduce Certain Evidence Pursuant to Federal Rule of Evidence 414* by USA as to Zackary Ellis Sanders (Clayman, William) (Entered: 11/17/2020) |
| 11/27/2020 | 134 | CONSENT MOTION to Seal , MOTION for Release of Brady Materials by Zackary Ellis Sanders. (Jeffress, Jonathan) Modified on 12/12/2020 to correct docket event (dest, ). (Entered: 11/27/2020) |
| 11/27/2020 | 135 | MOTION to Compel *or in the Alternative for In Camera Inspection* by Zackary Ellis Sanders. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit)(Jeffress, Jonathan) (Entered: 11/27/2020) |
| 11/27/2020 | 136 | MOTION to Seal by Zackary Ellis Sanders. (Jeffress, Jonathan) (Entered: 11/27/2020) |

| | | |
|---|---|---|
| 11/30/2020 | 137 | Sealed MOTION to Compel *or in the Alternative for In Camera Inspection* by Zackary Ellis Sanders. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Proposed Order)(dest, ) (Entered: 11/30/2020) |
| 12/05/2020 | 138 | Supplemental Memorandum by Zackary Ellis Sanders re 137 Sealed Motion (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit, # 8 Exhibit, # 9 Exhibit, # 10 Exhibit, # 11 Exhibit, # 12 Exhibit) (Jeffress, Jonathan) (Entered: 12/05/2020) |
| 12/05/2020 | 139 | MOTION to Seal *Supplement to Motion to Compel or for In Camera Inspection* by Zackary Ellis Sanders. (Jeffress, Jonathan) (Entered: 12/05/2020) |
| 12/07/2020 | 140 | Sealed Supplement to Motion to Compel by Zackary Ellis Sanders. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8 Part-1, # 9 Exhibit 8 Part-2, # 10 Exhibit 8 Part-3, # 11 Exhibit 8 Part-4, # 12 Exhibit 9, # 13 Exhibit 10, # 14 Exhibit 11, # 15 Exhibit 12)(dest, ) Modified on 12/8/2020 to correct docket event(dest, ).(Attachment 3 replaced on 12/9/2020) (dest, ). (Entered: 12/08/2020) |
| 12/08/2020 | 141 | ORDER granting 139 Motion to Seal *Supplement to Motion to Compel or for In Camera Inspection* as to Zackary Ellis Sanders (1). Signed by District Judge T. S. Ellis, III on 12/8/2020. (dest, ) (Entered: 12/08/2020) |
| 12/10/2020 | 142 | MOTION for Extension of Time to File Response/Reply *to 137 Motion to Compel* by USA as to Zackary Ellis Sanders. (Attachments: # 1 Proposed Order)(Clayman, William) (Entered: 12/10/2020) |
| 12/11/2020 | 143 | ORDER granting 142 Motion for Extension of Time; ORDERED that the government shall file its response to the defendant's motion to compel [Dkt. No. 137] and supplement to his motion (Dkt. No. 140) on or before December 18, 2020 as to Zackary Ellis Sanders (1). Signed by District Judge T. S. Ellis, III on 12/11/2020. (jlan) (Entered: 12/11/2020) |
| 12/17/2020 | 144 | MOTION to Seal *73 Memorandum Opinion and 107 Order* by USA as to Zackary Ellis Sanders. (Attachments: # 1 Proposed Order, # 2 Exhibit 1, # 3 Exhibit 2)(Clayman, William) (Entered: 12/17/2020) |
| 12/17/2020 | 145 | Consent MOTION to Continue *Deadline for Motions in Limine related to the Defense's Forensic Review of Seized Devices* by Zackary Ellis Sanders. (Jeffress, Jonathan) (Entered: 12/17/2020) |
| 12/17/2020 | 146 | *Exhibits 1 and 2 (Redacted Version)* re 144 MOTION to Seal *73 Memorandum Opinion and 107 Order* filed by USA (Attachments: # 1 Exhibit 2)(dest, ) Modified on 2/11/2021 to make exhibits available for public view, per TSE chambers (DK) and Order [Dkt. 147](dest, ). (Entered: 12/17/2020) |
| 12/17/2020 | 147 | ORDER granting 144 MOTION to Seal as to Zackary Ellis Sanders (1). Signed by District Judge T. S. Ellis, III on 12/17/2020. (see Order for details) (dest, ) (Entered: 12/17/2020) |
| 12/17/2020 | 148 | **ORDERED** that defendant's Motion to Extend Deadlines 145 is **GRANTED IN PART** and **DENIED IN PART**. The motion is granted insofar as the motion *in limine* deadline for defense motions related to issues raised by forensic examination of evidence by defense experts and continued in-person review of evidence from seized devices is **EXTENDED** to **Friday, January 8, 2021 at 5:00 p.m.** The motion is |

| | | |
|---|---|---|
| | | denied in all other respects. Signed by District Judge T. S. Ellis, III on 12/17/2020. (tran) (Entered: 12/17/2020) |
| 12/17/2020 | 149 | MOTION to Suppress *Statements* by Zackary Ellis Sanders. (Voshell, Emily) (Entered: 12/17/2020) |
| 12/17/2020 | 150 | Memorandum in Support by Zackary Ellis Sanders re 149 MOTION to Suppress *Statements* (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 5)(Voshell, Emily) (Entered: 12/17/2020) |
| 12/17/2020 | 151 | MOTION to Seal by Zackary Ellis Sanders. (Voshell, Emily) (Entered: 12/17/2020) |
| 12/18/2020 | 152 | ORDER re 149 MOTION to Suppress *Statements* filed by Zackary Ellis Sanders. It is hereby **ORDERED** that defendant shall **SHOW CAUSE** by **5:00 p.m. on Monday December 28, 2020** as to why defendant filed a Motion to Suppress on December 17, 2020, one hundred and twelve (112) days after the deadline. Signed by District Judge T. S. Ellis, III on 12/18/2020. (see Order for further details) (dest, ) (Entered: 12/18/2020) |
| 12/18/2020 | 153 | MOTION in Limine *in Opposition to the Governments Amended Notice of Intent to Present Evidence Under Federal Rule of Evidence 414* by Zackary Ellis Sanders. (Voshell, Emily) (Entered: 12/18/2020) |
| 12/18/2020 | 154 | Memorandum in Support by Zackary Ellis Sanders re 153 MOTION in Limine *in Opposition to the Governments Amended Notice of Intent to Present Evidence Under Federal Rule of Evidence 414* (Voshell, Emily) (Entered: 12/18/2020) |
| 12/18/2020 | 155 | MOTION in Limine *to Exclude Chat Transcripts and Related Testimony from Non-Testifying Persons* by Zackary Ellis Sanders. (Voshell, Emily) (Entered: 12/18/2020) |
| 12/18/2020 | 156 | Memorandum in Support by Zackary Ellis Sanders re 155 MOTION in Limine *to Exclude Chat Transcripts and Related Testimony from Non-Testifying Persons* (Voshell, Emily) (Entered: 12/18/2020) |
| 12/18/2020 | 157 | Proposed Voir Dire by Zackary Ellis Sanders (Voshell, Emily) (Entered: 12/18/2020) |
| 12/18/2020 | 158 | Proposed Voir Dire by USA as to Zackary Ellis Sanders (Clayman, William) (Entered: 12/18/2020) |
| 12/18/2020 | 159 | Proposed Jury Instructions by USA as to Zackary Ellis Sanders (Clayman, William) (Entered: 12/18/2020) |
| 12/18/2020 | 160 | MOTION in Limine *to Preclude Lay Opinion Testimony About Forensic Examinations* by Zackary Ellis Sanders. (Voshell, Emily) (Entered: 12/18/2020) |
| 12/18/2020 | 161 | Memorandum in Support by Zackary Ellis Sanders re 160 MOTION in Limine *to Preclude Lay Opinion Testimony About Forensic Examinations* (Voshell, Emily) (Entered: 12/18/2020) |
| 12/18/2020 | 162 | MOTION in Limine *to Publish Certain Recordings to the Jury* by USA as to Zackary Ellis Sanders. (Clayman, William) (Entered: 12/18/2020) |
| 12/18/2020 | 163 | MOTION in Limine *to Exclude and Limit Certain Arguments, Lines of Questioning, and Evidence at Trial* by USA as to Zackary Ellis Sanders. (Clayman, William) (Entered: 12/18/2020) |

| 12/18/2020 | 164 | MOTION in Limine *to Admit Certain Records* by USA as to Zackary Ellis Sanders. (Clayman, William) (Entered: 12/18/2020) |
|---|---|---|
| 12/18/2020 | 165 | MOTION in Limine *to Introduce Certain Evidence Pursuant to Federal Rule of Evidence 404(b)* by USA as to Zackary Ellis Sanders. (Clayman, William) (Entered: 12/18/2020) |
| 12/18/2020 | 166 | Proposed Jury Instructions by Zackary Ellis Sanders (Voshell, Emily) (Entered: 12/18/2020) |
| 12/18/2020 | 167 | RESPONSE in Opposition by USA as to Zackary Ellis Sanders re 135 MOTION to Compel *or in the Alternative for In Camera Inspection* (Clayman, William) (Entered: 12/18/2020) |
| 12/18/2020 | 168 | ORDER granting 151 Motion to Seal as to Zackary Ellis Sanders (1). Signed by District Judge T. S. Ellis, III on 12/18/2020. (dest, ) (Entered: 12/18/2020) |
| 12/18/2020 | 169 | SEALED EXHIBIT *4* re 150 Memorandum in Support of Motion filed by Zackary Ellis Sanders (dest, ) (Entered: 12/18/2020) |
| 12/18/2020 | 170 | MOTION for Order to Show Cause *and to Seal* by USA as to Zackary Ellis Sanders. (Attachments: # 1 Proposed Order)(Clayman, William) (Entered: 12/18/2020) |
| 12/18/2020 | 171 | Consent MOTION to Seal *Exhibits* by Zackary Ellis Sanders. (Jeffress, Jonathan) (Entered: 12/18/2020) |
| 12/21/2020 | 172 | ORDER granting 170 Motion for Order to Show Cause as to Zackary Ellis Sanders (1); granting 171 Motion to Seal as to Zackary Ellis Sanders (1). It is hereby **ORDERED** that the memorandum in support of the government's instant motion Dkt. 170 and Exhibit 1 be **SEALED** until further Order of the Court. It is further **ORDERED** that Dkt. 135-4, 138-1. 138-2, 138-3, 138-8, and 138-11 be **SEALED** until further Order of the Court. Signed by District Judge T. S. Ellis, III on 12/21/2020. (see Order for further details) (dest, ) (Entered: 12/21/2020) |
| 12/21/2020 | 173 | SEALED Memorandum in Support re 170 MOTION for Order to Show Cause *and to Seal* filed by USA (Attachments: # 1 Exhibit 1)(dest, ) (Entered: 12/21/2020) |
| 12/23/2020 | 174 | REPLY TO RESPONSE to by Zackary Ellis Sanders *to the Government's Opposition to Motion to Compel the Government to Produce Material, or, in the Alternative, to Submit Material for In Camera Inspection* (Attachments: # 1 Exhibit 2, # 2 Exhibit 3, # 3 Exhibit 5, # 4 Exhibit 6, # 5 Exhibit 7, # 6 Exhibit 8, # 7 Exhibit 9)(Voshell, Emily) (Entered: 12/23/2020) |
| 12/23/2020 | 175 | Consent MOTION to Seal by Zackary Ellis Sanders. (Voshell, Emily) (Entered: 12/23/2020) |
| 12/23/2020 | 176 | SEALED RESPONSE by Zackary Ellis Sanders to 167 Response in Opposition filed by USA (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9)(dest, ) (Main Document 176 replaced on 12/28/2020) (dest, ). (Entered: 12/23/2020) |
| 12/23/2020 | 177 | RESPONSE TO ORDER TO SHOW CAUSE by Zackary Ellis Sanders (Voshell, Emily) (Entered: 12/23/2020) |
| 12/28/2020 | 178 | ORDER granting 175 Consent MOTION to Seal as to Zackary Ellis Sanders (1). Signed by District Judge T. S. Ellis, III on 12/28/2020. (dest, ) (Entered: 12/28/2020) |

| 12/29/2020 | 179 | Position on *152 ORDER to Show Cause* by USA as to Zackary Ellis Sanders *152 ORDER to Show Cause* (Clayman, William) (Entered: 12/29/2020) |
| 12/30/2020 | 180 | MOTION for Extension of Time to File Response/Reply as to 149 MOTION to Suppress *Statements* by USA as to Zackary Ellis Sanders. (Attachments: # 1 Proposed Order)(Clayman, William) (Entered: 12/30/2020) |
| 12/30/2020 | 181 | Opposition by Zackary Ellis Sanders re 170 MOTION for Order to Show Cause *and to Seal* (Jeffress, Jonathan) (Entered: 12/30/2020) |
| 12/30/2020 | 182 | NOTICE *of Filing Regarding Lack of Client Contact* by Zackary Ellis Sanders (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit)(Jeffress, Jonathan) (Entered: 12/30/2020) |
| 12/30/2020 | 183 | MOTION to Seal by Zackary Ellis Sanders. (Jeffress, Jonathan) (Entered: 12/30/2020) |
| 01/04/2021 | 184 | Sealed Document (choy, ) (Entered: 01/04/2021) |
| 01/04/2021 | 185 | Sealed Document (choy, ) (Entered: 01/04/2021) |
| 01/04/2021 | 186 | RESPONSE by Zackary Ellis Sanders re 179 Position on *Show Cause by Government* (Jeffress, Jonathan) (Entered: 01/04/2021) |
| 01/04/2021 | 187 | MOTION to Seal *response to Government's Position on Show Cause* by Zackary Ellis Sanders. (Jeffress, Jonathan) (Entered: 01/04/2021) |
| 01/04/2021 | 188 | ORDERED that, if the Court determines that the defendant has shown good cause for his untimely motion to suppress 149 under Fed.R.Crim.P.21(c)(3), the government shall file its response to the defendant's motion on or before 01/14/2021. Signed by District Judge T. S. Ellis, III on 01/04/2021. (choy, ) (Entered: 01/04/2021) |
| 01/04/2021 | 189 | ORDER Granting 183 187 Motion to Seal; that defendant's motions are GRANTED insofar as to portions of defendant's Opposition to the Government's Motion for an Order to Show Cause and to Seal 181 and defendant's Reply to Government's Position on Order to Show Cause 186 that refer to or disclose matters that are protected by the Protective Order in this case 28 shall be FILED UNDER SEAL. Signed by District Judge T. S. Ellis, III on 01/04/2021. (choy, )(copies sent on 01/04/2021) (Entered: 01/04/2021) |
| 01/06/2021 | 190 | Reply by USA as to Zackary Ellis Sanders re 181 Opposition *to 170 MOTION for Order to Show Cause and to Seal* (Clayman, William) (Entered: 01/06/2021) |
| 01/06/2021 | 191 | MOTION to Seal *190 Reply* by USA as to Zackary Ellis Sanders. (Attachments: # 1 Proposed Order)(Clayman, William) (Entered: 01/06/2021) |
| 01/06/2021 | 192 | Consent MOTION to Continue *Trial and Extend Deadline* by Zackary Ellis Sanders. (Attachments: # 1 Exhibit)(Jeffress, Jonathan) (Entered: 01/06/2021) |
| 01/07/2021 | 193 | Sealed Reply by USA 181 Opposition filed by Zackary Ellis Sanders (dest, ) (Entered: 01/07/2021) |
| 01/07/2021 | 194 | Supplemental Memorandum by Zackary Ellis Sanders re 192 Consent MOTION to Continue *Trial and Extend Deadline* (Jeffress, Jonathan) (Entered: 01/07/2021) |
| 01/07/2021 | 195 | ORDER granting 191 Motion to Seal as to Zackary Ellis Sanders (1). Signed by District Judge T. S. Ellis, III on 1/7/2021. (see Order for details) (dest, ) (Entered: 01/07/2021) |

| 01/07/2021 | 196 | ORDERED that defendant's Motion to Supress Dkt. 149 is **DENIED AS UNTIMELY** as to Zackary Ellis Sanders (1). Signed by District Judge T. S. Ellis, III on 1/7/2021. (dest, ) (Entered: 01/07/2021) |
| --- | --- | --- |
| 01/08/2021 | 197 | Objection by USA as to Zackary Ellis Sanders re 157 Proposed Voir Dire (Clayman, William) (Entered: 01/08/2021) |
| 01/08/2021 | 198 | Objection by USA as to Zackary Ellis Sanders re 166 Proposed Jury Instructions (Clayman, William) (Entered: 01/08/2021) |
| 01/08/2021 | 199 | RESPONSE in Opposition by USA as to Zackary Ellis Sanders re 155 MOTION in Limine *to Exclude Chat Transcripts and Related Testimony from Non-Testifying Persons* (Clayman, William) (Entered: 01/08/2021) |
| 01/08/2021 | 200 | RESPONSE in Opposition by USA as to Zackary Ellis Sanders re 160 MOTION in Limine *to Preclude Lay Opinion Testimony About Forensic Examinations* (Clayman, William) (Entered: 01/08/2021) |
| 01/08/2021 | 201 | RESPONSE in Opposition by USA as to Zackary Ellis Sanders re 153 MOTION in Limine *in Opposition to the Governments Amended Notice of Intent to Present Evidence Under Federal Rule of Evidence 414* (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4)(Clayman, William) (Entered: 01/08/2021) |
| 01/08/2021 | 202 | RESPONSE to Motion by Zackary Ellis Sanders re 164 MOTION in Limine *to Admit Certain Records and Evidence* (Voshell, Emily) (Entered: 01/08/2021) |
| 01/08/2021 | 203 | RESPONSE in Opposition by Zackary Ellis Sanders re 162 MOTION in Limine *to Publish Certain Recordings to the Jury* (Voshell, Emily) (Entered: 01/08/2021) |
| 01/08/2021 | 204 | ORDER granting 192 Consent MOTION to Continue *Trial and Extend Deadline* as to Zackary Ellis Sanders (1). The trial date in this matter is **CONTINUED** from February 9, 2021, at 9:00 a.m. to Monday, April 26, 2021 at 9:00 a.m. It is **FURTHER ORDERED** that the motion in limine deadline for defense motions related to issues raised by forensic examination of evidence by defense experts and continued in-person review of evidence from seized devices is EXTENDED to Friday, February 12, 2021 at 5:00 p.m. It is further **ORDERED** that the final pretrial conference scheduled for January 15, 2021, is vacated and rescheduled for Friday, April 9, 2021 at 10:00 a.m. It is further **ORDERED** that the period of delay resulting from the Court's continuance upon the consent motion-the period from February 9, 2021, to April 26, 2021-shall be excluded in computing the time within which the trial must commence under the Speedy Trial Act. Signed by District Judge T. S. Ellis, III on 1/8/2021. (see Order for further details) (dest, ) (Entered: 01/08/2021) |
| 01/08/2021 | 205 | WITNESS LIST by USA as to Zackary Ellis Sanders (Clayman, William) (Entered: 01/08/2021) |
| 01/08/2021 | | Reset Deadlines/Hearings as to Zackary Ellis Sanders: **Jury Trial reset for 4/26/2021 at 09:00 AM** in Alexandria Courtroom 900 before District Judge T. S. Ellis III. (dest, ) (Entered: 01/08/2021) |
| 01/08/2021 | | Reset Deadlines/Hearings as to Zackary Ellis Sanders: **Final Pretrial Conference set for 4/9/2021 at 10:00 AM** in Alexandria Courtroom 900 before District Judge T. S. Ellis III. (dest, ) (Entered: 01/08/2021) |

| 01/08/2021 | 206 | EXHIBIT LIST by USA as to Zackary Ellis Sanders (Clayman, William) (Entered: 01/08/2021) |
|---|---|---|
| 01/08/2021 | 207 | RESPONSE in Opposition by Zackary Ellis Sanders re 165 MOTION in Limine *to Introduce Certain Evidence Pursuant to Federal Rule of Evidence 404(b)* (Voshell, Emily) (Entered: 01/08/2021) |
| 01/08/2021 | 208 | WITNESS LIST by Zackary Ellis Sanders (Voshell, Emily) (Entered: 01/08/2021) |
| 01/08/2021 | 209 | RESPONSE in Opposition by Zackary Ellis Sanders re 163 MOTION in Limine *to Exclude and Limit Certain Arguments, Lines of Questioning, and Evidence at Trial* (Voshell, Emily) (Entered: 01/08/2021) |
| 01/08/2021 | 210 | RESPONSE by Zackary Ellis Sanders re 158 Proposed Voir Dire (Voshell, Emily) (Entered: 01/08/2021) |
| 01/08/2021 | 211 | RESPONSE by Zackary Ellis Sanders re 159 Proposed Jury Instructions (Voshell, Emily) (Entered: 01/08/2021) |
| 01/13/2021 | 212 | NOTICE *of Correction* by Zackary Ellis Sanders (Jeffress, Jonathan) (Entered: 01/13/2021) |
| 01/13/2021 | 213 | MOTION for Leave to File *Motion to Suppress Statements*, MOTION to Suppress by Zackary Ellis Sanders. (Jeffress, Jonathan) (Entered: 01/13/2021) |
| 01/14/2021 | 214 | **ORDERED** that the government is **DIRECTED** to file a response brief on or before **Friday, January 22, 2021 at 5:00 p.m.**<br>It is further **ORDERED** that defendant may file a reply in support of his motion on or before **Friday, January 29, 2021 at 5:00 p.m.** Signed by District Judge T. S. Ellis, III on 01/14/2021. (tran) (Entered: 01/14/2021) |
| 01/14/2021 | 215 | Reply by Zackary Ellis Sanders re 200 Response in Opposition *to Motion to Preclude Lay Opinion Testimony About Forensic Examinations* (Jeffress, Jonathan) (Entered: 01/14/2021) |
| 01/14/2021 | 216 | REPLY TO RESPONSE to by Zackary Ellis Sanders re 201 Response in Opposition, (Voshell, Emily) (Entered: 01/14/2021) |
| 01/14/2021 | 217 | REPLY TO RESPONSE to by Zackary Ellis Sanders re 197 Objection *to Voir Dire* (Voshell, Emily) (Entered: 01/14/2021) |
| 01/14/2021 | 218 | REPLY TO RESPONSE to by Zackary Ellis Sanders re 199 Response in Opposition (Attachments: # 1 Exhibit 1)(Voshell, Emily) (Entered: 01/14/2021) |
| 01/14/2021 | 219 | NOTICE *of Request for Hearing on 170* Motion for Order to Show Cause by USA as to Zackary Ellis Sanders (Clayman, William) (Entered: 01/14/2021) |
| 01/14/2021 | 220 | REPLY TO RESPONSE to by Zackary Ellis Sanders re 198 Objection *to Jury Instructions* (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Voshell, Emily) (Entered: 01/14/2021) |
| 01/15/2021 | 221 | Reply by USA as to Zackary Ellis Sanders re 202 Response to Motion *in Limine to Admit Certain Records* (Clayman, William) (Entered: 01/15/2021) |
| 01/15/2021 | 222 | Reply by USA as to Zackary Ellis Sanders re 203 Response in Opposition *to 162 Motion in Limine to Publish Certain Recordings to the Jury* (Clayman, William) (Entered: 01/15/2021) |

| 01/15/2021 | 223 | Reply by USA as to Zackary Ellis Sanders re 207 Response in Opposition *to 165 Motion in Limine to Introduce Certain Evidence Pursuant to Federal Rule of Evidence 404(b)* (Clayman, William) (Entered: 01/15/2021) |
| 01/15/2021 | 224 | Reply by USA as to Zackary Ellis Sanders re 209 Response in Opposition *163 Motion in Limine to Exclude and Limit Certain Arguments, Lines of Questioning, and Evidence at Trial* (Clayman, William) (Entered: 01/15/2021) |
| 01/18/2021 | 225 | NOTICE *of Supplemental Authority* by Zackary Ellis Sanders re 209 Response in Opposition (Attachments: # 1 Exhibit)(Jeffress, Jonathan) (Entered: 01/18/2021) |
| 01/19/2021 | 226 | *First Amended* WITNESS LIST by Zackary Ellis Sanders (Jeffress, Jonathan) (Entered: 01/19/2021) |
| 01/19/2021 | 227 | Sealed Order as to Zackary Ellis Sanders. Signed by District Judge T. S. Ellis, III on 01/19/2021. (c/s pursuant to order) (jlan) (Entered: 01/19/2021) |
| 01/19/2021 | 228 | **ORDERED** that the government's Motion for Order to Show Cause and to Seal 170 is **GRANTED IN PART** and **DENIED IN PART**. Signed by District Judge T. S. Ellis, III on 01/19/2021. (SEE ORDER FOR FURTHER DETAILS) (tran) (Entered: 01/19/2021) |
| 01/20/2021 | 229 | MOTION for Protective Order *Modification* by Zackary Ellis Sanders. (Attachments: # 1 Exhibit, # 2 Exhibit)(Jeffress, Jonathan) (Entered: 01/20/2021) |
| 01/20/2021 | 230 | Memorandum in Support by Zackary Ellis Sanders re 229 MOTION for Protective Order *Modification* (Jeffress, Jonathan) (Entered: 01/20/2021) |
| 01/20/2021 | 231 | MOTION to Seal *Motion to Modify Protective Order and Memorandum in Support Thereof* by Zackary Ellis Sanders. (Jeffress, Jonathan) (Entered: 01/20/2021) |
| 01/21/2021 | 232 | NOTICE *of Correction* by Zackary Ellis Sanders re 216 Reply to Response (Jeffress, Jonathan) (Entered: 01/21/2021) |
| 01/21/2021 | 233 | ORDER granting 231 Motion to Seal as to Zackary Ellis Sanders (1). Signed by District Judge T. S. Ellis, III on 01/21/2021. (jlan) (Entered: 01/21/2021) |
| 01/21/2021 | 234 | Sealed Document in re 229 MOTION for Protective Order filed by Zackary Ellis Sanders. (jlan) (Entered: 01/21/2021) |
| 01/22/2021 | 235 | RESPONSE to Motion by USA as to Zackary Ellis Sanders re 213 MOTION for Leave to File *Motion to Suppress Statements* MOTION to Suppress (Clayman, William) (Entered: 01/22/2021) |
| 01/26/2021 | 236 | SEALED ORDER re 135 MOTION to Compel *or in the Alternative for In Camera Inspection* as to Zackary Ellis Sanders. Signed by District Judge T. S. Ellis, III on 1/26/2021. (dest, )(c/s) (Entered: 01/26/2021) |
| 01/26/2021 | 237 | REDACTED ORDER denying 135 Motion to Compel *or in the Alternative for In Camera Inspection* as to Zackary Ellis Sanders (1). Signed by District Judge T. S. Ellis, III on 1/26/2021. (dest, ) (Entered: 01/26/2021) |
| 01/26/2021 | 238 | Supplemental Memorandum by Zackary Ellis Sanders re 137 Sealed Motion (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit)(Jeffress, Jonathan) (Entered: 01/26/2021) |

| 01/26/2021 | 239 | MOTION to Seal *Supplement to Motion to Compel or for In Camera Inspection* by Zackary Ellis Sanders. (Jeffress, Jonathan) (Entered: 01/26/2021) |
|---|---|---|
| 01/26/2021 | 240 | ORDERED that defendant's motion to seal (Dkt. 239) is GRANTED insofar as the portions of defendant's Supplement to his Motion to Compel that refer to or disclose matters that are protected by the Protective Order in this case (Dkt. 28) shall be FILED UNDER SEAL as to Zackary Ellis Sanders. Signed by District Judge T. S. Ellis, III on 01/26/2021. (jlan) (Entered: 01/26/2021) |
| 01/27/2021 | 241 | Sealed Supplement to 135 MOTION to Compel *or in the Alternative for In Camera Inspection* filed by Zackary Ellis Sanders (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4)(dest, ) (Entered: 01/27/2021) |
| 01/29/2021 | 242 | Sealed Document (lber) (Entered: 01/29/2021) |
| 01/29/2021 | 243 | REPLY TO RESPONSE to by Zackary Ellis Sanders re 235 Response to Motion (Voshell, Emily) (Entered: 01/29/2021) |
| 02/03/2021 | 244 | RESPONSE in Opposition by USA as to Zackary Ellis Sanders re 229 MOTION for Protective Order *Modification* (Clayman, William) (Entered: 02/03/2021) |
| 02/04/2021 | 245 | ORDERED that defendant's Renewed Motion for Leave for this Court to Consider His Motion to Suppress Statements as Timely Filed Dkt. 213 is **DENIED** as to Zackary Ellis Sanders (1). Signed by District Judge T. S. Ellis, III on 2/4/2021. (See Order for further details) (dest, )(copy sent as directed) (Entered: 02/04/2021) |
| 02/08/2021 | 246 | NOTICE OF ATTORNEY APPEARANCE: Nina J. Ginsberg appearing for Zackary Ellis Sanders (Ginsberg, Nina) (Entered: 02/08/2021) |
| 02/08/2021 | 247 | NOTICE OF ATTORNEY APPEARANCE: Zachary Andrew Deubler appearing for Zackary Ellis Sanders (Deubler, Zachary) (Entered: 02/08/2021) |
| 02/08/2021 | 248 | Reply by Zackary Ellis Sanders re 244 Response in Opposition (Jeffress, Jonathan) (Entered: 02/08/2021) |
| 02/08/2021 | 249 | MOTION to Seal *Reply re: Motion to Modify Protective Order* by Zackary Ellis Sanders. (Jeffress, Jonathan) (Entered: 02/08/2021) |
| 02/09/2021 | 250 | Sealed Reply in Opposition by Zackary Ellis Sanders re 244 Response in Opposition filed by USA (dest, ) (Entered: 02/09/2021) |
| 02/09/2021 | 251 | ORDER re 249 MOTION to Seal Reply *re: Motion to Modify Protective Order* as to Zackary Ellis Sanders (1). **ORDERED** that defendant's motion to seal (Dkt. 249) is **GRANTED** insofar as the portions of defendant's Reply to Government Opposition to Motion to Modify Protective Order that refer to or disclose matters that are protected by the Protective Order in this case (Dkt. 28) shall be **FILED UNDER SEAL**. Signed by District Judge T. S. Ellis, III on 2/9/2021. (see Order for further details) (dest, ) (Entered: 02/09/2021) |
| 02/10/2021 | 252 | Sealed Memorandum in Support 81 MOTION to Suppress *Due to Lack of Probable Cause (Motion to Suppress No. 1)* filed by Zackary Ellis Sanders (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5)(dest, ) (Entered: 02/11/2021) |
| 02/10/2021 | 253 | Sealed Memorandum in Support 85 MOTION to Suppress *Based on False and Misleading Material Information in Affidavit Paragraph 23 (Motion to Suppress No. 2)* filed by Zackary Ellis Sanders (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 |

| | | |
|---|---|---|
| | | Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 6, # 6 Exhibit 7, # 7 Exhibit 8, # 8 Exhibit 9, # 9 Exhibit 10, # 10 Exhibit 11, # 11 Exhibit 12, # 12 Exhibit 13)(dest, )(**Exhibit 5 not submitted**) (Entered: 02/11/2021) |
| 02/10/2021 | 254 | Sealed Memorandum in Support 90 MOTION to Suppress *Based on False and Misleading Material Information in Affidavit Paragraph 25 (Motion to Suppress No. 4)* filed by Zackary Ellis Sanders (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11- Part 1, # 12 Exhibit 11- Part 2, # 13 Exhibit 12)(dest, ) (Entered: 02/11/2021) |
| 02/10/2021 | 255 | Sealed Memorandum in Support 88 MOTION to Compel *Discovery (Renewed) or in the Alternative Motion for Reconsideration of Court's Order Denying Motion to Compel Discovery* filed by Zackary Ellis Sanders (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 11, # 7 Exhibit 14, # 8 Exhibit 20)(dest, ) (Entered: 02/11/2021) |
| 02/12/2021 | 256 | Sealed Memorandum in Support 83 MOTION to Suppress *Based on Materially Misleading Statements and Omissions Regarding TOR, The Target Website, and the Subject Premises* filed by Zackary Ellis Sanders (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10)(dest, ) (Entered: 02/12/2021) |
| 02/16/2021 | 257 | ORDER denying 229 Motion for Protective Order (see order for further details) as to Zackary Ellis Sanders (1). Signed by District Judge T. S. Ellis, III on 02/16/2021. (jlan) (Entered: 02/16/2021) |
| 03/23/2021 | 258 | MOTION *to File Redacted Versions of Transcripts and Exhibits on the Public Docket* by Zackary Ellis Sanders. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit)(Jeffress, Jonathan) (Entered: 03/23/2021) |
| 03/24/2021 | 259 | MOTION to Continue *Trial* by Zackary Ellis Sanders. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit)(Jeffress, Jonathan) (Entered: 03/24/2021) |
| 03/24/2021 | 260 | Memorandum in Support by Zackary Ellis Sanders re 259 MOTION to Continue *Trial* (Jeffress, Jonathan) (Entered: 03/24/2021) |
| 03/24/2021 | 261 | MOTION to Seal *Partially Motion to Continue Trial* by Zackary Ellis Sanders. (Attachments: # 1 Exhibit)(Jeffress, Jonathan) (Entered: 03/24/2021) |
| 03/24/2021 | | Notice of Correction re 261 MOTION to Seal *Partially Motion to Continue Trial.* Unfortunately, document number 261 contains more than one pleading. The filing user has been notified to file the document again separately as a Memorandum in Support. (dest, ) (Entered: 03/24/2021) |
| 03/24/2021 | 262 | MOTION to Partially Seal Memorandum in Support of Motion to Continue Trial by Zackary Ellis Sanders. (Attachments: # 1 Proposed Order)(Ginsberg, Nina) (Entered: 03/24/2021) |
| 03/24/2021 | 263 | Memorandum in Support by Zackary Ellis Sanders re 262 MOTION to Partially Seal Memorandum in Support of Motion to Continue Trial *(Corrected)* (Ginsberg, Nina) (Entered: 03/24/2021) |

JA25

| 03/24/2021 | [264](#) | MOTION to Continue Trial, and Waiver of Speedy Trial Rights *(Corrected)* by Zackary Ellis Sanders. (Attachments: # 1 Proposed Order)(Ginsberg, Nina) (Entered: 03/24/2021) |
|---|---|---|
| 03/24/2021 | [265](#) | Memorandum in Support by Zackary Ellis Sanders re 264 MOTION to Continue Trial, and Waiver of Speedy Trial Rights *(Corrected) (Corrected)* (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 2A, # 4 Exhibit 3, # 5 Exhibit 3A)(Ginsberg, Nina) (Entered: 03/24/2021) |
| 03/24/2021 | [266](#) | Notice of Hearing Date set for April 9, 2021 re 264 MOTION to Continue Trial, and Waiver of Speedy Trial Rights *(Corrected)* (Ginsberg, Nina) (Entered: 03/24/2021) |
| 03/24/2021 | [267](#) | **ORDERED** that the hearing on defendant's Motion to Continue Trial 265 is **RESCHEDULED** for **Friday, April 2, 2021 at 11:00 a.m.** It is further **ORDERED** that the government shall file any opposition to defendant's motion by **Wednesday, March 31 at 5:00 p.m.** Signed by District Judge T. S. Ellis, III on 03/24/2021. (tran) (Entered: 03/24/2021) |
| 03/24/2021 | | Set Hearing re Motion in case as to Zackary Ellis Sanders 264 MOTION to Continue Trial, and Waiver of Speedy Trial Rights *(Corrected)*. **Motion Hearing set for 4/2/2021 at 11:00 AM** in Alexandria Courtroom 900 before District Judge T. S. Ellis III. (tran) (Entered: 03/24/2021) |
| 03/24/2021 | [268](#) | Notice of Hearing Date set for April 9, 2021 @ 10:00 a.m. re 207 Response in Opposition, 153 MOTION in Limine *in Opposition to the Governments Amended Notice of Intent to Present Evidence Under Federal Rule of Evidence 414*, 211 Response, 225 Notice (Other), 210 Response, 209 Response in Opposition, 202 Response to Motion, 155 MOTION in Limine *to Exclude Chat Transcripts and Related Testimony from Non-Testifying Persons*, 166 Proposed Jury Instructions, 203 Response in Opposition, 160 MOTION in Limine *to Preclude Lay Opinion Testimony About Forensic Examinations*, 157 Proposed Voir Dire (Ginsberg, Nina) (Entered: 03/24/2021) |
| 03/24/2021 | [269](#) | ORDERED that defendant's motion to seal partia11y (Dkt. 262) is GRANTED insofar as the portion of defendant's Memorandum in Support of his Corrected Motion to Continue Trial (Dkt. 265) that contains private medical information shall be FILED UNDER SEAL as to Zackary Ellis Sanders (1). Signed by District Judge T. S. Ellis, III on 03/24/2021. (jlan) (Entered: 03/24/2021) |
| 03/24/2021 | [270](#) | Sealed Memorandum in Support *(Corrected)* re 264 MOTION to Continue Trial, and Waiver of Speedy Trial Rights *(Corrected)* filed by Zackary Ellis Sanders (dest) (Entered: 03/25/2021) |
| 03/24/2021 | [271](#) | SEALED EXHIBITS A through G re 258 MOTION *to File Redacted Versions of Transcripts and Exhibits on the Public Docket* filed by Zackary Ellis Sanders. (Attachments: # 1 Exhibit B, # 2 Exhibit C, # 3 Exhibit D- Part 1, # 4 Exhibit D- Part 2, # 5 Exhibit E- Part 1, # 6 Exhibit E- Part 2, # 7 Exhibit F- Part 1, # 8 Exhibit F- Part 2, # 9 Exhibit F- Part 3, # 10 Exhibit G)(dest ) (Entered: 03/25/2021) |
| 03/25/2021 | | Set Deadlines re Motion or Report and Recommendation in case as to Zackary Ellis Sanders 160 MOTION in Limine *to Preclude Lay Opinion Testimony About Forensic Examinations*, 153 MOTION in Limine *in Opposition to the Governments Amended Notice of Intent to Present Evidence Under Federal Rule of Evidence 414*, 155 MOTION in Limine *to Exclude Chat Transcripts and Related Testimony from Non-* |

| | | |
|---|---|---|
| | | *Testifying Persons.* Motion Hearing set for 4/9/2021 at 10:00 AM in Alexandria Courtroom 900 before District Judge T. S. Ellis III. (clar, ) (Entered: 03/25/2021) |
| 03/31/2021 | 272 | RESPONSE to Motion by USA as to Zackary Ellis Sanders re 264 MOTION to Continue Trial, and Waiver of Speedy Trial Rights *(Corrected)* (Clayman, William) (Entered: 03/31/2021) |
| 03/31/2021 | 273 | MOTION to Seal *Supplement to Corrected Motion to Continue Trial and Waiver of Speedy Trial Rights* by Zackary Ellis Sanders. (Attachments: # 1 Proposed Order) (Ginsberg, Nina) (Entered: 03/31/2021) |
| 03/31/2021 | 274 | Memorandum in Support by Zackary Ellis Sanders re 273 MOTION to Seal *Supplement to Corrected Motion to Continue Trial and Waiver of Speedy Trial Rights* (Ginsberg, Nina) (Entered: 03/31/2021) |
| 04/01/2021 | 275 | SEALED Supplement to Corrected Motion *to Continue Trial and Waiver of Speedy Trial Rights* filed by Zackary Ellis Sanders. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(dest, ) (Entered: 04/01/2021) |
| 04/01/2021 | 276 | MOTION to Seal *Defendant's Second Supplement to Corrected Motion to Continue Trial and Waiver of Speedy Trial Rights* by Zackary Ellis Sanders. (Attachments: # 1 Proposed Order)(Ginsberg, Nina) (Entered: 04/01/2021) |
| 04/01/2021 | 277 | Memorandum in Support by Zackary Ellis Sanders re 276 MOTION to Seal *Defendant's Second Supplement to Corrected Motion to Continue Trial and Waiver of Speedy Trial Rights* (Ginsberg, Nina) (Entered: 04/01/2021) |
| 04/01/2021 | 278 | MOTION to Seal by Zackary Ellis Sanders. (Attachments: # 1 Proposed Order) (Jeffress, Jonathan) (Entered: 04/01/2021) |
| 04/01/2021 | 279 | Memorandum in Support by Zackary Ellis Sanders re 278 MOTION to Seal (Jeffress, Jonathan) (Entered: 04/01/2021) |
| 04/01/2021 | 280 | ORDER granting 276 Motion to Seal *Defendant's Second Supplement to Corrected Motion to Continue Trial and Waiver of Speedy Trial Rights* as to Zackary Ellis Sanders (1). Signed by District Judge T. S. Ellis, III on 4/1/2021. (see Order for further details) (dest, ) (Entered: 04/02/2021) |
| 04/01/2021 | 281 | ORDER granting 273 Motion to Seal *Supplement to Corrected Motion to Continue Trial and Waiver of Speedy Trial Rights* as to Zackary Ellis Sanders (1). Signed by District Judge T. S. Ellis, III on 4/1/2021. (see Order for further details) (dest, ) (Entered: 04/02/2021) |
| 04/02/2021 | 282 | Sealed Second Supplement *to Corrected Motion to Continue Trial and Waiver of Speedy Trial Rights* filed by Zackary Ellis Sanders (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(dest ) (Entered: 04/02/2021) |
| 04/02/2021 | 283 | Sealed Motion for an Order by Zackary Ellis Sanders. (Attachments: # 1 Proposed Order)(dest, ) (Entered: 04/02/2021) |
| 04/02/2021 | 284 | Sealed Memorandum in Support 283 Sealed Motion for an Order filed by Zackary Ellis Sanders (Attachments: # 1 Exhibit 1)(dest, ) (Entered: 04/02/2021) |
| 04/02/2021 | 285 | Minute Entry for proceedings held before District Judge T. S. Ellis, III: Motion Hearing as to Zackary Ellis Sanders held on 4/2/2021 re 264 MOTION to Continue Trial, and Waiver of Speedy Trial Rights *(Corrected)* filed by Zackary Ellis Sanders. USA appeared through Jay Prabhu and William Clayman. Defendant appeared with |

| | | |
|---|---|---|
| | | counsels, Nina Ginsburg, Jonathan Jeffress and Jade Chong-Smith. Matter argued. Motion 264 -GRANTED and DENIED in all other respects. **Jury Trial reset for 7/12/2021 at 10:00 AM** in Alexandria Courtroom 900 before District Judge T. S. Ellis III. Court to issue an order that facilitates defendant's treatment. Order to follow. Defendant remanded. Court Reporter: P. Kaneshiro-Miller (tran) (Entered: 04/02/2021) |
| 04/02/2021 | 286 | Sealed Order as to Zackary Ellis Sanders. Signed by District Judge T. S. Ellis, III on 04/02/2021. (tran, c/m on 04/02/21) (Entered: 04/02/2021) |
| 04/02/2021 | 287 | **ORDERED** that defendant's unopposed Motion to Continue Trial 264 is **GRANTED IN PART** and **DENIED IN PART**. The motion is granted insofar as the trial date in this matter is **CONTINUED** from Monday, April 26, 2021 at 9:00 a.m. to July 12, 2021, at 10:00 a.m. It is further **ORDERED** that the period of delay resulting from the Court's continuance upon the unopposed motion-the period from April 26, 2021 to July 12, 2021-shall be excluded in computing the time within which the trial must commence under the Speedy Trial Act. Signed by District Judge T. S. Ellis, III on 04/02/2021. (tran) (Entered: 04/02/2021) |
| 04/02/2021 | 288 | ORDER granting 278 Motion to Seal as to Zackary Ellis Sanders (1). Signed by District Judge T. S. Ellis, III on 4/2/2021. (see Order for details) (dest, ) (Entered: 04/05/2021) |
| 04/05/2021 | 289 | Consent MOTION to Continue *Pretrial Conference and Motions Hearing* by Zackary Ellis Sanders. (Attachments: # 1 Proposed Order)(Ginsberg, Nina) (Entered: 04/05/2021) |
| 04/05/2021 | 290 | Memorandum in Support by Zackary Ellis Sanders re 289 Consent MOTION to Continue *Pretrial Conference and Motions Hearing* (Ginsberg, Nina) (Entered: 04/05/2021) |
| 04/05/2021 | 291 | Consent MOTION for Extension of Time to File Response/Reply as to 258 MOTION *to File Redacted Versions of Transcripts and Exhibits on the Public Docket* by USA as to Zackary Ellis Sanders. (Attachments: # 1 Proposed Order)(Clayman, William) (Entered: 04/05/2021) |
| 04/05/2021 | 292 | **ORDERED** that defendant's Consent Motion is **GRANTED**. The pretrial conference and motions hearing in this matter is **CONTINUED** from April 9, 2021 at 10:00 a.m. to May 7, 2021 at 10:00 a.m. Signed by District Judge T. S. Ellis, III on 04/05/2021. (tran) (Entered: 04/06/2021) |
| 04/06/2021 | | Reset Hearings as to Zackary Ellis Sanders: Pretrial Conference and Motions in case as to Zackary Ellis Sanders 160 MOTION in Limine *to Preclude Lay Opinion Testimony About Forensic Examinations*, 153 MOTION in Limine *in Opposition to the Governments Amended Notice of Intent to Present Evidence Under Federal Rule of Evidence 414*, 155 MOTION in Limine *to Exclude Chat Transcripts and Related Testimony from Non-Testifying Persons*. **Pretrial Conference & Motion Hearing reset for 5/7/2021 at 10:00 AM** in Alexandria Courtroom 900 before District Judge T. S. Ellis III. (tran) (Entered: 04/06/2021) |

| 04/06/2021 | 293 | ORDERED that the government shall file its response to the defendant's motion to file redacted versions of transcripts and exhibits on the public docket Dkt. No. 258 on or before April 20, 2021. Signed by District Judge T. S. Ellis, III on 4/6/2021. (dest, ) (Entered: 04/06/2021) |
| --- | --- | --- |
| 04/20/2021 | 294 | RESPONSE to Motion by USA as to Zackary Ellis Sanders re 258 MOTION *to File Redacted Versions of Transcripts and Exhibits on the Public Docket* (Clayman, William) (Entered: 04/20/2021) |
| 04/20/2021 | 295 | MOTION to Seal *Exhibits to 294 Government's Response to Defendant's Motion* by USA as to Zackary Ellis Sanders. (Attachments: # 1 Proposed Order)(Clayman, William) (Entered: 04/20/2021) |
| 04/21/2021 | 296 | ORDER granting 295 MOTION to Seal *Exhibits* as to Zackary Ellis Sanders (1). ORDERED that exhibits 1 through 6 to the government's response to the defendant's motion to file redacted versions of transcripts and exhibits shall be FILED UNDER SEAL until further Order of the Court. Signed by District Judge T. S. Ellis, III on 4/21/2021. (dest, ) (Entered: 04/21/2021) |
| 04/21/2021 | 297 | Sealed Exhibits *1 through 6* re 294 Response to Motion filed by USA (Attachments: # 1 Exhibit 2, # 2 Exhibit 3, # 3 Exhibit 4, # 4 Exhibit 5, # 5 Exhibit 6)(dest) (Entered: 04/21/2021) |
| 04/21/2021 | 298 | NOTICE OF ATTORNEY APPEARANCE Seth Schlessinger appearing for USA. (Schlessinger, Seth) (Entered: 04/21/2021) |
| 04/26/2021 | 299 | MOTION for Leave to File *Rule 12.2(B) Notice of Expert Evidence of a Mental Condition Bearing on Lack of Guilt* by Zackary Ellis Sanders. (Attachments: # 1 Proposed Order, # 2 Exhibit 1)(Ginsberg, Nina) (Entered: 04/26/2021) |
| 04/26/2021 | 300 | MOTION to Seal *Defendants Memorandum in Support of his Motion for Leave to File 12.2(B) Notice of Expert Evidence of a Mental Condition Bearing on Lack of Guilt* by Zackary Ellis Sanders. (Attachments: # 1 Proposed Order)(Ginsberg, Nina) (Entered: 04/26/2021) |
| 04/26/2021 | 301 | Memorandum in Support by Zackary Ellis Sanders re 300 MOTION to Seal *Defendants Memorandum in Support of his Motion for Leave to File 12.2(B) Notice of Expert Evidence of a Mental Condition Bearing on Lack of Guilt* (Ginsberg, Nina) (Entered: 04/26/2021) |
| 04/26/2021 | 302 | MOTION *for Entry of Order and to Modify Protective Order* by Zackary Ellis Sanders. (Attachments: # 1 Proposed Order)(Jeffress, Jonathan) (Entered: 04/26/2021) |
| 04/26/2021 | 303 | Memorandum in Support by Zackary Ellis Sanders re 302 MOTION *for Entry of Order and to Modify Protective Order* (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit, # 8 Exhibit)(Jeffress, Jonathan) (Entered: 04/26/2021) |
| 04/26/2021 | 304 | Notice of Hearing Date *May 7, 2021 at 10:00 am* re 303 Memorandum in Support of Motion, 302 MOTION *for Entry of Order and to Modify Protective Order* (Jeffress, Jonathan) (Entered: 04/26/2021) |

| 04/27/2021 | | Set Deadlines re Motion or Report and Recommendation in case as to Zackary Ellis Sanders 302 MOTION *for Entry of Order and to Modify Protective Order*. Motion Hearing set for 5/7/2021 at 10:00 AM in Alexandria Courtroom 900 before District Judge T. S. Ellis III. (clar, ) (Entered: 04/27/2021) |
|---|---|---|
| 04/27/2021 | 305 | Sealed Memorandum in Support of Defendant's 299 MOTION for Leave to File *Rule 12.2(B) Notice of Expert Evidence of a Mental Condition Bearing on Lack of Guilt* filed by Zackary Ellis Sanders (kgall) (Entered: 04/27/2021) |
| 04/30/2021 | 306 | Sealed Order signed by Theresa Carroll Buchanan on 4/30/2021. (kgall) (Entered: 04/30/2021) |
| 04/30/2021 | 307 | ORDERED that the Final Pretrial Conference and Motion Hearing is RESCHEDULED to May 7, 2021 at 2:00pm. Signed by District Judge T. S. Ellis, III on 4/30/2021. (kgall) (Entered: 04/30/2021) |
| 04/30/2021 | | Reset Hearing in re 302 Motion in case as to Zackary Ellis Sanders: Motion Hearing set for 5/7/2021 at 02:00 PM in Alexandria Courtroom 900 before District Judge T. S. Ellis III. Final Pretrial Conference set for 5/7/2021 at 02:00 PM in Alexandria Courtroom 900 before District Judge T. S. Ellis III. (kgall) (Entered: 04/30/2021) |
| 05/04/2021 | 308 | RESPONSE in Opposition by USA as to Zackary Ellis Sanders re 302 MOTION *for Entry of Order and to Modify Protective Order* (Attachments: # 1 Exhibit 1)(Clayman, William) (Entered: 05/04/2021) |
| 05/05/2021 | 309 | REPLY TO RESPONSE to by Zackary Ellis Sanders re 294 MOTION *for Entry of Order and to Modify Protective Order* (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit)(Jeffress, Jonathan) (Entered: 05/05/2021) |
| 05/05/2021 | 310 | MOTION to Seal *Reply in Support of Defendant's Motion to File Redacted Versions of Transcripts and Exhibits on the Public Record* by Zackary Ellis Sanders. (Attachments: # 1 Proposed Order)(Jeffress, Jonathan) (Entered: 05/05/2021) |
| 05/05/2021 | 311 | Memorandum in Support by Zackary Ellis Sanders re 310 MOTION to Seal *Reply in Support of Defendant's Motion to File Redacted Versions of Transcripts and Exhibits on the Public Record* (Jeffress, Jonathan) (Entered: 05/05/2021) |
| 05/05/2021 | 312 | RESPONSE to Motion by USA as to Zackary Ellis Sanders re 299 MOTION for Leave to File *Rule 12.2(B) Notice of Expert Evidence of a Mental Condition Bearing on Lack of Guilt* (Attachments: # 1 Exhibit)(Clayman, William) (Entered: 05/05/2021) |
| 05/05/2021 | 313 | MOTION to Seal *312 Government's Response to Defendant's Motion for Leave to File Rule 12.2(B) Notice* by USA as to Zackary Ellis Sanders. (Attachments: # 1 Proposed Order)(Clayman, William) (Entered: 05/05/2021) |
| 05/06/2021 | 314 | Sealed Response. (Attachments: # 1 Exhibit 1) (lber) (Entered: 05/06/2021) |
| 05/06/2021 | 315 | MOTION to Compel *Production of Warrant* by Zackary Ellis Sanders. (Attachments: # 1 Proposed Order)(Jeffress, Jonathan) Modified on 5/7/2021 (dest, ). (Entered: 05/06/2021) |
| 05/06/2021 | 316 | Memorandum in Support by Zackary Ellis Sanders re 315 MOTION to Compel *Production of Warrant* (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit)(Jeffress, Jonathan) (Entered: 05/06/2021) |

| 05/06/2021 | 317 | Notice of Hearing Date set for May 28, 2021 re 316 Memorandum in Support of Motion, 315 MOTION to Compel *Production of Warrant* (Jeffress, Jonathan) (Entered: 05/06/2021) |
| --- | --- | --- |
| 05/06/2021 | 318 | MOTION to Seal *Supplement to Mr. Zackary Ellis Sanders Proposed Voir Dire* by Zackary Ellis Sanders. (Attachments: # 1 Proposed Order)(Ginsberg, Nina) (Entered: 05/06/2021) |
| 05/06/2021 | 319 | Memorandum in Support by Zackary Ellis Sanders re 318 MOTION to Seal *Supplement to Mr. Zackary Ellis Sanders Proposed Voir Dire* (Ginsberg, Nina) (Entered: 05/06/2021) |
| 05/06/2021 | 320 | Consent MOTION to Seal re 316 Memorandum in Support of Motion *to Compel, or, in the alternative, to Submit Material for in camera Inspection* by Zackary Ellis Sanders. (Attachments: # 1 Proposed Order)(Ginsberg, Nina) (Entered: 05/06/2021) |
| 05/06/2021 | 321 | Sealed Document (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7)(kgall) (Entered: 05/06/2021) |
| 05/06/2021 | 322 | MOTION to Seal *Supplement to Motions In Limine (ECF Nos. 153 and 207) and Motion To Suppress Statements (ECF No. 149), and accompanying Exhibit* by Zackary Ellis Sanders. (Attachments: # 1 Proposed Order)(Ginsberg, Nina) (Entered: 05/06/2021) |
| 05/06/2021 | 323 | Memorandum in Support by Zackary Ellis Sanders re 322 MOTION to Seal *Supplement to Motions In Limine (ECF Nos. 153 and 207) and Motion To Suppress Statements (ECF No. 149), and accompanying Exhibit* (Ginsberg, Nina) (Entered: 05/06/2021) |
| 05/06/2021 | 324 | Order in re 310 Motion to Seal. The Court FINDS and ORDERS that less drastic alternatives to sealing portions of the Reply and the entirety of exhibits is not feasible and, therefore, orders portions of Defendant's Reply and the entirety of exhibits be filed under seal and remain under seal until further order ofthis Court. Signed by District Judge T. S. Ellis, III on 5/6/2021. (kgall) (Entered: 05/06/2021) |
| 05/06/2021 | 325 | ORDER in 318 Motion to Seal. The Court FINDS and ORDERS that less drastic alternatives to sealing the Motion is not feasible and, therefore, orders Defendant Motion be filed under seal and remain under seal until further order of this Court. Signed by District Judge T. S. Ellis, III on 5/5/2021. (kgall) (Entered: 05/06/2021) |
| 05/06/2021 | 326 | ORDER granting 313 Motion to Seal as to Zackary Ellis Sanders (1). ORDERED that the government's response to the defendant's motion for leave to file rule 12.2(b) notice and exhibit 1 attached to that response be sealed until further order of the Court. Signed by District Judge T. S. Ellis, III on 5/6/2021. (kgall) (Entered: 05/06/2021) |
| 05/06/2021 | 327 | MOTION to Seal re 209 Response in Opposition by Zackary Ellis Sanders. (Attachments: # 1 Proposed Order)(Ginsberg, Nina) (Entered: 05/06/2021) |
| 05/06/2021 | 328 | Memorandum in Support by Zackary Ellis Sanders re 327 MOTION to Seal re 209 Response in Opposition (Ginsberg, Nina) (Entered: 05/06/2021) |
| 05/06/2021 | 329 | NOTICE *of Supplement* by Zackary Ellis Sanders re 299 MOTION for Leave to File *Rule 12.2(B) Notice of Expert Evidence of a Mental Condition Bearing on Lack of Guilt* (Attachments: # 1 Exhibit 1 filed under seal, # 2 Exhibit 2)(Ginsberg, Nina) (Entered: 05/06/2021) |

| | | |
|---|---|---|
| 05/06/2021 | 330 | MOTION to Seal re 329 Notice (Other), by Zackary Ellis Sanders. (Attachments: # 1 Proposed Order)(Ginsberg, Nina) (Entered: 05/06/2021) |
| 05/06/2021 | 331 | Memorandum by Zackary Ellis Sanders re 329 Notice (Other), (Ginsberg, Nina) (Entered: 05/06/2021) |
| 05/06/2021 | 332 | Reply to Motion by Zackary Ellis Sanders re 302 MOTION *for Entry of Order and to Modify Protective Order* (Attachments: # 1 Exhibit 1)(Ginsberg, Nina) (Entered: 05/06/2021) |
| 05/07/2021 | 333 | ORDER granting 320 Consent MOTION to Seal as to Zackary Ellis Sanders (1). Defendant may file under seal portions of his Memorandum in Support of Motion to Motion to Compel, and accompanying exhibits. Signed by District Judge T. S. Ellis, III on 5/6/2021. (kgall) Modified on 5/7/2021 (dest ). (Entered: 05/07/2021) |
| 05/07/2021 | | Set Deadlines re Motion or Report and Recommendation in case as to Zackary Ellis Sanders 315 MOTION to Compel *Production of Warrant*. Motion Hearing set for 5/28/2021 at 09:00 AM in Alexandria Courtroom 900 before District Judge T. S. Ellis III. (clar, ) (Entered: 05/07/2021) |
| 05/07/2021 | 334 | SEALED SUPPLEMENT by Zackary Ellis Sanders re 209 Response in Opposition filed by Zackary Ellis Sanders (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(dest) (Entered: 05/07/2021) |
| 05/07/2021 | 335 | Sealed Memorandum in Support 315 MOTION to Compel *Production of Warrant* filed by Zackary Ellis Sanders (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6)(dest ) (Entered: 05/07/2021) |
| 05/07/2021 | 336 | Minute Entry for proceedings held before District Judge T. S. Ellis, III: Pretrial Conference and Motion Hearing as to Zackary Ellis Sanders held on 5/7/2021 re 153 MOTION in Limine *in Opposition to the Governments Amended Notice of Intent to Present Evidence Under Federal Rule of Evidence 414* filed by Zackary Ellis Sanders, 164 MOTION in Limine *to Admit Certain Records* filed by USA, 163 MOTION in Limine *to Exclude and Limit Certain Arguments, Lines of Questioning, and Evidence at Trial* filed by USA, 162 MOTION in Limine *to Publish Certain Recordings to the Jury* filed by USA, 299 MOTION for Leave to File *Rule 12.2(B) Notice of Expert Evidence of a Mental Condition Bearing on Lack of Guilt* filed by Zackary Ellis Sanders, 258 MOTION *to File Redacted Versions of Transcripts and Exhibits on the Public Docket* filed by Zackary Ellis Sanders, 302 MOTION *for Entry of Order and to Modify Protective Order* filed by Zackary Ellis Sanders, 155 MOTION in Limine *to Exclude Chat Transcripts and Related Testimony from Non-Testifying Persons* filed by Zackary Ellis Sanders, 160 MOTION in Limine *to Preclude Lay Opinion Testimony About Forensic Examinations* filed by Zackary Ellis Sanders, 165 MOTION in Limine *to Introduce Certain Evidence Pursuant to Federal Rule of Evidence 404(b)* filed by USA.<br>USA appeared through William Clayman, Jay Prabhu and Seth Schlessinger.<br>Defendant appeared with counsels, Nina Ginsburg, Jade Chong-Smith and Jonathan Jeffress.<br>Matter argued. [ 163 ], [ 164 ] -Granted. [ 153 ] -Granted in Part and Denied in Part. [ 155 ], [ 160 ], [ 302 ] - Denied. [ 299 ] - Denied Without Prejudice with leave to renew. [ 258 ] will not be addressed at this time. Order to follow. **Status Conference set for 5/21/2021 at 09:00 AM** in Alexandria Courtroom 900 before District Judge T. S. Ellis III. Jury Trial remain set for Monday, July 12, 2021 at 10:00 a.m.<br>Defendant remanded. |

| | | Court Reporter: T. Harris<br>(tran) (Entered: 05/07/2021) |
|---|---|---|
| 05/07/2021 | 339 | ORDER granting 327 Motion to Seal as to Zackary Ellis Sanders (1). See Order for details. Signed by District Judge T. S. Ellis, III on 5/7/2021. (kgall) (Entered: 05/10/2021) |
| 05/07/2021 | 340 | ORDER granting 330 Motion to Seal as to Zackary Ellis Sanders (1). See Order for details. Signed by District Judge T. S. Ellis, III on 5/7/2021. (kgall) (Entered: 05/10/2021) |
| 05/07/2021 | 341 | ORDER granting 322 Motion to Seal *Supplement to Motions In Limine (ECF Nos. 153 and 207) and Motion To Suppress Statements (ECF No. 149), and accompanying Exhibit* as to Zackary Ellis Sanders (1). See Order for detail. Signed by District Judge T. S. Ellis, III on 5/7/2021. (kgall) (Entered: 05/10/2021) |
| 05/07/2021 | 342 | ORDER granting 300 Motion to Seal Defendant's Memorandum in *Support of his Motion for Leave to File 12.2(B) Notice of Expert Evidence of a Mental Condition Bearing on Lack of Guilt* as to Zackary Ellis Sanders (1). See Order for details. Signed by District Judge T. S. Ellis, III on 5/7/2021. (kgall) (Entered: 05/10/2021) |
| 05/07/2021 | 343 | Sealed Exhibit 1 in re 299 MOTION for Leave to File *Rule 12.2(B) Notice of Expert Evidence of a Mental Condition Bearing on Lack of Guilt* filed by Zackary Ellis Sanders (kgall) (Entered: 05/10/2021) |
| 05/07/2021 | 344 | Sealed Supplement in re 207 Response in Opposition filed by Zackary Ellis Sanders, 153 MOTION in Limine *in Opposition to the Governments Amended Notice of Intent to Present Evidence Under Federal Rule of Evidence 414* filed by Zackary Ellis Sanders, 149 MOTION to Suppress *Statements* filed by Zackary Ellis Sanders (Attachments: # 1 Exhibit)(kgall) (Entered: 05/10/2021) |
| 05/07/2021 | 345 | Sealed Supplement in re 157 Proposed Voir Dire filed by Zackary Ellis Sanders (Attachments: # 1 Exhibit)(kgall) (Entered: 05/10/2021) |
| 05/10/2021 | 337 | Objection by Zackary Ellis Sanders *to Court's Rule 404 and 414 Ruling* (Jeffress, Jonathan) (Entered: 05/10/2021) |
| 05/10/2021 | 338 | Objection by Zackary Ellis Sanders re 336 Pretrial Conference,,,,,,,,,, Motion Hearing,,,,,,,,, Set Hearings,,,,,,,, *Notice of Objection to Ruling on Motion in Limine to Exclude Chat Transcripts and Related Testimony from Non-Testifying Persons* (Attachments: # 1 Exhibit Exhibit 1)(Ginsberg, Nina) (Entered: 05/10/2021) |
| 05/10/2021 | 346 | **ORDERED** that Defendant Zackary Sanders' Motion to Modify the Protective Order and for Entry of Discovery Order 302 is **DENIED**.<br>It is further **ORDERED** that the U.S. Marshal's Service is **DIRECTED** to schedule appointments with defense counsel for defense counsel to meet with Defendant Zackary Sanders in the U.S. Marshal's interview rooms of the courthouse in order to review discovery materials with defendant. The U.S. Marshal's Service is further **DIRECTED** to allow defense counsel to bring an iPad that is disconnected from the internet containing non-contraband digital discovery materials with them to the interview room.<br>It is further **ORDERED** that, if necessary, a status hearing will be held on **May 21, 2021 at 9:00 a.m.** to address any concerns about the adequacy of the arrangement once it is implemented. Signed by District Judge T. S. Ellis, III on 05/10/2021. (tran, c/m on 05/10/21) Modified on 5/10/2021 (tran, ). (Entered: 05/10/2021) |

| 05/10/2021 | 347 | Sealed Order as to Zackary Ellis Sanders. Signed by District Judge T. S. Ellis, III on 5/10/2021. (kgall) (C/S to counsel) (Entered: 05/11/2021) |
| 05/11/2021 | 348 | Motion to appear Pro Hac Vice by Mark John Mahoney and Certification of Local Counsel Nina Jean Ginsberg (Filing fee $ 75 receipt number AVAEDC-7782124.) by Zackary Ellis Sanders. (Ginsberg, Nina) (Entered: 05/11/2021) |
| 05/13/2021 | 349 | ORDER granting 348 Motion for Pro hac vice Appointed Mark John Mahoney for Zackary Ellis Sanders as to Zackary Ellis Sanders (1). Signed by District Judge T. S. Ellis, III on 05/12/2021. (clar, ) (Entered: 05/13/2021) |
| 05/14/2021 | 350 | RESPONSE in Opposition by USA as to Zackary Ellis Sanders re 315 MOTION to Compel *Production of Warrant* (Clayman, William) (Entered: 05/14/2021) |
| 05/19/2021 | 351 | MOTION to Seal *Reply to Government's Opposition to Motion to Compel* by Zackary Ellis Sanders. (Attachments: # 1 Proposed Order Proposed Order to Seal Reply) (Jeffress, Jonathan) (Entered: 05/19/2021) |
| 05/19/2021 | 352 | Memorandum in Support by Zackary Ellis Sanders re 351 MOTION to Seal *Reply to Government's Opposition to Motion to Compel* (Jeffress, Jonathan) (Entered: 05/19/2021) |
| 05/19/2021 | 353 | Reply by Zackary Ellis Sanders re 350 Response in Opposition (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9)(Jeffress, Jonathan) (Entered: 05/19/2021) |
| 05/19/2021 | 354 | Sealed Document in re 351 MOTION to Seal *Reply to Government's Opposition to Motion to Compel* and 353 Reply, filed by Zackary Ellis Sanders (Attachments: # 1 Exhibit 1, # 2 Exhibit 9)(kgall) (Entered: 05/19/2021) |
| 05/20/2021 | 355 | Sealed Transcript of Proceeding before Judge Ellis on May 7, 2021. (aott) (Entered: 05/20/2021) |
| 05/20/2021 | 356 | STATUS REPORT by Zackary Ellis Sanders (Attachments: # 1 Exhibit 1 filed under seal)(Ginsberg, Nina) (Entered: 05/20/2021) |
| 05/20/2021 | 357 | MOTION to Seal *Exhibit 1 to Defendant's Status Update* by Zackary Ellis Sanders. (Attachments: # 1 Proposed Order)(Ginsberg, Nina) (Entered: 05/20/2021) |
| 05/20/2021 | 358 | Memorandum in Support by Zackary Ellis Sanders re 357 MOTION to Seal *Exhibit 1 to Defendant's Status Update* (Ginsberg, Nina) (Entered: 05/20/2021) |
| 05/20/2021 | 359 | ORDER granting 164 Motion in Limine *in Limine to Admit Certain Records* as to Zackary Ellis Sanders. See Order for details. Signed by District Judge T. S. Ellis, III on 5/20/2021. (kgall) (Entered: 05/20/2021) |
| 05/20/2021 | 360 | ORDER denying 160 Motion in Limine *to Preclude Lay Opinion Testimony About Forensic Examinations* as to Zackary Ellis Sanders. See Order for details. Signed by District Judge T. S. Ellis, III on 5/20/2021. (kgall) (Entered: 05/20/2021) |
| 05/20/2021 | 361 | ORDER denying 155 Motion in Limine *to Exclude Chat Transcripts and Related Testimony from Non-Testifying Persons* as to Zackary Ellis Sanders. See Order for details. Signed by District Judge T. S. Ellis, III on 5/20/2021. (kgall) (Entered: 05/20/2021) |

| 05/20/2021 | 362 | ORDER granting 162 Motion in Limine *to Publish Certain Recordings to the Jury* as to Zackary Ellis Sanders. See Order for details. Signed by District Judge T. S. Ellis, III on 5/20/2021. (kgall) (Entered: 05/20/2021) |
|---|---|---|
| 05/20/2021 | 363 | Under Seal Order. Signed by District Judge T. S. Ellis, III on 5/20/2021. (kgall) (Entered: 05/20/2021) |
| 05/20/2021 | 364 | SEALED Order as to Zackary Ellis Sanders. Signed by District Judge T. S. Ellis, III on 05/20/2021. (tran, c/m on 05/20/21) (Entered: 05/20/2021) |
| 05/20/2021 | 365 | MOTION for Reconsideration re 302 MOTION *for Entry of Order and to Modify Protective Order* filed by Zackary Ellis Sanders by Zackary Ellis Sanders. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Jeffress, Jonathan) (Entered: 05/20/2021) |
| 05/20/2021 | 366 | ORDER granting 357 Motion to Seal *Exhibit 1 to Defendant's Status Update* as to Zackary Ellis Sanders. See Order for details. Signed by District Judge T. S. Ellis, III on 5/20/2021. (kgall) (Entered: 05/21/2021) |
| 05/21/2021 | 367 | Minute Entry for proceedings held before District Judge T. S. Ellis, III: Status Conference as to Zackary Ellis Sanders held on 5/21/2021.<br>USA appeared through William Clayman and Seth Schlessinger. Defendant appeared with counsels Nina Ginsburg, Jade Chong-Smith and Jonathan Jeffress.<br>Matter argued. Court rules defendant will be allowed to be given a device that is not connected to the internet with chats that do not include personal information such as school information etc. The defendant will not have the device overnight but instead will hand the device to the detention center personnel. The defendant can review the information by himself or with counsel. No other things other than the chats should be on the device.<br>Order to follow.<br>Defendant remanded.<br>Court Reporter: R. Stonestreet<br>(tran) Modified on 5/21/2021 (tran). (Entered: 05/21/2021) |
| 05/25/2021 | 368 | ORDER granting in part and denying in part 365 Motion for Reconsideration as to Zackary Ellis Sanders. See Order for details. Signed by District Judge T. S. Ellis, III on 5/24/2021. (kgall) (Entered: 05/25/2021) |
| 05/26/2021 | 369 | **ORDERED** that defendant's Motion to Compel 315 is **DENIED**. Signed by District Judge T. S. Ellis, III on 05/26/2021. (See Order for further details) (tran) (Entered: 05/26/2021) |
| 05/27/2021 | 370 | ORDER granting 351 Motion to Seal *Reply to Government's Opposition to Motion to Compel* as to Zackary Ellis Sanders (1). Signed by District Judge T. S. Ellis, III on 5/27/2021. (kgall) (Entered: 05/27/2021) |
| 05/28/2021 | 371 | MOTION *to Exclude Evidence at Trial or, in the Alternative, to Continue the Trial* by USA as to Zackary Ellis Sanders. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Clayman, William) (Entered: 05/28/2021) |
| 05/28/2021 | 372 | MOTION to Seal *371 MOTION to Exclude Evidence at Trial or, in the Alternative, to Continue the Trial* by USA as to Zackary Ellis Sanders. (Attachments: # 1 Proposed Order)(Clayman, William) (Entered: 05/28/2021) |
| 06/01/2021 | 373 | Sealed Documents in re 371 MOTION *to Exclude Evidence at Trial or, in the Alternative, to Continue the Trial* filed by USA (Attachments: # 1 Exhibit 2)(kgall) |

| | | |
|---|---|---|
| | | (Entered: 06/01/2021) |
| 06/01/2021 | 374 | ORDER granting 372 Motion to Seal as to Zackary Ellis Sanders. See Order for details. Signed by District Judge T. S. Ellis, III on 6/1/2021. (kgall) (Entered: 06/01/2021) |
| 06/01/2021 | 375 | Sealed Order re 371 MOTION *to Exclude Evidence at Trial or, in the Alternative, to Continue the Trial by USA as to Zackary Ellis Sanders*. Signed by District Judge T. S. Ellis, III on 6/1/2021. (dest)(c/s) (Entered: 06/01/2021) |
| 06/01/2021 | | Set Deadlines re Motion or Report and Recommendation in case as to Zackary Ellis Sanders 371 MOTION *to Exclude Evidence at Trial or, in the Alternative, to Continue the Trial*. Motion Hearing set for 6/11/2021 at 09:00 AM in Alexandria Courtroom 900 before District Judge T. S. Ellis III. (dest) (Entered: 06/01/2021) |
| 06/02/2021 | | Set Deadlines re Motion or Report and Recommendation in case as to Zackary Ellis Sanders 371 MOTION *to Exclude Evidence at Trial or, in the Alternative, to Continue the Trial*. Motion Hearing reset for 6/11/2021 at 11:00 AM in Alexandria Courtroom 900 before District Judge T. S. Ellis III. (dest) (Entered: 06/02/2021) |
| 06/04/2021 | 376 | MOTION for Protective Order by Zackary Ellis Sanders. (Attachments: # 1 Proposed Order)(Jeffress, Jonathan) (Entered: 06/04/2021) |
| 06/04/2021 | 377 | Memorandum in Support by Zackary Ellis Sanders re 376 MOTION for Protective Order (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3)(Jeffress, Jonathan) (Entered: 06/04/2021) |
| 06/07/2021 | 378 | ORDER granting 376 Motion for Protective Order as to Zackary Ellis Sanders. See Order for details. Signed by District Judge T. S. Ellis, III on 6/7/2021. (kgall) (Entered: 06/07/2021) |
| 06/09/2021 | 379 | MOTION to Seal *Portions of Defendant's Opposition to Government's Motion to Exclude Evidence at Trial and Consent to Government's Motion to Continue Trial* by Zackary Ellis Sanders. (Ginsberg, Nina) (Entered: 06/09/2021) |
| 06/09/2021 | 380 | Memorandum in Support by Zackary Ellis Sanders re 379 MOTION to Seal *Portions of Defendant's Opposition to Government's Motion to Exclude Evidence at Trial and Consent to Government's Motion to Continue Trial* (Attachments: # 1 Proposed Order) (Ginsberg, Nina) (Entered: 06/09/2021) |
| 06/09/2021 | 381 | Opposition by Zackary Ellis Sanders re 371 MOTION *to Exclude Evidence at Trial or, in the Alternative, to Continue the Trial* (Jeffress, Jonathan) (Entered: 06/09/2021) |
| 06/10/2021 | 382 | Sealed Document in re 379 MOTION to Seal *Portions of Defendant's Opposition to Government's Motion to Exclude Evidence at Trial and Consent to Government's Motion to Continue Trial* filed by Zackary Ellis Sanders (kgall) (Entered: 06/10/2021) |
| 06/10/2021 | 383 | Reply by USA as to Zackary Ellis Sanders re 381 Opposition *to 371 Government's MOTION to Exclude Evidence at Trial or, in the Alternative, to Continue the Trial* (Clayman, William) (Entered: 06/10/2021) |
| 06/10/2021 | 384 | MOTION to Seal *383 Reply by USA* by USA as to Zackary Ellis Sanders. (Attachments: # 1 Proposed Order)(Clayman, William) (Entered: 06/10/2021) |
| 06/10/2021 | 385 | Sealed Reply by USA in re 384 MOTION to Seal *383 Reply by USA* filed by USA (kgall) Modified on 6/11/2021 (dest, ). (Entered: 06/10/2021) |

| | | |
|---|---|---|
| 06/10/2021 | 386 | ORDER granting 379 MOTION to Seal *Portions of Defendant's Opposition to Government's Motion to Exclude Evidence at Trial and Consent to Government's Motion to Continue Trial* as to Zackary Ellis Sanders (1). The Court FINDS and ORDERS that the defendant be allowed to file a redacted version of his opposition on the public docket, and that an unredacted versions shall be provided to the counsel of record for the Government and the Clerk of Court. Signed by District Judge T. S. Ellis, III on 6/10/2021. (dest) (Entered: 06/10/2021) |
| 06/10/2021 | 387 | ORDER granting 384 Motion to Seal as to Zackary Ellis Sanders (1). It is hereby ORDERED that the un-redacted version of the government's reply to the defendant's opposition to the government's motion to exclude evidence at trial or, in the alternative, to continue the trial, be sealed until further order of the Court. Signed by District Judge T. S. Ellis, III on 6/10/2021. (dest ) (Entered: 06/10/2021) |
| 06/10/2021 | 388 | MOTION to Seal *Memorandum in Support of Motion for an Order* by Zackary Ellis Sanders. (Attachments: # 1 Proposed Order)(Jeffress, Jonathan) (Entered: 06/10/2021) |
| 06/10/2021 | 389 | Memorandum in Support by Zackary Ellis Sanders re 388 MOTION to Seal *Memorandum in Support of Motion for an Order* (Jeffress, Jonathan) (Entered: 06/10/2021) |
| 06/10/2021 | 390 | MOTION for Medical Treatment by Zackary Ellis Sanders. (Attachments: # 1 Proposed Order)(Jeffress, Jonathan) (Entered: 06/10/2021) |
| 06/10/2021 | 391 | Memorandum in Support by Zackary Ellis Sanders re 390 MOTION for Medical Treatment (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3)(Jeffress, Jonathan) (Entered: 06/10/2021) |
| 06/11/2021 | 392 | MOTION to Seal *Portions of Response to Reply to Opposition to Government Motion* by Zackary Ellis Sanders. (Attachments: # 1 Proposed Order)(Jeffress, Jonathan) (Entered: 06/11/2021) |
| 06/11/2021 | 393 | Memorandum in Support by Zackary Ellis Sanders re 392 MOTION to Seal *Portions of Response to Reply to Opposition to Government Motion* (Jeffress, Jonathan) (Entered: 06/11/2021) |
| 06/11/2021 | 394 | REPLY TO RESPONSE to by Zackary Ellis Sanders re 383 Reply (Jeffress, Jonathan) (Entered: 06/11/2021) |
| 06/11/2021 | 395 | MOTION to Seal *Document No. 394 (Response to Government's Reply to Defendant's Opposition)* by Zackary Ellis Sanders. (Attachments: # 1 Proposed Order)(Ginsberg, Nina) (Entered: 06/11/2021) |
| 06/11/2021 | 396 | REPLY TO RESPONSE to by Zackary Ellis Sanders re 383 Reply (Ginsberg, Nina) (Entered: 06/11/2021) |
| 06/11/2021 | 397 | Minute Entry for proceedings held before District Judge T. S. Ellis, III: Sealed Minutes held on 6/11/2021.<br>Court Reporter: R. Stonestreet<br>(tran) (Entered: 06/11/2021) |
| 06/11/2021 | 398 | Sealed Order as to Zackary Ellis Sanders. Signed by District Judge T. S. Ellis, III on 06/11/2021. (tran, c/m on 06/11/21) (Entered: 06/11/2021) |
| 06/11/2021 | 399 | **ORDERED** that the May 24, 2021 Order and the Protective Order are **AMENDED** to allow defendant to review his chats with the alleged minor victims on a password- |

| | | |
|---|---|---|
| | | protected iPad furnished by defense counsel that is not and cannot be connected to the internet when defendant is in the law library. The iPad will be collected by ADC staff at all other times and will ultimately be returned to defense counsel. The chats on the iPad must be redacted to remove any of the alleged minor victims' identifying information. A separate device may be prepared for defendant to review non-chat discovery, which must be similarly redacted. Signed by District Judge T. S. Ellis, III on 06/11/2021. (tran, c/m on 06/11/21) (Entered: 06/11/2021) |
| 06/11/2021 | 400 | Under Sealed Memorandum in Support 390 MOTION for Medical Treatment filed by Zackary Ellis Sanders (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3)(dest) (Entered: 06/11/2021) |
| 06/11/2021 | 401 | Under Seal Response to 385 Sealed Reply filed by USA (dest ) (Entered: 06/11/2021) |
| 06/14/2021 | 402 | Sealed Order as to Zackary Ellis Sanders. Signed by District Judge T. S. Ellis, III on 06/14/2021. (tran, c/m on 06/14/21) (Entered: 06/14/2021) |
| 06/18/2021 | 403 | MOTION to Seal *Expert Report* by Zackary Ellis Sanders. (Attachments: # 1 Proposed Order)(Jeffress, Jonathan) (Entered: 06/18/2021) |
| 06/18/2021 | 404 | Memorandum in Support by Zackary Ellis Sanders re 403 MOTION to Seal *Expert Report* (Attachments: # 1 Exhibit 1)(Jeffress, Jonathan) (Entered: 06/18/2021) |
| 06/18/2021 | 405 | NOTICE *of Filing of Expert Report* by Zackary Ellis Sanders (Attachments: # 1 Exhibit 1)(Jeffress, Jonathan) (Entered: 06/18/2021) |
| 06/18/2021 | 406 | MOTION to Seal *Motion to Extend Briefing Schedule* by USA as to Zackary Ellis Sanders. (Attachments: # 1 Proposed Order)(Schlessinger, Seth) (Entered: 06/18/2021) |
| 06/21/2021 | 407 | ORDER granting 403 Motion to Seal *Expert Report* as to Zackary Ellis Sanders. See Order for details. Signed by District Judge T. S. Ellis, III on 6/21/2021. (kgall) (Entered: 06/21/2021) |
| 06/21/2021 | 408 | Sealing ORDER granting 406 Motion to Seal *Motion to Extend Briefing Schedule* as to Zackary Ellis Sanders. Signed by District Judge T. S. Ellis, III on 6/21/2021. (kgall) (Entered: 06/21/2021) |
| 06/21/2021 | 409 | Under Seal Motion to Extend Briefing Schedule and Continue the Trial by USA as to Zackary Ellis Sanders. (Attachments: # 1 Proposed Order)(kgall) (Entered: 06/21/2021) |
| 06/21/2021 | 410 | MOTION to Seal *Portions of Memorandum* by Zackary Ellis Sanders. (Attachments: # 1 Proposed Order)(Jeffress, Jonathan) (Entered: 06/21/2021) |
| 06/21/2021 | 411 | Memorandum in Support by Zackary Ellis Sanders re 410 MOTION to Seal *Portions of Memorandum* (Jeffress, Jonathan) (Entered: 06/21/2021) |
| 06/21/2021 | 412 | Memorandum by Zackary Ellis Sanders re 405 Notice (Other), 371 MOTION *to Exclude Evidence at Trial or, in the Alternative, to Continue the Trial* (Jeffress, Jonathan) (Entered: 06/21/2021) |
| 06/21/2021 | 413 | Sealed Document in re 410 MOTION to Seal *Portions of Memorandum* filed by Zackary Ellis Sanders (kgall) (Entered: 06/21/2021) |
| 06/21/2021 | 414 | Sealed Document in re 403 MOTION to Seal *Expert Report* filed by Zackary Ellis Sanders. (kgall) (Entered: 06/21/2021) |

| 06/21/2021 | 415 | ORDER granting 410 Motion to Seal *Portions of Memorandum* as to Zackary Ellis Sanders. See Order for details. Signed by District Judge T. S. Ellis, III on 6/21/2021. (kgall) (Entered: 06/22/2021) |
| 06/23/2021 | 416 | Subpoenas issued for trial on July 12, 2021 at 10 am. (kgall) (Entered: 06/23/2021) |
| 06/23/2021 | 417 | ORDERED that defendant's motions to seal 388 , 392 , 395 are GRANTED insofar as defendant's Memorandum in Support of his Motion for an Order Requiring Alexandria Adult Detention Center to Provide Medical Treatment Prescribed by Treating Neurologist shall be **FILED UNDER SEAL.** ORDERED that defendant is DIRECTED to file a properly redacted version of his Response to the government's Reply on the public docket. See Order for details. Signed by District Judge T. S. Ellis, III on 6/23/2021. (kgall) (Entered: 06/23/2021) |
| 06/23/2021 | 418 | Sealed Order as to Zackary Ellis Sanders. Signed by District Judge T. S. Ellis, III on 06/23/2021. (tran, c/m on 06/23/21) (Entered: 06/23/2021) |
| 06/23/2021 |  | Reset Hearings as to Zackary Ellis Sanders: **Jury Trial reset for 10/19/2021 at 10:00 AM** in Alexandria Courtroom 900 before District Judge T. S. Ellis III. (tran) (Entered: 06/23/2021) |
| 06/24/2021 | 419 | NOTICE by Zackary Ellis Sanders re 396 Reply to Response, 417 Order on Motion to Seal,,,,,,,,, (Ginsberg, Nina) (Entered: 06/24/2021) |
| 06/25/2021 | 420 | Sealed Transcript prepared by R. Stonestreet, Official Court Reporter. (aott) (Entered: 06/25/2021) |
| 07/21/2021 | 421 | Motion to appear Pro Hac Vice by Henry Louis Sirkin and Certification of Local Counsel Nina Jean Ginsberg (Filing fee $ 75 receipt number AVAEDC-7903205.) by Zackary Ellis Sanders. (Ginsberg, Nina) (Entered: 07/21/2021) |
| 08/05/2021 | 422 | MOTION to Compel *Exculpatory Material Or, In The Alternative, To Submit Exculpatory Material For In Camera Review (Renewed)* by Zackary Ellis Sanders. (Jeffress, Jonathan) (Entered: 08/05/2021) |
| 08/05/2021 | 423 | Filed in error and documents removed<br>Memorandum in Support by Zackary Ellis Sanders re 422 MOTION to Compel *Exculpatory Material Or, In The Alternative, To Submit Exculpatory Material For In Camera Review (Renewed)* (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9)(Jeffress, Jonathan) Modified on 8/6/2021 (kgall) (Entered: 08/05/2021) |
| 08/05/2021 | 424 | MOTION to Seal by Zackary Ellis Sanders. (Attachments: # 1 Proposed Order) (Jeffress, Jonathan) (Entered: 08/05/2021) |
| 08/06/2021 | 425 | NOTICE by Zackary Ellis Sanders re 423 Memorandum in Support of Motion, (Ginsberg, Nina) (Entered: 08/06/2021) |
| 08/06/2021 | 426 | Memorandum in Support by Zackary Ellis Sanders re 422 MOTION to Compel *Exculpatory Material Or, In The Alternative, To Submit Exculpatory Material For In Camera Review (Renewed)* (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9)(Jeffress, Jonathan) (Attachment 5 replaced on 8/20/2021) (dvanm, ). (Entered: 08/06/2021) |

| | | |
|---|---|---|
| 08/06/2021 | 427 | Sealed Document in 424 MOTION to Seal filed by Zackary Ellis Sanders (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9)(kgall) (Entered: 08/06/2021) |
| 08/17/2021 | 428 | Notice of Hearing Date set for August 27, 2021 re 422 MOTION to Compel *Exculpatory Material Or, In The Alternative, To Submit Exculpatory Material For In Camera Review (Renewed)* (Jeffress, Jonathan) (Entered: 08/17/2021) |
| 08/17/2021 | | Set Deadlines re Motion or Report and Recommendation in case as to Zackary Ellis Sanders 422 MOTION to Compel *Exculpatory Material Or, In The Alternative, To Submit Exculpatory Material For In Camera Review (Renewed)*. Motion Hearing set for 8/27/2021 at 10:00 AM in Alexandria Courtroom 900 before District Judge T. S. Ellis III. (clar, ) (Entered: 08/18/2021) |
| 08/19/2021 | 429 | MOTION to Suppress *Statements Taken in Violation of Miranda v. Arizona* by Zackary Ellis Sanders. (Attachments: # 1 Proposed Order)(Jeffress, Jonathan) (Entered: 08/19/2021) |
| 08/19/2021 | 430 | Memorandum in Support by Zackary Ellis Sanders re 429 MOTION to Suppress *Statements Taken in Violation of Miranda v. Arizona* (Jeffress, Jonathan) (Entered: 08/19/2021) |
| 08/19/2021 | 431 | Notice of Hearing Date set for September 10, 2021 re 429 MOTION to Suppress *Statements Taken in Violation of Miranda v. Arizona* (Jeffress, Jonathan) (Entered: 08/19/2021) |
| 08/19/2021 | 432 | RESPONSE in Opposition by USA as to Zackary Ellis Sanders re 422 MOTION to Compel *Exculpatory Material Or, In The Alternative, To Submit Exculpatory Material For In Camera Review (Renewed)* (Clayman, William) (Entered: 08/19/2021) |
| 08/19/2021 | | Set Deadlines re Motion or Report and Recommendation in case as to Zackary Ellis Sanders 429 MOTION to Suppress *Statements Taken in Violation of Miranda v. Arizona*. Motion Hearing set for 9/10/2021 at 09:00 AM in Alexandria Courtroom 900 before District Judge T. S. Ellis III. (clar, ) (Entered: 08/20/2021) |
| 08/20/2021 | 433 | Consent MOTION to Seal *Portions Of and Replace Exhibit on the Docket* by Zackary Ellis Sanders. (Attachments: # 1 Proposed Order)(Jeffress, Jonathan) (Entered: 08/20/2021) |
| 08/20/2021 | 434 | Consent MOTION to Seal *Portions Of and Replace Exhibit on the Docket (Corrected)* by Zackary Ellis Sanders. (Attachments: # 1 Proposed Order)(Jeffress, Jonathan) (Entered: 08/20/2021) |
| 08/20/2021 | 435 | Memorandum in Support by Zackary Ellis Sanders re 434 Consent MOTION to Seal *Portions Of and Replace Exhibit on the Docket (Corrected)* (Attachments: # 1 Exhibit I)(Jeffress, Jonathan) (Entered: 08/20/2021) |
| 08/20/2021 | 436 | ORDER granting 424 Motion to Seal as to Zackary Ellis Sanders (1). Signed by District Judge T. S. Ellis, III on 08/20/2021. (dvanm, ) (Entered: 08/20/2021) |
| 08/20/2021 | 437 | ORDER granting 434 Motion to Seal as to Zackary Ellis Sanders (1). Signed by District Judge T. S. Ellis, III on 08/20/2021. (dvanm, ) (Entered: 08/20/2021) |
| 08/23/2021 | 438 | MOTION to Seal *Portions of Reply to Government Opposition* by Zackary Ellis Sanders. (Attachments: # 1 Proposed Order)(Jeffress, Jonathan) (Entered: 08/23/2021) |

| 08/23/2021 | 439 | Memorandum in Support by Zackary Ellis Sanders re 438 MOTION to Seal *Portions of Reply to Government Opposition* (Jeffress, Jonathan) (Entered: 08/23/2021) |
|---|---|---|
| 08/23/2021 | 440 | REPLY TO RESPONSE to by Zackary Ellis Sanders re 432 Response in Opposition *to Motion to Compel Exculpatory Material Or, In The Alternative, To Submit Exculpatory Material For In Camera Review (Renewed)* (Attachments: # 1 Exhibit 1)(Jeffress, Jonathan) (Entered: 08/23/2021) |
| 08/24/2021 | 441 | ORDER granting 438 Motion to Seal as to Zackary Ellis Sanders (1). Signed by District Judge T. S. Ellis, III on 08/24/2021. (dvanm, ) (Entered: 08/24/2021) |
| 08/25/2021 | 442 | ORDERED that defendant's Second Renewed Motion to Reconsider his Motion to Compel 422 is DENIED. It is further ORDERED that the hearing in this matter scheduled for August 27, 2021 is CANCELLED. Signed by District Judge T. S. Ellis, III on 08/25/2021. (dvanm, ) (Entered: 08/25/2021) |
| 08/25/2021 | 443 | Sealed Reply (dvanm, ) (Main Document 443 replaced on 8/26/2021) (dzir, ). (Entered: 08/25/2021) |
| 08/25/2021 | 444 | Sealed Document 443 Sealed Reply filed by Zackary Ellis Sanders (dvanm, ) (Entered: 08/25/2021) |
| 08/27/2021 | 445 | MOTION to Seal *Government's Expert Report* by USA as to Zackary Ellis Sanders. (Attachments: # 1 Proposed Order)(Clayman, William) (Entered: 08/27/2021) |
| 08/30/2021 | 446 | RESPONSE in Opposition by USA as to Zackary Ellis Sanders re 429 MOTION to Suppress *Statements Taken in Violation of Miranda v. Arizona* (Clayman, William) (Entered: 08/30/2021) |
| 08/30/2021 | 447 | Sealed Document re evaluation (dvanm, ) (Entered: 08/30/2021) |
| 08/30/2021 | 448 | ORDER granting 445 Motion to Seal as to Zackary Ellis Sanders (1). Signed by District Judge T. S. Ellis, III on 08/30/2021. (dvanm, ) (Entered: 08/30/2021) |
| 09/02/2021 | 449 | MOTION to Seal *Memorandum in Support of his Motion for Leave to File Response, Request for Appointment of Independent Expert to Conduct Independent Evaluation and Determine Whether Dr. Montalbanos Methodology Comports with Accepted Psychological Practice, and for Oral Argument* by Zackary Ellis Sanders. (Attachments: # 1 Proposed Order)(Jeffress, Jonathan) (Entered: 09/02/2021) |
| 09/02/2021 | 450 | Memorandum in Support by Zackary Ellis Sanders re 449 MOTION to Seal *Memorandum in Support of his Motion for Leave to File Response, Request for Appointment of Independent Expert to Conduct Independent Evaluation and Determine Whether Dr. Montalbanos Methodology Comports with Accepted Psychological Pr (Jeffress, Jonathan) (Entered: 09/02/2021)* |
| 09/02/2021 | 451 | MOTION for Leave to File *Response, Request for Appointment of Independent Expert to Conduct Independent Evaluation and Determine Whether Dr. Montalbanos Methodology Comports with Accepted Psychological Practice, and for Oral Argument* by Zackary Ellis Sanders. (Attachments: # 1 Proposed Order)(Jeffress, Jonathan) (Entered: 09/02/2021) |
| 09/02/2021 | 452 | Memorandum in Support by Zackary Ellis Sanders re 451 MOTION for Leave to File *Response, Request for Appointment of Independent Expert to Conduct Independent Evaluation and Determine Whether Dr. Montalbanos Methodology Comports with Accepted Psychological Practice, and for Oral Argument* (Jeffress, Jonathan) |

| | | |
|---|---|---|
| | | (Entered: 09/02/2021) |
| 09/03/2021 | 453 | MOTION to Seal *Government's Response to Defendant's Memorandum Regarding Admissibility of Evidence* by USA as to Zackary Ellis Sanders. (Attachments: # 1 Proposed Order)(Schlessinger, Seth) (Entered: 09/03/2021) |
| 09/03/2021 | 454 | ORDER granting 451 Motion for Leave to File as to Zackary Ellis Sanders (1). Signed by District Judge T. S. Ellis, III on 09/03/2021. (dvanm, ) (Entered: 09/03/2021) |
| 09/03/2021 | 455 | Under Seal Memorandum in Support re 451 MOTION for Leave to File *Response, Request for Appointment of Independent Expert to Conduct Independent Evaluation and Determine Whether Dr. Montalbanos Methodology Comports with Accepted Psychological Practice, and for Oral Argument* filed by Zackary Ellis Sanders (dest, ) (Entered: 09/03/2021) |
| 09/03/2021 | 456 | ORDER granting 453 Motion to Seal as to Zackary Ellis Sanders (1). Signed by District Judge T. S. Ellis, III on 09/03/2021. (dvanm, ) (Entered: 09/03/2021) |
| 09/07/2021 | 459 | Sealed Response to 455 Sealed Document, filed by Zackary Ellis Sanders (Attachments: # 1 Exhibit)(dvanm, ) (Entered: 09/09/2021) |
| 09/08/2021 | 457 | **ORDERED** that defendant's Motion to Suppress Statements Taken in Violation of *Miranda v. Arizona* 429 is **DENIED AS UNTIMELY**. It is further **ORDERED** that the hearing set for **Friday, September 10 at 9:00 a.m.** is **CANCELLED**. Signed by District Judge T. S. Ellis, III on 09/08/2021. (tran) (Entered: 09/08/2021) |
| 09/08/2021 | | Terminate Hearing as to Zackary Ellis Sanders: Motion Hearing set for Friday, September 10, 2021 at 9:00 a.m. (tran) (Entered: 09/08/2021) |
| 09/09/2021 | 458 | MOTION to Seal Response by USA as to Zackary Ellis Sanders. (Attachments: # 1 Proposed Order)(dvanm, ) (Entered: 09/09/2021) |
| 09/16/2021 | 460 | MOTION to Seal *Government's Response in Opposition to 451 Defendant's Motion* by USA as to Zackary Ellis Sanders. (Attachments: # 1 Proposed Order)(Clayman, William) (Entered: 09/16/2021) |
| 09/16/2021 | 465 | Sealed Response re 449 MOTION to Seal *Memorandum in Support of his Motion for Leave to File Response, Request for Appointment of Independent Expert to Conduct Independent Evaluation and Determine Whether Dr. Montalbanos Methodology Comports with Accepted Psychological Pr* filed by Zackary Ellis Sanders (Attachments: # 1 Exhibit 1)(dvanm, ) (Entered: 09/17/2021)* |
| 09/16/2021 | 466 | Subpoena issued for trial on 10/19/2021 at 10:00. 20 sets (40 blanks) (dvanm, ) (Entered: 09/20/2021) |
| 09/17/2021 | 461 | MOTION to Seal *Portions of Memorandum and Exhibit 2* by Zackary Ellis Sanders. (Attachments: # 1 Proposed Order)(Jeffress, Jonathan) (Entered: 09/17/2021) |
| 09/17/2021 | 462 | Memorandum in Support by Zackary Ellis Sanders re 461 MOTION to Seal *Portions of Memorandum and Exhibit 2* (Jeffress, Jonathan) (Entered: 09/17/2021) |
| 09/17/2021 | 463 | MOTION to Suppress *(Renewed) Based on Lack of Probable Cause and False and Misleading Statements and for a Franks Hearing* by Zackary Ellis Sanders. (Attachments: # 1 Proposed Order)(Jeffress, Jonathan) (Entered: 09/17/2021) |
| 09/17/2021 | 464 | Memorandum in Support by Zackary Ellis Sanders re 463 MOTION to Suppress *(Renewed) Based on Lack of Probable Cause and False and Misleading Statements* |

| | | |
|---|---|---|
| | | *and for a Franks Hearing* (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Jeffress, Jonathan) (Entered: 09/17/2021) |
| 09/17/2021 | 467 | Sealed Document 464 Memorandum in Support of Motion, filed by Zackary Ellis Sanders (Attachments: # 1 Exhibit)(dvanm, ) (Entered: 09/20/2021) |
| 09/21/2021 | 468 | Sealed Order as to Zackary Ellis Sanders. Signed by District Judge T. S. Ellis, III on 09/21/2021. (tran, c/m on 09/21/21) (Entered: 09/21/2021) |
| 09/24/2021 | 469 | MOTION to Seal *Portions of Defendant's Memorandum and Entirety of Exhibits Three to Six* by Zackary Ellis Sanders. (Attachments: # 1 Proposed Order)(Jeffress, Jonathan) (Entered: 09/24/2021) |
| 09/24/2021 | 470 | Memorandum in Support by Zackary Ellis Sanders re 469 MOTION to Seal *Portions of Defendant's Memorandum and Entirety of Exhibits Three to Six* (Jeffress, Jonathan) (Entered: 09/24/2021) |
| 09/24/2021 | 471 | MOTION to Suppress *(Renewed) Based on Warrantless Use of a Network Investigative Technique and False Material Information in Affidavit Paragraph 25* by Zackary Ellis Sanders. (Attachments: # 1 Proposed Order)(Jeffress, Jonathan) (Entered: 09/24/2021) |
| 09/24/2021 | 472 | Memorandum by Zackary Ellis Sanders , Memorandum in Support by Zackary Ellis Sanders re 471 MOTION to Suppress *(Renewed) Based on Warrantless Use of a Network Investigative Technique and False Material Information in Affidavit Paragraph 25* (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9)(Jeffress, Jonathan) (Entered: 09/24/2021) |
| 09/24/2021 | 473 | ORDER granting 449 Motion to Seal as to Zackary Ellis Sanders (1). Signed by District Judge T. S. Ellis, III on 09/24/2021. (dvanm, ) (Entered: 09/27/2021) |
| 09/24/2021 | 474 | ORDER granting 460 Motion to Seal as to Zackary Ellis Sanders (1). Signed by District Judge T. S. Ellis, III on 09/24/2021. (dvanm, ) (Entered: 09/27/2021) |
| 09/24/2021 | 475 | ORDER granting 461 Motion to Seal as to Zackary Ellis Sanders (1). Signed by District Judge T. S. Ellis, III on 09/24/2021. (dvanm, ) (Entered: 09/27/2021) |
| 09/27/2021 | 476 | Sealed Document re 471 MOTION to Suppress *(Renewed) Based on Warrantless Use of a Network Investigative Technique and False Material Information in Affidavit Paragraph 25* filed by Zackary Ellis Sanders (Attachments: # 1 Exhibit 3-6)(dvanm, ) (Entered: 09/27/2021) |
| 10/04/2021 | 477 | NOTICE *of Intent Under Rule 16(b)(1)(C) to Introduce Expert Testimony from Philip DePue* by Zackary Ellis Sanders (Attachments: # 1 Exhibit 1)(Jeffress, Jonathan) (Entered: 10/04/2021) |
| 10/04/2021 | 478 | MOTION to Seal *Expert Notice Regarding Dr. Fred S. Berlin* by Zackary Ellis Sanders. (Attachments: # 1 Proposed Order)(Jeffress, Jonathan) (Entered: 10/04/2021) |
| 10/04/2021 | 479 | Memorandum in Support by Zackary Ellis Sanders re 478 MOTION to Seal *Expert Notice Regarding Dr. Fred S. Berlin* (Jeffress, Jonathan) (Entered: 10/04/2021) |
| 10/04/2021 | 480 | NOTICE *of Intent Under Rule 16(b)(1)(C) to Introduce Expert Testimony from Dr. Fred S. Berlin* by Zackary Ellis Sanders (Attachments: # 1 Exhibit 1)(Jeffress, Jonathan) (Entered: 10/04/2021) |

| 10/05/2021 | 481 | Sealed Document re 478 MOTION to Seal *Expert Notice Regarding Dr. Fred S. Berlin* filed by Zackary Ellis Sanders (dvanm, ) (Entered: 10/05/2021) |
|---|---|---|
| 10/05/2021 | 482 | NOTICE *Government's Rule 16(a)(1)(G) Notice* by Zackary Ellis Sanders (Clayman, William) (Entered: 10/05/2021) |
| 10/05/2021 | 483 | NOTICE *of Intent Under Rule 16(b)(1)(C) to Introduce Expert Testimony from Dr. Tyler Whitney* by Zackary Ellis Sanders (Jeffress, Jonathan) (Entered: 10/05/2021) |
| 10/06/2021 | 484 | MOTION for Electronic Device Application by USA as to Zackary Ellis Sanders. (Clayman, William) (Entered: 10/06/2021) |
| 10/06/2021 | 485 | NOTICE *of Filing to Supplement the Record* by Zackary Ellis Sanders re 463 MOTION to Suppress *(Renewed) Based on Lack of Probable Cause and False and Misleading Statements and for a Franks Hearing*, 422 MOTION to Compel *Exculpatory Material Or, In The Alternative, To Submit Exculpatory Material For In Camera Review (Renewed)*, 471 MOTION to Suppress *(Renewed) Based on Warrantless Use of a Network Investigative Technique and False Material Information in Affidavit Paragraph 25* (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Jeffress, Jonathan) (Entered: 10/06/2021) |
| 10/06/2021 | 486 | MOTION for Electronic Device Application by Zackary Ellis Sanders. (Jeffress, Jonathan) (Entered: 10/06/2021) |
| 10/06/2021 | 487 | ORDER granting 486 Motion for Electronic Device Application as to Zackary Ellis Sanders (1). Signed by District Judge T. S. Ellis, III on 10/6/2021. (dvanm, ) (Entered: 10/07/2021) |
| 10/06/2021 | 488 | ORDER granting 484 Motion for Electronic Device Application as to Zackary Ellis Sanders (1). Signed by District Judge T. S. Ellis, III on 10/6/2021. (dvanm, ) (Entered: 10/07/2021) |
| 10/08/2021 | 489 | ORDERED that the parties must appear for a final pretrial conference on Friday, October 15, 2021 at 11:30 a.m. It is further ORDERED that any amended proposed voir dire and jury instructions should be submitted no later than 12:00pm on Thursday, October 14, 2021. Signed by District Judge T. S. Ellis, III on 10/8/2021. (dvanm, ) (Entered: 10/08/2021) |
| 10/08/2021 | | Set Hearings as to Zackary Ellis Sanders: Final Pretrial Conference set for 10/15/2021 at 11:30 AM in Alexandria Courtroom 900 before District Judge T. S. Ellis III. (dvanm, ) (Entered: 10/08/2021) |
| 10/08/2021 | 490 | RESPONSE in Opposition by USA as to Zackary Ellis Sanders re 471 MOTION to Suppress *(Renewed) Based on Warrantless Use of a Network Investigative Technique and False Material Information in Affidavit Paragraph 25* (Clayman, William) (Entered: 10/08/2021) |
| 10/12/2021 | 491 | Reply by Zackary Ellis Sanders re 490 Response in Opposition, *to his Renewed Motion to Suppress Based on Warrantless Use of a Network Investigative Technique and False Material Information in Affidavit Paragraph 25* (Jeffress, Jonathan) (Entered: 10/12/2021) |
| 10/12/2021 | 492 | SEALED MEMORANDUM OPINION (tran, c/m on 10/12/21) (Entered: 10/12/2021) |
| 10/12/2021 | 493 | SEALED ORDER as to Zackary Ellis Sanders. Signed by District Judge T. S. Ellis, III on 10/12/2021. (tran, c/m on 10/12/21) (Entered: 10/12/2021) |

| 10/12/2021 | 494 | *Revised* WITNESS LIST by USA as to Zackary Ellis Sanders (Clayman, William) (Entered: 10/12/2021) |
| 10/12/2021 | 495 | *Revised* EXHIBIT LIST by USA as to Zackary Ellis Sanders (Clayman, William) (Entered: 10/12/2021) |
| 10/12/2021 | 497 | Trial Exhibits Received (dvanm, ) (Entered: 10/13/2021) |
| 10/13/2021 | 496 | MOTION to Seal *Motion to Exclude Proposed Expert Testimony* by USA as to Zackary Ellis Sanders. (Attachments: # 1 Proposed Order)(Schlessinger, Seth) (Entered: 10/13/2021) |
| 10/13/2021 | 498 | Sealed Motion In Limine to Exclude Testimonyby USA as to Zackary Ellis Sanders. (dvanm, ) (Entered: 10/13/2021) |
| 10/13/2021 | 501 | ORDER denying 471 Motion to Suppress as to Zackary Ellis Sanders (1). Signed by District Judge T. S. Ellis, III on 10/13/2021. (dvanm, ) (Entered: 10/14/2021) |
| 10/14/2021 | | Reset Hearings as to Zackary Ellis Sanders: **Pretrial Conference reset for 10/15/2021 at 11:00 AM** in Alexandria Courtroom 900 before District Judge T. S. Ellis III. (tran) (Entered: 10/14/2021) |
| 10/14/2021 | 499 | Proposed Voir Dire by Zackary Ellis Sanders (Jeffress, Jonathan) (Entered: 10/14/2021) |
| 10/14/2021 | 500 | Proposed Jury Instructions by Zackary Ellis Sanders (Jeffress, Jonathan) (Entered: 10/14/2021) |
| 10/14/2021 | 502 | Proposed Voir Dire by Zackary Ellis Sanders (Ginsberg, Nina) (Entered: 10/14/2021) |
| 10/14/2021 | 503 | MOTION to Seal *Portions of Defendant's Opposition* by Zackary Ellis Sanders. (Attachments: # 1 Proposed Order)(Jeffress, Jonathan) (Entered: 10/14/2021) |
| 10/14/2021 | 504 | Memorandum in Support by Zackary Ellis Sanders re 503 MOTION to Seal *Portions of Defendant's Opposition* (Jeffress, Jonathan) (Entered: 10/14/2021) |
| 10/14/2021 | 505 | Opposition by Zackary Ellis Sanders re 498 Sealed Motion (Jeffress, Jonathan) (Entered: 10/14/2021) |
| 10/14/2021 | 506 | ORDER granting 469 Motion to Seal as to Zackary Ellis Sanders (see order for details). Signed by District Judge T. S. Ellis, III on 10/14/2021. (jlan) (Entered: 10/14/2021) |
| 10/14/2021 | 507 | ORDER granting 478 Motion to Seal as to Zackary Ellis Sanders (see order for details). Signed by District Judge T. S. Ellis, III on 10/14/2021. (jlan) (Entered: 10/14/2021) |
| 10/14/2021 | 508 | ORDER granting 496 Motion to Seal as to Zackary Ellis Sanders (see order for details). Signed by District Judge T. S. Ellis, III on 10/14/2021. (jlan) (Entered: 10/14/2021) |
| 10/14/2021 | 509 | NOTICE *of Filing of Corrected Revised Jury Instruction No. 23* by Zackary Ellis Sanders re 500 Proposed Jury Instructions (Jeffress, Jonathan) (Entered: 10/14/2021) |
| 10/14/2021 | 515 | Subpoenas issued 15 sets (30 blank) (dvanm, ) (Entered: 10/19/2021) |
| 10/15/2021 | 510 | Minute Entry for proceedings held before District Judge T. S. Ellis, III: Pretrial Conference as to Zackary Ellis Sanders held on 10/15/2021. |

JA45

| | | |
|---|---|---|
| | | USA appeared through William Clayman, Jay Prabhu and Seth Schlessinger. Defendant appeared with counsels, Jonathan Jeffress, Jade Chong-Smith, Nina Ginsberg and Henry Sirkin. Trial procedures discussed. Court advised the parties 14 jurors will be selected with the alternates identified. Jury Selection will begin at 9:00 a.m. on Tuesday, October 19, 2021. Government will have 7 strikes and defendant will have 11 strikes. Court heard argument on 498 Sealed Motion in Limine to Exclude Testimony by USA. Order to follow. Defendant remanded. Court Reporter: R. Stonestreet (tran) (Main Document 510 replaced on 10/15/2021) (tran, ). (Entered: 10/15/2021) |
| 10/15/2021 | 511 | Sealed Opposition 498 Sealed Motion In Limine to Exclude Testimony filed by USA (dvanm, ) (Entered: 10/15/2021) |
| 10/15/2021 | 512 | Sealed Order as to Zackary Ellis Sanders. Signed by District Judge T. S. Ellis, III on 10/15/2021. (tran, c/m on 10/15/21) (Entered: 10/15/2021) |
| 10/18/2021 | | Reset Hearings as to Zackary Ellis Sanders: **Jury Trial set for 10/19/2021 at 09:00 AM** in Alexandria Courtroom 900 before District Judge T. S. Ellis III. (tran) (Entered: 10/18/2021) |
| 10/18/2021 | 513 | *Second Revised* WITNESS LIST by Zackary Ellis Sanders (Jeffress, Jonathan) (Entered: 10/18/2021) |
| 10/18/2021 | 516 | ORDER granting 421 Motion for Pro hac vice Appointed Henry Louis Sirkin for Zackary Ellis Sanders. Signed by District Judge T. S. Ellis, III on 10/18/2021. (kgall) (Entered: 10/19/2021) |
| 10/19/2021 | 514 | ORDER: The court has determined an emergency hardship situation is present where accommodations are needed to be taken by the court to protect the health and safety of jurors and minimize exposure to the virus in order for them to be able to serve. Accordingly, jurors are to remain within the courthouse once they report each day and the Clerk is to procure juror meals as necessary. Signed by District Judge T. S. Ellis, III on 10/19/2021. (tran) (Entered: 10/19/2021) |
| 10/19/2021 | 517 | Minute Entry for proceedings held before District Judge T. S. Ellis, III: Jury Trial (Day 1) as to Zackary Ellis Sanders held on 10/19/2021. USA appeared through Sech Schlessinger, Jay Prabhu, William Clayman, Christopher Ford (Special Agent), and Loraine McNeill (Paralegal). Defendant appeared with counsels, Nina Ginsberg, Jade Chong Smith, Jonathan Jeffress and Henry Sirkin and Leanna Feinleib (Paralegal). Preliminary matters discussed. The jurors appeared as summoned and were examined on voir dire. 14 jurors were selected and sworn to try the issues. Jury List provided to jury clerk. Opening statements made by both parties. Juror excused at 04:24 p.m. **Jury Trial set for 10/20/2021 at 09:30 AM** in Alexandria Courtroom 900 before District Judge T. S. Ellis III. Defendant remanded. Court Reporter: R. Stonestreet (tran) (Main Document 517 replaced on 10/19/2021) (tran, ). Modified on 10/22/2021 (tran). (Entered: 10/19/2021) |
| 10/20/2021 | 518 | Minute Entry for proceedings held before District Judge T. S. Ellis, III: Jury Trial (Day 2) as to Zackary Ellis Sanders held on 10/20/2021. |

| | | |
|---|---|---|
| | | USA appeared through Sech Schlessinger, Jay Prabhu, William Clayman, Christopher Ford (Special Agent), and Loraine McNeill (Paralegal). Defendant appeared with counsels, Nina Ginsberg, Jade Chong Smith, Jonathan Jeffress and Henry Sirkin and Leanna Feinleib (Paralegal). Preliminary matters discussed. Rule on witnesses. Gov't adduced evidence. Jurors excused at 04:24 p.m. **Jury Trial set for 10/21/2021 at 09:30 AM** in Alexandria Courtroom 900 before District Judge T. S. Ellis III. Defendant remanded. Court Reporter: R. Stonestreet (tran) Modified on 10/22/2021 (tran). (Entered: 10/20/2021) |
| 10/20/2021 | 519 | MOTION to Seal *Memorandum in Support of Motion to Reconsider the Exclusion of the Testimony of Dr. Tyler Whitney* by Zackary Ellis Sanders. (Attachments: # 1 Proposed Order)(Jeffress, Jonathan) (Entered: 10/20/2021) |
| 10/20/2021 | 520 | Memorandum in Support by Zackary Ellis Sanders re 519 MOTION to Seal *Memorandum in Support of Motion to Reconsider the Exclusion of the Testimony of Dr. Tyler Whitney* (Jeffress, Jonathan) (Entered: 10/20/2021) |
| 10/20/2021 | 521 | MOTION for Reconsideration re 493 Sealed Order *regarding the Exclusion of the Testimony of Dr. Tyler Whitney* by Zackary Ellis Sanders. (Jeffress, Jonathan) (Entered: 10/20/2021) |
| 10/21/2021 | 522 | **ORDERED** that the government's objection is **SUSTAINED IN PART** and **OVERRULED IN PART**. The government's objection is sustained with respect to evidence of other sexual images or chats involving the alleged minor victim, that are not the subject of the indictment. The government's objection is overruled with respect to any evidence that the defendant may have that shows that the images of the minor victim that are the subject of the indictment existed prior to defendant's chats with the alleged minor victim. Signed by District Judge T. S. Ellis, III on 10/21/2021. (tran) (Entered: 10/21/2021) |
| 10/21/2021 | 523 | Minute Entry for proceedings held before District Judge T. S. Ellis, III: Jury Trial (Day 3) as to Zackary Ellis Sanders held on 10/21/2021. USA appeared through Sech Schlessinger, Jay Prabhu, William Clayman, Christopher Ford (Special Agent), and Loraine McNeill (Paralegal). Defendant appeared with counsels, Nina Ginsberg, Jade Chong Smith, Jonathan Jeffress and Henry Sirkin and Leanna Feinleib (Paralegal), Diana Castillo (Paralegal), and Katie Ehrenfeld (Paralegal). Jury Roll Call. Gov't continued to adduce evidence. Jurors excused at 04:45 p.m. **Jury Trial set for 10/22/2021 at 09:30 AM** in Alexandria Courtroom 900 before District Judge T. S. Ellis III. Defendant remanded. Court Reporter: R. Stonestreet (tran) (Entered: 10/21/2021) |
| 10/21/2021 | 524 | Sealed Memorandum in Support of Motion to Reconsider the Exclusion of the Testimony of Dr. Tyler Whitney 519 MOTION to Seal *Memorandum in Support of Motion to Reconsider the Exclusion of the Testimony of Dr. Tyler Whitney* filed by Zackary Ellis Sanders (Attachments: # 1 Exhibit)(dvanm, ) (Entered: 10/22/2021) |
| 10/22/2021 | 525 | Sealed Order as to Zackary Ellis Sanders. Signed by District Judge T. S. Ellis, III on 10/22/2021. (tran, c/m on 10/22/21) (Entered: 10/22/2021) |

| 10/22/2021 | 526 | NOTICE *of Filing* by Zackary Ellis Sanders (Jeffress, Jonathan) (Entered: 10/22/2021) |
|---|---|---|
| 10/22/2021 | 527 | ORDER granting Motion for Electronic Device Application as to Zackary Ellis Sanders. (tran) (Entered: 10/22/2021) |
| 10/22/2021 | 528 | Minute Entry for proceedings held before District Judge T. S. Ellis, III: Jury Trial (Day 4) as to Zackary Ellis Sanders held on 10/22/2021.<br>USA appeared through Sech Schlessinger, Jay Prabhu, William Clayman, Christopher Ford (Special Agent), and Loraine McNeill (Paralegal).<br>Defendant appeared with counsels, Nina Ginsberg, Jade Chong Smith, Jonathan Jeffress and Henry Sirkin and Leanna Feinleib (Paralegal), Diana Castillo (Paralegal), and Katie Ehrenfeld (Paralegal).<br>Jury Roll Call. Govt continued to adduce evidence. Jurors excused at 05:30 p.m. **Jury Trial set for 10/25/2021 at 09:30 AM** in Alexandria Courtroom 900 before District Judge T. S. Ellis III.<br>Defendant remanded.<br>Court Reporter: R. Stonestreet<br>(tran) (Entered: 10/22/2021) |
| 10/25/2021 | 529 | NOTICE *of Objection and Request for Curative Instruction* by Zackary Ellis Sanders (Jeffress, Jonathan) (Entered: 10/25/2021) |
| 10/25/2021 | 530 | **ORDERED** that defendant's objection to the Court's jury instructions given in the course of the trial that "consent is not a defense to the production of child pornography" is **OVERRULED** because that instruction is correct. It is further **ORDERED** that defendant's objection to the exclusion of evidence suggesting that defendant's minor victims consented to engage in sexually explicit acts is also **OVERRULED**. That consent is irrelevant. Defendant will have an opportunity to re-argue this issue at the final jury instructions conference, but the ultimate instruction is unlikely to differ from the conclusion contained here. Signed by District Judge T. S. Ellis, III on 10/25/2021. (tran) (Entered: 10/25/2021) |
| 10/25/2021 | 531 | Proposed Jury Instructions by USA as to Zackary Ellis Sanders (Schlessinger, Seth) (Entered: 10/25/2021) |
| 10/25/2021 | 532 | Minute Entry for proceedings held before District Judge T. S. Ellis, III: Jury Trial (Day 5) as to Zackary Ellis Sanders held on 10/25/2021.<br>USA appeared through Seth Schlessinger, Jay Prabhu, William Clayman, Christopher Ford (Special Agent), and Loraine McNeill (Paralegal).<br>Defendant appeared with counsels, Nina Ginsberg, Jade Chong Smith, Jonathan Jeffress and Henry Sirkin and Diana Castillo (Paralegal), and Katie Ehrenfeld (Paralegal).<br>Jury Roll Call. Gov't continued to adduce evidence and Rests. Court heard oral arguments on Defendant's Rule 29 Judgment of Acquittal on All Counts - DENIED. Defendant adduced evidence. Jurors excused at 04:50 p.m. **Jury Trial set for 10/26/2021 at 09:30 AM** in Alexandria Courtroom 900 before District Judge T. S. Ellis III.<br>Defendant remanded.<br>Court Reporter: R. Stonestreet<br>(tran) Modified on 10/26/2021 (tran). (Entered: 10/25/2021) |
| 10/25/2021 | 533 | Sealed Order as to Zackary Ellis Sanders. Signed by District Judge T. S. Ellis, III on 10/25/2021. (tran, c/m on 10/25/21) (Entered: 10/25/2021) |

| 10/25/2021 | 534 | NOTICE *of Filing of Objection to Jury Instruction Regarding His Purpose* by Zackary Ellis Sanders (Jeffress, Jonathan) (Entered: 10/25/2021) |
|---|---|---|
| 10/26/2021 | 535 | NOTICE *of Filing of Proposed Verdict Form* by Zackary Ellis Sanders (Jeffress, Jonathan) (Entered: 10/26/2021) |
| 10/26/2021 | 536 | NOTICE *of Filing of Defendant's Revised Proposed Verdict Form* by Zackary Ellis Sanders (Jeffress, Jonathan) (Entered: 10/26/2021) |
| 10/26/2021 | 537 | Minute Entry for proceedings held before District Judge T. S. Ellis, III: Jury Trial (Day 6) as to Zackary Ellis Sanders held on 10/26/2021.<br>USA appeared through Sech Schlessinger, Jay Prabhu, William Clayman, Christopher Ford (Special Agent), and Loraine McNeill (Paralegal).<br>Defendant appeared with counsels, Nina Ginsberg, Jade Chong Smith, Jonathan Jeffress and Henry Sirkin and Diana Castillo (Paralegal), and Katie Ehrenfeld (Paralegal).<br>Jury Roll Call. Defendant continued to adduce evidence and Rests. Defendant's Renewed Moton for Rule 29 - DENIED. Jury Instructions Conference held. Closing arguments made by both parties. Jurors excused at 06:28 p.m. **Jury Trial set for 10/27/2021 at 09:30 AM** in Alexandria Courtroom 900 before District Judge T. S. Ellis III.<br>Defendant remanded.<br>Court Reporter: R. Stonestreet<br>(tran) (Entered: 10/26/2021) |
| 10/27/2021 | 538 | **ORDERED** that defendant's request to send an iPhone charger to the jury for use in their deliberations is **DENIED**. Signed by District Judge T. S. Ellis, III on 10/27/2021. (tran) (Entered: 10/27/2021) |
| 10/27/2021 | 539 | Minute Entry for proceedings held before District Judge T. S. Ellis, III: Jury Trial (Day 7) as to Zackary Ellis Sanders held on 10/27/2021.<br>USA appeared through Sech Schlessinger, Jay Prabhu, William Clayman, Christopher Ford (Special Agent), and Loraine McNeill (Paralegal).<br>Defendant appeared with counsels, Nina Ginsberg, Jonathan Jeffress and Henry Sirkin. Jury Roll Call. Jury charged and alternates released. Jurors retired to deliberate at 11:05 a.m. Jury verdict filed in open court and jurors individually polled Defendant found guilty on all Counts 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11 and 12. Defendant's request to have the defendant retained at Alexandria Detention Center for ongoing medical issues -GRANTED. **Sentencing set for 3/4/2022 at 09:00 AM** in Alexandria Courtroom 900 before District Judge T. S. Ellis III.<br>Defendant remanded.<br>(Attachments: # 1 Govt Witness List, # 2 Govt Exhibit List, # 3 Deft Witness List, # 4 Deft Exhibit List, # 5 Trial Exhibit Certificate of Review)<br>Court Reporter: R. Stonestreet<br>(tran) (Entered: 10/27/2021) |
| 10/27/2021 | 540 | REDACTED Jury Note as to Zackary Ellis Sanders (tran) (Additional attachment(s) added on 10/27/2021: # 1 Unredacted Jury Note) (tran, ). (Entered: 10/27/2021) |
| 10/27/2021 | 541 | REDACTED JURY VERDICT as to Zackary Ellis Sanders (1) Guilty on Counts 1-5,6-11,12. (tran) (Additional attachment(s) added on 10/27/2021: # 1 Unredacted Jury Verdict) (tran, ). (Entered: 10/27/2021) |
| 10/27/2021 | 542 | TRIAL EXHIBIT CUSTODY FORM (tran) (Entered: 10/27/2021) |

| | | |
|---|---|---|
| 11/04/2021 | 543 | MOTION to Continue *Time for Filing of Motions for a New Trial and/or a Judgment of Acquittal* by Zackary Ellis Sanders. (Jeffress, Jonathan) (Entered: 11/04/2021) |
| 11/04/2021 | 544 | **ORDERED** that defendant's motion for an extension of time to file post-trial motions 543 is **GRANTED IN PART and DENIED IN PART**. Defendant will be given until **Monday, December 27, 2021 at 5:00 p.m.** to file post-trial motions under Rule 29 and 33. Signed by District Judge T. S. Ellis, III on 11/04/2021. (tran) (Entered: 11/04/2021) |
| 11/19/2021 | 545 | ORDER: Accordingly, defendant, defendant's family members, and defense counsel are directed to refrain from contacting the court reporter and to avoid attempts to avoid attempts to influence the content of the final transcripts. Defendant, defendant's family members, and defense counsel should limit contact with the court reporter to requests relating to when transcripts of proceedings in this case will be available to the public and to cease further requests for audio recordings of the proceedings. Signed by District Judge T. S. Ellis, III on 11/19/2021. (See Order for further details). (tran) (Entered: 11/19/2021) |
| 12/05/2021 | 546 | TRANSCRIPT of Proceedings held on October 20, 2021, before Judge T.S. Ellis, III. Court reporter/transcriber Rebecca Stonestreet, Telephone number 240-426-7767. **NOTICE RE REDACTION OF TRANSCRIPTS:The parties have thirty(30) calendar days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at www.vaed.uscourts.gov Transcript may be viewed at the court public terminal or purchased through the court reporter/transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER Redaction Request due 1/4/2022. Redacted Transcript Deadline set for 2/4/2022. Release of Transcript Restriction set for 3/7/2022.**(stonestreet, rachel) (Entered: 12/05/2021) |
| 12/05/2021 | 547 | TRANSCRIPT of Proceedings held on October 21, 2021, before Judge T.S. Ellis, III. Court reporter/transcriber Rebecca Stonestreet, Telephone number 240-426-7767. **NOTICE RE REDACTION OF TRANSCRIPTS:The parties have thirty(30) calendar days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at www.vaed.uscourts.gov Transcript may be viewed at the court public terminal or purchased through the court reporter/transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER Redaction Request due 1/4/2022. Redacted Transcript Deadline set for 2/4/2022. Release of Transcript Restriction set for 3/7/2022.**(stonestreet, rachel) (Entered: 12/05/2021) |
| 12/05/2021 | 548 | TRANSCRIPT of Proceedings held on October 22, 2021, before Judge T.S. Ellis, III. Court reporter/transcriber Rebecca Stonestreet, Telephone number 240-426-7767. **NOTICE RE REDACTION OF TRANSCRIPTS:The parties have thirty(30) calendar days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at www.vaed.uscourts.gov Transcript may be viewed at the court public terminal or purchased through the court reporter/transcriber before the deadline for Release of Transcript Restriction.** |

| | | After that date it may be obtained through PACER Redaction Request due 1/4/2022. Redacted Transcript Deadline set for 2/4/2022. Release of Transcript Restriction set for 3/7/2022.(stonestreet, rachel) (Entered: 12/05/2021) |
|---|---|---|
| 12/05/2021 | 549 | TRANSCRIPT of Proceedings held on October 25, 2021, before Judge T.S. Ellis, III. Court reporter/transcriber Rebecca Stonestreet, Telephone number 240-426-7767. **NOTICE RE REDACTION OF TRANSCRIPTS:The parties have thirty(30) calendar days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at www.vaed.uscourts.gov Transcript may be viewed at the court public terminal or purchased through the court reporter/transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER Redaction Request due 1/4/2022. Redacted Transcript Deadline set for 2/4/2022. Release of Transcript Restriction set for 3/7/2022.(stonestreet, rachel) (Entered: 12/05/2021)** |
| 12/05/2021 | 550 | TRANSCRIPT of Proceedings held on October 26, 2021, before Judge T.S. Ellis, III. Court reporter/transcriber Rebecca Stonestreet, Telephone number 240-426-7767. **NOTICE RE REDACTION OF TRANSCRIPTS:The parties have thirty(30) calendar days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at www.vaed.uscourts.gov Transcript may be viewed at the court public terminal or purchased through the court reporter/transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER Redaction Request due 1/4/2022. Redacted Transcript Deadline set for 2/4/2022. Release of Transcript Restriction set for 3/7/2022.(stonestreet, rachel) (Entered: 12/05/2021)** |
| 12/05/2021 | 551 | TRANSCRIPT of Proceedings held on October 27, 2021, before Judge T.S. Ellis, III. Court reporter/transcriber Rebecca Stonestreet, Telephone number 240-426-7767. **NOTICE RE REDACTION OF TRANSCRIPTS:The parties have thirty(30) calendar days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at www.vaed.uscourts.gov Transcript may be viewed at the court public terminal or purchased through the court reporter/transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER Redaction Request due 1/4/2022. Redacted Transcript Deadline set for 2/4/2022. Release of Transcript Restriction set for 3/7/2022.(stonestreet, rachel) (Entered: 12/05/2021)** |
| 12/09/2021 | 552 | TRANSCRIPT of Proceedings held on October 19, 2021, before Judge T.S. Ellis, III. Court reporter/transcriber Rebecca Stonestreet, Telephone number 240-426-7767. **NOTICE RE REDACTION OF TRANSCRIPTS:The parties have thirty(30) calendar days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at www.vaed.uscourts.gov Transcript may be viewed at the court public terminal or purchased through the court reporter/transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER Redaction Request due** |

| | | |
|---|---|---|
| | | **1/10/2022. Redacted Transcript Deadline set for 2/8/2022. Release of Transcript Restriction set for 3/9/2022.(stonestreet, rachel) (Entered: 12/09/2021)** |
| 12/09/2021 | 553 | TRANSCRIPT of Proceedings held on 07/10/2020, before Judge T. S. Ellis, III. Court reporter/transcriber Patricia A. Kaneshiro-Miller. **NOTICE RE REDACTION OF TRANSCRIPTS:The parties have thirty(30) calendar days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at www.vaed.uscourts.gov Transcript may be viewed at the court public terminal or purchased through the court reporter/transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER Redaction Request due 1/10/2022. Redacted Transcript Deadline set for 2/8/2022. Release of Transcript Restriction set for 3/9/2022. (jlan) (Entered: 12/10/2021)** |
| 12/09/2021 | 554 | TRANSCRIPT of Proceedings held on 11/06/2020, before Judge T. S. Ellis, III. Court reporter/transcriber Patricia A. Kaneshiro-Miller. **NOTICE RE REDACTION OF TRANSCRIPTS:The parties have thirty(30) calendar days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at www.vaed.uscourts.gov Transcript may be viewed at the court public terminal or purchased through the court reporter/transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER Redaction Request due 1/10/2022. Redacted Transcript Deadline set for 2/8/2022. Release of Transcript Restriction set for 3/9/2022. (jlan) (Entered: 12/10/2021)** |
| 12/21/2021 | 555 | TRANSCRIPT of Proceedings held on October 15, 2021, before Judge T.S. Ellis, III. Court reporter/transcriber Rebecca Stonestreet, Telephone number 240-426-7767. **NOTICE RE REDACTION OF TRANSCRIPTS:The parties have thirty(30) calendar days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at www.vaed.uscourts.gov Transcript may be viewed at the court public terminal or purchased through the court reporter/transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER Redaction Request due 1/20/2022. Redacted Transcript Deadline set for 2/21/2022. Release of Transcript Restriction set for 3/21/2022.(stonestreet, rachel) (Entered: 12/21/2021)** |
| 01/06/2022 | 556 | Redaction Transcript re 546 Transcript,,, in case as to Zackary Ellis Sanders(stonestreet, rachel) (Entered: 01/06/2022) |
| 01/06/2022 | 557 | Redaction Transcript re 547 Transcript,,, in case as to Zackary Ellis Sanders(stonestreet, rachel) (Entered: 01/06/2022) |
| 01/06/2022 | 558 | Redaction Transcript re 548 Transcript,,, in case as to Zackary Ellis Sanders(stonestreet, rachel) (Entered: 01/06/2022) |
| 01/06/2022 | 559 | Redaction Transcript re 549 Transcript,,, in case as to Zackary Ellis Sanders(stonestreet, rachel) (Entered: 01/06/2022) |
| 01/06/2022 | 560 | Redaction Transcript re 550 Transcript,,, in case as to Zackary Ellis Sanders(stonestreet, rachel) (Entered: 01/06/2022) |

| | | |
|---|---|---|
| 01/15/2022 | 561 | Emergency MOTION for Medical Treatment by Zackary Ellis Sanders. (Deubler, Zachary) (Entered: 01/15/2022) |
| 01/15/2022 | 562 | MOTION to Seal *Memorandum and Exhibits attached to Emergency Motion for Medical Treatment* by Zackary Ellis Sanders. (Attachments: # 1 Proposed Order) (Deubler, Zachary) (Entered: 01/15/2022) |
| 01/15/2022 | | Set Hearings as to Zackary Ellis Sanders: **Emergency Phone Hearing set for 1/15/2022 at 05:15 PM** in Alexandria Telephonically before District Judge T. S. Ellis III. (tran) (Entered: 01/15/2022) |
| 01/15/2022 | 563 | Minute Entry for proceedings held before District Judge T. S. Ellis, III: Phone Hearing on as to Zackary Ellis Sanders held on 1/15/2022 Re: 561 Emergency Motion for an Order Requiring Alexandria Adult Detention Center to Provide Medical Treatment filed by Zackary Ellis Sanders. <br> USA appeared through Jay Prabhu. Defendant appeared through counsels, Nina Ginsberg and Henry Sirkin. Sean McCaffrey from the USMS was present for this hearing. <br> Defendant was not present for this hearing. Defense to submit doctor's declaration under oath by Thursday, January 20, 2022. Parties to reconvene for a phone hearing on Tuesday, January 18, 2022. Order to follow. <br> Defendant remanded. <br> Court Reporter: R. Stonestreet <br> (tran) (Entered: 01/15/2022) |
| 01/15/2022 | 564 | Sealed Order as to Zackary Ellis Sanders. Signed by District Judge T. S. Ellis, III on 01/15/2022. (tran, c/m on 01/15/22) (Entered: 01/15/2022) |
| 01/15/2022 | | Set Hearings as to Zackary Ellis Sanders: **Status Conference set for 1/18/2022 at 04:00 PM** in Alexandria Telephonically before District Judge T. S. Ellis III. (tran) (Entered: 01/15/2022) |
| 01/18/2022 | | Status Conference set for Tuesday, January 18, 2022 at 4:00 p.m. as to Zackary Ellis Sanders: -TERMINATED, As per TSE Chambers. (tran) (Entered: 01/18/2022) |
| 01/18/2022 | 565 | Sealed Order as to Zackary Ellis Sanders. Signed by District Judge T. S. Ellis, III on 01/18/2022. (tran, c/m on 01/18/22) (Entered: 01/18/2022) |
| 01/20/2022 | 566 | NOTICE OF ATTORNEY APPEARANCE: Christopher Bryan Amolsch appearing for Zackary Ellis Sanders (Amolsch, Christopher) (Entered: 01/20/2022) |
| 01/20/2022 | 567 | MOTION to Continue *Sentencing* by Zackary Ellis Sanders. (Amolsch, Christopher) (Entered: 01/20/2022) |
| 01/20/2022 | 568 | Notice of Hearing Date re 567 MOTION to Continue *Sentencing* (Amolsch, Christopher) (Entered: 01/20/2022) |
| 01/20/2022 | | Set Deadlines re Motion or Report and Recommendation in case as to Zackary Ellis Sanders 567 MOTION to Continue *Sentencing*. Motion Hearing set for 1/28/2022 at 09:00 AM in Alexandria Courtroom 900 before District Judge T. S. Ellis III. (clar, ) (Entered: 01/21/2022) |
| 01/25/2022 | 570 | Sealed Motion by Zackary Ellis Sanders. (Attachments: # 1 Proposed Order)(dvanm) (Entered: 01/26/2022) |

| | | |
|---|---|---|
| 01/26/2022 | 569 | RESPONSE to Motion by USA as to Zackary Ellis Sanders re 567 MOTION to Continue *Sentencing* (Clayman, William) (Entered: 01/26/2022) |
| 01/28/2022 | 571 | Minute Entry for proceedings held before District Judge T. S. Ellis, III: Motion Hearing as to Zackary Ellis Sanders held on 1/28/2022 re 567 MOTION to Continue *Sentencing* filed by Zackary Ellis Sanders, 570 Sealed Motion filed by Zackary Ellis Sanders.<br>USA appeared through William Clayman and Seth Schlessinger. Defendant appeared with counsels, Nina Ginsberg and Christopher Amolsch.<br>Matter argued. 567 Motion to Continue Sentencing DENIED. Court will proceed with the existing schedule. 570 Motion -GRANTED IN PART. Order to follow.<br>Defendant remanded.<br>Court Reporter: R. Stonestreet<br>(tran) (Entered: 01/28/2022) |
| 01/28/2022 | 572 | **ORDERED** that defendant's motion to continue sentencing 567 is **DENIED**. It is further **ORDERED** that officials at the Alexandria Detention Center are **DIRECTED** to arranged for meetings between defendant and his doctors so that defendant may prepare for his sentencing. It is further **ORDERED** that defendant's motion to redact the trial transcript 570 is **GRANTED IN PART AND DENIED IN PART**. The motion to redact is granted insofar as defendant seeks to redact home addresses which appear in the trial transcript. It is further **ORDERED** that the trial transcripts in this case are to be placed under seal. Signed by District Judge T. S. Ellis, III on 01/28/2022. (tran) (Entered: 01/28/2022) |
| 01/31/2022 | 573 | PRESENTENCE INVESTIGATION REPORT (Disclosed Presentence Investigation Report) (SEALED - government and defense counsel) as to Zackary Ellis Sanders. Objections to PSI due 02/17/2022. (penn, carrie) (Entered: 01/31/2022) |
| 02/02/2022 | 574 | ORDERED that defense counsel are DIRECTED to provide Deputy Marshal McCaffrey with the names of the expert with whom defendant wants to meet to prepare for defendant's sentencing so that Deputy Marshal Mccaffrey may provide those names to officials at ADC. Signed by District Judge T. S. Ellis, III on 02/02/2022. (dvanm) (Entered: 02/02/2022) |
| 02/03/2022 | 575 | MOTION to Seal *Motion for Clarification* by USA as to Zackary Ellis Sanders. (Attachments: # 1 Proposed Order)(Schlessinger, Seth) (Entered: 02/03/2022) |
| 02/03/2022 | 576 | Sealed Motion by USA as to Zackary Ellis Sanders. (Attachments: # 1 Proposed Order)(dvanm, ) (Entered: 02/03/2022) |
| 02/03/2022 | 577 | ORDER granting 575 Motion to Seal as to Zackary Ellis Sanders (1). Signed by District Judge T. S. Ellis, III on 02/03/2022. (dvanm) (Entered: 02/03/2022) |
| 02/03/2022 | 578 | Sealed Order as to Zackary Ellis Sanders. Signed by District Judge T. S. Ellis, III on 02/03/2022. (dvanm) (Entered: 02/03/2022) |
| 02/04/2022 | 579 | MOTION for Reconsideration re 572 Order on Motion to Continue,, by Zackary Ellis Sanders. (Attachments: # 1 Proposed Order)(Amolsch, Christopher) (Entered: 02/04/2022) |
| 02/18/2022 | 580 | RESPONSE in Opposition by USA as to Zackary Ellis Sanders re 579 MOTION for Reconsideration re 572 Order on Motion to Continue,, (Schlessinger, Seth) (Entered: 02/18/2022) |

| | | |
|---|---|---|
| 02/22/2022 | 581 | ORDERED that defendant's motion for reconsideration regarding defendant's prior motion to continue his sentencing (Dkt. 579) is GRANTED and the sentencing scheduled for March 4, 2022 is POSTPONED until Friday, April 1, 2022 at 10:00 a.m. Signed by District Judge T. S. Ellis, III on 2/22/2022. (lber) (Entered: 02/23/2022) |
| 02/22/2022 | | Reset Hearings as to Zackary Ellis Sanders: Sentencing set for 4/1/2022 at 10:00 AM in Alexandria Courtroom 900 before District Judge T. S. Ellis III. (lber) (Entered: 02/23/2022) |
| 02/23/2022 | 582 | AMENDED ORDER as to Zackary Ellis Sanders: **ORDERED** that the sentencing for April 1, 2022 at 10:00 a.m. is **RESCHEDULED** to **Friday, April 1, 2022 at 8:00 a.m.** Signed by District Judge T. S. Ellis, III on 02/23/2022. (tran) (Entered: 02/23/2022) |
| 02/23/2022 | | Reset Hearings as to Zackary Ellis Sanders: **Sentencing reset for 4/1/2022 at 08:00 AM** in Alexandria Courtroom 900 before District Judge T. S. Ellis III. (tran) (Entered: 02/23/2022) |
| 03/14/2022 | 583 | MOTION to Seal by Zackary Ellis Sanders. (Attachments: # 1 Proposed Order) (Jeffress, Jonathan) (Entered: 03/14/2022) |
| 03/14/2022 | 584 | Memorandum by Zackary Ellis Sanders re 583 MOTION to Seal (Jeffress, Jonathan) (Entered: 03/14/2022) |
| 03/14/2022 | 585 | MOTION for New Trial *and to Reconsider Motions to Compel and Motions to Suppress* by Zackary Ellis Sanders. (Jeffress, Jonathan) (Entered: 03/14/2022) |
| 03/14/2022 | 586 | Memorandum by Zackary Ellis Sanders re 585 MOTION for New Trial *and to Reconsider Motions to Compel and Motions to Suppress* (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Exhibit 17, # 18 Exhibit 18, # 19 Exhibit 19, # 20 Exhibit 20, # 21 Exhibit 21, # 22 Exhibit 22, # 23 Exhibit 23, # 24 Exhibit 24, # 25 Exhibit 25, # 26 Exhibit 26, # 27 Exhibit 27, # 28 Exhibit 28, # 29 Exhibit 29, # 30 Exhibit 30, # 31 Exhibit 31, # 32 Exhibit 32, # 33 Exhibit 33, # 34 Exhibit 34, # 35 Exhibit 35, # 36 Exhibit 36, # 37 Exhibit 37, # 38 Exhibit 38, # 39 Exhibit 39, # 40 Exhibit 40, # 41 Exhibit 41, # 42 Exhibit 42, # 43 Exhibit 43, # 44 Exhibit 44, # 45 Exhibit 45)(Jeffress, Jonathan) (Entered: 03/14/2022) |
| 03/15/2022 | 587 | ORDERED that the government should file its response to defendant's motion for a new trial no later than Friday, March 18, 2022 at 5:00 p.m. as to Zackary Ellis Sanders. Signed by District Judge T. S. Ellis, III on 3/15/2022. (swil) (Entered: 03/15/2022) |
| 03/15/2022 | 588 | Sealed Memorandum in Support re 585 MOTION for New Trial *and to Reconsider Motions to Compel and Motions to Suppress* filed by Zackary Ellis Sanders. (Attachments: # 1 Exhibit 1, # 2 Exhibit 5, # 3 Exhibit 8, # 4 Exhibit 20, # 5 Exhibit 44, # 6 Exhibit 45) (lber) (Entered: 03/16/2022) |
| 03/17/2022 | 589 | MOTION to Seal *Portions of Notice of Filing and Entirety of Exhibits 1 and 2* by Zackary Ellis Sanders. (Attachments: # 1 Proposed Order)(Jeffress, Jonathan) (Entered: 03/17/2022) |
| 03/17/2022 | 590 | Memorandum by Zackary Ellis Sanders re 589 MOTION to Seal *Portions of Notice of Filing and Entirety of Exhibits 1 and 2* (Jeffress, Jonathan) (Entered: 03/17/2022) |

| | | |
|---|---|---|
| 03/17/2022 | 591 | NOTICE *of Filing of Two Supplemental Exhibits* by Zackary Ellis Sanders re 585 MOTION for New Trial *and to Reconsider Motions to Compel and Motions to Suppress* (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Jeffress, Jonathan) (Entered: 03/17/2022) |
| 03/17/2022 | 592 | Sealed Notice of Filing Two Supplemental Exhibits re 585 MOTION for New Trial *and to Reconsider Motions to Compel and Motions to Suppress* filed by Zackary Ellis Sanders (Attachments: # 1 Exhibit 1, # 2 Exhibit 2) (lber) (Attachment 1 replaced on 3/21/2022) (lber, ). (Entered: 03/18/2022) |
| 03/18/2022 | 593 | RESPONSE in Opposition by USA as to Zackary Ellis Sanders re 585 MOTION for New Trial *and to Reconsider Motions to Compel and Motions to Suppress* (Attachments: # 1 Exhibit 1)(Clayman, William) (Entered: 03/18/2022) |
| 03/21/2022 | 594 | MOTION to Seal *Portions of Reply to the Governments Response to his Motion for New Trial and to Reconsider Motions to Compel and Motions to Suppress* by Zackary Ellis Sanders. (Attachments: # 1 Proposed Order)(Jeffress, Jonathan) (Entered: 03/21/2022) |
| 03/21/2022 | 595 | Memorandum by Zackary Ellis Sanders re 594 MOTION to Seal *Portions of Reply to the Governments Response to his Motion for New Trial and to Reconsider Motions to Compel and Motions to Suppress* (Jeffress, Jonathan) (Entered: 03/21/2022) |
| 03/21/2022 | 596 | Reply by Zackary Ellis Sanders re 593 Response in Opposition *to the Motion for New Trial and to Reconsider Motions to Compel and Motions to Suppress* (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7)(Jeffress, Jonathan) (Entered: 03/21/2022) |
| 03/22/2022 | 597 | MOTION to Seal by Zackary Ellis Sanders. (Attachments: # 1 Proposed Order) (Jeffress, Jonathan) (Entered: 03/22/2022) |
| 03/22/2022 | 598 | Memorandum by Zackary Ellis Sanders re 597 MOTION to Seal (Jeffress, Jonathan) (Entered: 03/22/2022) |
| 03/22/2022 | 599 | NOTICE *of Filing of Supplemental Exhibits* by Zackary Ellis Sanders re 585 MOTION for New Trial *and to Reconsider Motions to Compel and Motions to Suppress* (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit)(Jeffress, Jonathan) (Entered: 03/22/2022) |
| 03/22/2022 | 600 | Reply in re 593 Response in Opposition filed by USA. (lber) (Entered: 03/23/2022) |
| 03/23/2022 | 601 | SEALED Notice of Filing Sealed Exhibit 7 599 NOTICE of Filing of Supplemental Exhibits by Zackary Ellis Sanders (Attachments: # 1 Sealed Exhibit 7) (lber) (Entered: 03/24/2022) |
| 03/24/2022 | 602 | PRESENCE INVESTIGATION REPORT (Sentencing Presentence Investigation Report) (SEALED - government and defense counsel) as to Zackary Ellis Sanders. (Attachments: # 1 Letter Attorney)(penn, carrie) (Entered: 03/24/2022) |
| 03/25/2022 | 604 | Position on Sentencing by USA as to Zackary Ellis Sanders (Clayman, William) (Entered: 03/25/2022) |
| 03/25/2022 | 605 | MOTION to Seal *604 Position on Sentencing* by USA as to Zackary Ellis Sanders. (Attachments: # 1 Proposed Order)(Clayman, William) (Entered: 03/25/2022) |

| 03/25/2022 | 606 | Sealed Document re 604 Position on Sentencing filed by USA. (lber) (Entered: 03/28/2022) |
| --- | --- | --- |
| 03/28/2022 | 607 | MOTION for Return of Non-Contraband Seized Property and, Alternatively, Objection to Entry of Preliminary Order of Forfeiture by Zackary Ellis Sanders. (Ginsberg, Nina) (Entered: 03/28/2022) |
| 03/28/2022 | 608 | Memorandum in Support by Zackary Ellis Sanders re 607 MOTION for Return of Non-Contraband Seized Property and, Alternatively, Objection to Entry of Preliminary Order of Forfeiture (Ginsberg, Nina) (Entered: 03/28/2022) |
| 03/29/2022 | 609 | NOTICE OF ATTORNEY APPEARANCE Annie Zanobini appearing for USA. (Zanobini, Annie) (Entered: 03/29/2022) |
| 03/29/2022 | 610 | MOTION for Forfeiture of Property --*Entry of Preliminary Order of Forfeiture and Response in Opposition to Defendant's Motion for Return of Property* by USA as to Zackary Ellis Sanders. (Attachments: # 1 Exhibit, # 2 Proposed Order)(Zanobini, Annie) (Entered: 03/29/2022) |
| 03/30/2022 | 611 | ORDERED that the government's motion to seal the government's response in opposition to defendant's motion (Dkt. 458) is GRANTED and the government's response will be SEALED until further Order of the Court (See Order for Details). Signed by District Judge T. S. Ellis, III on 3/30/2022. (lber) (Entered: 03/30/2022) |
| 03/31/2022 | 612 | RESPONSE in Opposition by Zackary Ellis Sanders re 610 MOTION for Forfeiture of Property --*Entry of Preliminary Order of Forfeiture and Response in Opposition to Defendant's Motion for Return of Property* (Jeffress, Jonathan) (Entered: 03/31/2022) |
| 03/31/2022 | 613 | MOTION to Seal *Portions of Third Supplement to Motion for New Trial and to Reconsider Motions to Compel and Motions to Suppress* by Zackary Ellis Sanders. (Attachments: # 1 Proposed Order)(Jeffress, Jonathan) (Entered: 03/31/2022) |
| 03/31/2022 | 614 | Memorandum by Zackary Ellis Sanders re 613 MOTION to Seal *Portions of Third Supplement to Motion for New Trial and to Reconsider Motions to Compel and Motions to Suppress* (Jeffress, Jonathan) (Entered: 03/31/2022) |
| 03/31/2022 | 615 | SEALED MEMORANDUM OPINION as to Zackary Ellis Sanders (tran, c/m on 03/31/22) (Entered: 03/31/2022) |
| 03/31/2022 | 616 | **ORDERED** that the parties are **DIRECTED** to meet and confer regarding what redactions, if any at all, are necessary to the Sealed Memorandum Opinion so that a public version may be filed. The parties are **DIRECTED** to submit any proposed redactions on or before **Friday, April 8, 2022**. Signed by District Judge T. S. Ellis, III on 03/31/2022. (tran) (Entered: 03/31/2022) |
| 03/31/2022 | 617 | NOTICE *of Filing of Third Supplement to Motion for a New Trial and to Reconsider Motions to Compel and Motions to Suppress* by Zackary Ellis Sanders re 591 Notice (Other), 585 MOTION for New Trial *and to Reconsider Motions to Compel and Motions to Suppress* (Attachments: # 1 Exhibit 1)(Jeffress, Jonathan) (Entered: 03/31/2022) |
| 04/01/2022 | 618 | Under Seal Supplemental Objection re 602 Presentence Investigation Report filed by Zackary Ellis Sanders. (lber) (Entered: 04/01/2022) |
| 04/01/2022 | 619 | Under Seal Position on Sentencing filed by Zackary Ellis Sanders. (lber) (Entered: 04/01/2022) |

| 04/01/2022 | 620 | Minute Entry for proceedings held before District Judge T. S. Ellis, III: Sentencing held on 4/1/2022 for Zackary Ellis Sanders (1).<br>USA appeared through William Clayman, Annie Zanobini, Seth Schlessinger and Jay Prabhu.<br>Deft appeared with counsels, Christopher Amolsch and Nina Ginsberg.<br>Gov't argues for a substantial g/l sentence with lifetime SR. Defense objects to Paragraphs 8 57, 60 62, the PO's application of the 4-level enhancement pursuant to USSG §2G2.1(b)(4)(A), 2-level enhancement pursuant to USSG §2G2.1(b)(6)(B) and the 5-level enhancement pursuant to USSG §4B1.5(b)(1) and request designation at FCI Butner-Low in North Carolina. Defense objections to paragraphs 60-62 in the PSR -overruled. Deft's objection to the PSR calculation, pursuant to USSG §2G2.1(b)(4)(A) -overruled; (2) objection to the PSR calculation, pursuant to USSG §2G2.1(b)(6)(B) -overruled; (3) objection to the PSR calculation, pursuant to USSG §4B1.5(b)(1) -overruled. COURT adopts the PSR with a change directing the PO to add to the PSR that the deft denies the actions mentioned in paragraphs 23, 24, 42, 45, 51, and 55 as this information was retrieved either from an FBI Agent or another law enforcement agent outside of the United States. Awards, letters from relatives and physicians submitted to the Court by the deft to be made part of the PSR. The Court permits MV1s mother to speak. COURT sentences deft to:<br>**216 months total BOP** with credit for time served as computed by the BOP pursuant to statute.<br>216 months on Counts 1, 2, 3, 4, 5, 6, 7, 8 9, 10, and 11 (concurrent)<br>120 months on Count 12 (concurrent with counts 1 through 11)<br>**Lifetime total SR Term** w/special conditions<br>Lifetime Term on Counts 1, 2, 3, 4, 5 (concurrent)<br>5 years on Counts 6, 7, 8 9, 10, and 11 (concurrent to counts 1 through 5)<br>5 years on Count 12 (concurrent to counts 1 through 5)<br>$6,000 Restitution due immediately/mthly installments of $100 to begin w/n 60 days of release from custody; Interest waived. Parties to submit agreed upon Restitution Order.<br>$60,000 SA under 18 U.S.C. §3014 based on future earnings ability with penalty and interest waived.<br>Court finds deft indigent and imposes a zero amount on Special Assessment under 18 U.S.C. §2259A(a)(3).<br>$1200 SA ($100 on each count).<br>Forfeiture to be determined at a later date. Defense to file brief by April 8, 2022 and government will have until April 15, 2022 to file a response. Court to rule on the papers if oral arguments is not needed. Deft orally noted appeal. Defense to submit financial information to the PO.<br>Court recommends deft be housed at ADC and not be removed until BOP designates a specific facility where the deft will be transported directly to serve his sentence. The Court further notes that the deft hired an expert who recommended deft be designated to FCI Butner, Low in NC. The Court furthermore recommends that the deft's medication, Kesimpta, be administered as prescribed by the deft's doctors.<br>Deft remanded.<br>Court Reporter: R. Stonestreet<br>(tran) (Entered: 04/01/2022) |
| 04/01/2022 | 621 | JUDGMENT as to Zackary Ellis Sanders (1): **216 months total BOP**<br>216 months on Counts 1, 2, 3, 4, 5, 6, 7, 8 9, 10, and 11 (concurrent)<br>120 months on Count 12 (concurrent with counts 1 through 11) |

| | | |
|---|---|---|
| | | **Lifetime total SR Term** w/special conditions<br>Lifetime Term on Counts 1, 2, 3, 4, 5 (concurrent)<br>5 years on Counts 6, 7, 8 9, 10, 11, 12 (concurrent to counts 1 through 5)<br>Restitution: $6,000<br>SA JVTA: $60,000<br>SA: $1200 ($100 on each count). Signed by District Judge T. S. Ellis, III on 04/01/2022. (tran, ) (Entered: 04/01/2022) |
| 04/01/2022 | 622 | Sealed Statement of Reasons as to Zackary Ellis Sanders. (tran) (Entered: 04/01/2022) |
| 04/01/2022 | 623 | Confidential Information Page re: Judgment as to Zackary Ellis Sanders. (tran) (Entered: 04/01/2022) |
| 04/01/2022 | 625 | Under Seal Third Supplemental re 585 MOTION for New Trial *and to Reconsider Motions to Compel and Motions to Suppress* filed by Zackary Ellis Sanders. (lber) (Entered: 04/04/2022) |
| 04/04/2022 | 624 | OBJECTIONS TO THE SPECIAL CONDITIONS OF SUPERVISION re 621 JUDGMENT filed by Zackary Ellis Sanders. (Amolsch, Christopher) Modified on 4/4/2022 (lber). (Entered: 04/04/2022) |
| 04/04/2022 | | Notice of Correction re 624 MOTION to Modify Conditions of Release. The filing user has been notified the incorrect docket event was used. (lber) (Entered: 04/04/2022) |
| 04/06/2022 | 626 | TRANSCRIPT of Proceedings held on April 1, 2022, before Judge T.S. Ellis, III. Court reporter/transcriber Rebecca Stonestreet, Telephone number 240-426-7767. **NOTICE RE REDACTION OF TRANSCRIPTS:The parties have thirty(30) calendar days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at www.vaed.uscourts.gov Transcript may be viewed at the court public terminal or purchased through the court reporter/transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER Redaction Request due 5/6/2022. Redacted Transcript Deadline set for 6/6/2022. Release of Transcript Restriction set for 7/5/2022.**(stonestreet, rachel) (Entered: 04/06/2022) |
| 04/08/2022 | 627 | NOTICE *of Filing of Redacted Memorandum Opinion and Proposed Restitution Order* by USA as to Zackary Ellis Sanders re 616 Order, (Attachments: # 1 Exhibit 2 - Proposed Restitution Order)(Clayman, William) (Entered: 04/08/2022) |
| 04/08/2022 | 628 | FILED IN ERROR - MOTION to Seal *Portions of his Response to the March 31, 2022 Order* by Zackary Ellis Sanders. (Attachments: # 1 Proposed Order)(Jeffress, Jonathan) Modified on 4/8/2022 (dvanm, ). (Entered: 04/08/2022) |
| 04/08/2022 | 629 | MOTION to Seal *Portions of his Response to the March 31, 2022 Order* by Zackary Ellis Sanders. (Attachments: # 1 Proposed Order)(Jeffress, Jonathan) (Entered: 04/08/2022) |
| 04/08/2022 | 630 | Memorandum by Zackary Ellis Sanders re 629 MOTION to Seal *Portions of his Response to the March 31, 2022 Order* (Jeffress, Jonathan) (Entered: 04/08/2022) |
| 04/08/2022 | 631 | RESPONSE by Zackary Ellis Sanders re 616 Order, *Objecting to Government's Proposed Redactions* (Jeffress, Jonathan) (Entered: 04/08/2022) |

| 04/08/2022 | 632 | Supplemental Memorandum by Zackary Ellis Sanders re 607 MOTION for Return of Non-Contraband Seized Property and, Alternatively, Objection to Entry of Preliminary Order of Forfeiture (Jeffress, Jonathan) (Entered: 04/08/2022) |
| --- | --- | --- |
| 04/11/2022 | 633 | NOTICE of Filing of Request for Hearing by Zackary Ellis Sanders re 632 Supplemental Memorandum (Jeffress, Jonathan) (Entered: 04/11/2022) |
| 04/11/2022 | 635 | Under Seal Response in re 616 Order filed by Zackary Ellis Sanders. (lber) (Entered: 04/12/2022) |
| 04/12/2022 | | Notice of Correction re 633 Notice (Other). The filing user has been notified to refile the Notice as a Notice of Hearing. (lber) (Entered: 04/12/2022) |
| 04/13/2022 | 636 | NOTICE OF APPEAL re 621 JUDGMENT by Zackary Ellis Sanders Filing fee $ 505, receipt number AVAEDC-8342682. (Jeffress, Jonathan) Modified text on 4/14/2022 (lber). (Entered: 04/13/2022) |
| 04/13/2022 | 637 | Notice of Hearing Date set for April 22, 2022 re 632 Supplemental Memorandum, 607 MOTION for Return of Non-Contraband Seized Property and, Alternatively, Objection to Entry of Preliminary Order of Forfeiture (Jeffress, Jonathan) (Entered: 04/13/2022) |
| 04/13/2022 | | Set/Reset Deadlines re Motion or Report and Recommendation in case as to Zackary Ellis Sanders 607 MOTION for Return of Non-Contraband Seized Property and, Alternatively, Objection to Entry of Preliminary Order of Forfeiture . Motion Hearing set for 4/22/2022 at 10:00 AM in Alexandria Courtroom 900 before District Judge T. S. Ellis III. (clar, ) (Entered: 04/13/2022) |
| 04/13/2022 | 638 | ORDER as to Zackary Ellis Sanders: **ORDERED** that the hearing on defendant's objections to the government's forfeiture order is **CONTINUED** until **Thursday, April 28, 2022 at 1:00 p.m.** Signed by District Judge T. S. Ellis, III on 04/13/2022. (tran) (Entered: 04/13/2022) |
| 04/13/2022 | | Reset Motion in case as to Zackary Ellis Sanders 610 MOTION for Forfeiture of Property --*Entry of Preliminary Order of Forfeiture and Response in Opposition to Defendant's Motion for Return of Property*, 607 MOTION for Return of Non-Contraband Seized Property and, Alternatively, Objection to Entry of Preliminary Order of Forfeiture . **Motion Hearing reset for 4/28/2022 at 01:00 PM** in Alexandria Courtroom 900 before District Judge T. S. Ellis III. (tran) (Entered: 04/13/2022) |
| 04/14/2022 | 639 | Transmission of Notice of Appeal to 4CCA as to Zackary Ellis Sanders to US Court of Appeals re 636 Notice of Appeal (All case opening forms, plus the transcript guidelines, may be obtained from the Fourth Circuit's website at www.ca4.uscourts.gov). (lber) (Main Document 639 replaced on 4/14/2022) (lber). (Entered: 04/14/2022) |
| 04/14/2022 | 640 | Letter to the Court from the USCA. (lber) (Entered: 04/14/2022) |
| 04/15/2022 | 641 | Reply by USA as to Zackary Ellis Sanders re 632 Supplemental Memorandum (Zanobini, Annie) (Entered: 04/15/2022) |
| 04/15/2022 | 642 | Sealed Order. Signed by District Judge T. S. Ellis, III on 4/15/2022. (lber c/s to counsel for deft, USAO, USPO) (Entered: 04/15/2022) |
| 04/19/2022 | 643 | RESPONSE in Opposition by Zackary Ellis Sanders re 610 MOTION for Forfeiture of Property --*Entry of Preliminary Order of Forfeiture and Response in Opposition to* |

| | | |
|---|---|---|
| | | *Defendant's Motion for Return of Property* (Attachments: # 1 Exhibit Order, US v. Reaid, # 2 Exhibit Order, US v. Conrad, # 3 Exhibit Griffeye website)(Jeffress, Jonathan) (Entered: 04/19/2022) |
| 04/21/2022 | 644 | USCA Case Number 22-4242 4th Circuit, case manager Anisha Walker, for 636 Notice of Appeal filed by Zackary Ellis Sanders. (lber) (Entered: 04/22/2022) |
| 04/26/2022 | 645 | Transcript Redaction Request in case as to Zackary Ellis Sanders re 626 Transcript,,, filed by attorney William Clayman (Clayman, William) (Entered: 04/26/2022) |
| 04/26/2022 | 646 | ORDER in re 645 Transcript Redaction Request. ORDERED that the government's motion (Dkt. 645) is GRANTED and the redaction proposed in the government's motion will be made to redact identifying information concerning one of the minor victims in this case. Signed by District Judge T. S. Ellis, III on 4/26/2022. (swil) (Entered: 04/26/2022) |
| 04/26/2022 | 647 | Sealed Motion by Zackary Ellis Sanders. (kgall) (Entered: 04/26/2022) |
| 04/27/2022 | 648 | ORDERED that if defendant, by counsel, waives his right to appear at the forfeiture hearing, then the forfeiture hearing will occur as scheduled at 1:00 p.m. at Thursday, April 28, 2022. If defendant does not waive his right to appear at the forfeiture hearing, then the hearing will be POSTPONED until Friday, April 29, 2022 at 3:30 p.m. Signed by District Judge T. S. Ellis, III on 4/27/2022. (kgall) (Entered: 04/27/2022) |
| 04/27/2022 | | Reset Hearing re Motion in case as to Zackary Ellis Sanders 610 MOTION for Forfeiture of Property --*Entry of Preliminary Order of Forfeiture and Response in Opposition to Defendant's Motion for Return of Property*, 607 MOTION for Return of Non-Contraband Seized Property and, Alternatively, Objection to Entry of Preliminary Order of Forfeiture . **Motion Hearing reset for 4/29/2022 at 03:30 PM** in Alexandria Courtroom 900 before District Judge T. S. Ellis III. (tran) (Entered: 04/27/2022) |
| 04/28/2022 | 649 | Sealed Order as to Zackary Ellis Sanders. Signed by District Judge T. S. Ellis, III on 04/28/2022. (tran, c/m on 04/28/22) (Entered: 04/28/2022) |
| 04/29/2022 | 650 | Minute Entry for proceedings held before District Judge T. S. Ellis, III: Motion Hearing as to Zackary Ellis Sanders held on 4/29/2022 re 610 MOTION for Forfeiture of Property --*Entry of Preliminary Order of Forfeiture and Response in Opposition to Defendant's Motion for Return of Property* filed by USA, 607 MOTION for Return of Non-Contraband Seized Property and, Alternatively, Objection to Entry of Preliminary Order of Forfeiture filed by Zackary Ellis Sanders.<br>USA appeared through Annie Zanobini and Seth Schlessinger. Defendant appeared with counsel Nina Ginsberg.<br>Matter argued and taken under advisement. Order to follow.<br>Defendant remanded.<br>Court Reporter: R. Stonestreet<br>(tran) (Main Document 650 replaced on 4/29/2022) (tran). Modified on 4/29/2022 (tran). (Entered: 04/29/2022) |
| 04/29/2022 | 651 | DOCUMENT REMOVED as per TSE Chambers instructions. Modified on 4/29/2022 (tran). (Entered: 04/29/2022) |
| 05/02/2022 | 652 | Redaction Transcript re 626 Transcript in case as to Zackary Ellis Sanders(stonestreet, rachel) (Entered: 05/02/2022) |

| 05/10/2022 | 653 | Supplemental Memorandum by Zackary Ellis Sanders re 607 MOTION for Return of Non-Contraband Seized Property and, Alternatively, Objection to Entry of Preliminary Order of Forfeiture (Deubler, Zachary) (Entered: 05/10/2022) |
| 05/12/2022 | 654 | ORDER re 649 Sealed Order (see Order for details). Signed by District Judge T. S. Ellis, III on 5/12/2022. (nneb) (Entered: 05/12/2022) |
| 05/18/2022 | 655 | MOTION to Withdraw as Attorney by Jade Chong-Smith. by Zackary Ellis Sanders. (Attachments: # 1 Proposed Order)(Jeffress, Jonathan) (Entered: 05/18/2022) |
| 05/18/2022 | 656 | ORDER granting 655 Motion to Withdraw Jade Chong-Smith as Attorney. Signed by District Judge T. S. Ellis, III on 5/18/2022. (dvanm) (Entered: 05/18/2022) |
| 06/10/2022 | 657 | MOTION to Withdraw as Attorney by Emily Voshell. by Zackary Ellis Sanders. (Attachments: # 1 Proposed Order)(Jeffress, Jonathan) (Entered: 06/10/2022) |
| 06/13/2022 | 658 | ORDER granting 657 Motion to Withdraw as Attorney. Emily Anne Voshell withdrawn from case as to Zackary Ellis Sanders (1). Signed by District Judge T. S. Ellis, III on 6/13/2022. (nneb) (Entered: 06/13/2022) |
| 07/01/2022 | 659 | ORDER of USCA as to Zackary Ellis Sanders re 636 Notice of Appeal. The court grants the motion to withdraw from further representation on appeal. (swil) (Entered: 07/01/2022) |
| 08/12/2022 | 660 | MOTION to Clarify Judgment Regarding Schedule for Payment of Restitution and Special Assessment Pursuant to 18 U.S.C. § 3014 by Zackary Ellis Sanders. (Attachments: # 1 Exhibit 1, # 2 Proposed Order)(Ginsberg, Nina) (Entered: 08/12/2022) |
| 08/19/2022 | 661 | MEMORANDUM OPINION in re (Dkt. 607) MOTION for Return of Non-Contraband Seized Property and, Alternatively, Objection to Entry of Preliminary Order of Forfeiture, (Dkt. 610) MOTION for Forfeiture of Property--Entry of Preliminary Order of Forfeiture and Response in Opposition to Defendant's Motion for Return of Property as to Zackary Ellis Sanders. Signed by District Judge T. S. Ellis, III on 08/19/2022. (nlop, ) Modified docket text on 9/1/2022 (nlop, ). (Entered: 08/19/2022) |
| 08/19/2022 | 662 | ORDERED that the government's motion for a preliminary order of forfeiture (Dkt. 610) is GRANTED. It is further ORDERED that Defendant's motion for return of non-contraband seized property (Dkt. 607) is DENIED. Signed by District Judge T. S. Ellis, III on 08/19/2022. (nlop, c/s ) (Entered: 08/19/2022) |
| 09/01/2022 | 663 | NOTICE OF APPEAL by Zackary Ellis Sanders as to 661 Memorandum Opinion, 662 Order on Motion for Miscellaneous Relief,, Order on Motion for Forfeiture of Property, Filing fee $ 505, receipt number AVAEDC-8552174. (Ginsberg, Nina) (Entered: 09/01/2022) |
| 09/12/2022 | 664 | Transmission of Notice of Appeal to 4CCA as to Zackary Ellis Sanders to US Court of Appeals re 663 Notice of Appeal, (All case opening forms, plus the transcript guidelines, may be obtained from the Fourth Circuit's website at www.ca4.uscourts.gov) (swil) (Entered: 09/12/2022) |
| 09/12/2022 | 665 | USCA Case Number 22-7054, case manager Anisha Walker, 4th Circuit for 663 Notice of Appeal, filed by Zackary Ellis Sanders. (swil) (Entered: 09/12/2022) |

JA62

| 09/15/2022 | 666 | Transcript Order Acknowledgment from USCA re 663 Notice of Appeal, : Court Reporter/Transcriber Rebecca Stonestreet. (lcre, ) (Entered: 09/15/2022) |
|---|---|---|
| 09/29/2022 | 667 | TRANSCRIPT of proceedings as to Zackary Ellis Sanders for dates of April 29, 2022 before Judge T.S. Ellis, III, re 663 Notice of Appeal, Court Reporter/Transcriber Rebecca Stonestreet, Telephone number 240-426-7767. **NOTICE RE REDACTION OF TRANSCRIPTS:The parties have thirty(30) calendar days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at www.vaed.uscourts.gov** *Does this satisfy all appellate orders for this reporter? y* **Transcript may be viewed at the court public terminal or purchased through the court reporter/transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER Redaction Request due 10/31/2022. Redacted Transcript Deadline set for 11/29/2022. Release of Transcript Restriction set for 12/28/2022.(stonestreet, rachel) (Entered: 09/29/2022)** |

| PACER Service Center | | |
|---|---|---|
| Transaction Receipt | | |
| 10/19/2022 17:37:07 | | |
| **PACER Login:** | zdeubler90 | **Client Code:** | Sanders |
| **Description:** | Docket Report | **Search Criteria:** | 1:20-cr-00143-TSE |
| **Billable Pages:** | 30 | **Cost:** | 3.00 |



IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

FILED
IN OPEN COURT

JUN 24 2020

CLERK U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal No. 1:20-CR-143 |
| | ) | |
| v. | ) | Counts 1–5: 18 U.S.C. § 2251(a) & (e) |
| | ) | Production of Child Pornography |
| ZACKARY ELLIS SANDERS, | ) | |
| | ) | Counts 6–11: 18 U.S.C. § 2252(a)(2) & (b)(1) |
| Defendant. | ) | Receipt of Child Pornography |
| | ) | |
| | ) | Count 12: 18 U.S.C. § 2252(a)(4)(B) & (b)(2) |
| | ) | Possession of Child Pornography |
| | ) | |
| | ) | Forfeiture Notice: 18 U.S.C. § 2253(a) |

## INDICTMENT

June 2020 Term—at Alexandria, Virginia

### COUNTS ONE THROUGH FIVE
### (Production of Child Pornography)

THE GRAND JURY CHARGES THAT:

In separate instances on or about the dates set forth below, within the Eastern District of Virginia, the defendant, ZACKARY ELLIS SANDERS, attempted to and did employ, use, persuade, induce, entice, and coerce a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, knowing and having reason to know that such visual depiction would be transported or transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce and mailed, and which visual depiction was actually transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce and mailed, and which visual depiction was produced using materials that have been mailed, shipped, and transported in

1

and affecting interstate and foreign commerce, by any means, including by computer, to wit: digital

visual depictions of different minors engaged in sexually explicit conduct on the following dates:

| Count | Date | Minor |
|-------|------|-------|
| 1 | Between or about November 20, 2019 and on or about November 25, 2019 | MINOR VICTIM 1 |
| 2 | Between on or about November 10, 2019, and on or about November 14, 2019 | MINOR VICTIM 2 |
| 3 | Between on or about September 17, 2017, and on or about April 14, 2018 | MINOR VICITM 3 |
| 4 | Between on or about November 29, 2017, and on or about December 11, 2017 | MINOR VICTIM 4 |
| 5 | Between on or about May 8, 2017, and on or about October 21, 2017 | MINOR VICTIM 5 |

(In violation of Title 18, United States Code, Section 2251(a) and (e).)

2

## COUNT SIX THROUGH ELEVEN
### (Receipt of Child Pornography)

THE GRAND JURY FURTHER CHARGES THAT:

In separate instances on or about the dates set forth below, within the Eastern District of Virginia, the defendant, ZACKARY ELLIS SANDERS, attempted to and did receive a visual depiction using any means and facility of interstate and foreign commerce and that had been mailed, and had been shipped and transported in and affecting interstate and foreign commerce, and which contained materials which had been mailed and so shipped and transported, by any means, including by computer, and the production of such visual depiction involved the use of a minor engaging in sexually explicit conduct and the visual depiction was of such conduct, to wit: digital visual depictions of different minors engaged in sexually explicit conduct on the following dates:

| Count | Date | Minor |
|:---:|:---:|:---:|
| 6 | On or about January 16, 2020 | MINOR VICTIM 6 |
| 7 | Between or about November 20, 2019 and on or about November 25, 2019 | MINOR VICTIM 1 |
| 8 | Between on or about November 10, 2019, and on or about November 14, 2019 | MINOR VICTIM 2 |
| 9 | Between on or about September 17, 2017, and on or about April 14, 2018 | MINOR VICITM 3 |
| 10 | Between on or about November 29, 2017, and on or about December 11, 2017 | MINOR VICTIM 4 |
| 11 | Between on or about May 8, 2017, and on or about October 21, 2017 | MINOR VICTIM 5 |

(In violation of Title 18, United States Code, Section 2252(a)(2) and (b)(1).)

3

JA66

## COUNT TWELVE
### (Possession of Child Pornography)

THE GRAND JURY FURTHER CHARGES THAT:

In or about February 2020, within the Eastern District of Virginia, the defendant, ZACKARY ELLIS SANDERS, knowingly possessed at least one matter which contained a visual depiction that that had been mailed, or had been shipped or transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce, or which was produced using materials which had been mailed or so shipped or transported, by any means including by computer, and the production of such visual depiction involved the use of a minor engaging in sexually explicit conduct, and such visual depiction was of such conduct, to wit: digital visual depictions of minors, including prepubescent minors and minors who had not attained 12 years of age, engaged in sexually explicit conduct stored on a Sandisk Cruzer Edge thumb drive, an HP Elite Book 755 laptop, a Lexar thumb drive, an HP laptop (S/N: 5CH1262Y5Y), and an HP laptop (S/N: CNF8255WH5).

(In violation of Title 18, United States Code, Section 2252(a)(4)(B) and (b)(2).)

4

## **FORFEITURE NOTICE**

THE GRAND JURY HEREBY FINDS THAT:

The defendant, ZACKARY ELLIS SANDERS, upon conviction on any Count of this Indictment, and as part of the defendant's sentencing under Federal Rule of Criminal Procedure 32.2, shall forfeit to the United States any and all matters that contain visual depictions of minors engaged in sexually explicit conduct in violation of the charged offenses; any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offenses; and any property, real or personal, used or intended to be used to commit or promote the commission of such offenses or property traceable to such property, including:

1.      A Sandisk Cruzer Edge thumb drive;

2.      An HP Elite Book 755 laptop;

3.      A Lexar thumb drive;

4.      An HP laptop (S/N: 5CH1262Y5Y);

5.      An HP laptop (S/N: CNF8255WH5);

6.      An Apple iPad (S/N: DMPVGGCPHDDV);

7.      An Apple iPad (S/N: DMPHM3K7DVGF); and

8.      An Apple iPhone (S/N: C39VJ0XDJCL6).

5

If property subject to forfeiture is not available, the government may seek an order

forfeiting substitute assets.

(In accordance with Title 18, United States Code, Section 2253(a).)

A TRUE BILL
Pursuant to the E-Government Act,,
The original of this page has been filed
under seal in the Clerk's Office

_____

FOREPERSON

G. Zachary Terwilliger
United States Attorney

By: _____

William G. Clayman
Special Assistant United States Attorney (LT)

Jay V. Prabhu
Assistant United States Attorney

6

**JA69**

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Case No. 1:20-cr-00143 |
| v. | Honorable T.S. Ellis, III |
| ZACKARY ELLIS SANDERS, | Sentencing: April 1, 2022 |
| Defendant. | |

**MEMORANDUM IN SUPPORT OF MOTION FOR RETURN OF NON-CONTRABAND
SEIZED PROPERTY AND, ALTERNATIVELY, OBJECTION TO ENTRY OF
<u>PRELIMINARY ORDER OF FORFEITURE</u>**

Zackary Ellis Sanders moves this Honorable Court, pursuant to Fed. R. Crim. Pro. 41(g), for entry of an Order directing the United States to preserve and return copies of the non-contraband content of Mr. Sanders seized electronic devices.  Additionally, Mr. Sanders objects to the entry of a preliminary forfeiture ordering the forfeiture of non-contraband, personal and business digital data stored on the electronic devices named in the Forfeiture Notice of the Indictment.

Many people, like Mr. Sanders, store every aspect of their lives on electronic devices that are the only record of years of a person's life.  At sentencing, the government will seek the entry of a preliminary forfeiture order forfeiting electronic devices that contain images of minors engaged in sexually explicit activity and that were used to commit Mr. Sanders's offenses of conviction, but that also contain the only record of more than a decade of Mr. Sanders's life,

1

**JA70**

including personal photographs, personal and business records, educational records, records of theater performances, contact information and emails.[1]

The government has informally agreed to return the electronic devices that are no longer needed for evidentiary purposes and do not contain contraband or protected information relevant to his offenses. However, the government opposes Mr. Sanders's request for copies of his non-contraband, personal and business records and photographs and will not agree to allow the copying or return of legally possessed, personal information stored on the devices subject to forfeiture. Accordingly, Mr. Sanders requests the Court direct the government to allow his forensic expert to segregate and make digital copies of non-contraband data and image files that are stored on the electronic devices subject to forfeiture using a protocol that was previously approved by the FBI and the prosecution team for producing discovery.

Prior to filing this motion, Mr. Sanders offered to pay the costs of segregation by having his expert review the electronic storage devices at an FBI facility, copy the non-contraband files onto an external hard drive and submit them for FBI review — thereby eliminating the difficulty and cost of segregating and copying the data. Mr. Sanders already had a forensic expert review these storage devices using the identical procedure previously agreed to by the government in connection with its pretrial discovery obligations. The FBI is also known to utilize artificial intelligence software called "Griffeye" that makes it possible for law enforcement to detect and analyze child pornography content in cases involving millions of images and videos.[2] The FBI

---

[1] For purposes of this motion, the term "non-contraband" data or files refers to all legally possessed, personal and business information electronically stored on the devices subject to forfeiture. The term is not intended to include contraband, electronically stored data or files of evidentiary value or that contain "protected information."

[2] See https://www.griffeye.com/griffeye-releases-new-ai-that-can-identify-csa-content-in-videos/

can use the Griffeye software to rapidly search the data copied onto the external hard drive by

Mr. Sanders's forensic expert and to verify that he did not inadvertently copy contraband images.

Mr. Sanders has also offered to pay any additional costs reasonably related to the recovery of his

property.

## A.    General Principles

It is well settled that the law does not permit the court to forfeit property unrelated to

criminal activity and that it must return property seized as evidence once the criminal

proceedings have concluded unless it is contraband or is subject to forfeiture." *United States v.

Roca*, 676 F. App'x 194 (4th Cir. 2017); *United States v. Noyes*, 557 F. App'x 125, 127 (3d Cir.

2014); *United States v. Headley*, 50 F. App'x 266, 267 (6th Cir. 2002); *United States v. Lindsey*,

202 F.3d 261, at *1 (4th Cir. 2000) (per curiam) (quoting *United States v. Mills*, 991 F .2d 609,

612 (9th Cir.1993)).

Title 18 U.S.C. § 2253(a)(3) provides, *inter alia*, that a person convicted of a child

pornography offense shall forfeit to the United States any visual depiction described in this

chapter and "such person's interest in any property, real or personal, used or intended to be used

to commit or to promote the commission of such offense or any property traceable to such

property."  Mr. Sanders is not seeking the return of copies of contraband or protected

information.  Nor is he seeking copies of any property, real or personal, constituting or traceable

to or from a child pornography offense, data property used in, or to promote the commission of,

the crimes, or any adult pornographic or obscene images or visual depictions he may have

received or any data received in exchange for child pornography.  Indeed, there is no nexus

between copies of the non-contraband personal and business files Mr. Sanders is seeking to

recover and property forfeitable under Section 2253(a)(3).

**JA72**

**B.**    **Right to Return of Property**

"A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." Fed. R. Crim. P. 41(g).  Fed. R. Crim. Pro. 41(g) provides:

> (g) Motion to Return Property. A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

See also *Bullock v. United States*, 176 F. Supp. 3d 517, 523 (M.D.N.C. 2016) (quoting *United States v. Soza*, 599 F. App'x 69, 70 (4th Cir. 2015)); see also *United States v. Garcia*, 65 F.3d 17, 20 (4th Cir. 1995).

"Property" is defined in Rule 41(a)(2)(A) to include "documents, books, papers, any other tangible objects, and ***information***." (emphasis added).  If the property in question is no longer needed for evidentiary purposes, either because trial is complete or the defendant has pleaded guilty, courts addressing the issue have held that "the defendant is presumed to have a right to the property's return, and the government has the burden of demonstrating that it has a legitimate reason to retain the property."  See *United States v. Gladding*, 775 F.3d 1149, 1152 (9th Cir. 2014).

The scope of § 2253(a)(3) in this context appears to be a question of first impression in the Fourth and other circuits.  Although there is considerable case law interpreting forfeiture statutes in other contexts,[3] few courts have articulated the contours of a Rule 41(g) motion in the

---

[3] See e.g., *United States v. King*, 231 F. Supp. 3d 872, 912 (W.D. Okla. 2017) (holding that the "mere pooling or commingling of tainted and untainted funds in an account does not, without more, render the entire contents of the account subject to forfeiture . . . Once we distinguish the money from its container, it also follows that the presence of one illegal dollar in an account does

context of intermingled computer files where the files a defendant seeks to recover are neither contraband or electronic devices subject to forfeiture. In *United States v. Gladding*, the defendant sought the return of commingled computer files that were neither contraband nor subject to forfeiture. The Ninth Circuit held that the government could retain the files "only if the government shows a 'legitimate reason' for doing so 'that is reasonable under all of the circumstances." *Id*. at 1153. In this regard, the court stated:

> The government has the burden of showing that it has a legitimate reason to retain the property." (quotation marks omitted)); *Ramsden v. United States,* 2 F.3d 322, 326 (9th Cir.1993) (explaining that "reasonableness under all of the circumstances must be the test when a person seeks to obtain the return of property." (internal quotation marks and citation omitted)). The Advisory Committee's Note to Rule 41, to which we give "weight in interpreting the Federal Rules of Criminal Procedure," *United States v. Bainbridge,* 746 F.3d 943, 947 (9th Cir.2014), confirms **the "reasonableness" standard applies to the return of computer files on electronic storage devices**, *see* Fed.R.Crim.P. 41, Advisory Committee's Note to 2009 Amendment ("Rule 41(g) ... provides a process for the 'person aggrieved' to seek an order from the court for a return of the property, including storage media **or** electronically stored information, under reasonable circumstances.") (emphasis added).

*Id*. at 1152. The disjunctive "*or*" makes clear that the Advisory Committee recognized the difference between a storage media and the electronically stored data. That is, the Advisory Committee acknowledged the obvious difference between a container and its contents.[4]

In *Gladding*, the defendant was indicted on two counts related to his possession of child pornography. At the change of plea hearing, Gladding did not dispute that his electronic storage devices were forfeitable, but he asked the government to return copies of certain noncontraband

---

not taint the rest—as if the dollar obtained from fraud were like a drop of ink falling into a glass of water." (citing *United States v. Bornfield*, 145 F.3d 1123, 1135 (10th Cir. 1998).

[4] The Federal Rules of Civil Procedure expressly recognize that electronically stored data is property distinct from the storage device. Fed. R. Civ. Pro. 37(e) permits sanctions against a party when the party fails to produce electronically stored information, even if the party produces the storage device. The rule imposes sanctions for the destruction of the information, not the destruction of the storage device on which the information was stored.

computer files on those devices.  According to Gladding, there were thousands of pictures of his family and personal emails on the devices that he wanted returned.  The government objected claiming that it would be difficult and costly to segregate Gladding's noncontraband files from the files containing child pornography.  While the appeal was pending, the government granted Gladding's expert access to the forfeited electronic storage devices as occurred prior to trial in this case, and Gladding's expert was able to obtain a large number, but not all of Gladding's non-contraband files.  Although the Ninth Circuit acknowledged that the difficulty and cost of segregating the data could be a "legitimate reason" for the government to retain Gladding's property, it ultimately rejected the government's representations without evidence that it was "almost impossible to separate [the noncontraband files] out" and remanded the case for further proceedings.  *Id.*, at 1153-54.

The Second Circuit took the identical approach in a child pornography case where the defendant sought the return of all non-pictorial files on the hard drive, as well as metadata relating to all files.  *United States v. Wernick*, 673 F. App'x 21, 25 (2d Cir. 2016).  Unlike Mr. Sanders, the defendant in *Wernick* did not attempt to identify specific files of a clearly non-criminal nature and of high personal value that could readily be disentangled from his criminal activities.  Based on the record before it, the court found that "it was impossible confidently to conclude that none of the data requested was used to facilitate the offenses of conviction (such as contact information for parties to the crimes or records of internet chats concerning the criminal activity)."  *Id.*  Unlike Mr. Sanders's case, the court also found that the evidence suggested that "thousands and thousands of hours" would be required to segregate the computer data the defendant requested.  *Id.*  In these circumstances, the court held that the district court did not abuse its discretion in denying the defendant's motion.  Notably, the Second Circuit concluded

that it need *not* decide whether defendants in some cases may retain interests in data unconnected to criminal activity that is stored on a hard drive that is itself forfeitable because it was used to commit or to promote the commission of a child pornography offense. *Id.* at 25-26.[5] Mr. Sanders has already offered to pay the costs of segregating and copying the requested data by having his expert review the electronic storage devices, segregate and copy the non-contraband files, submit them for FBI review, and pay costs reasonably related to the recovery of his non-tainted personal and business property.

In *Riley v. California*, 573 U.S. 373 (2014), the Supreme Court enunciated the quantitative and a qualitative difference that a cell phone has from other objects that might be kept on an arrestee's person:

> One of the most notable distinguishing features of modern cell phones and laptop computers is their immense storage capacity. Before cell phones and laptop computers, a search of a person was limited by physical realities and tended to constitute only a narrow intrusion on privacy. See Kerr, Foreword: Accounting for Technological Change, 36 Harv. J.L. & Pub. Pol'y 403, 404–405 (2013). Most people cannot lug around every piece

---

[5] The few cases where courts have held that computers as a whole, including all of their files and programs were subject to forfeiture have largely been decided on procedural grounds or by citing to these cases.  See e.g., *United States v. Noyes*, 557 F. App'x 125, 127 (3d Cir. 2014) (Noyes' motion requesting the return of files and programs contained on computers that were the subject of the forfeiture order was essentially a challenge to the forfeiture order itself. Noyes was required to challenge the scope of the forfeiture order on direct appeal, but he failed to do so); *Bastian v. Unites States*, 8:17-cv-309, 2019 WL 1040983 at *5 (D. Neb. Mar. 5, 2019) (Bastian waived any claims he might have to non-contraband data located on the seized laptop's hard drive by his guilty plea and agreement to forfeit and abandon any and all claim to items seized by law enforcement, including his laptop computer and hard drive); *United States v. Hewitt*, No. CR 06-20022-01, 2013 WL 12366626, at *3 (W.D. La. June 14, 2013) (holding only that defendant was not an innocent owner with regard to the computer and hard drive he used to download and view child pornography from the internet and that such property was clearly subject to forfeiture).

of mail they have received for the past several months, every picture they have taken, or every book or article they have read—nor would they have any reason to attempt to do so.

*Id*. at 393–94.  An apt analogy is to a filing cabinet (computer) and the paper files contained in it (data), or to a house (computer) and the various items of its owner's personal property (data) contained within it.  The data stored on Mr. Sanders's devices can be removed and transferred to different devices in the same way you can move a piece of paper from one location to another. Had the government seized a filing cabinet full of child pornography, or a home used to facilitate the sale of narcotics, it would undoubtedly return the papers in the filing cabinet with no nexus to the offense and the furniture and personal items located in the home.

This Court should meet with great skepticism any rule that would prevent an individual convicted of a federal crime from seeking the return of his personal property—here years' worth of legitimate electronic files including family photos, correspondence, and personal and business records, merely because the computer hardware was utilized to commit an internet-based crime and a quantity of contraband files still exist on the hard drive of that same physical device.

The purpose of forfeiture in this case is to ensure that all visual depictions of child pornography and the property used to commit, to promote, or to facilitate the commission of the crimes are destroyed. See 18 U.S.C. §§ 2253(a)(1) and 2253(a)(3).  Forfeiture of Mr. Sanders's non-contraband personal and business files does not serve this or any legitimate governmental purpose.

**Conclusion**

Mr. Sanders retains a property interest in the non-contraband data that is unconnected to criminal activity.  This Court should enter an order directing the government to return copies of Mr. Sanders's non-contraband, electronically stored information employing Mr. Sanders's cost

and labor shifting proposals for segregating and recovering the non-contraband data on his

electronic devices.  If the parties dispute the cost of segregating, copying and reviewing the data,

the government should be required to present evidence at a hearing of the cost and difficulty of

doing so.[6]  Finally, the Court delay entry of a preliminary order of forfeiture until such time as

Mr. Sanders's right to the return of his property is decided.

<div style="margin-left: 40%">

Respectfully submitted,

ZACKARY ELLIS SANDERS
By Counsel

_____*/s/*_____
Nina J. Ginsberg (#19472)
DiMuroGinsberg, P.C.
1101 King Street, Suite 610
Alexandria, VA  22314
Telephone: (703) 684-4333
Facsimile: (703) 548-3181
Email: nginsberg@dimuro.com


_____/s/_____
Jonathan Jeffress (#42884)
Jade Chong-Smith (admitted *pro hac vice*)
KaiserDillon PLLC
1099 Fourteenth St., N.W.; 8th Floor—West
Washington, D.C.  20005
Telephone: (202) 683-6150
Facsimile: (202) 280-1034
Email: jjeffress@kaiserdillon.com
Email: jchong-smith@kaiserdillon.com

</div>

---

[6] See *Gladding*, 775 F.3d at 1154 ("The district court may also order alternative measures for returning Gladding's noncontraband files other than forcing the government to pay for segregating the data itself. See, e.g., *Ramsden*, 2 F.3d at 327 (ordering the government to return documents but permitting the government to retain copies). For example, the district court can require Gladding to pay the costs of segregation by having his expert review the electronic storage devices and copy the noncontraband files to the extent otherwise permitted by law.").

_____/s/_____
H. Louis Sirkin  (admitted *pro hac vice*)
Santen & Hughes
600 Vine Street, Suite 2700
Cincinnati, OH 45202
Telephone: (513) 721-4450
Facsimile: (513) 721-0109
Email: hls@santenhughes.com


_____/s/_____
Christopher Amolsch (#43800)
12005 Sunrise Valley Drive
Suite 200
Reston, Virginia 20191
703.969.2214 (Phone)
703.774.1201 (Fax)
Email: chrisamolsch@yahoo.com


## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of March 2022, the foregoing was served electronically on the counsel of record through the US District Court for the Eastern District of Virginia Electronic Document Filing System (ECF) and the document is available on the ECF system.


_____/s/_____
Nina J. Ginsberg

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | Criminal No. 1:20-CR-143 |
| ZACKERY ELLIS SANDERS, | ) | |
| | ) | |
| Defendant. | ) | |

**MOTION FOR A PRELIMINARY ORDER OF FORFEITURE AND RESPONSE IN**

**OPPOSITION TO DEFENDANT'S MOTION FOR RETURN OF PROPERTY**

Comes now the United States of America, by counsel, and moves this Honorable Court to

enter a preliminary order of forfeiture in this case pursuant to Fed. R. Crim. P. 32.2(b), and

further files this response in opposition to defendant's motion for return of property (DE 607).

Specifically, the government seeks the forfeiture of the following:

(a) 1B1 - 4GB Sandisk Cruzer Edge thumb drive ("1B1");

(b) 1B2 - HP Elite Book 755 laptop ("1B2");

(c) 1B3 - Lexar 32GB thumb drive ("1B3");

(d) 1B5 - HP laptop S/N: 5CH1262Y5Y ("1B5");

(e) 1B6 - HP laptop S/N: CNF8255WH5 ("1B6");

(f) 1B19 - Apple iPad, S/N: DMPVGGCPHDDV ("1B19");

(g) 1B22 - Apple iPad, S/N: DMPHM3K7DVGF ("1B22");

(h) 1B24 - Apple iPad, FCC ID: BCG-E2430A ("1B24"); and

(i) 1B27 - Apple iPhone S/N; C39VJ0XDJCL6 ("1B27").

As explained in more detail below, the evidence presented sufficiently proves the nexus

between the aforementioned property and the offense of conviction, thereby triggering the

mandatory forfeiture penalty.  Moreover, the defendant's motion for return of property (DE 607) should be denied.

<center>FACTUAL BACKGROUND</center>

The facts of this case are set forth in great detail in the presentence report (DE 602). The government does not intend to repeat the facts of the case in detail, rather the government will only highlight those portions of the facts germane to the nexus between the property sought and the offense of conviction.

In August 2019, the Federal Bureau of Investigation (FBI) received information that an individual using a specific IP address accessed child sexual abuse and exploitation material on or about May 23, 2019, on a hidden service on The Onion Router (Tor) network dedicated to such content.  That IP address was registered through Cox Communications to the defendant's mother at an address in McLean, Virginia.  The defendant also resided at that address at the time.

On February 12, 2020, the FBI executed a search warrant at the defendant's residence and seized a number of electronic devices, including all of the devices the government now seeks to forfeit.  During the search, the defendant admitted to accessing and receiving child pornography through websites on the Tor network.  The defendant also stated that he transferred child pornography material that he downloaded over the Internet from his laptop to external media storage devices.

A forensic examination of the seized devices revealed that the defendant used the various devices seized from his home to communicate with minors and to produce and receive child pornography depicting these minors.  Specifically, the examination revealed that between approximately 2017 and approximately 2020, Sanders engaged in sexually explicit

<center>2</center>
<center>JA81</center>

communications over the Internet, including the production and receipt of child pornography,

with at least five minor boys who were between the ages of 13 and 17 years old, and that he

received child pornography depicting a sixth minor boy in the same timeframe.  The

defendant used electronic devices to communicate with the minors via Kik Messenger,

Telegram, online forums, iMessage application, and the dating application Grindr.

Furthermore, the forensic review of the electronic devices seized from Sanders's residence

revealed approximately hundreds of images and videos depicting child

pornography/exploitation material.

 During trial, Special Agent Christopher Ford testified that he imaged and examined

the following devices:   1B1 (Ex. 601), 1B2 (Ex. 701), 1B3 (Ex. 801), and 1B5 (Ex. 901), and

that each of the devices contained images and video of child pornography, including videos

admitted into evidence (Exs. 602-03, 702-04, 802-04, and 902) (Count 12).  Special Agent

Laura Calvillo testified that electronic devices including 1B1, 1B2, 1B3, 1B5, 1B19, and

1B22 were found and seized from the defendant's bedroom during the search of his home.

Special Agent Ford testified that the defendant used 1B19 to chat online with minors, and

specifically as to how the defendant used 1B19 to produce and receive child pornography

material depicting Minor Victim 2 (Counts 2 and 8).    Special Agent Ford also testified that

1B27 was seized from the defendant's person during the search of his home, and that the

defendant used 1B27 to chat online with minors and to produce and receive child

pornography material depicting Minor Victims 1, 3, and 5 (Counts 1, 3, 5, 7, 9, and 11).

Special Agent Ford also testified as to how the defendant used 1B27 to receive child

pornography material depicting Minor Victim 6 (Count 6).   Lastly, Special Agent Ford

testified as to how the defendant used 1B22 to chat online with minors and to produce and

receive child pornography material depicting Minor Victim 4 (Counts 4 and 10).

As explained in the declaration of Special Agent Emily Eckert, forensic examination of all the devices discovered a number of child pornography images and videos on each device.

<u>PROCEDURAL HISTORY</u>

On June 24, 2020, the federal grand jury sitting in Alexandria returned a true bill returned a twelve-count Indictment charging this defendant with Counts 1 through 5: Production of Child Pornography; Counts 6 through 11: Receipt of Child Pornography; and Count 12: Possession of Child Pornography (Document 29). A jury trial commenced on October 19, 2021. That jury trial concluded on October 27, 2021, at which time the jury convicted the defendant as charged (Document 541). Sentencing in this case is presently set for April 1, 2022, at 8:00 AM.

<u>STANDARDS GOVERNING</u>

18 U.S.C. § 2253(a) provides that defendants who are convicted "of an offense…involving a visual depiction described in section…2252…shall forfeit" three categories of property to the United States. Those categories of forfeitable property are: (1) any book, magazine, periodical, film, videotape, or other matter which contains a visual depiction described in 18 U.S.C. § 2251 et seq.; (2) any proceeds of the offense; and (3) any property used or intended to be used to commit or to promote the commission of the offense. Forfeiture is a mandatory aspect of the sentence to be imposed in this case. <u>United States v. Blackman</u>, 746 F.3d 137, 143 (4th Cir. 2014) ("The word 'shall' does not convey discretion… The plain text of the statute thus indicates that forfeiture is not a discretionary element of sentencing."). Courts may not deny forfeiture based on equitable considerations. <u>Id</u>. ("Insofar as the district court

believed that it could withhold forfeiture on the basis of equitable considerations, its reasoning was in error.").

As the Court is aware, judicial criminal forfeitures are a multi-step process, with the steps being found in Fed. R. Crim. P. 32.2 and 21 U.S.C. § 853.[1]  The first step is the entry of a preliminary order of forfeiture or consent order of forfeiture at or prior to the sentencing, pursuant to Fed. R. Crim. P. 32.2(b).  Fed. R. Crim. P. 32.2(b)(4)(A) provides that, in general, at the time of sentencing, the preliminary order of forfeiture becomes final as to the defendant, but not as to third parties.  Where specific assets are forfeited, third party interests are dealt with in the ancillary proceeding, a quiet title-type process covered under 21 U.S.C. § 853(n) and Fed. R. Crim. P. 32.2(c).  Indeed, Rule 32.2(b)(2)(A) provides that "[t]he court must enter the order without regard to any third party's interest in the property.  Determining whether a third party has such an interest must be deferred until any third party files a claim in an ancillary proceeding under Rule 32.2(c)."  Accord United States v. Cox, 575 F.3d 352, 358 (4th Cir. 2009) ("Rule 32.2 requires the issuance of a preliminary order of forfeiture when the proper nexus is shown, whether or not a third party claims and interest in the property.").  Once the government obtains a preliminary order of forfeiture with respect to specific property, Rule 32.2(b)(6) and (c) require that interested third parties be given notice of the forfeiture and that an ancillary proceeding be conducted.

The United States must prove the nexus between the property to be forfeited and the offenses of conviction by a preponderance of the evidence.  Libretti v. United States, 516 U.S. 29, 116 S. Ct. 356 (1995) (criminal forfeiture is part of sentence and not a substantive element of

---

[1] Although 21 U.S.C. § 853 is a drug forfeiture statute, its procedures apply even in this child pornography forfeiture accomplished under 18 U.S.C. § 2253 because of the provisions of 18 U.S.C. § 2253(b).

offense, so "preponderance of the evidence" standard applies); United States v. Martin, 662 F.3d

301, 307 (4th Cir. 2011) ("the government must establish a nexus between the property for

which it is seeking forfeiture and the crime by a preponderance of the evidence"); United States

v. Herder, 594 F.3d 352 (4th Cir. 2010) ("The burden is on the government to establish, by a

preponderance of the evidence, that the property at issue is subject to forfeiture").  As for the

entry of the preliminary order, Fed. R. Crim. P. 32.2(b)(1)(B) provides that "[t]he Court's

determination may be based on evidence already in the record . . . or information presented by

the parties … after the verdict or finding of guilty."  See, e.g., United States v. Farkas, 474 Fed.

Appx. 349, 360 (4th Cir. 2012) (under Rule 32.2(b)(1)(B), the Court may base its forfeiture

determination on evidence already in the record and on any additional evidence or information

submitted); United States v. Sabhnani, 599 F.3d 215, 262-63 (2d Cir. 2010) (forfeiture may be

based on testimony in the record from the guilt phase of the trial); United States v. Capoccia, 503

F.3d 103, 109 (2d Cir. 2007) (the Court may rely on evidence from the guilt phase of the trial,

even if the forfeiture is contested; it is not necessary for the government to reintroduce that

evidence in the forfeiture hearing).  Reliable hearsay is admissible to establish forfeitability.

Capoccia, 503 F.3d at 109 (because forfeiture is part of the sentencing, hearsay is admissible to

establish forfeitability); United States v. Brown, No. 11-cr-0050, 2013 WL 2473034, at *2

(D.Md. June 10, 2013) (reliable hearsay may be used to determine the amount of a monetary

judgment); United States v. Ivanchukov, 405 F.Supp.2d 708, 709 n.1 (E.D.Va. 2005) (because

the forfeiture hearing is part of the sentencing, reliable hearsay is admissible at the forfeiture

hearing).

## ARGUMENT

A. <u>The Electronic Devices are Subject to Forfeiture, pursuant to 18 U.S.C. § 2253(a)(1) and (3).</u>

As described in the factual background section above, the evidence at trial and the attached declaration from Special Agent Emily Eckert (Ex. 1), showed that each of the devices the government now seeks to have forfeited contained images and videos constituting child pornography.

Set against the above-described factual background, the electronics at issue in this case are forfeitable under two theories.  First, they are all subject to forfeiture pursuant to 18 U.S.C. § 2253(a)(1) as a matter which contains a visual depiction described in 18 U.S.C. § 2252.  In finding the defendant guilty of Counts 1 through 12 of the indictment, the jury already found that the images and videos forming the basis of those counts constitute visual depictions described in 18 U.S.C. § 2252.  The devices containing the images and videos connected to Counts 1 through 12 are now sought by the government.  As to the other devices, the evidence likewise showed that those devices contained child pornography.   As explained in Special Agent Eckert's declaration, a forensic examination of all nine devices revealed that each device contained child pornography.  The aforementioned electronics are therefore mediums which contain visual depictions of child pornography and are therefore subject to forfeiture under 18 U.S.C. § 2253(a)(1).

The nine devices the government seeks also constitute property the defendant used to commit the child pornography violations, making them forfeitable pursuant to 18 U.S.C. § 2253(a)(3).  Where a defendant uses electronics to access or store child pornography, that electronic device is subject to forfeiture as facilitating property, as described in 18 U.S.C. §

2253(a)(3). See, e.g., United States v. Evers, 669 F.3d 645, 660 (6th Cir. 2012) (where

examination of computer hard drive revealed "the offending images," the computer was subject

to forfeiture). The evidence at trial, described above and detailed in the PSR, as well as Agent

Eckert's declaration showed that each of the electronic devices and storage mediums at issue

were used to store child pornography. In addition, the defendant admitted that his laptop was

used to transfer child pornography material over the Internet from his laptop to external media

storage devices. Moreover, Agent Ford testified how the defendant used the electronic devices to

chat online with minors and to produce and receive child pornography. Since the defendant used

the devices sought for this purpose, they are also subject to forfeiture pursuant to 18 U.S.C. §

2253(a)(3).

B. The Nine Devices are Subject to Forfeiture in their Entirety.

In a motion filed on March 28, 2022 (DE 607), the defendant requests that the Court enter

an Order directing the United States to preserve and retain copies of certain portions of the

contents of some of the electronic devices seized by the government in the course of its

investigation. The requested relief is both contrary to the law of forfeiture, and further would

impose an undue burden on limited government resources.

The use of the devices to store such illegal images subjects the devices to forfeiture in

their entirety, to include any and all contents on the device. See, e.g., United States v. Noyes,

557 F. App'x. 125, 127-28 (3d Cir. 2014) (noting that property forfeited under § 2253 is forfeited

in its entirety; thus, when a computer is forfeited in a child pornography case, the data stored on

the computer is forfeited as well); United States v. Wernick, 673 Fed. App'x. 21 (2nd Cir. 2016)

(affirming district court's exercise of discretion not to grant motion for the return of untainted

data that cannot be easily disentangled from tainted data with which it has been commingled),

affirming United States v. Wernick, 2015 WL 8488774 (E.D.N.Y. Dec. 10, 2015) (following

Noyes: defendant convicted of child pornography may be ordered to forfeit his computer and its

peripherals without regard to their containing digital files that were unrelated to his criminal

offense); United States v. Hoffman, 2018 WL 5973763 (E.D. Va. Nov. 14, 2018) (defendant

convicted of espionage forfeited his computers in their entirety and has no right to the return of

family photos stored on them; following Noyes).  However, the Ninth Circuit takes a different

view in United States v. Gladding, 775 F.3d 1149 (9th Cir. 2014), than the Third Circuit takes in

Noyes, though the Ninth Circuit in Gladding never definitively ruled on the issue.  Rather, the

Ninth Circuit remanded the Gladding case to the District Court.

  In Gladding, a defendant entered a guilty plea to receiving or distributing child

pornography and possession of materials containing depictions of minors engaged in sexually

explicit conduct.  The defendant's plea agreement included a provision that forfeited the

computers used to commit the offenses.  The government agreed to work with Gladding to

retrieve the non-contraband files on the forfeited computer, after which point Gladding entered

his plea as described above.  After negotiations broke down, Gladding filed a motion for return

of all non-contraband files on his computers.  The U.S. District Court for the Eastern District of

California then entered a forfeiture order that stated, in part: "The Preliminary Order of

Forfeiture is made final as to contraband items only." Gladding, 775 F.3d at 1151.

  The District Court denied the motion for return of property, prompting an appeal.

Initially, the Ninth Circuit affirmed in an unpublished opinion, United States v. Gladding, 584 F.

App'x. 464 (9th Cir. 2014).  Following a rehearing, however, the Ninth Circuit reversed the

District Court's order and remanded the matter, holding that the government's proffer to the

District Court that it was almost impossible to separate the non-contraband files from those that

were contraband did not constitute evidence.  <u>Gladding</u>, 775 F.3d at 1153.  That point of law is, of course, fairly basic and is reflected in a commonly given jury instruction in this District—that the comments of the attorneys are not evidence.  The Ninth Circuit even noted that "*[i]n the government's view*, the district court's forfeiture order did not cover Gladding's noncontraband files even though those files were intermingled with files containing child pornography."  <u>Id</u>. (emphasis added).  The Ninth Circuit went on to observe that:

> This type of forfeiture order is uncommon according to the government.  The government contends that, in the normal course, a defendant forfeits all the files on an electronic storage device when it forfeits the device itself, whether those files are contraband or not.  **We do not express an opinion on the validity of the district court's order requiring Gladding to forfeit only contraband files**….
> But the district court's prior forfeiture order by its terms excluded those files, instead stating the "Preliminary Order of Forfeiture is made final as to contraband items only."

<u>Id</u>. at 1153, n. 1 (emphasis added).  Since the government in the Eastern District of California could not argue that the forfeiture of the devices necessarily included the forfeiture of the data on the devices, the government was left with the alternative argument that the difficulty and cost of separating the contraband from the non-contraband constituted a legitimate reason to retain Gladding's property.  <u>Id</u>. at 1154.  On remand to the District Court, the parties ended up resolving the matter, obviating the need for further Court intervention.  <u>See</u> <u>United States v. Gladding</u>, No. 1:09-cr-265 (E.D.Ca. Jan. 25, 2016) (Document 182—review hearing showing that the parties resolved the remanded issues).

It should be noted that this case is not in the same posture as the <u>Gladding</u> case, where the order of forfeiture plainly covered only the contraband files within the devices and the government conceded as much.  In addition, the government agreed to give copies of noncontraband materials to the defendant at the change of plea hearing.  Here, the government has not agreed to give copies of noncontraband items within the nine devices to the defendant.

In addition, the proposed order of forfeiture lists the devices with no caveats attached. While some of the comments in the Ninth Circuit's Gladding opinion indicate that that Court would entertain a more general argument that the forfeiture of an electronic device in a child pornography case does not necessarily mean the data within that device is forfeited, the Ninth Circuit in Gladding never squarely reached the issue. The Court in Noyes, which reached the issue decided that the forfeiture of the device necessarily includes the forfeiture of all data therein, a conclusion which, as the government will explain, finds support in the plain language of the applicable forfeiture statute and a bedrock principle of forfeiture law—that forfeiture is mandatory.

In United States v. Noyes, 557 F. App'x. 125 (3d Cir. 2014), the defendant had been convicted of transportation, receipt and possession of child pornography following a several day jury trial. Following the guilt phase of that trial, Noyes chose to exercise his right under Fed. R. Crim. P. 32.2(b)(5) to retain the jury for forfeiture. The jury found that Noyes used two computers to commit the child pornography offenses, and the Court issued a preliminary order of forfeiture accordingly. United States v. Noyes, 1:08-cr-55 (W.D.Pa. Apr. 13, 2011) (Document 155). The Court later entered a final order of forfeiture in the matter with respect to the two computers. Id. (Document 186).

Noyes filed a motion for return of seized property seeking the return of all non-contraband data on the two forfeited computers. The District Court denied the motion and the Third Circuit affirmed. The Third Circuit in Noyes took the position that the defendant "requested the return of certain files and programs contained on the forfeited computers, but the computers *as a whole*, *including all of their files and programs*, were subject to the forfeiture order." Noyes, 557 F. App'x. at 127 (emphasis added). The Third Circuit pointed to the child

pornography forfeiture statute, the same statute at issue in this case, 18 U.S.C. § 2253(a)(3) and noted that nothing in the statute indicated that only a portion of computer can be forfeited.  Id.

Likewise, in United States v. Wernick, 148 F.Supp.3d 271 (E.D.N.Y. 2015), the defendant was convicted of receipt, distribution, possession and reproduction of child pornography, as well as enticing minors to engage in sexual activity.  Id. at 272.  At Wernick's sentencing, the Court entered a consent order of forfeiture providing for the forfeiture of numerous electronic devices.  Id.  Wernick later filed a motion seeking the return of all contents on the electronic devices except for still images and videos, explaining that "[t]hat automatically excludes all contraband, such as child pornography, and, beyond that, obviates the need for a time-consuming culling of contraband from non-contraband images."  Id. at 273.

The District Court held that both the order of forfeiture entered in Wernick's case and 18 U.S.C. § 2253 precluded the relief Wernick sought.  Id. at 274-75.  As to the order of forfeiture, the District Court cited two points:

> …the listing of the forfeited properties, considered in conjunction with (1) the explanation in the order that each of those items was "involved" in the counts of conviction, and (2) the resulting court-ordered forfeiture of *all of the defendant's interest* in such items (which, of semantic necessity, includes their contents *in toto* and related mirror-images), is fatal to his claim…

Id. at 275 (emphasis in the original).  The District Court in Wernick concluded that "[i]n sum, defendant's effort to limit the scope of the Order to contraband is not only inconsistent with its language and with the terms of Section 2253(a) but is also contrary to the persuasive rationale set forth in Noyes."  Id. at 276.  As explained herein, the same could be said in this case.

On appeal, the Second Circuit stated that the district court did not err in denying Wernick's Rule 41(g) motion.  United States v. Wernick, 673 F. App'x 21, 25 (2d Cir. 2016).  The court noted that Wernick did not seek files that could easily be disentangled from the

devices; rather, he sought all non-pictorial files on the hard drive and meta data.  Id.  The same

concerns are present here, as the defense seeks all non-contraband, personal and business digital

records and photographs stored on nine devices.  As FBI Special Agent Andrew Kochy states in

this declaration (Ex. 2), it would be difficult and take considerable resources for a forensic

examiner to disentangle this data from the contraband.  In addition to child pornography, the

defendant's electronic devices also contain victim information.  The Second Circuit in Wernick

noted that it was "impossible confidently to conclude that none of the data was used to facilitate

the offenses of conviction (such as contact information for parties to the crimes or records of

internet chats concerning the criminal activity)."  Id.  However, the Second Circuit stated that it

was not deciding the question of whether defendants were entitled to data unconnected to the

offense of conviction that is located on an electronic device that is itself forfeitable as property

used to commit the offense, pursuant to 18 U.S.C. § 2253(a)(3).  Id. at 26.

    In Hoffman, the defendant was convicted of attempted espionage, in violation of 18 §

U.S.C. § 794(a) following a jury trial.  Hoffman, 2018 WL 5973763, at *1. The Court entered a

Consent Order of Forfeiture, listing several electronic devices to be forfeited, pursuant to 18 §

U.S.C. § 794(d).  Id.  The defendant filed a motion for return of seized property seeking family

and professional photos, videos, and files on the devices.  Id.  The Court denied the motion,

stating, "like the forfeiture statute at issue in Noyes, there is no language in 18 U.S.C. § 794(d)

(the applicable forfeiture statute) indicating that only a portion of the forfeited property can be

forfeited."  Id. at *3.

    As the Court is aware, it has become well-established that forfeiture is mandatory.

United States v. Blackman, 746 F.3d 137, 143 (4th Cir. 2014) (statutory language providing "that

the district court shall order forfeiture" meant forfeiture was mandatory).  The fact that forfeiture

is mandatory means that the Court must order the forfeiture of *all* assets covered by the forfeiture statute connected to the offense of conviction.  See, e.g., United States v. Evick, 286 F.R.D. 296, 298 (N.D.W.Va. 2012) ("…the Fourth Circuit has specifically ruled that a district court does not have the discretion to ignore a statutory forfeiture provision…this Court is required to impose statutory forfeiture provisions upon the conviction of a defendant") (citing United States v. Jalaram, Inc., 599 F.3d 347, 351 n.3 (4th Cir. 2010)).  As one Appellate Court has observed, "the district court has no discretion to reduce or eliminate mandatory criminal forfeiture."  United States v. Newman, 659 F.3d 1235, 1240 (9th Cir. 2011).  As referenced above, the proposed preliminary order of forfeiture in this case references two classes of property covered under 18 U.S.C. § 2253—matter which contains child pornography and property facilitating the offenses. Specifically, in pertinent part 18 U.S.C. § 2253 provides:

> (a) Property subject to criminal forfeiture.—A person who is convicted of an offense under this chapter involving a visual depiction described in section 2251, 2251A, 2252, 2252A, or 2260 of this chapter or who is convicted of an offense under section 2252B of this chapter,, or who is convicted of an offense under chapter 109A, *shall forfeit* to the United States such person's interest in—
>
> (1) any visual depiction described in section 2251, 2251A, or 2252 2252A, 2252B, or 2260 of this chapter, or any book, magazine, periodical, film, videotape, *or other matter which contains any such visual depiction*, which was produced, transported, mailed, shipped or received in violation of this chapter;
>
> (3) any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property.

(emphasis added).  Of course, in determining the meaning of a statute, "words will be interpreted as taking their ordinary, contemporary, common meaning."  United States v. Serafini, 826 F.3d 146, 149 (4th Cir. 2016) (quoting Perrin v. United States, 444 U.S. 37, 432 (1979)).  18 U.S.C. § 2253(a)(1) makes clear that forfeiture is not limited to the offending image itself, rather it includes the medium on which that image is stored—"any book, magazine, periodical, film,

videotape, or other matter which contains any such visual depiction." Under the statute as written, the Court cannot order only the forfeiture of the page in the magazine that has an image of child pornography, rather the whole magazine must be forfeited, even if it is otherwise full of completely innocent material. Likewise, the statute makes clear that one cannot later come to the Court under the auspices of a Rule 41 motion for return of seized property and ask for the return of all the pages in the magazine except the one with the image of child pornography because the statute required that the whole magazine be forfeited. See United States v. Bernard, 537 F. App'x. 72, 74 (3d Cir. 2013) (defendant cannot use a Rule 41 motion to challenge a forfeiture order); Young v. United States, 489 F.3d 313, 315 (7th Cir. 2007) (same holding—"criminal forfeiture…must be challenged on direct appeal or not at all," Rule 41 motion is an improper vehicle by which to challenge the forfeiture order). So too it is with a computer, a thumb drive, a smartphone, a disc or "any…other matter which contains any such visual depiction." 18 U.S.C. § 2253(a)(1). The statute, the application of which is mandatory and which may not be reduced, thus requires the forfeiture of the offending images *and the electronic devices those images were on*.

Furthermore, the Court should be skeptical of a rule which obligates the government to expend considerable resources, both in time and money, to extract innocent data from a defendant's computer when he chooses to store contraband on the same media along with the innocent data, something the defendant alone could have avoided had he simply not comingled his contraband with innocent data in the first place. Further, based on the above authorities, the Court is not writing on a blank slate with respect to the issue presented here. The statute at issue, 18 U.S.C. § 2253 requires the forfeiture of any device containing child pornography and any device used as facilitating property. Under the statute, one need not pause to consider how much

child pornography remains on the device or how often the device was used to coerce a minor into producing child pornography, rather the whole device must be forfeited if used in this manner. Congress could have limited forfeitures under 18 U.S.C. § 2253 to the photos or chats themselves, but they did not and Fourth Circuit precedent requires that the statute be given its plain meaning as written.

The federal Courts in the United States that have squarely confronted and ruled on this issue have held that the whole device must be forfeited under 18 U.S.C. § 2253. Given the number of devices and the amount of data on each electronic device, the undertaking of separating contraband and noncontraband data would be costly and difficult.[2] This remains the case even if the Court utilizes the protocol suggested by the defense, as this protocol still requires the FBI to conduct the review (Ex. 2). The separation would take a significant amount of resources and time as the government would have to be certain that among the thousands of files, the defendant was not handed a single file that constitutes contraband. As the Court is aware, a great number of child pornography and child exploitation cases make their way through the federal Courts in the Eastern District of Virginia every year. Needless to say, if every one of those child pornography and exploitation defendants each year could force law enforcement agencies to engage in the process being done in this case, it would be an enormous drain on their resources. In so draining their resources, it would also take them away from their important mission of protecting children from predators. While perhaps legally irrelevant, the government

---

[2] Indeed, the defendant previously sought multiple continuances of the trial in this matter and requested special accommodations to review the forensic evidence in this case specifically because of the "mountain of digital evidence" on his devices. See (DE 265); see also (DE 145, 192). These requests came after the government had already greatly narrowed the universe of data on his devices to the data relevant to the charges in the indictment. The amount of data the defendant now contemplates is significantly larger than the "mountain" of evidence the defendant initially reviewed prior to trial.

also pauses to consider that this defendant is likely facing a significant period of incarceration. In other words, the defendant will not actually receive any of the materials he is asking to have returned for years.

### PROCEDURE WITH RESPECT TO THIS MOTION

Fed. R. Crim. P. 32.2(b)(4)(A) provides that, at sentencing, a preliminary order of forfeiture becomes final as to the defendant. Therefore, as a general rule, a preliminary order of forfeiture must be entered as to a defendant by the time of sentencing. See, e.g., United States v. Petrie, 302 F.3d 1280, 1284-85 (11th Cir. 2002) (preliminary order of forfeiture entered approximately six months after the defendant's sentencing vacated because the District Court no longer had jurisdiction to enter the order). But see United States v. Martin, 662 F.3d 301, 307 (4th Cir. 2011) (missing the sentencing deadline to enter a forfeiture order does not deprive the District Court of jurisdiction to do so, provided the Court makes clear prior to sentencing that it plans to order forfeiture); United States v. Mearing, Case No. 18-4026, at p. 4-5 (4th Cir. May 29, 2018) (citing Martin). The government is not requesting a hearing and, for its part, is asking the Court to determine this matter on the pleadings. However, if either party requests a hearing on the forfeiture, Fed. R. Crim. P. 32.2(b)(1)(B) provides that "the court must conduct a hearing . . .." Therefore, should the defendant request a hearing, the government respectfully requests that the Court take up this motion no later than at the sentencing hearing itself, prior to the imposition of sentence.

Fed. R. Crim. P. 32.2(b)(4)(B) provides that the Court "must include the forfeiture when orally announcing the sentence or must otherwise ensure that the defendant knows of the forfeiture at sentencing." That same rule also provides that the Court "must…include the forfeiture order, directly or by reference, in the judgment."

<u>CONCLUSION</u>

Since the nine devices listed at the outset of this motion all contained child pornography

that the evidence showed that the defendant either possessed or received, they are subject to

forfeiture pursuant to 18 U.S.C. §§ 2253(a)(1) and (a)(3).  The government therefore respectfully

requests that the Court enter a preliminary order of forfeiture forfeiting the nine electronic

devices sought to the United States.  A proposed order is attached for the Court's consideration.

The government further respectfully requests that the Court deny the defendant's motion for

return of property (DE 607).


Respectfully submitted,

JESSICA D. ABER
UNITED STATES ATTORNEY

By:    /s/ Annie Zanobini_____ ____
Annie Zanobini
Assistant United States Attorney
California State Bar No. 321324
Attorney for the United States
2100 Jamieson Avenue
Alexandria, VA 22314
Office Number: 703/299-3700
Facsimile Number: 703/299-3982
Email Address: Annie.zanobini2@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that, on the 29th of March 2022, I electronically filed the foregoing with

the Clerk of Court using the CM/ECF system which will send a notification of such filing (NEF)

to all counsel of record.



By:    /s/ Annie Zanobini_____
         Annie Zanobini
         Assistant United States Attorney
         California State Bar No. 321324
         Attorney for the United States
         2100 Jamieson Avenue
         Alexandria, VA 22314
         Office Number: 703/299-3700
         Facsimile Number: 703/299-3982
         Email Address: Annie.zanobini2@usdoj.gov

# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Case No. 1:20-cr-143 |
| v. | ) | |
| | ) | |
| ZACKARY SANDERS, | ) | |
| | ) | |
| Defendant. | ) | |

## DECLARATION IN SUPPORT OF UNITED STATES' MOTION FOR PRELIMINARY ORDER OF FORFEITURE

I, Special Agent Emily T. Eckert of the Federal Bureau of Investigation (FBI), declare as

follows:

1.      I am a Special Agent with the Federal Bureau of Investigation (FBI), and have been

in this position since March 2016.  I currently am assigned to the FBI Washington Field Office

(WFO) Child Exploitation and Human Trafficking Task Force (CEHTTF), where I investigate

crimes involving the sexual exploitation of children, including but not limited to the production,

distribution, and receipt of child pornography.  As a Special Agent with the FBI, I received training

on investigative techniques related to crimes involving the sexual exploitation of children,

including surveillance techniques, undercover activities, obtaining and analyzing digital records,

analyzing stored digital media, and the application for and execution of search and arrest warrants.

I have conducted and assisted in federal child exploitation investigations and have participated in

the execution of numerous search warrants in support of child exploitation investigations.

2.      As a federal agent, I am authorized to investigate violations of laws of the United

States, and as a law enforcement officer I am authorized to execute warrants issued under the

authority of the United States.

3.      I am a case agent assigned to assist with the investigation of Zackary Sanders (the Defendant) for violation of Title 18 U.S.C.§ 2251(a) & (e), production of child pornography, Title 18 U.S.C.§ 2252(a)(2) & (b)(1), receipt of child pornography, and Title 18 U.S.C.§ 2252(a)(4)(B) & (b)(2), possession of child pornography. Based on a review of the FBI's investigative case file, court documents, and discussions with other law enforcement personnel involved in the prosecution of this case, the following nine items of evidence were seized by the FBI and contained suspected child pornography:

- 1B1 - 4GB Sandisk Cruzer Edge thumb drive
- 1B2 - HP Elite Book 755 laptop with cord
- 1B3 - Lexar 32GB thumb drive
- 1B5 - HP laptop S/N: 5CH1262Y5Y w/ cord
- 1B6 - HP laptop S/N: CNF8255WH5 w/ cord
- 1B19 - Apple iPad, S/N: DMPVGGCPHDDV
- 1B22 - Apple iPad, S/N: DMPHM3K7DVGF
- 1B24 – Apple iPhone, FCC ID: BCG-E2430A
- 1B27 – Apple iPhone S/N; C39VJ0XDJCL6

4.      The nine aforementioned electronic devices were seized by the FBI on February 12, 2020, during the execution of a federal search warrant of the Defendant's residence in McLean, Virginia.

5.      The nine aforementioned electronic devices were reviewed by a FBI Special Agent Christopher Ford and all were determined to contain content consistent with suspected child pornography.

6.      Specifically, the SanDisk Cruzar Edge Thumb Drive, was found to contain at least

two videos depicting minor males engaging in sexual activity with each other including anal penetration, digital penetration, and oral sex.

 7. The HP Elite Book Laptop was found to contain at least 20 images and 20 videos depicting suspected child pornography. One of the videos was 17 minutes in length and included a compilation of videos of minor males engaging in sexual activity including masturbation, oral sex, and anal penetration.

 8. The Lexar 32GB Thumb Drive was found to contain at least 15 images and 80 videos depicting suspected child pornography.

 9. The HP Laptop S/N 5CH1262Y5Y was found to contain at least 150 images and 130 videos depicting suspected child pornography. Included is a video depicting an adult male engaging in sexual acts with a male baby. The adult male attempts to masturbate the baby's penis and appears to anally penetrate the baby.

 10. The HP Laptop S/N CNF8255WH5 was found to contain at least 40 images and 7 videos depicting suspected child pornography.  Included is a video depicting a minor male masturbating with his hands for the duration of the video.

 11. The Apple iPad S/N DMPVGGCPHDDV was found to contain at least 100 images and 15 videos depicting suspected child pornography. Included in this item was at least one known fourteen year old victim that produced child pornography for Zackary Sanders.

 12. The Apple iPad S/N DMPHM3K7DVGF was found to contain at least 100 images and 15 videos depicting suspected child pornography. Included in this item are conversations on KIK between Saunders and multiple possible minor victims that create child pornography under Saunders' direction.

 13. The Apple iPhone FCC ID FCC ID: BCG-E2430A was found to contain at least

24 images depicting suspected child pornography. Included in the images were individual males that appeared to be minors, exposing their erect penises to the recording device. The minor males, all in separate images, took pictures of their penises, and the penis was the sole focus of the picture.

14.    The Apple iPhone S/N; C39VJ0XDJCL6 was found to contain at least 100 images and 15 videos depicting suspected child pornography. Included in this is a video depicting the genitalia of an identified minor male victim who disclosed in a Child Forensic Interview that he created a video at the direction of Saunders.

I declare under penalty of perjury that the foregoing is true and correct.

Executed in _Manassas_, Virginia on this _28_ day of March 2022.

Emily T. Eckert
Special Agent
Federal Bureau of Investigation

JA103

Case 1:20-cr-00143-TSE   Document 610-1   Filed 03/29/22   Page 6 of 11 PageID# 13296

# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Case No. 1:20-cr-143 |
| v. | ) | |
| | ) | |
| ZACKARY ELLIS SANDERS, | ) | |
| | ) | |
| Defendant. | ) | |

**DECLARATION IN SUPPORT OF UNITED STATES'
MOTION FOR PRELIMINARY ORDER OF FORFEITURE**

I, Special Agent Andrew Kochy of the Federal Bureau of Investigation (FBI), declare as

follows:

1.      I am a Special Agent with the Federal Bureau of Investigation (FBI), and have been

in this position since November 2002.  I am currently assigned to the FBI Washington Field Office

(WFO) Computer Analysis Response Team (CART), as an FBI certified Forensic Examiner.  I am

responsible for the acquisition, preservation, examination processing, and presentation of stored

digital information on computers or other electronic devices or media.  As a Forensic Examiner

with the FBI, I received extensive training on the application of digital forensics across all

violations investigated by the FBI.  I have conducted forensic examinations associated with federal

child exploitation investigations and assisted with the execution of search warrants in support of

child exploitation investigations.

2.      As a federal agent, I am authorized to investigate violations of laws of the United

States, and as a law enforcement officer I am authorized to execute warrants issued under the

authority of the United States.

3.      I am a forensic examiner assigned to assist with the investigation of Zackary

**JA105**

Sanders (the Defendant) for violation of Title 18 U.S.C.§ 2251(a) & (e), production of child

pornography, Title 18 U.S.C.§ 2252(a)(2) & (b)(1), receipt of child pornography, and Title 18

U.S.C.§ 2252(a)(4)(B) & (b)(2), possession of child pornography. Based on a review of the FBI's

investigative case file, court documents, and discussions with other law enforcement personnel

involved in the prosecution of this case, the following nine items of evidence were seized by the

FBI with a relative total storage size of three (3) Terabytes (TB):

- 1B1 - Sandisk Cruzer Edge thumb drive

- 1B2 - HP Elite Book 755 laptop

- 1B3 - Lexar thumb drive

- 1B5 - HP laptop S/N: 5CH1262Y5Y

- 1B6 - HP laptop S/N: CNF8255WH5

- 1B19 - Apple iPad, S/N: DMPVGGCPHDDV

- 1B22 - Apple iPad, S/N: DMPHM3K7DVGF

- 1B24 – Apple iPhone, FCC ID: BCG-E2430A

- 1B27 – Apple iPhone S/N; C39VJ0XDJCL6

4.      The nine aforementioned electronic devices were seized by the FBI on February

12, 2020, during the execution of a federal search warrant of the Defendant's residence in McLean,

Virginia.

5.      The nine aforementioned electronic devices were reviewed by FBI Special Agent

Christopher Ford and all were determined to contain content consistent with suspected child

pornography.

6.      Due to the storage size of the related items, a significant government effort would

be required to provide access to retrieve the requested material.  Previous review conducted by

**JA106**

defense forensic examination required the participation of two FBI forensic examiners to ensure contraband was not removed. Defense examination review was conducted on no less than three separate occasions. These reviews totaled approximately eight days. Subsequent review by FBI examiners required days' worth of review, and routinely found contraband on defense media. Additionally, the FBI provided space and equipment to facilitate this review. This support is configured on an as needed basis and would need to be reconfigured for future requests. To assist in the defense review, and per their request, FBI examiners preloaded material for the defense to cut down on time the defense was in FBI space. The loading of these files often took days to complete. Due to the volume of contraband found on these devices, the FBI assess significant effort would need to be provided to ensure to contraband was removed.

7.      To complete this request, the defense forensic examiner will be presented with an image of the original device noted above. The defense examiner will then need to process and extract the requested information from the device. Each extraction, depending on size, can take hours and days to process. Once items have been identified by the defense examiner, they will need to be exported for review by the FBI. An FBI examiner will be required to visually inspect every picture, text message, email, document, and file which is exported by the defense. It is not uncommon for a digital image to contain millions of files, and depending on the type of export, some or all of these files may need review.

8.      As a standard, 1TB of information could produce 250,000 pictures using a 12MP camera. In this case there is roughly 3TB of digital storage to review. This could result in approximately 750,000 pictures. Based on my experience, it takes roughly three (3) seconds to review a picture in an optimal computer environment. Should the defense export all of these files, an FBI examiner would need approximately 78 business days to review for contraband. Use of

**JA107**

such tools as Griffeye will not alleviate the manual review required to identify all contraband within digital media. The Griffeye data base is created by previously identified, and categorized, child pornography images. If images are not currently identified in the database, Griffeye will return a result of "Uncategorized". This category would still require a manual review by a FBI examiner. Griffeye relies on the known hash sets to identify child pornography images. If an image has been cropped or altered in any way, Griffeye will return a result of "Uncategorized" as the new image does not match the hash on file.

9.      Additionally, no tool exists which would quickly review text messages, chats, emails, or documents for contraband. All of these items would require manual review by the FBI. It is not uncommon for a single chat session to have hundreds or thousands of independent threads. At present the review process for chats requires the manual selection of the chat and scrolling through every subsequent thread. If parts of a chat are deemed contraband, the FBI examiner would have to remove the individual threads and re-export the chat. Depending on the number of chats, this process can take days or weeks to complete.

10.      As a standard, 6.5 million document pages can be contained within 1TB of digital storage. For this investigation, the volume of documents could reach as high as 19.5 million document pages. Based on my experience, it can take between 10 and 30 seconds per document/email to review. Should the defense request all documents from the investigation, an FBI review could take up to 6770 work days. Even if the defense exports only 1% of the possible document/email files, an FBI review could still take up to 67 work days.

I declare under penalty of perjury that the foregoing is true and correct.

Executed in  _Manassas_ , Virginia on this  _29_  day of March 2022.

Andrew Koohy
Special Agent
Federal Bureau of Investigation

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | Criminal No. 1:20-CR-143 |
| ZACKARY ELLIS SANDERS, | ) | |
| | ) | |
| Defendant. | ) | |

**PRELIMINARY ORDER OF FORFEITURE**

WHEREAS, on October 27, 2021, defendant Zackary Ellis Sanders was found guilty by a jury of all twelve counts of the Indictment, charging the defendant with Production of Child Pornography, in violation of 18 U.S.C. § 2251(a) & (e); Receipt of Child Pornography, in violation of 18 U.S.C. § 2252(a)(2) and (b)(1); and Possession of Child Pornography, in violation of 18 U.S.C. § 2252(a)(4)(B) & (b)(2);

AND WHEREAS, the Court's jurisdiction is founded upon 18 U.S.C. §§ 2253(a)(1) and (a)(3);

AND WHEREAS, on March 28, 2022, and pursuant to 18 U.S.C. § 2253, the United States filed a Motion for Preliminary Order of Forfeiture requesting the forfeiture of the following devices:

(a) 1B1 - 4GB Sandisk Cruzer Edge thumb drive;

(b) 1B2 - HP Elite Book 755 laptop;

(c) 1B3 - Lexar 32GB thumb drive;

(e) 1B5 - HP laptop S/N: 5CH1262Y5Y;

(e) 1B6 - HP laptop S/N: CNF8255WH5;

(f) 1B19 - Apple iPad, S/N: DMPVGGCPHDDV;

(g) 1B22 - Apple iPad, S/N: DMPHM3K7DVGF;

**JA110**

(h) 1B24 - Apple iPad, FCC ID: BCG-E2430A; and

(i) 1B27 - Apple iPhone S/N; C39VJ0XDJCL6.

AND WHEREAS, the Court finds the government has established the requisite nexus between the property to be forfeited and the offenses of conviction as prescribed by Rule 32.2(b)(1)(A);

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1.     The following property is forfeited to the United States pursuant to 18 U.S.C. §§ 2253(a)(1) and (a)(3):

> **(a) 1B1 - 4GB Sandisk Cruzer Edge thumb drive;**
>
> **(b) 1B2 - HP Elite Book 755 laptop;**
>
> **(c) 1B3 - Lexar 32GB thumb drive;**
>
> **(d) 1B5 - HP laptop S/N: 5CH1262Y5Y;**
>
> **(e) 1B6 - HP laptop S/N: CNF8255WH5;**
>
> **(f) 1B19 - Apple iPad, S/N: DMPVGGCPHDDV;**
>
> **(g) 1B22 - Apple iPad, S/N: DMPHM3K7DVGF;**
>
> **(h) 1B24 - Apple iPad, FCC ID: BCG-E2430A; and**
>
> **(i) 1B27 - Apple iPhone S/N; C39VJ0XDJCL6.**

2.     The government is hereby authorized to seize and take exclusive custody and control of the forfeited assets, which are hereby forfeited in their entirety, including any hardware, as well as any software or data contained on them.

3.     Upon the seizure of any property, the government shall, to the extent practicable,

provide direct written notice to any persons known to have alleged an interest in the seized property, and shall publish notice of this order in accordance with Federal Rule of Criminal Procedure 32.2(b)(6).

4.      Any person, other than the defendant, asserting any legal interest in the property may, within thirty days of the publication of notice or the receipt of notice, whichever is earlier, petition the Court for a hearing to adjudicate the validity of their alleged interest in the property.

5.      Following the Court's disposition of all timely petitions filed, a final order of forfeiture shall be entered.   If no third party files a timely petition, this order shall become the final order of forfeiture, as provided by Federal Rule of Criminal Procedure 32.2(c)(2), and the United States shall have clear title to the property, and shall dispose of the property in accordance with law.

6.      Pursuant to Rule 32.2(b)(4)(B), this order of forfeiture shall be included in the Judgment imposed in this case.


Dated this _____ day of _____ 2022.


_____
UNITED STATES DISTRICT JUDGE

I Ask For This:

Jessica D. Aber
United States Attorney


By:     /s/ Annie Zanobini
        Annie Zanobini
        Assistant United States Attorney
        California State Bar No. 321324
        Attorney for the United States
        2100 Jamieson Avenue
        Alexandria, VA 22314
        Office Number: 703/299-3700
        Facsimile Number: 703/299-3982
        Email Address: Annie.zanobini2@usdoj.gov

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Case No. 1:20-cr-00143 |
| v. | Honorable T.S. Ellis, III |
| ZACKARY ELLIS SANDERS, | |
| Defendant. | |

## SUPPLEMENTAL BRIEF REGARDING FORFEITURE OF NON-CONTRABAND ELECTRONIC FILES AND DATA

Zackary Ellis Sanders files this brief in response to the Court's direction at the sentencing hearing to submit a memorandum addressing certain issues relating to whether Mr. Sanders must forfeit non-contraband electronic files and data on electronic devices that themselves must be forfeited. Forfeiture in this case must be limited to the contraband material (*e.g.*, illegal images) and the electronic devices that housed it, or that were used to commit or facilitate the commission of an offense of conviction. Non-contraband computer files are distinct property, separate and apart from the devices on which they reside, and there is no legal basis to subject such property to forfeiture. As a matter of law, therefore, forfeiture should not encompass non-contraband files and data that reasonably can be identified and segregated at Mr. Sanders's expense.

Notwithstanding his legal right to all non-contraband material, Mr. Sanders is willing to propose a compromise that will—at his family's expense—assuage the government's concerns regarding the expenditure of scarce resources. Under this proposal, Mr. Sanders's forensic expert will visit the United States Attorney's Office (or the FBI, if the material is now there) and

identify a very limited universe of materials (photos and files) from the devices for extraction.

The government will then have to review only this small set of materials prior to permitting their

return to the Sanders's family.  The defense respectfully submits that this compromise will

accommodate both Mr. Sanders's property interest in his family photos and other documents

while also avoiding any undue burden on the government.

## <u>DISCUSSION</u>

**A.    Non-contraband electronic files and data are not subject to forfeiture, even if the device on which they reside is subject to forfeiture.**

It is well settled that the government must return property seized as evidence once the

criminal proceedings have concluded unless the government establishes that it is contraband or is

otherwise subject to forfeiture. *See United States v. Roca*, 676 F. App'x 194 (4th Cir. 2017);

*United States v. Noyes*, 557 F. App'x 125, 127 (3d Cir. 2014); *United States v. Headley*, 50 F.

App'x 266, 267 (6th Cir. 2002); *United States v. Lindsey*, 202 F.3d 261, at *1 (4th Cir. 2000)

(per curiam) (quoting *United States v. Mills*, 991 F.2d 609, 612 (9th Cir. 1993)).

It should also be noncontroversial that individual computer files are property in and of

themselves, separate and apart from the electronic device on which they reside. A computer file

can be copied or transferred from one device to another device. It can be created on a device and

then removed from the device. The lawyers in this case create computer files using a word

processing program and then convert the file into a static ".pdf" format, a different type of file to

upload it to the Court's CM/ECF system. Indeed, companies like Microsoft make billions of

dollars each year selling computer files that allow computers to perform functions like typing

and creating legal documents. Similarly, individual electronic devices are property in and of

themselves, separate and apart from their contents.

The Court invited Mr. Sanders to address two specific cases: *United States v. Noyes,* 557 Fed. Appx. 125 (3d Cir. 2014), and *United States v. Wernick*, 673 Fed. Appx. 21 (2d Cir. 2016), both unpublished opinions. Neither case is persuasive here.

In *Noyes*, the defendant's *pro se* motion was made following issuance of a final consent order of forfeiture for his two computers. Noyes' computers as a whole, including all of their files and programs, were subject to the forfeiture order. *Noyes*, 557 F. App'x at 127. The court ruled against Noyes on procedural grounds. Although the court denied the defendant's request for the return of non-contraband files, *Noyes* did not address the issue presented here—whether the files on a computer constitute property separate and apart from the computer on which they are stored. The court in *Noyes* stressed that section 2253(a) included "'*any property* … used or intended to be used to commit or to promote the commission of such offense,'" *id.* (emphasis in original), which is true as far as it goes but is not determinative of the outcome here because non-contraband electronic files are property in and of themselves. They are property separate and apart from the device on which they currently reside, even a device that may have been used to commit an offense. In Mr. Sanders's case, the non-contraband files are not "property … used or intended to be used" to commit the offense under section 2253(a).

*Noyes* overlooked the issue Mr. Sanders is raising and instead assumed that the computer and the files were all one piece of property. *Noyes* reasoned that there is "nothing in the statute which indicates that only a portion of the 'property' can be forfeited." *Noyes,* 557 Fed. Appx. at 127 (quoting 18 U.S.C. § 2253(a)(3) (emphasis in original). Mr. Sanders is now asking the Court to decide whether the computer files are merely a "portion" of a device that should be forfeited or whether they are a distinct form of property in and of themselves warranting separate due

3

**JA116**

process and statutory protection. As discussed above, they are clearly the latter. And because

they are the latter and have no nexus to criminal activity, there is no basis for their forfeiture.[1]

At sentencing, the Court asked: "[I]s the defendant's view that he should have returned to

him those *portions of the memory* of these devices that are not criminal. Do I have that right?"

Apr. 1, 2022 Tr. at 86:14-17 (emphasis added). To clarify, that is not an accurate description of

Mr. Sanders' request. The use of the term "portions of the memory" makes the same assumption

made in *Noyes* that the computer and all of the files and data on it are one piece of property. To

be clear, they are not. The files and data reside within a container, the computer. In that respect,

the computer is the electronic version of a file cabinet. The owner of the file cabinet can add or

remove papers, photos, or other objects to or from the file cabinet. If one illegal document is

added to the file cabinet, that does not change the status of the many other papers in the file

cabinet that have no relation to illegal activity. If the FBI got a search warrant to seize and search

10 file cabinets with tens of thousands of papers, it could not seek forfeiture of all of the contents

of the file cabinets simply because it would need to review each page.

In *Wernick*, the court concluded that the district court had not abused its discretion in

denying Wernick's motion to return all data on seized electronic devices that did not contain

---

[1] The only case the government cites on this issue from this District is *United States v. Hoffman*,
No. 2:12cr184, 2018 WL 5973763 (E.D. Va.). In *Hoffman*, an espionage case involving a
consent forfeiture order, the court relied exclusively on the reasoning of *Noyes*, noting that there
was also no language in the applicable forfeiture statute "indicating that only a portion of the
*forfeited* property can be forfeited." *Hoffman*, 2018 WL 5973763, at *3. (emphasis added). Here
there is no property that has already been *forfeited*. Unlike the defendant in *Hoffman*, Mr.
Sanders has not agreed to a consent order of forfeiture. The question also unanswered in
*Hoffman* is whether Mr Sanders's removeable, non-contraband files are a distinct form of
property having the requisite nexus to criminal activity such that its forfeiture does not violate
the statute or due process.

child pornography.[2] However, the court specifically did not decide "whether defendants in some cases may retain interests in data unconnected to criminal activity that is stored on a hard drive that is forfeitable because it was 'used … to commit or to promote the commission of [a child pornography] offense.'" *Id.* at 25-26 (quoting 18 U.S.C. § 2253(a)(3) (alterations in original). Moreover, Wernick "sought the return of all non-pictorial files on the hard drive, as well as metadata relating to *all* his files (apparently including metadata for the contraband images themselves)."[3] *Id.* at 25. The court ultimately reached the conclusion that it was "impossible confidently to conclude that none of the data requested was used to facilitate the offenses of conviction" and that "'thousands and thousands of hours' would be required to segregate the computer data." *Id.* Here, Mr. Sanders has not requested metadata for contraband images and has proposed a solution that will eliminate those concerns.

The crux of the issue here is whether, for purposes of criminal forfeiture, the files stored on the hard drive of a computer or cell phone are separate items of property distinct from the electronic device on which they are currently stored. Accepted notions of property, as well as the language of the forfeiture statute, its structure, and purpose, all support the interpretation that such files are property distinct from the devices on which they reside, and that non-contraband

---

[2] *Wernick* cites *United States v. Banco Cafetero Panama*, 797 F.2d 1154, 1161-62 (2d Cir. 1986), for the proposition that "[p]roperty that is traceable to an offense is still forfeitable even if commingled with legitimate property." *Wernick*, 673 Fed. App'x at 25. *Banco Cafetero* addressed the forfeiture of drug proceeds that have been commingled with legitimate funds in a bank account. It did not hold that all monies in the account are forfeited where the drug proceeds were just a portion of the total money in the account. In that sense, *Banco Cafetero* only supports Mr. Sanders' argument.

[3] In *Wernick*, the forfeiture order required the defendant to forfeit all seized storage devices without regard to whether they contained child pornography. *Id.* at 25.

files that are not shown by the government to have been used to facilitate the offenses cannot be subject to forfeiture.

The government argues that non-contraband files are subject to forfeiture under two statutory provisions. First, it argues that, under 18 U.S.C. § 2253(a)(1), such files are subject to forfeiture because the electronic devices on which they reside constitute "other matter[s] which contain any such visual depictions." Mr. Sanders, however, does not dispute that the electronic devices themselves, separate and apart from the files on them, may constitute "other matter[s]" that are subject to forfeiture." However, the statute does not provide that such "matters" *and all of their contents* are subject to forfeiture. Indeed, the statute separately provides for the forfeiture of contraband images on such devices, first requiring forfeiture of "any visual depiction" and then "other matter[s] that contain any such visual depictions." 18 U.S.C. § 2253(a)(1). As applied to electronic devices containing contraband images, this demonstrates that (a) a computer and its files are separately considered under the statute; and (b) only files that are contraband are subject to forfeiture.

Second, the government argues that the non-contraband files are subject to forfeiture under subsection 2253(a)(3), which provides for forfeiture of "any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property." 18 U.S.C. § 2253(a)(3). Mr. Sanders is not asking for the return of any property, whether devices or files, that were allegedly used or intended to be used to commit the offenses in this case. Accordingly, if one accepts the premise, as this Court must, that computer files are intellectual property, separate and distinct from the device on which they reside, then section 2253(a)(3) is inapplicable on its face. Even if the Court were to conclude that section 2253(a)(3) is ambiguous as to non-contraband computer files, the rule of lenity

applicable to criminal law would require the Court to construe it in Mr. Sanders's favor. *See United States v. R.L.C.*, 503 U.S. 291, 293 (1992) ("No ambiguity about the statute's intended scope survives the foregoing analysis, but if any did, the construction yielding the shorter sentence would be chosen under the rule of lenity."); *Chapman v. United States*, 500 U.S. 453, 463 (1991) (A statute must be ambiguous for the rule of lenity to apply.); *Bifulco v. United States*, 447 U.S. 381, 387 (1980) (The rule of lenity "means that the Court will not interpret a federal criminal statute so as to increase the penalty that it places on an individual when such an interpretation can be based on no more than a guess as to what Congress intended."); *Larue v. Adams*, No. 1:04-0396, 2006 WL 1674487, at *15 (S.D.W. Va. June 12, 2006) ("The rule of lenity . . . requires that ambiguities in criminal or punitive statutes must be resolved in favor of the [defendant].").

Mr. Sanders agrees that the Court may order forfeiture of an electronic device *itself* under either section 2253(a)(1) (devices containing contraband images) or 2253(a)(3) (devices "used" for committing the offenses) where the government satisfies its burden of proof. What *Noyes*, at least, did not recognize (and did not address) is that computer files indisputably are a species of property in and of themselves—regardless of their storage on a cell phone or other computer device—not merely a "portion" of a computer. This is evident from the fact that non-contraband files that are *not* contained within a forfeitable device cannot be subject to forfeiture. This is true even if such files were previously on a device which later becomes subject to forfeiture. For example, if a defendant transfers family photos from a forfeitable device to another untainted device *prior to seizure*, the non-contraband files on the new device unquestionably would not be subject to forfeiture. It stands to reason then, that if those same files are transferred or copied from a forfeitable device to another device *after seizure*, they are also not subject to forfeiture.

In sum, there is no basis to order forfeiture of non-contraband computer files or data under section 2253(a)(1) because they are neither a visual depiction described in the relevant statutes (i.e., contraband images), nor are they a "portion" of a "matter which contains any such visual depiction." They are separate and distinct property from the container in which they are found. The devices are forfeitable whether or not they contain such non-contraband files.

In addition, there is no basis to order forfeiture of non-contraband computer files under section 2253(a)(3) because it is only the device that was "used or intended to be used to commit" the relevant offenses. The non-contraband files on the device are separate and distinct property that were not used or intended to be used in such a manner. If the non-contraband files are transferred from the computer, the computer is still subject to forfeiture. By the same token, if such files are transferred from the computer, there is no basis to seek their forfeiture.

**B.    Notwithstanding his legal right to the material, Mr. Sanders is willing to designate only a limited universe of material for extraction at his own expense to avoid any undue burden in view of Mr. Sanders' property rights.**

Notwithstanding his legal right to all non-contraband files and data, Mr. Sanders is willing to propose a compromise that will—at his family's expense—assuage the government's concerns regarding the expenditure of scarce resources. Under this proposal, Mr. Sanders's forensic expert will visit the United States Attorney's Office and/or the FBI and identify a specified universe of materials (photos and files) from the devices for extraction. The government will then have to review only this small set of materials prior to permitting their return to the Sanders' family. The defense respectfully submits that this compromise will accommodate both Mr. Sanders's property interest in his family photos and other documents while also avoiding any undue burden on the government.

Thus, unlike in *Wernick*, Mr. Sanders has proposed a solution to obtain the files at his expense in a way that will avoid returning contraband files. Arguably, the burden of returning property that cannot legally be subject to forfeiture should not be relevant. If there were two files on a computer—one was contraband and one was not—there would be no question that the non-contraband file should be returned. But in any event, what Mr. Sanders is asking would not be unduly burdensome, especially in view of the important nature of the files and the fact that they are not subject to forfeiture.

As Mr. Sanders's counsel has informed the government, Mr. Sanders will bear any costs of the work needed to find, segregate, and copy or transfer files that are not subject to forfeiture. That process would involve searching for certain file types (*e.g.*, .doc, .pdf, etc.), which can be done by Mr. Sanders's forensic expert. Mr. Sanders will only be identifying a very limited universe of material for extraction (e.g., family photos), so the burden on the government of reviewing the material will be limited.

For clarification, though, the government greatly exaggerates the number of files in the universe at issue. It cites 3 terabytes of digital data, including 750,000 pictures that would take 78 business days to review. ECF No. 610-1 (Agent Kochy declaration) at 3 (stating that it "could" result in 750,000 pictures and that the 78 days assumes that "the defense export[s] all of these files"). There are not three terabytes of data in play here. In fact, the total storage capacity of the three devices at issue is approximately one terabyte, and none of these devices are filled to capacity so the actual quantity of data is far less. Moreover, even within the three devices at issue, Mr. Sanders's expert would not be asking to export all files, or even a substantial

percentage of those files.[4] Mr. Sanders seeks the return of only certain, discrete types of personal files.

In terms of burden, it is not clear that manually reviewing every file is necessary, in view of the government's practices. For prosecution purposes, the government certainly does not manually review every single file on a device that is seized from a defendant that has potentially millions of files to determine if each file is contraband; it uses specialized software for that. The government attempts to portray Griffeye as inadequate to review computer files before they are returned to defendants, but that is exactly what the government does when it returns a device on which no child pornography is found. If no child pornography is found in a data file, there is no evidence the device was used to commit the alleged offenses, there is no legal basis for the government to retain it, much less subject it to forfeiture. It must return such files to the defendant. Indeed, if that was not the case, the government would *never* release *any* electronic device to any defendant without manually reviewing every file on the device, even where no contraband images had been found during the investigation. That is directly contrary to what the government does every day when executing search warrants, using its software tools to clear devices on-scene. Moreover, it is the government's burden to prove that property is subject to

---

[4] A significant portion of the 3 TB of stored data cited by the government is presumably made up of "system files," as opposed to user-created files. Substantial numbers of such system files are found on every electronic computerized device, including smart phones, tablets, and computers, and are necessary for the device and its software to operate. They are easily segregable and normally not even readable by humans, and certainly would not be sought by Mr. Sanders. *See, e.g., System File*, Wikipedia (Mar. 9, 2022), available from https://en.wikipedia.org/wiki/System_file (last accessed Mar. 31, 2022) ("A system file in computers is a critical computer file without which a computer system may not operate correctly. These files may come as part of the operating system, a third-party device driver or other sources.").

forfeiture. That includes discrete property in the form of computer files.[5] If it cannot prove that the file is contraband, it should be returned.

In any event, Mr. Sanders's proposed compromise would limit any burden that even manual review would impose.

## **CONCLUSION**

Because Mr. Sanders retains a property interest in the non-contraband files and data that are unconnected to criminal activity, this Court should enter an order directing the government to return copies of Mr. Sanders's non-contraband, electronically stored information employing Mr. Sanders's cost and labor shifting proposals for segregating and recovering the non-contraband files and data on just three electronic devices. The Court should also delay entry of a preliminary order of forfeiture until such time as Mr. Sanders's right to the return of his property is decided.

Respectfully submitted,

_/s/_
Jonathan Jeffress (#42884)
Jade Chong-Smith (admitted *pro hac vice*)
KaiserDillon PLLC
1099 Fourteenth St., N.W.; 8th Floor—West
Washington, D.C.  20005
Telephone: (202) 683-6150
Facsimile: (202) 280-1034
Email: jjeffress@kaiserdillon.com
Email: jchong-smith@kaiserdillon.com

_/s/_
Nina J. Ginsberg (#19472)
DiMuroGinsberg, P.C.
1101 King Street, Suite 610
Alexandria, VA  22314
Telephone: (703) 684-4333
Facsimile: (703) 548-3181

Email: nginsberg@dimuro.com

_____/s/_____
H. Louis Sirkin (admitted *pro hac vice*)
Santen & Hughes
600 Vine Street, Suite 2700
Cincinnati, OH 45202
Telephone: (513) 721-4450
Facsimile: (513) 721-0109
Email: hls@santenhughes.com

*Counsel for Defendant Zackary Ellis Sanders*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this 8th day of April 2022, the foregoing was served electronically

on the counsel of record through the US District Court for the Eastern District of Virginia

Electronic Document Filing System (ECF) and the document is available on the ECF system.

*<u>/s/ Jonathan Jeffress</u>*
Jonathan Jeffress

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | Criminal No. 1:20-CR-143 |
| ZACKERY ELLIS SANDERS, | ) | |
| | ) | |
| Defendant. | ) | |

## UNITED STATES' REPLY ON DEFENDANT'S SUPPLEMENTAL BRIEF

## REGARDING FORFEITURE

Comes now the United States of America, by counsel, and offers its brief pursuant to the

Court's Order of April 1, 2022 (Document 620). For the reasons articulated below and in the

Government's Motion for Entry of a Preliminary Order of Forfeiture and Response to

Defendant's Return of Property (Document 610), the nine devices are forfeitable in their entirety,

pursuant to 18 U.S.C § 2253(a)(1) and (a)(3). Moreover, a rule requiring the government to

separate the noncontraband files from the contraband materials would place a significant burden

on limited government resources. Because the matter has been fully briefed and the case law is

well settled, the United States believes that a hearing would not aid the Court's decisional

process and is therefore not requesting a hearing.

### PROCEDURAL HISTORY

On June 24, 2020, the federal grand jury sitting in Alexandria returned a twelve-count

Indictment charging this defendant with Counts 1 through 5: Production of Child Pornography;

Counts 6 through 11: Receipt of Child Pornography; and Count 12: Possession of Child

Pornography (Document 29). A jury trial commenced on October 19, 2021. That jury trial

concluded on October 27, 2021, at which time the jury convicted the defendant as charged

(Document 541).  Sentencing was held on April 1, 2022, and at the sentencing the Court noted that the relevant precedent appeared to require the defendant to forfeit the entirety of any devices he used to commit the offenses of conviction or that contained child pornography.  Transcript ("Tr."), 04/01/22, at 88.  Based on the defendant's objection to this precedent, however, the Court stated that forfeiture of the defendant's electronic devices would be determined at a later date, permitted the defense to file additional briefing on the issue of forfeiture by April 8, 2022, and gave the government until April 15, 2022, to file an additional response.

<div align="center">ARGUMENT</div>

A.  <u>The statute and case law makes clear that the electronic devices are forfeited in their entirety under 18 USC 2253(a)(1) and (a)(3).</u>

The issue before the Court is whether the criminal statute governing forfeiture in child pornography cases, 18 U.S.C. § 2253(a)(1) and (a)(3), requires the forfeiture of the electronic devices in their entirety.  Based on a reading of the statute and the case law, the answer to that question is yes.

The federal Courts that have squarely confronted and ruled on this issue have held that the whole device must be forfeited under 18 U.S.C. § 2253.[1]  The Third Circuit in <u>Noyes</u> took the position that the defendant "requested the return of certain files and programs contained on the forfeited computers, but the computers *as a whole*, *including all of their files and programs*, were subject to the forfeiture order."  <u>United States v. Noyes</u>, 557 F. App'x. 125, 127 (3d Cir. 2014) (emphasis added).  The Third Circuit pointed to the child pornography forfeiture statute, the same statute at issue in this case, 18 U.S.C. § 2253(a)(3), and noted that nothing in the statute indicated that only a portion of a computer must be forfeited.  <u>Id</u>.  It is true that, unlike this case,

---

[1] The United States addressed this issue in great detail in its previous filing.  *See* ECF No. 610.

<div align="center">JA128</div>

when Noyes requested the return of noncontraband files, the District Court had already entered a preliminary order of forfeiture.  The Court noted that to the extent Noyes motion was a direct challenge to the forfeiture order, his appeal should be dismissed as untimely as he did not challenge the scope of the forfeiture order on direct appeal.   However, the Court went on to consider his motion to the extent that it was properly construed as a motion to return property pursuant to Federal Rule of Criminal Procedure 41(g), asking whether the property he sought returned was subject to forfeiture.   The Court thus proceeded to interpret 18 U.S.C. § 2253, the statute at issue here, and observed that nothing in that statute suggested that only a portion of the device should be forfeited.  See id.  Thus, the court in Noyes directly addressed the issue this Court now faces, and decided that the forfeiture of the devices necessarily includes the forfeiture of all data therein.

In making this determination, the Court in Noyes looked to the 8th Circuit's decision in United States v. Hull, 606 F.3d 524 (8th Cir. 2010).  The defendant in Hull was convicted of two counts of distribution of child pornography, in violation of 18 U.S.C. § 2252(a)(1). Id. at 525. The district court ordered the forfeiture of Hull's real property, which included 19 acres of land, pursuant to 18 U.S.C. §  2253(a)(3).  Id.  Hull argued that even if the government could forfeit his residence, the government could not forfeit the remaining acreage—which included outbuildings and farm and pasture land—as the rest of the property was not used in the commission of the offense.  Id. at 528. The court rejected the defendant's argument, noting that there was no basis to sever the property, and that all the land should be treated as a single piece of property, pursuant to 18 U.S.C. §  2253.  Id.  The court noted that there was nothing in the text of Section 2253(a)(3) that allowed for the subdivision of the property.

The upshot of Noyes and Hull is clear:  18 U.S.C. § 2253(a)(3)'s provision requiring forfeiture of "any property, real or personal, used or intended to be used to commit or to promote the commission of [a child pornography offense]" clearly requires the forfeiture of the electronic devices in their entirety.  Similarly,18 U.S.C. § 2253(a)(1) means what it says when it provides for forfeiture of any "matter which contains any such visual depiction [of minors engaged in sexually explicit conduct]."  Thus, the court should enter the preliminary order of forfeiture and deny the defendant's motion for return of property.

B.   The separation of the "photos and files" from the electronic devices would create an undue and unreasonable burden on limited government resources and likely violate the rights of the minor victims.

Given the amount of data stored on each of the three devices that are apparently the subject of the defendant's instant motion—a laptop, an iPad, and an iPhone—the undertaking of separating contraband and noncontraband data proposed by the defendant here would be prohibitively costly and difficult.

For the very first time in their response to the government's Motion for a Preliminary Order of Forfeiture, the defense clarifies that they are seeking the return of noncontraband files on three devices, instead of noncontraband files on all nine devices subject to forfeiture. The government notes that the defense has yet to specifically identify which three devices are at issue.  Nonetheless, the fact that the defense seeks the return of the noncontraband data on three devices—an iPhone, a laptop, and an iPad—does not change the government's position that the separation of the noncontraband "photos and files" from the contraband files would place a significant burden on the government.  The amount of data that can be stored on an iPhone, iPad, and laptop is enormous.  The defendant himself has, throughout the course of this case, repeatedly observed the voluminous quantity of data stored on his devices, describing it as a

JA130

"mountain of digital evidence."  ECF No. 265; *see also* ECF No. 145; ECF No. 192.[2]  And as FBI Special Agent Andrew Kochy states in his declaration (ECF No. 610-1, Ex. 2), it would be difficult and take considerable time and resources for a forensic examiner to disentangle the noncontraband data from the contraband data on these devices.

The Second Circuit in <u>Wernick</u> expressed a similar concern regarding the burden placed on the government of separating the noncontraband from the contraband material, and also noted the difficultly of ensuring that none of the data requested by the defendant was used to facilitate the offenses of conviction.  <u>United States v. Wernick</u>, 673 F. App'x 21, 25 (2d Cir. 2016).  The defense attempts to distinguish the Court's concern in <u>Wernick</u> by stating that they are not seeking metadata.  However, Wernick sought all non-pictorial files on the hard drive as well. Therefore, like the defendant in <u>Wernick</u>, defense is seeking a substantial amount of material, and the government has produced evidence on the record that separating the material would be an unduly burdensome endeavor.

This remains the case even if the Court utilizes the protocol suggested by the defense, as this protocol still requires the FBI to review all the data the defendant's forensic examiner and/or his counsel attempts to segregate and remove from his devices—a process that would likely take thousands upon thousands of hours based on the evidence in the record (ECF No. 610-1, Ex. 2). Indeed, as an initial matter, the defendant's filings make no effort to meaningfully narrow the scope of material he is now seeking, opting instead to use generic descriptors of what he seeks that could conceivably cover all data on his devices except for the ample, thoroughly entangled child sexual abuse material he produced, received, and possessed.  Moreover, a similar procedure

---

[2] By the defendant's own estimation, just one of his devices contained close to one million images, which does not include the similarly large number of video, text, and other data files on the device. ECF No. 265. The defendant's present assurances that his devices do not actually contain a burdensome amount of data based on the unsupported claims of his counsel therefore ring hollow.

was used by the defendant to prepare for trial, and the FBI routinely found child sexual abuse

material in the data that the defendant's attorneys and forensic examiners sought to remove from

government's facilities.  Id.[3]

In fact, at trial, the defendant sought to introduce what his counsel described as a "naked

photograph" of one of the minor victims and a screenshot of various messages this victim

allegedly sent that the defense had obtained during a review of the evidence at a government

facility with the defendant's forensic examiner.  See Tr., 10/20/21 at 71.  Upon review by the

government, it became clear that the allegedly "naked photograph" did not qualify as child

pornography, as defined by 18 U.S.C. § 2256, and may not even depict the minor victim.  But

when asked how the defense had an image he believed to depict a nude minor outside of a

government facility, another defense counsel stated only that they were permitted to remove it

from the FBI for purposes of trial.  The defense did not explain, however, if they believed the

image to be a "naked photograph" of a minor victim when they sought to remove it from the

FBI, nor did they explain whether they flagged for the FBI that they believed this to be a "naked

photograph" of a minor before seeking to remove it from the FBI.  This information, however,

would have only been readily apparent to the defense based on the defendant's intimate

knowledge of his devices and what the material on his devices depict, and would not have been

known to a reviewing law enforcement officer absent the contextual information exclusively in

the defendant's possession.

The flippancy of defense counsel's response to what appeared at first to be an extremely

problematic act—the removal of a sexually explicit image of a minor from the custody of law

---

[3] The material the defendant obtained using this procedure for purposes of preparing for trial is
governed by the Protective Order in this case, (ECF No. 28), while the material he now seeks to
obtain will be provided to the defendant without any similar protections to ensure that minor victim
information is not publicly disclosed.

enforcement officers—only further underscores the impossibility and inadvisability of the defendant's instant request.  Even assuming that the defense can successfully disentangle all child sexual abuse material from the data they now seek—a task that they have repeatedly failed at, either intentionally or through carelessness—any reviewing law enforcement officer will still need to conduct a painstaking review of this data to confirm that the defense is not again seeking to remove illegal content from a government facility.  And assuming even further that the defense somehow manages to remove all child sexual abuse material from the material the defendant now seeks, his devices are still so rife with image, text, and other files related to the minor victims and other minors that it would be exceedingly difficult for any law enforcement officer to review this material and determine the significance of it.  As just one example, the evidence in this case demonstrates that the defendant offered employment to several of the minor victims and employed minors in the Northern Virginia area.  If one of the defendant's "personal" or business-related files includes contact information for or an image of a minor victim—not necessarily child pornography but nevertheless the kind of information that would violate the victim's statutorily guaranteed right to dignity and privacy if provided to the defendant without any guardrails or a Protective Order, see 18 U.S.C. §§ 3509(d) and 3771—the significance of that information would only be readily apparent to the defendant and would likely go undetected by any reviewing law enforcement officer absent a prohibitively costly and lengthy review of every unspecified piece of data he now seeks.

        In short, the defense itself has demonstrated the difficulty of separating the contraband from the noncontraband material on the defendant's devices using the defense's proposed solution, and their past conduct in this case shows that any such efforts will almost certainly fail in a manner that violates the rights of the minor victims guaranteed by statute.  The government

therefore strongly objects to the defendant's instant request, not just because it is inconsistent with the controlling forfeiture statute and relevant precedent but because it will run afoul of the legal obligations of the government, the Court, and the defense to ensure that the name or "any other information concerning a child" be securely maintained.  See 18 U.S.C. § 3509(d). Accordingly, this Court should deny the defendant's motion for return of property.

Conclusion

For the foregoing reasons, the requested relief is both contrary to the law of forfeiture, and further would impose an undue burden on limited government resources. The government therefore respectfully requests that the Court enter a preliminary order of forfeiture forfeiting the nine electronic devices in their entirety, and deny the defendant's motion for return of property (DE 607).

Respectfully submitted,

JESSICA D. ABER
UNITED STATES ATTORNEY

By:      /s/ Annie Zanobini_____
         Annie Zanobini
         Seth Schlessinger
         Attorneys for the United States
         William G. Clayman
         Special Assistant U.S. Attorney (LT)
         2100 Jamieson Avenue
         Alexandria, VA 22314
         Office Number: 703/299-3700
         Facsimile Number: 703/299-3982
         Email: Annie.zanobini2@usdoj.gov
         Email: seth.schlessinger@usdoj.gov
         Email: William.g.clayman@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that, on the 15th of April 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send a notification of such filing (NEF) to all counsel of record.

By:    /s/ Annie Zanobini_____
       Annie Zanobini
       Assistant United States Attorney
       California State Bar No. 321324
       Attorney for the United States
       2100 Jamieson Avenue
       Alexandria, VA 22314
       Office Number: 703/299-3700
       Facsimile Number: 703/299-3982
       Email Address: Annie.zanobini2@usdoj.gov

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Case No. 1:20-cr-00143 |
| v. | Honorable T.S. Ellis, III |
| ZACKARY ELLIS SANDERS, | Hearing: Apr. 28, 2022 |
| Defendant. | |

**RESPONSE TO THE GOVERNMENT'S SUPPLEMENTAL BRIEF REGARDING
FORFEITURE OF NON-CONTRABAND ELECTRONIC FILES AND DATA**

Mr. Zackary Sanders respectfully submits this Response to the Government's Reply on

Defendant's Supplemental Brief Regarding Forfeiture (ECF 641). Both because Mr. Sanders's

compromise proposal is just and reasonable, and because the Court has the clear authority to

implement it, Mr. Sanders respectfully asks the Court to permit the Sanders family to a small

subset of materials through a brief visit to the United States Attorney's Office to make copies of

various electronic, non-contraband materials for return. Furthermore, to the extent the Court

addresses the larger statutory and due process issues here, Mr. Sanders submits the following to

clarify the record on several fundamental points. Most importantly, the record should be clear

that Mr. Sanders is *not* seeking the return of any part or portion of any device subject to

forfeiture.

## DISCUSSION

I.   **The Court can and should order the government to permit the inspection and identification of a limited universe of materials that can be returned to the Sanders family after the government's review.**

In its Reply (ECF 641), the government greatly exaggerates the nature of Mr. Sanders's request, which is modest in scope and easily accomplished. Mr. Sanders is not seeking to review (much less the return of) the overwhelming majority of the folders on these devices. He is not seeking any part of any device, data from the applications on those devices, or any cached data; he is simply seeking the return of copies of certain discrete files contained on the devices. As set forth in his Supplemental Brief (ECF 632), Mr. Sanders's request is for the defense to identify and, upon the government's approval, extract a small universe of electronic copies of materials from only three devices[1]—*at his family's own expense.* Under this proposal, a family representative and defense lawyer will meet and confer with the government to select copies of a small number of images and documents for potential return. This meeting can likely be accomplished in just a single visit to the U.S. Attorney's Office and will take no more than approximately one business day. Indeed, it is less than what other courts faced with this same situation have ordered. *See, e.g.*, *United States v. Gladding*, 775 F.3d 1149, 1154 (9th Cir. 2014) (noting that "[t]he district court may also order alternative measures for returning Gladding's noncontraband files other than forcing the government to pay for the segregating the data itself. . . . For example, the district court can require Gladding to pay the costs of segregation by having

---

[1] Using the government's categorization system, the three devices are the HP Elite Book computer (1B2), an iPad (either 1B22 or IB22, whichever is the iPad Pro), and his iPhone X (1B27). The serial number for 1B19 listed in the Government's motion for preliminary forfeiture and the Eckert Declaration is not accurate (it should include a number; not all letters), leaving the defense unable to tell which iPad is at issue. If the government can provide accurate serial numbers and/or the model of the iPad, the defense can specify which iPad is at issue.

2

his expert review the electronic storage devices and copy the noncontraband files to the extent

otherwise permitted by law.").

As the Court is aware, in this age, much of a family's recorded memory can—and in this

case does—exist on electronic devices. There is no other record of Mr. Sanders's academic and

professional life, which is essential for future employment, or any other recorded memories of

his childhood. For the Sanders, the recorded memories and artifacts from their shared life exist

on three devices (a computer, an iPad, and an iPhone) and fall into two categories:  (1)

personal/family photographs; and (2) materials from Mr. Sanders's previous jobs that he will

need in order to find employment following his release from prison. Contrary to the

government's hyperbolic submission, this is a simple request that the government could easily

accommodate through the brief tasking of one agent.[2]

Examples of the specific materials the Sanders family asks for the return of are as

follows:

- Family and personal photos from the Sanders's family vacation cruises, which
  took place annually during the summers from 2012-2020 separate, non-
  contraband files from within the device, as opposed; Birthday photos from family
  birthday parties on Mr. Sanders's birthday, February 16th of each year; and
  holiday family photos from each year.

- The lighting design plans from theatrical shows (including on Broadway, off
  Broadway and regional theaters) where Mr. Sanders served as a designer.

- Academic work, contracts entered into, and financial documents from Mr.
  Sanders's prior employment.

---

[2] Indeed, this process for returning non-contraband material appears to a standard practice for
resolving these issues in order.  *See, e.g., United States v. Arnold Bernard Conrad*, 3:12-cr-
00134-J-34 (TEM) (M.D. Fl. (Jacksonville Div.) May 14, 2013) (Attached as Exhibit 2) (reciting
process for return of non-contraband material from computer in child pornography case).

Needless to say, the Sanders family has been devastated by this prosecution and Mr. Sanders's

lengthy sentence.  Permitting them copies of this small universe of materials to recall happier

times and help ensure future employment for Mr. Sanders years down the road is not an

unreasonable request.

The courts have consistently recognized this Court's authority to order the return of non-

contraband to a defendant.  In addition to the Ninth Circuit's decision in *Gladding*, the district

court in *United States v. Michael Alan Reaid*, Order (ECF 84), 4:10-cr-00042 (RH-CAS) (N.D.

Fl. June 11, 2012) (attached as Exhibit 1), expressly recognized its authority in this regard.  In

*Reaid*, the defendant had agreed to forfeiture as part of his plea.  Following sentencing, however,

he filed a motion for the return of property under Federal Rule of Criminal Procedure 41(g).  The

court stated as follows:

> What Defendant is asking for are personal and professional files that are stored on his
> laptop computer *and* the media files.  He wants the Government to go through the media
> disks and the hard drive on the on the lap top computer to find his personal and
> professional files, copy them, and send them to his parents for safe keeping. . . .

> In response, the Government states that many hours may be needed to separate the
> criminal from the non-criminal files because persons possessing images of child
> pornography often hide them in seemingly benign files or within the background of larger
> images.  The Government also notes that no authority exists to require non-criminal items
> to be extracted from forfeited property.

> Rule 41, however, does contemplate extraction and return or electronically stored
> information.  Vast quantities of non-case related information may be involved when
> electronic media items are seized.  The 2009 Advisory Committee Note to Rule 41(e)(2)
> acknowledges that "[c]omputers and other electronic storage media commonly contain []
> large amounts of information . . ." and that "officers may seize or copy the entire storage
> medium and review it later to determine what electronically stored information falls
> within the scope of the warrant."  The same Advisory Committee Note explains that the
> property owner has a remedy to seek "return of the property, excluding contraband or
> instrumentalities of crime" through a court order under Rule 41(g) for return of
> "electronically stored information, under reasonable circumstances."  The Advisory
> Committee Note states that "the court on a case by case basis can fashion an appropriate
> remedy, taking into account the time needed to image and search the data and any
> prejudice to the aggrieved party."

So at least in some circumstances a defendant may be entitled to the return of electronically stored information, which is what Defendant is seeking here. The fact that Defendant is not entitled to return of the laptop computer itself or the actual media disks does not mean that he is not entitled to certain electronically stored information contained therein. By analogy, a defendant may be entitled to return of personal property contained in an automobile even if the automobile is subject to lawful seizure and forfeiture. *See United States v. Berroa*, No. 05-40098, 2007 WL 2683996 (C.D. Ill. Sept. 6, 2007) (setting hearing on post-conviction 41(g) motion for return of property that was contained in a seized and forfeited automobile). Likewise, information copied from a computer hard drive may be subject to return under Rule 41(g), even if the defendant is not entitled to possession of the computer hardware.

*Id.*

Certain of the authorities the government cites in support its position are not to the contrary. The case *United States v. Hull*, 606 F.3d 524 (8th Cir. 2010), for example, in fact supports Mr. Sanders's position. While the government notes that the Eighth Circuit upheld the forfeiture of real property used to commit the child pornography offense under 18 U.S.C. 2253(a), the government did not ask—and the Court did not address—the forfeiture of all *of the contents* of Mr. Hull's house, such as the furniture and everything else. Only in that event would the case support the government's position here, where the government seeks the forfeiture of not to just the device itself, but all of the devices' contents, including those that both parties agree are not contraband. As the Supreme Court stated in *Riley v. California*, 573 U.S. 373, 403 (2014), "[t]he fact that technology now allows an individual to carry such information in his hand does not make the information any less worthy of the protection for which the Founders fought." Just as *Riley* and the other warrant cases require that the government treat each separate part of a phone as a separate container for probable cause purposes, *see, e.g., United States v. Carey*, 172 F.3d 1268, 172-73 (10th Cir. 1999) (suppression warranted where government exceeded the scope of warrant for computer search), so here with respect to forfeiture.

II.  **The Government's statements about the Griffeye technology as a tool for segregating images are immaterial and also contradicted by Griffeye's own website.**

Under the proposal Mr. Sanders asks the Court to implement, the volume of material from the devices will be minimal.  Mr. Sanders is asking for only a small number of photos, documents, and no "victim information" whatsoever.  There will accordingly be no need for the government to devote much, if any, time to inspecting the small universe of material the Sanders family seeks to recover.

To the extent it is relevant, however, the government's motion incorrectly describes the Griffeye technology.  In the Declaration of Special Agent Andrew Kochy (ECF 610-1), Special Agent Kochy states as follows:

> Use of such tools as Griffeye will not alleviate the manual review required to identify all contraband within digital media.  The Griffeye data base is created by previously identified, and categorized, child pornography images.  If images are not currently in the database, Griffeye will return a result of 'Uncategorized'.  This category would still require a manual review by a FBI examiner.  Griffeye relies on the known hash sets to identify child pornography images.  If an image has been cropped or altered in any way, Griffeye will return a result of 'Uncategorized' as the new image does not match the hash on file.

*Id.* at 9-10.

According to Griffeye's own website, the above is incorrect—that is not how Griffeye works.  The Griffeye website expressly states that it instead relies on artificial intelligence to classify images, and not on "known hash sets," as Agent Kochy averred.  *See* Exhibit 3 (printout of Griffeye website).[3]  As stated on the website, "[t]he AI scans through *previously unseen footage* and suggest images that is believes depicts child sexual abuse content.  The AI outputs a

---

[3] Special Agent Ford also expressly confirmed to the defense team during its pre-trial visits that Griffeye had processed the material using artificial intelligence, and not based on previously assigned the hash tag values.

score that can be used to tell whether a file is pertinent to the investigation or not." *Id.* (emphasis added). Griffeye relies on "A[rtficial] I[ntelligence] technology that will help investigators filter out relevant information, speed up investigations and free up time to prioritize investigative work such as victim identification." *Id.*

As stated in Mr. Sanders's previous submission, FBI Special Agent Ford has already used Griffeye to process Mr. Sanders's iPhone (1B27) and segregated the images from that device into three different categories: (1) cleared images, (2) questionable images needing further review, and (3) contraband images.[4]  Further, in addition to using the Griffeye technology, Special Agent Ford confirmed to counsel that he also *already* manually reviewed the Griffeye results to appropriately categorize the material.  Thus, much of the work that the government asserts as unduly burdensome has in fact already been completed and would not require any additional expenditure of government resources.

### III.    A hearing on forfeiture is respectfully required here and the Court should accordingly decline to cancel the April 28th hearing date.

In its response, the government argues that "the United States believes that a hearing would not aid the Court's decisional process and is therefore not requesting a hearing."  Gov't Reply on Def.'s Supplemental Brief Regarding Forfeiture (ECF 641) at 1.  The government formerly admitted, however, that a hearing on forfeiture is necessary when requested by either party.  *See* Gov't Mot'n for Preliminary Order of Forfeiture (ECF 610) at 17 (noting that, "if either party requests a hearing on the forfeiture, Fed. R. Crim. P. 32.2(b)(1)(B) provides that 'the court must conduct a hearing.'").  Thus, as Mr. Sanders is requesting a hearing here, the Court should not cancel the hearing currently scheduled for April 28, as the government asks for it do.

---

[4] The defense does not seek to review any of the material already classified by Special Agent Ford as contraband, thus further alleviating the expenditure of government resources.

A hearing is also necessary as the government has failed to satisfy the required evidentiary criteria for at least one device, "IB24." Indeed, it is not even clear what that device is. In its initial motion for a preliminary order of forfeiture, the government described 1B24 as an "Apple iPad." Gov't Mot'n for Preliminary Order of Forfeiture (ECF 610) at 1. In Agent Emily Eckert's Declaration, however, the device is described as an "Apple iPhone." Eckert Declaration (ECF 610-1) at 3. The device is not discussed *at all* in the government's motion— and was never introduced or mentioned at trial—but in Agent Eckert's Declaration it is described as having "suspected" child pornography. *Id.* There is no confirmation of its illegal content and, based on the government's failure to even identify what the device is, the defense respectfully submits that the government's motion for forfeiture of 1B24 should be denied. In any event, Mr. Sanders respectfully objects to the forfeiture of this device (and the other devices) in the absence of a hearing.

<div style="margin-left: 40%;">

Respectfully submitted,

_____/s/_____

Jonathan Jeffress (#42884)
Jade Chong-Smith (admitted *pro hac vice*)
KaiserDillon PLLC
1099 Fourteenth St., N.W.; 8th Floor—West
Washington, D.C.  20005
Telephone: (202) 683-6150
Facsimile: (202) 280-1034
Email: jjeffress@kaiserdillon.com
Email: jchong-smith@kaiserdillon.com

_____/s/_____

Nina J. Ginsberg (#19472)
DiMuroGinsberg, P.C.
1101 King Street, Suite 610
Alexandria, VA  22314
Telephone: (703) 684-4333
Facsimile: (703) 548-3181
Email: nginsberg@dimuro.com

</div>

_____ /s/ _____
H. Louis Sirkin (admitted *pro hac vice*)
Santen & Hughes
600 Vine Street, Suite 2700
Cincinnati, OH 45202
Telephone: (513) 721-4450
Facsimile: (513) 721-0109
Email: hls@santenhughes.com

*Counsel for Defendant Zackary Ellis Sanders*

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of April 2022, the foregoing was served electronically on the counsel of record through the US District Court for the Eastern District of Virginia Electronic Document Filing System (ECF) and the document is available on the ECF system.

*/s/ Jonathan Jeffress*
Jonathan Jeffress

Page 1 of 5

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA

v.                                                    CASE NO. 4:10cr42-SPM

MICHAEL ALAN REAID,

        Defendant.
_____/

## ORDER DIRECTING GOVERNMENT TO FILE SUPPLEMENTAL RESPONSE

        This cause comes before the Court upon Defendant's letter (doc. 80),
which has been treated as a motion for return of seized property pursuant to
Federal Rule of Criminal Procedure 41(g).  The Government filed a response in
opposition (doc. 82).

        Defendant's request for return of seized property is limited.  He is not
seeking the physical return of his lap top computer or the media disks seized by
the Government.  These items were used to commit his offense and they are
subject to forfeiture under 18 U.S.C. § 2253(a).  Defendant, in fact, agreed to the
forfeiture as a condition of his plea.  And while the forfeiture was omitted from
Defendant's judgment and sentence, the Government may nevertheless seek
forfeiture through a civil forfeiture proceeding, which the Government has
indicated it will pursue under 18 U.S.C. § 2254.  So Defendant does not have a

possessory interest in the lap top computer or the media disks themselves, nor does he have clean hands with respect to these items, which are requirements for return of property under Rule 41(g). See United States v. Connolly, 446 F. App'x 254, 255 (11th Cir. 2011) (A defendant seeking return of seized property after conviction must show "that he has a possessory interest in the seized property . . . [and] that he has 'clean hands' with respect to the property.").

What Defendant is asking for are personal and professional files that are stored on the laptop computer and the media files. He wants the Government to go through the media disks and the hard drive on the lap top computer to find his personal and professional files, copy them, and send them to his parents for safe keeping. Defendant states that these items are neatly organized and clearly labeled on both the media disks and the hard drive of his computer.

In response, the Government states that many hours may be needed to separate the criminal from the non-criminal files because persons possessing images of child pornography often hide them in seemingly benign files or within the background of larger images. The Government also notes that no authority exits to require non-criminal items to be extracted from forfeited property.

Rule 41, however, does contemplate extraction and return of electronically stored information. Vast quantities of non-case related information may be involved when electronic media items are seized. The 2009 Advisory Committee

Note to Rule 41(e)(2) acknowledges that "[c]omputers and other electronic storage media commonly contain [ ] large amounts of information . . . " and that "officers may seize or copy the entire storage medium and review it later to determine what electronically stored information falls within the scope of the warrant."  The same Advisory Committee Note explains that the property owner has a remedy to seek "return of the property, excluding contraband or instrumentalities of crime" through a court order under Rule 41(g) for return of "electronically stored information, under reasonable circumstances."  The Advisory Committee Note states that "the court on a case by case basis can fashion an appropriate remedy, taking into account the time needed to image and search the data and any prejudice to the aggrieved party."

So at least in some circumstances a defendant may be entitled to the return of electronically stored information, which is what Defendant is seeking here.  The fact that Defendant is not entitled to return of the laptop computer itself or the actual media disks, does not mean that he is not entitled to certain electronically stored information contained therein.  By analogy, a defendant may be entitled to return of personal property contained in an automobile even if the automobile is subject to lawful seizure and forfeiture.  See United States v. Berroa, No. 05-40098, 2007 WL 2683996 (C.D. Ill. Sept. 6, 2007) (setting hearing on post-conviction 41(g) motion for return of property that was contained in a

Page 4 of 5

seized and forfeited automobile).  Likewise, information copied from a computer

hard drive may be subject to return under Rule 41(g), even if the defendant is not

entitled to possession of the computer hardware.  See United States v. Uribe-

Londono, 238 F. App'x 628, 630-31 (1st Cir. 2007).

     A post-prosecution motion for return of property is treated as a civil action

in equity.  United States v. Melquiades, 394 F.Appx. 578, 581 (11th Cir. 2010).

When a colorable claim is made, the Court cannot deny the motion without

requiring the Government to submit at least some evidence to support its factual

contentions.  Id. at 585; see also United States v. Cardona-Sandoval, 518 F.3d

13, 16 (1st Cir. 2008) ("Affidavits or documentary evidence . . . may suffice to

support the district court's determination in a given case.").

     If, as the Government contends, the electronically stored information is too

difficult to extract from the criminal materials, then Defendant may not be entitled

to equitable relief.  On the other hand, Defendant represents that the

electronically stored information that he seeks is clearly labeled and contains no

criminal materials.  If that turns out to be true, the equities may favor returning

the electronically stored information to Defendant.  Accordingly, it is

     ORDERED AND ADJUDGED:

1.    Defendant's motion (doc. 80) remains under advisement.

2.    The Government shall inspect the hard drives and media disks to

CASE NO. 4:10cr42-SPM

Page 5 of 5

assess whether the materials Defendant is seeking can be separated from the

criminal materials and returned to Defendant.

3.      On or before July 30, 2012, the Government shall file a

supplemental response with evidentiary materials to support its position.

DONE AND ORDERED this 11th day of June, 2012.


_s/ Stephan P. Mickle_
Stephan P. Mickle
Senior United States District Judge

CASE NO. 4:10cr42-SPM

JA149

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                                    CASE NO. 3:12-cr-134-J-34TEM

ARNOLD BERNARD CONRAD, JR.,

        Defendant.

_____

## <u>REPORT AND RECOMMENDATION</u>[1]

### I. Status

      This matter is before the Court on referral by the Honorable Marcia Morales Howard

for a report and recommendation on Defendant Arnold Bernard Conrad Jr.'s Motion to

Suppress and Memorandum of Law in Support (Doc. 43), filed January 25, 2013.  The

United States filed a response in opposition on February 14, 2013 (Doc. 54).  In his motion,

Defendant moves to suppress and exclude as evidence any and all fruits of the execution

of the search warrant for Defendant's computers and hard drives.  Defendant argues the

evidence should be suppressed because (1) the warrant was facially invalid because it

lacked particularity and was overbroad; (2) the warrant was executed in an unreasonable

manner; and (3) the government agents did not act in good faith.

---

[1] As a matter of course, within fourteen (14) days after service of this document, specific, written objections may be filed in accordance with 28 U.S.C. § 636, Rule 59, Federal Rules of Criminal Procedure, and Rule 6.02, Local Rules, United States District Court, Middle District of Florida.  Failure to file a timely objection waives a party's right to review.  Fed. R. Crim. P. 59.

An evidentiary hearing was held before the undersigned on March 14, 2013.[2]  The Court heard testimony from Detective Gary M. Snyder with the Jacksonville Sheriff's Office. With leave of the Court, Defendant filed a post-hearing memorandum on April 8, 2013 (Doc. 79).  The United States submitted a response on April 15, 2013 (Doc. 80).  Defendant filed a reply on April 18, 2013 (Doc. 83).  The United States filed a sur-reply on April 25, 2013 (Doc. 84).

Upon consideration of the arguments from counsel and the evidence presented, the undersigned respectfully recommends the motions to suppress be **DENIED** for the reasons set forth herein.

## II. Background

On December 2, 2011, Detective Gary M. Snyder ("Snyder") of the Jacksonville Sheriff's Office ("JSO") submitted an affidavit in support of an application for a search warrant for a home located at 12330 Old Kings Road, Jacksonville, Florida (*see* Doc. 54-1, Affidavit for Search Warrant).  The affidavit indicates that on October 7, 2011, Snyder determined that a computer located in Duval County, Florida had downloaded and shared child pornography on the Internet between September 26, 2011 and September 29, 2011 using a peer-to-peer file sharing program called Gnutella.[3]  Affidavit at 12.  Snyder used

---

[2] The transcript of the evidentiary hearing (Doc. 77) will hereinafter be referred to as "Tr." followed by the appropriate page number.

[3] The affidavit explains that peer-to-peer file sharing is a method of communication available to Internet users through the use of special software to facilitate the trading of files, images, and videos.  Users of the peer-to-peer file sharing software install the software on their computers to directly trade or exchange files between computers.  The user must knowingly choose to install the publicly available software to facilitate the trading of files.  Installing the software program onto a computer allows the users to share digital files with one another while connected to the Gnutella network.  Files are shared among
(continued...)

software available to law enforcement that runs on the Gnutella network. The software reads publicly available advertisements or offers to share files from computer users, captures the SHA-1 value for any image or file that contains known or suspected images of child pornography, and documents the related IP address for that computer location.[4] *Id.* at 10. A complementary law enforcement software program then organizes the collected data to provide the total number of times a particular computer located at a particular IP address has been identified as advertising files of child pornography based on the identified SHA-1 value. *Id.* at 11. This software also provides information regarding the specific date and time of the advertisement and the state and city where the computer is likely located. *Id.*

Using these tools, Snyder viewed a list of approximately 418 files that were identified as available for downloading from the computer assigned IP address 74.178.241.103 between September 26, 2011 and September 29, 2011. *Id.* at 13. Many of the files were titled in a manner that suggested the content included sexual exploitation of children. *Id.* The data provided by the law enforcement program indicated that 174 of the files had SHA-1 values that were designated by law enforcement as suspected child pornography. *Id.* at

---

[3](...continued)
users as a result of being located in a specific folder on the user's computer, referred to as a "shared" folder.

[4] Secure Hash Algorithm Version 1 or SHA-1 is a file recognition method. Every computer file has a specific, unique SHA-1 value that is "similar to a fingerprint for the file." Affidavit 4. Any change to a file, no matter how small, will result in a new SHA-1 value assigned to that file. *Id.* This method of file recognition is used by file sharing programs on peer-to-peer networks like Gnutella. *Id.*

The National Center of Missing and Exploited Children ("NCMEC") has a database list of unique SHA-1 values that are known to law enforcement to correspond to specific images of children being sexually exploited (Affidavit 6; Tr. 19).

3

13-14.  Snyder selected two SHA-1 files from the list of 174, which were reported to be offered for downloading from IP address 74.178.241.103 and confirmed that the files depicted child pornography.  *Id.* at 14-15.  Snyder conducted an Internet search and determined the IP address 74.178.241.103 was owned and issued by AT&T.  *Id.* at 16. Snyder issued a subpoena to AT&T and learned that the Defendant was the subscriber associated with IP address 74.178.241.103.  *Id.*

On December 15, 2011, Snyder obtained a search warrant from the Circuit Court of the Fourth Judicial Circuit in and for Duval County, Florida (Doc. 54-2, Search Warrant). The warrant stated there was probable cause to believe that a computer or other digital device capable of accessing the internet was knowingly used as an instrumentality of the crime of creating, possessing or promoting child pornography and contained evidence of that crime.  *Id.* at 2.  The warrant authorized the seizure, and off-site search and analysis, of the following items:

> 1. Computer hardware to include any and all computer equipment used to collect, analyze, create, display, convert, store, conceal, or transmit electronic, magnetic, optical, or similar computer impulses or data.  Hardware includes (but is not limited to) any data-processing devises (such as central processing units, personal computers to include "laptop" or "notebook" or "pocket" computers); internal and peripheral storage devices (such as fixed disks, external hard disks, floppy disk drives and diskettes, tape drives and tapes, optical storage devices, and other electronic media devices).

> 2. Computer input and output devices to include but not limited to keyboards, mice, scanners, printers, monitors, network communication devices, modems and external or connected devices used for accessing computer storage media.

> 3. Computer storage media and the digital content to include but not limited to floppy disks, hard drives, tapes, DVD disks, CD-ROM disks or other magnetic, optical or mechanical storage which can be accessed by computers to store or retrieve data or images of child pornography.

4. Computer software and application software installation and operation media.

5. Computer software, hardware or data related to the sharing of Internet access over wired or wireless networks allowing multiple persons to appear on the Internet from the same IP address.

6. Manuals and other documents (whether digital or written) which describe operation of items or software seized.

7. Items containing or displaying passwords, access codes, usernames or other identifiers necessary to examine or operate items, software or information seized.

8. Correspondence or other documents (whether digital or written) pertaining to the possession, receipt, origin or distribution of images involving the sexual exploitation of children.

9. Correspondence or other documents (whether digital or written) exhibiting an interest or the intent to sexually exploit children and to identify a particular users of the materials or contraband and any data or text which tends to prove the identity of the computer user at a time that may be relevant to prove the possession or distribution of child pornography or the sexual exploitation of children. Items may include, but are not limited to, pictures, films, video tapes, magazines, negatives, photographs, correspondence, mailing lists, books, and tape recordings, "trophies," grooming aids or other items demonstrating an interest in the exploitation of children.

10. Items that would tend to establish ownership or use of computers and ownership or use of any Internet service accounts accessed to obtain child pornography to include credit card bills, telephone bills, correspondence and other identification documents.

11. Items that would tend to show dominion and control of the property or premises searched, to include utility bills, telephone bills, correspondence, rental agreements and other identification documents.

12. Data maintained on the computer, or computer related storage devices such as floppy diskettes, tape backups, computer printouts, and "zip" drive diskettes, in particular, data in the form of images and/or videos and any accompanying text associated with those images, and/or log files recording the transmission or storage of images, as they relate to violations of Florida law cited herein as related to the possession and distribution of child pornography.

*Id.* at 2-3.

The search warrant was executed that same day. Agents seized two laptop computers and three external hard drives from Defendant's home. The computer systems and media were delivered to Special Agent James C. Greenmun ("SA Greenmun") of the Department of Homeland Security ("DHS") Homeland Security Investigations ("HSI") Jacksonville Field Office for a computer forensics examination (Doc. 43-8). Between December 29, 2011 and January 3, 2012, SA Greenmun created mirror images of the computer hard drives and electronic files (Tr. 56; Doc. 43-8 at 2). SA Greenmun completed the computer forensic evaluation on May 14, 2012. *Id.* at 1. The evaluation found 649 child pornographic computer files located on one of the laptops and two of the external hard drives. *Id.* at 5. The other laptop and external hard drive were believed to be used primarily by Defendant's wife and did not contain any child pornographic computer files.[5] (Tr. 60-61; Doc. 43-8 at 10, 11).

Defendant was indicted on August 22, 2012 (Doc. 1) and arrested on August 24, 2012. Defendant's counsel entered an appearance on August 27, 2012 (Doc. 8). On August 29, 2012, the United States provided discovery to Defendant (Doc. 54-3). On September 20, 2012, the United States filed a bill of particulars indicating its intent to forfeit Defendant's laptop computer and two external hard disk drives (Doc. 21).

In October 2012, counsel for the parties discussed the return of the non-contraband items contained in Defendant's computer media, as well as the laptop and external hard disk drive used by Defendant's wife that did not contain any contraband (Tr. 27). On October 22, 2012, defense counsel sent an email to counsel for the United States with two

---

[5] The main user for this laptop was labeled "Therese Conrad," and the external hard drive appeared to be a backup for her computer information.

attached draft motions seeking the return of this property (Exhibit 5). During a subsequent telephone call, counsel discussed this issue and agreed that such items could be returned. Counsel for Defendant confirmed this agreement by correspondence dated October 29, 2012 (Doc. 54-4; Exhibit 6). On December 7, 2012, counsel for the parties met at the HSI office to inspect and review the digital evidence contained on defendant's computer media (Tr. 28). During this meeting, counsel confirmed the non-contraband items could be returned to Defendant and arrangements would be made to do so, including that Defendant would provide a clean hard disk drive to law enforcement for the purpose of removing the non-contraband items contained on the laptop used by Defendant (Tr. 28-29).

On January 25, 2013, Defendant filed motions for return of non-contraband property, which indicated that the United States objected to the relief sought (Docs. 39 & 40). On February 1, 2013, the United States filed responses to the motions, indicating its agreement that the requested property could be returned (Docs. 47 & 48). Thereafter, counsel for the parties discussed the matter by telephone, and counsel for the United states requested defense counsel provide a clean external hard disk drive to HSI to accomplish the return of the non-contraband items on Defendant's computer. During a telephone call on February 6, 2013, defense counsel confirmed that the return process of the requested items would be initiated. During a telephone conference call on February 12, 2013, defense counsel again advised counsel for the United States and SA Greenmun that he would send a clean external hard disk drive to HSI by mail and would arrange for the pickup of the non-contraband items (Tr. 29-30). On February 18, 2013, the United States delivered the hard drive with the information requested in the motions for return of

seized property, and Defendant subsequently withdrew his motions for return of non-contraband property (Doc. 57).

At the hearing, Snyder testified the government was still in possession of the laptop computer used by Defendant's wife (Tr. 86). Snyder testified the laptop was available for turnover at that point, but Defendant had not picked it up yet. *Id.* The Order Setting Conditions of Release prohibits Defendant from possessing or using any computer or accessing the Internet except from work purposes (Doc. 13). Snyder also testified that it was HSI's standard operating procedure to wait until they received a report from NCMEC before returning non-contraband items (Tr. 62-63).[6] Snyder testified that if there is an unidentified victim within the child pornography, the agents will go through non-contraband movies or images on the computer media to attempt to identify the victim (Tr. 27). Snyder testified that, typically, non-contraband items are returned when requested (Tr. 63).

On March 15, 2013, Defendant's counsel notified the United States that he had procured an alternative location (other than Defendant's residence) to store the clean laptop and external hard drive (Doc. 80 at 3). On March 20, 2013, Snyder notified Defendant's counsel that the items were available for pick-up. *Id.* Defendant's counsel picked up the items on March 22, 2013. *Id.*

### III. Conclusions of Law and Analysis

In the instant motion, Defendant moves to suppress and exclude as evidence any and all fruits of the execution of the search warrant for Defendant's computers and hard drives. Defendant argues (1) the warrant was facially invalid because it lacked particularity

---

[6] It is not clear to the undersigned when the NCMEC report was received by the government. However, this uncertainty does not affect the undersigned's determination as to whether the government acted in a reasonable manner.

8

and was overbroad; (2) the warrant was executed in an unreasonable manner; and (3) the government agents did not act in good faith.[7]

**A. Whether the warrant was facially invalid because it lacked particularity and was overbroad**

The Fourth Amendment provides that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."  U.S. CONST. amend. IV.  "The requirement that warrants shall particularly describe the things to be seized makes general searches under them impossible and prevents the seizure of one thing under a warrant describing another." *Marron v. United States*, 275 U.S. 192, 196 (1927).  "A warrant which fails to sufficiently particularize the place to be searched or the things to be seized is unconstitutionally over broad." *United States v. Travers*, 233 F.3d 1327, 1329 (11th Cir. 2000).  However, "elaborate specificity in a warrant is unnecessary" to satisfy the particularity requirement. *United States v. Peagler*, 847 F.2d 756, 757 (11th Cir. 1988). "A description is sufficiently particular when it enables the searcher to reasonably ascertain and identify the things authorized to be seized." *United States v. Wuagneux*, 683 F.2d 1343, 1348 (11th Cir. 1982).[8]

---

[7] Defendant's motion to suppress originally raised four grounds for suppression.  On April 1, 2013, Defendant filed a motion to withdraw Ground I, in which he alleged the warrant lacked probable cause because it was based on information obtained from an unlawful search (Doc. 75).  The Court granted the motion on April 2, 2013 (Doc. 76).

[8] "Search warrants must be specific.  Specificity has two aspects: particularity and breadth.  Particularity is the requirement that the warrant must clearly state what is sought. Breadth deals with the requirement that the scope of the warrant be limited by the probably cause on which the warrant is based." *United States v. Hill*, 459 F.3d 966, 973 (9th Cir. 2006) (citing *United States v. Towne*, 997 F.2d 537, 544 (9th Cir. 1993)).

In the instant case, Defendant argues the warrant lacked particularity because it was not limited by reference to the alleged crime and/or search methodology to confine the scope of the computer searches.  Defendant argues only three of the twelve numbered items in the warrant were limited by reference to child pornography, while nine of the numbered items "permitted the government to go on a fishing expedition through every nook and cranny of the computers and external hard drives at Defendant's home" (Doc. 43 at 24).  Additionally, Defendant argues the warrant was overbroad because it authorized a general rummaging through Defendant's computers and hard drives, and allowed the government to search and seize property which fell outside the scope of probable cause.

As an initial matter, the undersigned notes five of the twelve numbered items in the search warrant reference child pornography:

> 3. Computer storage media and the digital content to include but not limited to floppy disks, hard drives, tapes, DVD disks, CD-ROM disks or other magnetic, optical or mechanical storage which can be accessed by computers to store or retrieve data or images of child pornography.

> 8. Correspondence or other documents (whether digital or written) pertaining to the possession, receipt, origin or distribution of images involving the sexual exploitation of children.

> 9. Correspondence or other documents (whether digital or written) exhibiting an interest or the intent to sexually exploit children and to identify a particular users of the materials or contraband and any data or text which tends to prove the identity of the computer user at a time that may be relevant to prove the possession or distribution of child pornography or the sexual exploitation of children.  Items may include, but are not limited to, pictures, films, video tapes, magazines, negatives, photographs, correspondence, mailing lists, books, and tape recordings, "trophies," grooming aids or other items demonstrating an interest in the exploitation of children.

> 10.  Items that would tend to establish ownership or use of computers and ownership or use of any Internet service accounts accessed to obtain child pornography to include credit card bills, telephone bills, correspondence and other identification documents.

12. Data maintained on the computer, or computer related storage devices such as floppy diskettes, tape backups, computer printouts, and "zip" drive diskettes, in particular, data in the form of images and/or videos and any accompanying text associated with those images, and/or log files recording the transmission or storage of images, <u>as they relate to violations of Florida law cited herein as related to the possession and distribution of child pornography</u>.

(Doc. 54-2, Search Warrant at 2-3) (emphasis added). The warrant also stated that there was probable cause to believe that a computer or other digital device capable of accessing the internet was knowingly used as an instrumentality of the crime of creating, possessing or promoting child pornography and contained evidence of that crime. *Id.* at 2.

Although not every numbered item in the warrant contained a reference to child pornography, it is abundantly clear that the agents were permitted to seize and search computer hardware, software, data and documents that would evidence possession or distribution of child pornography. The scope of the warrant was restricted to a search for evidence of child pornography crimes and did not permit a free-ranging search. *Cf. United States v. Rosa,* 626 F.3d 56, 62 (2d Cir. 2010) ("The warrant was defective in failing to link the items to be searched and seized to the suspected criminal activity – i.e., any and all electronic equipment potentially used in connection with the production or storage of child pornography and any and all digital files and images relating to child pornography contained therein – and thereby lacked meaningful parameters on an otherwise limitless search of Rosa's electronic media."); *United States v. George*, 975 F.2d 72, 76 (2d Cir. 1992) ("Mere reference to 'evidence' of . . . general criminal activity provides no readily ascertainable guidelines for the executing officers as to what items to seize. . . . [A]uthorization to search for 'evidence of *a* crime,' that is to say, any crime, is so broad as to constitute a general warrant."). The search warrant in this case did not authorize a

11

search for evidence of "general criminal activity" but for evidence of child pornography contained on a computer or other digital device capable of accessing the internet located at Defendant's residence. The fact that some of the specific numbered items in the search warrant do not reference child pornography is unremarkable under the circumstances. The agents had probable cause to believe a computer located at Defendant's residence contained child pornography, but did not know which computer that might be. Therefore the warrant authorized the seizure of all "computer hardware," "computer input and output devices" and "computer storage media" for off-site analysis to search for evidence of child pornography, i.e. "documents (whether digital or written) pertaining to the possession, receipt, origin or distribution of images involving the sexual exploitation of children"; "documents (whether digital or written) exhibiting an interest or the intent to sexually exploit children"; and "[d]ata maintained on the computer, or computer related storage devices . . . related to the possession and distribution of child pornography."

Federal courts applying a reasonableness analysis on a case-by-case basis "have rejected most particularity challenges to warrants authorizing the seizure and search of entire personal or business computers." *United States v. Richards*, 659 F.3d 527, 539 (6th

Cir. 2011) (collecting cases).[9]  This is in recognition of the unique challenges posed by

computer searches.

> Unlike warrants seeking readily identifiable evidence such as narcotics or
> firearms, an onsite search of a computer for the evidence sought by a
> warrant is not practical or even possible in some instances. *See Guest v.
> Leis,* 255 F.3d 325, 335 (6th Cir. 2001) (discussing cases that permitted
> taking computers off site for forensic searches and explaining that "[b]ecause
> of the technical difficulties of conducting a computer search in a suspect's
> home, the seizure of the computers, including their content, was reasonable
> in these cases to allow police to locate the offending files"). Computers store
> millions of documents, and as some courts have recognized, the onsite
> search (and accompanying occupation to conduct such a search), might be
> more off putting to an individual than the seizure of a computer for an off-site
> determination as to whether it stores any information that falls within the
> scope of the warrant.

---

[9] *See, e.g., United States v. Sherman*, 372 Fed. Appx. 668, 676 (8th Cir. 2010) ("The
search warrant necessarily needed to include all computer equipment and systems to
effectively allow law enforcement to recognize and seize the materials described." (internal
quotations omitted)); *United States v. Grimmett*, 439 F.3d 1263, 1270 (10th Cir. 2006)
(upholding search warrant that authorized the search of "'any [computer] equipment' that
can create or display computer data" and encompassed "any and all computer software")*;
United States v. Upham,* 168 F.3d 532, 535 (1st Cir.1999) ("As a practical matter, the
seizure and subsequent off-premises search of the computer and all available disks was
about the narrowest definable search and seizure reasonably likely to obtain the images.
A sufficient chance of finding some needles in the computer haystack was established by
the probable-cause showing in the warrant application; and a search of a computer and co-
located disks is not inherently more intrusive than the physical search of an entire house
for a weapon or drugs. We conclude . . . that the first paragraph [of the warrant, authorizing
the seizure of "any and all computer software and hardware, . . . computer disks, disk
drives . . ."] was not constitutionally overbroad."); *United States v. Lacy,* 119 F.3d 742, 746
(9th Cir.1997) (warrant permitting "blanket seizure" of computer equipment from
defendant's apartment was not insufficiently particular when there was probable cause to
believe that computer would contain evidence of child pornography offenses); *United States
v. Wunderli*, No. 4:11 CR 538 JAR/DDN, 2012 WL 1432606, at *6 (E.D. Mo. Mar. 27, 2012)
(holding the Fourth Amendment's particularity requirement was satisfied where warrant
authorized police to seize "many types of electronic and other devices capable of being
used in the possession and distribution of child pornography images, the renderings of such
images, and the records thereof, wherever in the residence at 3031 Ventnor Place they
may be found."); *United States v. Albert,* 195 F.Supp.2d 267, 275–76 (D. Mass. 2002)
(upholding warrant for seizure of computer and all related software and storage devices
where such an expansive search was "the only practical way" to obtain images of child
pornography).

*United States v. Metter*, 860 F.Supp.2d 205, 213 (E.D.N.Y. 2012).  Thus, the warrant did not lack particularity and was not overbroad because it permitted the seizure of all "computer hardware," "computer input and output devices" and "computer storage media" for off-site analysis.[10]  Further, the warrant did not lack particularity due to the absence of a search protocol or methodology.  *See Richards*, 659 F.3d at 538 ("[G]iven the unique problem encountered in computer searches, and the practical difficulties inherent in implementing universal search methodologies, the majority of federal courts have eschewed the use of a specific search protocol . . .");  *United States v. Burgess*, 576 F.3d 1078, 1093-94 (10th Cir. 2009) ("It is unrealistic to expect a warrant to prospectively restrict the scope of a search by directory, filename or extension or to attempt to structure search methods – that process must remain dynamic. . . . [I]t is folly for a search warrant to attempt to structure the mechanics of the search and a warrant imposing such limits would unduly restrict legitimate search objectives.");  *United States v. Khanani,* 502 F.3d 1281, 1290 (11th Cir. 2007) (rejecting defendants' argument that "the lack of a written 'search protocol' required the district court to suppress all evidence agents seized as a result of the search of the defendants' computers");  *United States v. Brooks,* 427 F.3d 1246, 1251 (10th Cir. 2005) ("This court has never required warrants to contain a particularized computer search strategy.");  *United States v. Maali*, 346 F.Supp.2d 1226, 1245 (M.D. Fla. 2004) ("[T]he lack

---

[10]  Courts have also upheld the seizure of "[i]tems that would tend to show dominion and control of the property or premises searched" (numbered item 11).  *See United States v. Horn*, 187 F.3d 781, (8th Cir. 1999) ("[T]he words '[r]ecords, documents, receipts, keys, or other objects showing access to, and control of, the residence" were sufficiently particular to preclude the exercise of any illegal discretion by the executing officers.").

of a detailed computer 'search strategy' does not render the warrant deficient as to the search and seizure of computers.").[11]

The particularity requirement of the Fourth Amendment was satisfied here because the warrant identified the types of property authorized to be seized and indicated the crimes involved for which evidence was sought. *Cf. United States v. Riccardi*, 405 F.3d 852, 862 (10th Cir. 2005) ("Our case law therefore suggests that warrants for computer searches must affirmatively limit the search to evidence of specific federal crimes or specific types of materials. The warrant in this case was not limited to any particular files, or to any particular federal crime. . . . By its terms, the warrant thus permitted the officers to search for anything – from child pornography to tax returns to private correspondence.") (internal citations omitted). The warrant in this case limited the search to computer equipment, digital storage devices, and accessories that could contain contraband and evidence linked to the child pornography offenses specified in the warrant. *See United States v. Gabel*, No. 10-60168, 2010 WL 3927697, at *10 (S.D. Fla. Sept. 16, 2010) (holding search warrant satisfied particularity requirement where it limited search to computers, digital storage devices, accessories, and other materials that could contain child pornography), *aff'd*, 470

---

[11] Defendant relies heavily on a case from the Western District of Washington in which the magistrate judge denied the government's application for a warrant to seize "any computers or digital devices" that may be located at the defendant's residence to search for "evidence relating to the crimes of copyright infringement or trafficking in counterfeit goods" as overbroad because the supporting affidavit contained no reference to a search filter term and no promise to foreswear reliance on the plain view doctrine. *In re United States of America's Application for a Search Warrant to Seize and Search Electronic Devices from Edward Cunnius*, 770 F.Supp.2d 1138, 1141, 1152 (W.D. Wash. 2011). In light of the case law previously cited, in which the overwhelming majority of courts have upheld search warrants similar to the one in this case, the undersigned declines to follow the reasoning in *In re United States of America's Application*. The Fourth Amendment does not require the level of surgical precision advocated by Defendant.

Fed. Appx. 853 (11th Cir. 2012).  The warrant supplied enough information "to guide and control the agent's judgment in selecting what to take."  *Upham*, 168 F.3d at 535. Moreover, the search was carried out in a controlled manner, not in flagrant disregard for the limitations of the warrant.  *See Richards,* 659 F.3d at 542 (holding warrant that authorized search of computer servers for evidence of child pornography was not unconstitutionally overbroad and considering the fact that there was no actual claim that the search process was abused by the federal agents); *Grimmett*, 439 F.3d at 1270 ("There is no evidence of exploratory rummaging through files, or inadvertent discoveries.  No wholesale searching occurred here, despite the broad authority the warrant may have granted.") (internal citations omitted).

The warrant was not unconstitutionally overbroad because non-contraband items contained within the computer (such as bank statements, professional records, personal photographs and music) were also subject to seizure.  Again, federal courts have consistently recognized that computer searches pose unique challenges that may result in "some innocuous documents [being] examined, at least cursorily in order to determine whether they are, in fact, among those papers authorized to be seized." *Andersen v. Maryland*, 427 U.S. 463, 482 n.11 (1976).  The district court for the Eastern District of New York explained:

> Computers and electronic information present a more complex situation, given the extraordinary number of documents a computer can contain and store and the owner's ability to password protect and/or encrypt files, documents, and electronic communications. As a result, the principle of permitting law enforcement some flexibility or latitude in reviewing paper documents just described, has been extended to computerized or electronic evidence. Courts have applied the principles recognized in *Andresen* "in analyzing the method used by the police in searching computers and have afforded them leeway in searching computers for incriminating evidence within the scope of materials specified in the warrant." *Graziano,* [558

16

JA165

> F.Supp.2d 304, 317 (E.D.N.Y. 2008)]; *see also United States v. Scarfo,* 180
> F.Supp.2d 572, 578 (D.N.J.2001) ("Where proof of wrongdoing depends
> upon documents or computer passphrases whose precise nature cannot be
> known in advance, law enforcement officers must be afforded the leeway to
> wade through a potential morass of information in the target location to find
> the particular evidence which is properly specified in the warrant."). Thus,
> courts developed a more flexible approach to the execution of search
> warrants for electronic evidence, holding the government to a standard of
> reasonableness. *See Graziano,* 558 F.Supp.2d at 316 ("[T]he manner of the
> execution of the warrant" in computer searches is "subject to judicial review
> under a 'reasonableness' standard.").

*Metter*, 860 F.Supp.2d at 213-14; *see also United States v. Riley,* 906 F.2d 841, 845 (2d

Cir. 1990) ("It is true that a warrant authorizing seizure of records of criminal activity permits

officers to examine many papers in a suspect's possession to determine if they are within

the described category. But allowing some latitude in this regard simply recognizes the

reality that few people keep documents of their criminal transactions in a folder marked

'drug records.'"); *United States v. Santarelli,* 778 F.2d 609, 615-16 (11th Cir. 1985) (finding

search reasonable even though agents removed a large number of documents that were

unrelated to loansharking activity because "the agents were entitled to examine each

document in the bedroom or in the filing cabinet to determine whether it constituted

evidence they were entitled to seize under the warrant"); *Maali*, 346 F.Supp.2d at 1245

("The fact that many records other than those responsive to a search warrant are likely to

be stored on computers does not render seizure of computers for offsite searching

impermissible."). Additionally, the Eleventh Circuit has held that "absent a 'flagrant

disregard' of the terms of the warrant, the seizure of items outside the scope of a warrant

will not affect admissibility of items properly seized." *Wuagneux*, 683 F.2d at 1354 (quoting

*United States v. Heldt*, 668 F.2d 1238, 1259-60 (D.C. Cir. 1981)). The undersigned does

not find "flagrant disregard" for the terms of the warrant under the facts of this case.

Accordingly, the undersigned finds the warrant was neither insufficiently particular nor impermissibly overbroad.

## B. Whether the warrant was executed in an unreasonable manner

Defendant argues the execution of the search warrant was unreasonable because government agents seized and retained for more than thirteen months non-contraband items that fell outside the warrant's scope, including computer equipment that contained no evidence relating to child pornography. Defendant relies on two recent decisions of the Eleventh Circuit to argue that the delay unreasonably infringed on Defendant's possessory interests protected by the Fourth Amendment. *See United States v. Mitchell*, 565 F.3d 1347 (11th Cir. 2009); *United States v. Laist*, 702 F.3d 608 (11th Cir. 2012).

In *Mitchell*, two agents seized the hard drive of the defendant's computer, acting on probable cause that the computer contained images of child pornography. *Mitchell*, 565 F.3d at 1349. Twenty-one days after the initial seizure of the hard drive, one of the agents applied for and received a warrant to search the computer.[12] *Id.* The court found the government had not provided adequate justification for the delay and rejected the argument that there was no harm in the delay in applying for the search warrant.

> The purpose of securing a search warrant soon after a suspect is dispossessed of a closed container reasonably believed to contain contraband is to ensure its prompt return should the search reveal no such incriminating evidence, for in that event the government would be obligated to return the container (unless it had some other evidentiary value). In the ordinary case, the sooner the warrant issues, the sooner the property owner's possessory rights can be restored if the search reveals nothing incriminating.

---

[12] Three days after the seizure, one of the agents left town to attend a two-week training course. *Id.* at 1349. He did not apply for the search warrant until after his return. *Id.* The agent testified he did not feel any urgency to apply for the warrant before he left town because the defendant had admitted the hard drive contained child pornography. *Id.* at 1351.

> If anything, this consideration applies with even greater force to the hard drive of a computer, which is the digital equivalent of its owner's home, capable of holding a universe of private information.

*Id.* at 1352 (internal quotation marks and citations omitted). The Eleventh Circuit explained that an otherwise lawful seizure can violate the Fourth Amendment and infringe upon an owner's possessory interests if the police act with unreasonable delay in securing a search warrant. *Id.* at 1350. The court directed that the reasonableness of the delay be determined in light of all the facts and circumstances on a case-by-case basis and reflecting a careful balancing of governmental and private interests. *Id.* at 1350-51.

In *Laist*, FBI agents conducted a "knock and talk" to interview the defendant and request his consent to seize and search his computer. *Laist*, 702 F.3d at 610. The defendant admitted there was child pornography on his computer, signed a consent form authorizing the search and seizure of his computer and hard drives, and accessed the computer to show the agents an image that appeared to be child pornography. *Id.* at 610-11. Before seizing the computer, the agents allowed the defendant to copy some school documents onto an external hard drive. *Id.* at 611. One week later, the defendant's attorney sent a letter to the FBI revoking the defendant's consent. *Id.* Twenty-five days after receipt of the letter revoking the defendant's consent, the agents submitted an application for a search warrant to a magistrate judge, who issued the warrant six days later. *Id.* at 611-12. The Circuit court found the twenty-five day delay in applying for the warrant was reasonable under the circumstances. *Id.* at 616-17. The court found the defendant's possessory interest was diminished because he had been afforded the opportunity to remove the files he needed for school, and he had admitted the presence of contraband on his computer. *Id.* at 616. The court found "[t]he government's efforts

were sufficiently diligent to pass muster under the Fourth Amendment" under the totality of the circumstances considering that the government had submitted a detailed affidavit that contained valuable information and took time to draft and edit, and the agents were "extremely busy" with other matters. *Id.* at 617.

In both of these cases, agents seized computer media without a warrant and held it for a period of time before obtaining warrants to search their contents. Because the agents in this case seized Defendant's computers pursuant to a valid search warrant, *Mitchell* and *Laist* are distinguishable and inapposite. Here, the undersigned finds no unreasonable conduct in the government's execution of the search warrant. Approximately five months passed between the seizure of the computers and the completion of the forensic examination. Snyder testified that the delay was caused by the amount of workload facing forensic examiners (Tr. 55-56). Snyder testified the amount of time it takes to complete a computer forensic examination varies depending on the circumstances (Tr. 56). Snyder testified that the examination is a painstaking process and the length of the examination depends on the number of files that must be reviewed (Tr. 57).[13] The undersigned finds no evidence that the government was not diligent in its efforts to complete the forensic examination of Defendant's computer media. *See United States v. Lovvorn*, No. 1:11-cr-208-WKW-TFM, 2012 WL 3743975 (M.D. Ala. Apr. 24, 2012) (finding the nineteen month delay between the seizure of a computer and completion of the forensic examination was reasonably attributable to a "backlog of cases" and noting there was no evidence that the defendant sought to have his property returned or was prejudiced in any

---

[13] Snyder also testified that it was HSI's standard operating procedure to wait until they receive a report from NCMEC before returning noncontraband items (Tr. 62-63).

way). Further, the undersigned can find no case law to support Defendant's argument that the government's retention of the non-contraband items between the completion of the forensic examination and Defendant's request for their return justifies suppression of lawfully seized evidence. *See United States v. Foster*, 100 F.3d 846, 852 (10th Cir. 1996) ("[T]he extreme remedy of blanket suppression should only be imposed in the most 'extraordinary' of cases."). The government agreed to return all non-contraband items upon Defendant's request, and the majority of the delay in the completion of such return was due to Defendant's failure to provide a clean external hard drive as well as the necessity of arranging storage of the property that would comply with Defendant's conditions of release.

## C. Whether the government agents acted in good faith

Defendant argues the warrant in this case was facially invalid and no reasonable agent could have presumed it to be valid. Defendant argues "it should have been apparent to a government-trained agent that a warrant authorizing the search of 'any and all computer equipment used to collect . . . data' (item 1) without any reference to a crime lacked the requisite specificity" (Doc. 43 at 45).

"The good faith exception may be applied to a search conducted pursuant to an overly broad warrant." *United States v. Travers*, 233 F.3d 1327, 1330 (11th Cir. 2000) (citing *United States v. Accardo*, 749 F.2d 1477, 1481 (11th Cir. 1985)). When an officer has obtained a search warrant from a judge or magistrate and acted within its scope in good faith, "there is no police illegality and thus nothing to deter." *United States v. Leon*, 468 U.S. 897, 921 (1984). "The officers do not act in objective good faith, however, if the warrant is so overly broad on its face that the executing officers could not reasonably have presumed it to be valid." *Travers*, 233 F.3d at 1330 (citing *Accardo*, 749 F.2d at 1481). In

determining whether the good-faith exception should apply in a particular case, the "inquiry is confined to the objectively ascertainable question whether a reasonably well trained officer would have known that the search was illegal despite the magistrate's authorization." *Leon*, 468 U.S. at 922 n.23.

Here, the undersigned has determined the warrant did not lack particularity and was not overbroad. However, even if the Court were to find it so, the warrant was not "so facially deficient – i.e., failing to particularize the place to be searched or the things to be seized – that the executing officers could not have reasonably presumed it to be valid." *Travers*, 233 F.3d at 1330 (quoting *Accardo*, 749 F.2d at 1481). There is no evidence that the agents intentionally deceived the issuing judge or deliberately exceeded the scope of the warrant in the items seized during the search. The warrant indicated there was probable cause to believe that a computer located at Defendant's residence contained child pornography, and it was sufficiently detailed that a reasonable officer would have believed in good faith that the warrant was valid. This is not a situation where "even a cursory reading of the warrant would have revealed a glaring deficiency that any reasonable police officer would have known was constitutionally fatal." *Groh v. Ramirez*, 540 U.S. 551, 564 (2004). *See Riccardi*, 405 F.3d at 864 (holding good faith exception applied, even though warrant lacked particularity because it authorized the seizure of all computer equipment and did not reference the alleged crime).

Further, Defendant argues that even if it was not obvious that the warrant was facially invalid, the agents did not act in good faith because the government unreasonably executed the warrant by failing to return any of Defendant's computers and hard drives after making duplicate images of them. As discussed above, the undersigned finds the

government's execution of the warrant was reasonable. The undersigned does not find any evidence that the officers intentionally delayed the investigation or acted in bad faith.

### IV. Conclusion

Based on the foregoing, the undersigned respectfully recommends Defendant Arnold Bernard Conrad Jr.'s Motion to Suppress and Memorandum of Law in Support (Doc. 43) be **DENIED**.

**DONE AND ENTERED** at Jacksonville, Florida this 14<u>th</u> day of May, 2013.

THOMAS E. MORRIS
United States Magistrate Judge

Copies to:
Hon. Marcia Morales Howard
All counsel of record

Griffeye releases new AI technology trained to aid child abuse investigations                                                              4/18/22, 1:47 PM

# Griffeye releases new AI technology trained to aid child abuse investigations

*The technology, trained at Taskforce Argos, Queensland Police in Australia,  will help investigators filter out relevant information, speed up investigations and free up time to prioritize investigative work such as victim identification.*



 PLATFORMS    TRAINING & WEBINARS    LATEST    COMPANY    FREE 90-DAY TRIAL (HTTPS://WWW.GRIFFEYE.COM/ANALYZE-DI/FREE-TRIAL/)    MYGRIFFEYE

Griffeye releases new AI technology trained to aid child abuse investigators        5/18/22, 1:47 PM

**Gothenburg, Sweden, May 24, 2018 –** Griffeye, one of the world's premier platforms for managing, building and sharing digital media, and used by law enforcement agencies across the world, today announced the release of new AI technology that will help investigators filter out relevant information, speed up investigations and free up time to prioritize investigative work such as victim identification. The technology has been trained on child sexual abuse material at Taskforce Argos, Queensland Police in Australia.

AI technology opens up whole new possibilities for investigators. One of the big challenges that law enforcement face today are the large volumes of data, often millions of files, that investigators have to deal with. Finding the clues needed to identify and rescue children is often like looking for a needle in a haystack, and information is often found too late, or not at all. The manual classification also puts investigators under a lot of mental strain, and results in increased investigation times.

> *"Technology can help solve some of those problems and our hope is that the AI technology produced in the Griffeye Brain programme will provide important relief to strained investigators," said Johann Hofmann, Director and Head of Griffeye. "Instead of getting bogged down in trying to manually go through the data, it will help them prioritize and free up time to spend time on analysis and solving crime."*

The AI scans through previously unseen footage and suggests images that it believes depicts child sexual abuse content. The AI outputs a score that can be used to tell whether a file is pertinent to the investigation or not.

> *"These first tests show very promising results. They show that AI performs well in some of the toughest application and that it has great potential," said Hofmann. "However, the results from the AI technology doesn't by any means take the human investigator out of the loop. Instead it aids the investigator in making qualified assessments. What it does do is automatically group and filter material and it helps investigators prioritize."*

> *"The next step is to see how the technology works in different settings," Hofmann continued. "We know it works on live data managed within Taskforce Argos' database in Queensland Australia, but we still need to find out how it works on data in other countries that is possibly classified based on other jurisdictions. We hope to work with our users to continue develop the technology and improve it even further."*

The version released today is the first beta version, that will be further developed and fine-tuned in several stages during 2018. The Griffeye AI program, called Griffeye Brain, aims to innovate how AI is applied to law enforcement work processes. The CSA classifier is the first outcome of the programme.

The Griffeye Brain CSA classifier has been trained on real CSA case data at Taskforce Argos, Queensland Police in Australia. Training the algorithm on real data is necessary for it to work and it is absolutely crucial how the training is conducted and what data it is being trained on.

> *"The performance of the AI algorithm is directly related to the quality of the data that it is trained on," said Hofmann. "Taskforce Argos' database is one of the best, quality assured databases in the world."*

**About Griffeye**

*Griffeye provides the world's premier intelligence and visual big data platform for digital media investigations handling images and video. Griffeye Analyze DI Core, DI Pro, CS operations and CS enterprise can be*

Griffeye releases new AI technology–trained to aid child abuse investigations    4/18/22, 1:47 PM

*used in any investigation containing digital material for industries including law enforcement, defense, and national security.*

## Start your free 90-day trial of Analyze DI Pro
## Create an account or get in touch.

Free trial (/the-platform/analyze-di/free-trial/)

Contact sales (/contact-sales)

**More press releases:**

Griffeye releases new AI-technology - barred to aid child abuse investigations                    4/18/22, 1:47 PM

© 2022 Griffeye Technologies · Part of Safer Society Group (http://www.safersociety.com) · Privacy
Policy (/privacy-policy/)
**Subscribe to newsletter** (https://www.griffeye.com/subscribe-to-newsletter/)

🐦  📘  in

JA176

1

```
 1                  UNITED STATES DISTRICT COURT
                 FOR THE EASTERN DISTRICT OF VIRGINIA
 2                       Alexandria Division

 3   UNITED STATES OF AMERICA,      :
                                    :    Criminal Case
 4              Plaintiff           :    No. 1:20-CR-00143-TSE
                                    :
 5         v.                       :
                                    :
 6   ZACKARY ELLIS SANDERS,         :    April 29, 2022
                                    :    2:30 p.m.
 7              Defendant           :
     ............................   :    .......................
 8
                   TRANSCRIPT OF FORFEITURE HEARING
 9            BEFORE THE HONORABLE T.S. ELLIS, III
                    UNITED STATES DISTRICT JUDGE
10

11     APPEARANCES:

12     FOR THE PLAINTIFF:        ANNIE ZANOBINI
                                 SETH SCHLESSINGER
13                               U.S. ATTORNEY'S OFFICE
                                 2100 Jamieson Avenue
14                               Alexandria, VA  22314
                                 (703) 299-3700
15
       FOR THE DEFENDANT:        NINA J. GINSBERG, ESQ.
16                               DiMURO GINSBERG, P.C.
                                 1101 King Street
17                               Suite 610
                                 Alexandria, VA  22314
18                               (703) 684-4333

19
       OFFICIAL COURT REPORTER:  REBECCA STONESTREET, RPR, CRR
20                               U.S. District Court, 9th Floor
                                 401 Courthouse Square
21                               Alexandria, Virginia  22314
                                 (240) 426-7767
22

23                      ( Pages 1 - 44)

24

25        COMPUTERIZED TRANSCRIPTION OF STENOGRAPHIC NOTES
```

2

**P R O C E E D I N G S**

1

2          THE COURT:  The record will reflect this is

3    United States against Sanders, and that Mr. Sanders is now

4    present in the courtroom in the custody of the marshals.

5          Good afternoon, Mr. Sanders.

6          THE DEFENDANT:  Good afternoon, Your Honor.

7          THE COURT:  All right.  Who is here on behalf of the

8    government?

9          MS. ZANOBINI:  Good afternoon, Your Honor.

10   Annie Zanobini and Seth Schlessinger on behalf of the

11   United States.

12         THE COURT:  Ms. Zanobini, will you argue today?

13         MS. ZANOBINI:  Yes, Your Honor.

14         THE COURT:  All right.  And Ms. Ginsberg, you'll argue

15   for the defendant?

16         MS. GINSBERG:  That's correct, Your Honor.

17         THE COURT:  All right.  Let me see if I can frame this.

18   But I want you to listen carefully to what I say, because I may

19   not get it right, and if I don't get it right, I'll rely on

20   you-all to correct me.

21         This is a child pornography prosecution which resulted

22   in a verdict of guilty by the jury, and it is before the Court

23   on two motions, the government's motion for a preliminary order

24   of forfeiture, and the defendant's motion for return of

25   noncontraband seized property; in essence, material on the

3

1    memories of these devices that, in his view, are unrelated to

2    child pornography.

3         The government seeks forfeiture of nine electronic

4    devices which contain in their memories visual depictions of

5    child pornography, and which FBI agents seized from defendant on

6    February 12, 2020, when the government executed a search warrant

7    of defendant's home.

8         Defendant concedes that certain electronic devices

9    themselves are subject to mandatory forfeiture, but defendant

10   seeks return of certain files contained on the -- in the

11   memories of these devices, including personal and business

12   records that defendant contends are not child pornography.  And

13   he seeks an order directing the government to preserve and

14   return copies of the noncontraband contents on the devices.

15        So that's where we are.  I think the devices, the way

16   they're identified is 1B something, and a number.  What's the 1B

17   number from?  Is that an exhibit number?

18        Ms. Zanobini or Ms. Ginsberg, do you know?

19        MS. ZANOBINI:  Yes, Your Honor.  It's not an exhibit

20   number, it's the FBI's number.

21        THE COURT:  All right.  The ones I have that are at

22   issue are 1B2 and 1B22 and 1B27.  Those are the ones that I

23   think Mr. Sanders contends have non-child-pornography related

24   stuff on them.  Is that your --

25        MS. ZANOBINI:  Your Honor, it's my understanding that

4

1    it's 1B19 and not 1B22, as 1B19 is the iPad Pro.

2              THE COURT:  All right.  What's your view, Ms. Ginsberg?

3              MS. GINSBERG:  Your Honor, I don't recall what the FBI

4    number is, but the IPad Pro is the device that is at issue.  So

5    that apparently is 1B19.

6              THE COURT:  Is that the main one?  I had two others.

7              MS. GINSBERG:  Yes, Your Honor was correct, 1B2,

8    1B19 - as opposed to 1B22 - and, as Your Honor said before,

9    1B27.

10             THE COURT:  That's right.  Now, I wanted to frame this,

11   so let me continue and see if I have everything.  And then we

12   can hear argument.

13             The government claims that trial testimony and admitted

14   evidence established that these devices contain child

15   pornography and were used in the commission of the convicted

16   crimes.  Special Agent Christopher Ford testified that he imaged

17   and examined 1B1, 1B2, 1B3, 1B5, and that each of those devices

18   contained images of child pornography.  Well, they're not really

19   at issue today.

20             Special Agent Ford also testified that he examined

21   1B19, and that that device - and that one is at issue - was used

22   to chat online with minors to produce and receive child

23   pornography.  And Special Agent Ford also testified that he

24   examined 1B22, which isn't at issue, and that that device was

25   used online with minors -- to chat online with minors to produce

5

1    and receive child pornography.  Special Agent Ford testified

2    that 1B27, which is at issue, that he examined that, and that

3    that device was used to receive child pornography.

4         Now, the government has also submitted, or asked me to

5    consider, Special Agent Eckert's trial testimony -- no, I'm

6    sorry, her declaration which has been submitted in support of

7    the motion, the government's motion, in which Eckert explained

8    that a forensic examination of the devices discovered images, or

9    disclosed that these memories on these devices had images and

10   videos of child pornography.

11        And Special Agent Kochy also submitted a declaration in

12   which Kochy elaborated on the government's burden that the

13   government would bear if it had to review files on these devices

14   and segregate contraband from noncontraband files.  And

15   Special Agent Kochy stated that the FBI agent would still be

16   required visually to inspect every picture and file and document

17   that the defendant seeks to extract from these devices.  That's

18   what the declaration shows.

19        And the only other thing I would mention to frame it

20   is, it seems to me that the issue comes down to the fact that

21   the defendant does not contest that these devices are all

22   forfeited.  What the defendant says is that some of the

23   information on 1B19 and 1B27 and 1B2 is noncontraband, non-child

24   pornography.

25        And by the way, contraband refers to all property -- it

6

1    encompasses more than just images of child pornography; it

2    includes any files used in the commission of the convicted

3    offenses, as well as any information identifying or relating to

4    the minor victims in the case.

5         But anyway, we're focusing, I think, today on 1B2 and

6    1B19 and 1B27.  And the essential argument is, the government

7    says they're forfeited and it doesn't have to go through there

8    and separate out some stuff that may be noncontraband, and it

9    says that on the basis of the plain language argument.  And the

10   defendant says, no, the material on those three devices includes

11   some material that isn't contraband, that isn't child

12   pornography.  And that should be returned, family records or

13   business records of his ventures or whatever.  And the issue is

14   whether the government is required to pull that stuff out and

15   give it back to him.

16        Now, there are, so far as I'm aware, only three --

17   there's no Fourth Circuit decision in point.  There's the

18   statute, which, of course, the government contends the plain

19   language is broad enough to -- should be construed to apply to

20   all of these devices, including the noncontraband material that

21   may be on them.

22        And, in support, the government cites a

23   Seventh Circuit case, *Noyes*, which is an unpublished

24   Seventh Circuit case, in which the Seventh Circuit decided

25   specifically that a defendant's request to have noncontraband

7

1    electronic files stored on those devices returned to him; the

2    Seventh Circuit denied that request, observing that the

3    forfeiture statute required defendants to forfeit all of that,

4    including noncontraband.  The *Noyes* court explained that there

5    is nothing in the statute that indicates that only a portion of

6    the property can be forfeited.

7         The Second Circuit, the government says, reached a

8    similar conclusion in *Wernick*, which is also in

9    Federal Appendix.  And there, as in the Seventh Circuit case,

10   the Second Circuit denied a request for return of noncontraband

11   files stored on an electronic device subject to mandatory

12   forfeiture.  And the Second Circuit said property traceable to

13   an offense is still forfeitable, even if commingled with

14   legitimate property.  It is impossible confidently to conclude

15   that none of the data requested was used to facilitate offenses

16   of conviction.

17        Now, those are the only two cases I found that were

18   directly in point.  The defendant cites the *Gladding* case from

19   the Ninth Circuit, and argues that the *Gladding* court reached

20   the opposite result.

21        Well, I'll hear from you, Ms. Ginsberg, on that.  It

22   seems to me that the *Gladding* court did not reach the opposite

23   result.  It's distinguishable.  Essentially, in *Gladding*, the

24   District Court's forfeiture order explicitly did not cover

25   noncontraband files.  Could have, but it didn't.  And so the

8

1   government, in *Gladding*, never argued that the forfeiture order

2   should be amended to cover all the files on the electronic

3   devices, and there's really no indication that the *Gladding*

4   court considered that question and the question that's presented

5   in this case.

6       As the *Gladding* court said, in the Ninth Circuit:

7   "This type of forfeiture order is uncommon" - I'll say -

8   "because in the normal course, a defendant forfeits all the

9   files on an electronic storage device when it forfeits the

10  device itself, whether those files are contraband or not.

11      So in dicta, the Ninth Circuit seems to agree with the

12  Seventh and the Second Circuits, but it wasn't the question

13  presented to the Ninth Circuit.

14      So that's where we are.  And I think the place to begin

15  probably, Ms. Zanobini, is to be sure that -- you're the movant

16  for the forfeiture order, so tell me if I have accurately

17  described the case and the issues that are before the Court

18  today, and whether that's the issue that's presented.

19      MS. GINSBERG:  Judge, I hate to interrupt, but before

20  we get to the legal issue, I think that there is at least some

21  confusion, and I think a mistake on the government's part --

22      THE COURT:  All right.  What is it?

23      MS. GINSBERG:  -- as to the actual devices which it's

24  seeking to forfeit.  I'm looking at the government's motion for

25  preliminary order of forfeiture, and Agent, I think it's

9

```
 1    Eckert's --
 2              THE COURT:  I said 1B1, 1B2, 1B3, 1B5, 1B6, 1B19, 1B22,
 3    1B24, and 1B27.
 4              MS. GINSBERG:  That's correct.  And that's what's
 5    listed here.  But, Your Honor, 1B24, on the front page of the
 6    motion for the preliminary order of forfeiture, identifies an
 7    Apple iPad, and is one of three iPads listed.
 8              My recollection from the trial testimony was that there
 9    were only two iPads, and that there were actually two iPhones
10    that were seized.  And if you look at Agent Eckert's affidavit,
11    page 2 of her affidavit, she has identified, Item 1B24 as an
12    Apple iPhone, not as an Apple iPad, as the preliminary --
13              THE COURT:  But that's not one of the devices you claim
14    has noncontraband on it.
15              MS. GINSBERG:  Your Honor, I think one of the -- the
16    only one of these declarations which referred to this iPad --
17              THE COURT:  I'm sorry, what was the answer to my
18    question?  Do you contend that 1B24 has noncontraband material?
19              MS. GINSBERG:  I don't know.  One of these declarations
20    say that it was reviewed and there was suspected contraband, but
21    I'm not --
22              THE COURT:  I see.
23              MS. GINSBERG:  The core issue is not -- the core issue
24    is the one that the Court has identified, but I think it would
25    be improper for the Court to forfeit an item that is either
```

10

```
1   nonexistent or that is not actually an item that contains
2   contraband.
3           THE COURT:  All right.  Let me see if Ms. Zanobini,
4   then, can clarify this.
5           MS. ZANOBINI:  Yes, Your Honor.  I sent an email to
6   defense on April 22nd just to clarify to them that the agent's
7   declaration refers to 1B24 as an iPhone.  That is correct.  My
8   motion mistakenly lists it as an iPad, but it is, in fact, an
9   iPhone 4S.
10          THE COURT:  1B24 is an iPhone?
11          MS. ZANOBINI:  That's correct.  So it is listed as an
12  iPhone in the agent's declarations, but in my motion I
13  mistakenly listed it as an iPad.  And I sent defense an email to
14  clarify that device, but that device does still contain
15  contraband.
16          THE COURT:  Ms. Ginsberg?
17          MS. GINSBERG:  Your Honor, if the agent has signed an
18  affidavit or declaration saying it contains contraband, we have
19  no evidence to the contrary.  But it was not an exhibit admitted
20  at trial, as far as I recall.
21          THE COURT:  All right.  That really doesn't matter for
22  purposes of forfeiture, whether it was admitted at trial or not.
23  And I don't know -- I thought these numbers were numbers that
24  had some exhibit meaning, but they don't.  They're what the FBI
25  put on them.
```

11

```
1              Is that right, Ms. Zanobini?

2              MS. ZANOBINI:  That's correct, Your Honor.

3              THE COURT:  But it doesn't matter whether it was an

4    exhibit at trial, does it, Ms. Zanobini?

5              MS. ZANOBINI:  No, Your Honor.

6              THE COURT:  Ms. Ginsberg?

7              MS. GINSBERG:  No.  As long as there is evidence that

8    there is actually contraband on that device, we can't object to

9    its forfeiture.

10             THE COURT:  All right.  So, Ms. Ginsberg, am I correct,

11   then, that what we're focused on sharply today is whether, for

12   1B2 and 1B19 and 1B27, where there appears to be noncontraband

13   material on there, whether the device should be forfeited both

14   with and without the contraband material, or, as you argue, that

15   the noncontraband portions of those memories should be returned

16   to the defendant?

17             MS. GINSBERG:  Essentially, yes, Your Honor.  Two

18   things.  One, the digital information on these devices is not

19   technically part of the device's memory.  It is a digital file

20   that is stored on the device, but can be removed from the device

21   without altering anything about the device itself.

22             THE COURT:  All right.

23             MS. GINSBERG:  So it's not an integral part of the

24   device.

25             THE COURT:  When you say stored in the memory, I'm not
```

12

1    an expert on computers, but obviously if something is in a

2    memory, you can get it out of the memory without altering the

3    device.

4         MS. GINSBERG:  I just wanted to make sure that the

5    Court is clear that we're not even asking to remove these --

6    this information.  What we're asking to do is make copies of it,

7    essentially.

8         THE COURT:  Yes, all right.  I did understand that, and

9    I'm glad you clarified that.

10        MS. GINSBERG:  And we're also not asking to receive

11   copies of all of the noncontraband information on these devices.

12   We're asking to be allowed to have a forensic examiner accompany

13   a lawyer to review these three separate devices, make a

14   selection, a very limited selection, of files to have copies

15   made of, and to have those copies preserved and returned to the

16   Sanders family.

17        THE COURT:  And who is it that you say would do this?

18        MS. GINSBERG:  A forensic examiner that we would hire.

19   We had a forensic examiner from a reputable company who already

20   assisted us in this type of process during the discovery

21   process.

22        THE COURT:  All right.  Can you confirm to me that you

23   don't know of any decisions that would approve or bless that

24   procedure?

25        MS. GINSBERG:  Well, Your Honor, we did attach, in

13

1    the --

2           THE COURT:  *Gladding*?

3           MS. GINSBERG:  Not the *Gladding* decision.

4           THE COURT:  Is it in your brief?

5           MS. GINSBERG:  It's in the last -- in the last brief

6    that we filed, there were two unreported -- one was a report and

7    recommendation from a magistrate, and one is a North Dakota

8    unreported case where the court sanctioned this process.

9           But we would -- I guess -- I know Your Honor wanted to

10   hear from the government first, but I do think that the

11   government's pleadings in general have mischaracterized what

12   we're requesting.  We are not requesting a review of all of the

13   material -- a return of all of the material on these three

14   devices.  We are not asking that the government have an agent --

15   a forensic analyst actually go through and segregate contraband

16   from noncontraband material.  We are asking to have the

17   opportunity to have a forensic examiner, accompanied by one of

18   the lawyers who is familiar with the data, look at these three

19   devices, identify --

20          THE COURT:  One of the lawyers, meaning you?

21          MS. GINSBERG:  Me or --

22          THE COURT:  All right.

23          MS. GINSBERG:  -- Mr. Deubler or one of us.  To

24   accompany this forensic examiner, say these are the type of

25   documents we're looking for:  School records, professional

14

```
1    lighting programs that Mr. Sanders designed, photographs of
2    family trips and family events.  And identify those specific
3    limited number of files, then present to the government, however
4    they want us to do it, either to copy them onto a hard drive
5    ourselves or just identify the file by name and say, here is
6    this very limited list of files that we would like to have
7    copied.  And then have the government digital examiner review
8    those limited number of files to make sure that they don't
9    contain contraband or any private information that relates to
10   the victims, and then allow us to have copies made.
11           We are not asking for information about any of the
12   victims --
13           THE COURT:  But, you see, your person would have
14   exclusive, for some period of time, access to the --
15           MS. GINSBERG:  No, not at all.  We would go to the FBI
16   facility where these devices were previously made available --
17           THE COURT:  And somebody from the FBI would have to be
18   there and look over your shoulder.
19           MS. GINSBERG:  Well, I think what happened last
20   time was they put him in a -- I didn't go with him.  Mr. Deubler
21   did.  He was there for three days, and I think they put him in a
22   room with the devices and let him go through the devices.
23           And it's not the actual original devices.  These are
24   forensic copies of the devices.
25           THE COURT:  All right.
```

15

```
1            MS. GINSBERG:  So we are asking for a much smaller
2    universe of information, and we're offering, at our expense, to
3    take on what I think is the real bulk of the work, understanding
4    that an agent or digital examiner will have to examine them.  If
5    that is an additional expense to the government, if the Court
6    thinks it's appropriate, we will pay for the time that it takes,
7    for the salary of that agent.
8            THE COURT:  Well, this particular defendant can afford
9    to do it --
10           MS. GINSBERG:  His family can.
11           THE COURT:  -- but you know, of course, that many
12   defendants could not afford to do that.
13           MS. GINSBERG:  That's certainly the case, Your Honor.
14   But we are offering to compensate the FBI for the time that it
15   takes its examiner to do this work.  But I think we are
16   talking -- the government's pleading talks about thousands and
17   thousands of hours and days and days of work.  We are not
18   intending that.  We are not asking that.  In fact, that would be
19   prohibitive even for the ability of Mr. Sanders' family to pay.
20           THE COURT:  I doubt that.  How many lawyers has he
21   hired in this case?
22           MS. GINSBERG:  Quite a few.
23           THE COURT:  Seven or eight or nine.
24           MS. GINSBERG:  At any rate, we are not asking --
25           THE COURT:  All right.  I understand your argument.
```

16

1    You've put it much more sharply than is in the briefs thus far.

2            So let's let, now, the government proceed.

3            MS. ZANOBINI:  Your Honor, if you want me to just

4    address that specific point...

5            THE COURT:  No, I want you to address the argument.

6    Your argument, I think, from reading this, begins, first of all,

7    that the statute says you don't do that, you get the whole

8    device.

9            MS. ZANOBINI:  That's correct, Your Honor.

10           THE COURT:  All right.  You can make that argument and

11   why you think that's a good argument.  Then you can go to

12   addressing that Ms. Ginsberg says, look, we don't want agents to

13   spent a thousand hours on this; we want to do it very briefly

14   and cleanly on three specific devices for specific kinds of

15   family mementos and business records and pictures.

16           MS. ZANOBINI:  That's right, Your Honor.  It's the

17   government's position that the devices are forfeitable in their

18   entirety, meaning all hardware, software, and data on the

19   device.

20           THE COURT:  Whether it's contraband or not?

21           MS. ZANOBINI:  That's correct, Your Honor.

22           THE COURT:  Yes.  Now, you articulate, please, for me

23   how the statute leads to that conclusion.

24           MS. ZANOBINI:  Right.  I think this position is

25   supported in Section 2253 itself, as well as the case law,

17

1    starting, as Your Honor has stated, with the actual statutory

2    interpretation.  That Section 2253 states, in part:  "The

3    defendants convicted of an offense involving a visual depiction

4    described in 2252 shall forfeit any book, magazine, periodical,

5    film, videotape, or other matter which contains a visual

6    depiction."

7         Thus, the language makes clear that it is not just the

8    visual depiction itself that is forfeitable; rather, the statute

9    makes clear that it includes the matter on which it is stored.

10   In this case, an iPhone, an iPad, a laptop.

11        This position is supported by the case law that the

12   government cites in its motion.  For instance, the defendant in

13   *Noyes* was convicted of receipt and possession of child

14   pornography, and requested that the government return certain

15   files and programs contained in the forfeited computers.  The

16   Third Circuit pointed to the child pornography forfeiture

17   statute, the same statute that's at issue in this case, and

18   noted that nothing in this statute indicated that only a portion

19   of the computer can be forfeited.

20        The court in the Eastern District of New York, in

21   *Wernick,* came to the same conclusion.  Specifically, in *Wernick,*

22   the District Court rejected the defendant's argument that the

23   noncontraband data is a separate and distinct asset from the

24   property used to commit the crime.  It was not like a family

25   dog, when the government forfeits a house; rather, the

18

1    noncontraband data is intertwined with the contraband data, and

2    the defendant's effort to limit the scope of the forfeiture

3    order would be inconsistent with the terms of 2253(a) and the

4    rationale in *Noyes*.

5            On appeal, the Second Circuit affirmed, and also

6    expressed concern, regarding the difficulty of disentangling the

7    data, and noted an additional concern that Your Honor stated

8    earlier, that some of the data was used to facilitate the

9    offense of conviction, like contact information or parties to

10   the crimes and internet chats concerning criminal activity,

11   concerns that are present here.

12           The defense has cited the Ninth Circuit opinion in

13   *Gladding*.  However, as Your Honor previously stated, the court

14   in that -- the court there never directly ruled on the question

15   now facing this court.  And I think the circumstances of

16   *Gladding* are very, very different from what we're facing here.

17           There, the government agreed to give back noncontraband

18   data.  Second, the forfeiture order itself, as you stated, was

19   limited to the contraband data.  Therefore, the government was

20   left with an alternative argument that the difficulty and cost

21   of separating the files was a legitimate reason to retain

22   *Gladding*'s property - which the court noted it could make that

23   argument - however, the court in *Gladding* noted that the

24   government did not submit any evidence of the difficulty of

25   separating the data.

19

1          Here, the government has not agreed to return these

2     files.  There is no specific forfeiture order limited only to

3     the contraband; rather, the statute, in its entirety, permits

4     the forfeiture of the entire device.  And the government has

5     submitted evidence on the record of the burden of separating the

6     files.

7          And as we already stated, *Gladding* remanded to the

8     District Court and never ruled on the issue facing the Court

9     here.  But the courts that have squarely confronted and ruled on

10     this issue have held that the whole device must be forfeited

11     under 2253, based on the terms of the statute itself.

12          Furthermore, given the number of devices and the amount

13     of data on the electronic devices, the undertaking of separating

14     contraband as the defense --

15          THE COURT:  Well, now there are only three devices at

16     issue.

17          MS. ZANOBINI:  That's correct, Your Honor.

18          THE COURT:  And there's only certain material that

19     Ms. Ginsberg says can be identified, with fairly good precision,

20     that they really want.  They're not asking for all

21     noncontraband, which would be a difficult -- it would be an

22     assessment, legal assessment, that would have to be made that

23     would have to be contextual.  You would have to know, well,

24     that's a call, "Would you like to have a donut or go out and

25     have a Coke."  Well, I don't know.  That may well be contraband.

20

1    If it's contact with an underaged minor involved in this BDSM,

2    it would be contraband.

3          But Ms. Ginsberg wants to focus very sharply on some

4    things that they want, family pictures and business records.  I

5    don't know what else she said.  I've forgotten now.  What about

6    that, Ms. Zanobini?

7          MS. ZANOBINI:  Well, to be clear, Your Honor, it's

8    unclear exactly to me what defense is asking for, as defense has

9    stated to me that they want "all noncontraband personal and

10   business digital data, records, and photographs."  That is a

11   significant amount of data.

12         And regardless, the government is not required to do

13   that.  And two, even if -- regardless of whether or not we're

14   talking about giving them the device or making a copy, that is

15   still going to require the FBI to review the information, which

16   is going to take a significant amount of time, even if it's only

17   three devices.

18         And, Your Honor, it's my understanding, this protocol

19   is the same protocol that was used to make copies of evidence.

20   And when defense went to the FBI to make copies of evidence in

21   this case using a similar protocol, they also, when the FBI

22   reviewed the devices, found contraband on the devices.  And

23   that --

24         THE COURT:  I'm not sure I understand what you're

25   saying.

21

```
1              MS. ZANOBINI:  My point, Your Honor, is that it's not
2    as easy as saying simply saying, "I want these files, I'm going
3    to take these files."  The data is so intertwined that it is
4    difficult to make sure that you don't actually have contraband
5    in the copy that you're taking out of the FBI, which, in fact,
6    happened here when defense went to make copies of evidence in
7    the case.
8              THE COURT:  All right.  I understand now what you're
9    saying.  Are you familiar with this magistrate recommendation?
10             MS. ZANOBINI:  I believe that's -- I am not off the top
11   of my head.  But from what I recall - and I can take a look at
12   it - I think the magistrate judge in that case - and I can take
13   a look at it; this is the case cited in the reply - I think
14   talks about, on a motion for return of property too, that a
15   Rule 41(g) is also -- that under a Rule 41(g) motion, the court
16   can consider whether or not the ask from the defendant is
17   reasonable.
18             And here, I would state that the defense's request is
19   not reasonable --
20             THE COURT:  Wait a moment.  Was that a forfeiture
21   issue?
22             MS. ZANOBINI:  I'm sorry?
23             THE COURT:  Was the magistrate judge's recommendation a
24   forfeiture issue, or was he just deciding whether to return
25   something under Rule 41?  That's very different.
```

22

1          MS. ZANOBINI:  Yes, Your Honor, I believe that

2    recommendation was under a Rule 41(g) analysis, although I don't

3    recall all the circumstances off the top of my head.

4          But, Your Honor, you could --

5          THE COURT:  But, you know, return of merchandise under

6    41(g) doesn't involve, necessarily, forfeiture.

7          MS. ZANOBINI:  Well, I think, Your Honor, that I view

8    the issue in front of you whether or not this device is

9    forfeitable, and --

10          THE COURT:  I understand that.  I've just thrown you a

11    softball and you need to hit it, if it's true.  I'm not sure

12    it's true.  I'm going to give Ms. Ginsberg an opportunity to

13    tell me.

14          If the magistrate judge's decision dealt with Rule 41

15    and didn't involve forfeiture, that's distinguishable.  It's not

16    helpful.

17          MS. ZANOBINI:  Yes, Your Honor.

18          THE COURT:  Now, did it involve forfeiture or not?

19          MS. ZANOBINI:  I do not believe that it did, no.

20          MS. GINSBERG:  Judge, the case that I'm referring to

21    appears on page -- the reference to it -- and it is attached to

22    the pleading that is Document 643.  The case is

23    *United States vs. Michael Allen Reaid*, R-E-A-I-D.  It's a North

24    Dakota District Court case.  And it is --

25          THE COURT:  Well, it's not a decision.  You told me it

23

```
1    was the court's recommendation.
2              MS. GINSBERG:  We attached two cases, and I believe
3    this was -- it is an order of the District Court from the
4    Northern District of Florida ordering -- directing --
5              THE COURT:  Now we're in Florida, not North Dakota?
6              MS. GINSBERG:  This is the Rule 41 --
7              THE COURT:  Is that in your brief?
8              MS. GINSBERG:  Yes, it is, Your Honor.
9              THE COURT:  Let me take a recess and I'll look at it.
10             MS. GINSBERG:  But if I could just clarify, Your Honor.
11             THE COURT:  Yes, you can clarify after I look at it.
12   I'm going to do it myself.  That way I'll have confidence about
13   what is there.  We started out with North Dakota; now we're in
14   Florida.  But it's in your brief.
15             MS. GINSBERG:  Yes.  But you asked about the Rule 41
16   analysis, which is part of this Florida case, and it was in the
17   context of a forfeiture action.
18             THE COURT:  Was the North Dakota one forfeiture?
19             MS. GINSBERG:  Yes, it was, Your Honor.
20             THE COURT:  I will look.  Court stands in recess for
21   15 minutes.
22             (Recess taken at 3:04 p.m.)
23             THE COURT:  That was productive.  I'm going to tell you
24   briefly what I found and then I'm going to give you an
25   opportunity to argue.  I'll take the matter and consider it.
```

24

1           First, on the *Reaid* case, if you look at the order, at

2   the end of the order, no result is reached.  And in the *Reaid*

3   case there wasn't any forfeiture order at issue.  The time for

4   forfeiture had passed.  And so it's really not a case -- you

5   don't get to Rule 41 if there's forfeiture.  If there's

6   forfeiture, Rule 41 has no traction.  If you think otherwise,

7   you can -- if you do something very quickly, I'll decide it.

8           But then we go to -- as I said, the end of the order in

9   *Reaid* concludes by saying:  "Defendant's motion remains under

10  advisement."  In other words, no decision is reached there.

11          As far as the *Conrad* case, the report and

12  recommendation, again, they're talking about an agreement that

13  the government entered into.  And there, there was no forfeiture

14  order.  Again, no forfeiture at all.  That's a Rule 41 return.

15          So what I'm going to do, in the interests of getting

16  the matter done, I'm going to look at it carefully.  But I do

17  want to have your views.  So I'm going to give you each five to

18  10 minutes to tell me anything further you want to tell me, and

19  I'll take it under advisement, think about it, and I'll issue a

20  decision.

21          All right.  You would have the burden on your motion

22  for forfeiture order, and the defendant would have the burden on

23  the motion that the defendant has filed.  So it doesn't really

24  matter.

25          Ms. Ginsberg, you may go first if you want to, or I'll

25

```
1    have Ms. Zanobini go first.

2              MS. GINSBERG:  Whatever Your Honor thinks.

3              THE COURT:  I don't think it makes any difference.  I

4    want to hear both of you fully, so even after both of you have

5    argued, I may say to each of you, do you have anything further,

6    having heard what the other lawyer has said.

7              Proceed.

8              MS. GINSBERG:  Your Honor, I think the fundamental

9    question, and the context in which, at least, we view this

10   issue, is whether the separate -- the information, this digital

11   information which is stored on these devices, is separate

12   property in which Mr. Sanders - or any defendant in his

13   position - has a separate property interest.

14             And we believe that the cases -- that there are a

15   number of cases, certainly in different contexts - in the

16   bankruptcy context, in the intellectual property context, and in

17   Rule 41 - that recognize that intellectual property is a

18   separate species of property, regardless of the device on which

19   it is temporarily or even permanently stored.

20             THE COURT:  You realize everything you've said has

21   nothing to do with forfeiture.

22             MS. GINSBERG:  Well, it does -- if the property is

23   separate property from the device on which it is stored, then it

24   is not forfeitable unless that separate property falls within

25   the parameters of the forfeiture statute.  Meaning that the
```

26

1    separate property, the material, the information in those files,

2    those digital files, is either contraband, or was part of a chat

3    that contained a contraband image, or was used -- or the

4    particular information in a file was used to facilitate the

5    criminal offense.

6         So if there's a chat that was used to lure a victim,

7    but that doesn't contain a visual depiction of child

8    pornography, we would agree that that chat, the text in that

9    chat, is still forfeitable.  But we would not agree that a

10   school record or Mr. Sanders' work records or family photographs

11   which were not shared with any of the victims, were not used in

12   any way to facilitate the crime, and which certainly don't, in

13   themselves, constitute child pornography or any other form of

14   contraband, that those would not be forfeitable.

15        And certainly if they were separate pieces of property,

16   and if they were stored in a box in a room in a house that had

17   been used to store drugs, they wouldn't have been forfeited.

18   But they happen to reside --

19        THE COURT:  You do understand that there are cases that

20   if you store drugs in a house, the house is forfeited?

21        MS. GINSBERG:  The house is forfeited, but the

22   furniture is not, necessarily.  And I've had numerous forfeiture

23   cases where the house was forfeited, but the furniture, the food

24   in the kitchen, the children's clothing, all of the removable

25   items, as long as it wasn't permanently affixed to the house,

27

1    those items were not forfeited.

2          The same with the *Hull* case -- well, the *Hull* case is a

3    different case.  But there's also a case which we cited in one

4    of our briefs that talks about the forfeiture of commingled

5    funds in a money-laundering case.  And that's

6    *United States vs. King.*  And that case held that, "The mere

7    pooling or commingling of tainted and untainted funds in an

8    account does not, without more, render the entire contents of

9    the account subject to forfeiture."  It's not the same, but it's

10   analogous.

11         And the court went on to say, "Once we distinguish the

12   money from its container, it also follows that the presence of

13   one illegal dollar in an account does not taint the rest, as if

14   the dollar obtained from fraud were like a drop of ink falling

15   into a glass of water."  So what we believe --

16         THE COURT:  What case did you just read from?

17         MS. GINSBERG:  It's *United States vs. King*,

18   231 F.Supp 3d. 872, the Western District of Oklahoma 2017.

19         And the other case which the government has relied on

20   and the Court has referred to at some length, the *Wernick* case,

21   the Second Circuit case, the *Wernick* case, it's the

22   District Court case which entered the forfeiture order and then

23   the Second Circuit appeal of that case.  And the District Court

24   case said that this was all indistinguishable and that the

25   entire device was forfeitable.  The Second Circuit said the

28

```
1    District Court did not abuse its discretion in forfeiting the

2    entire device, but the court specifically said:  "We do not

3    decide whether defendants in some cases may retain interest in

4    data unconnected to criminal activity that is stored on the hard

5    drive, that is forfeitable because it was used to commit or to

6    promote the commission of a child pornography offense."

7         And the court upheld the District Court's decision,

8    finding that it was not an abuse of discretion, because, in the

9    District Court, the defendant did not distinguish in any way

10   which information it wanted to -- it essentially said what the

11   government is saying here:  They want everything, and they're

12   not identifying anything, and it's impossible to figure out what

13   they're asking for and it's impossible to calculate the amount

14   of time and expense it would take to retrieve that information.

15        So the Second Circuit said:  In this instance, where

16   the defendant does not specify the information he's requesting,

17   and was, in fact, asking, among other things, for the metadata

18   for everything on -- for all the information on the device, in

19   that case the District Court did not abuse its discretion in

20   forfeiting not only the device or devices themselves, but all of

21   the contents.  But specifically reserved the question of whether

22   the defendant had a separate interest in the --

23        THE COURT:  Didn't the Second Circuit also say, in

24   denying the request, that property that is traceable to an

25   offense is still forfeitable, even if commingled with legitimate
```

29

1    property?

2            MS. GINSBERG:  It did say that.

3            THE COURT:  I know it did.  I quoted it.

4            MS. GINSBERG:  But the question is, what is commingled?

5    And what does that mean, when the court also says that there are

6    instances, or there may be instances, where the defendant may

7    retain an interest in data that is unconnected to the criminal

8    activity that's stored on the device?  Which is exactly the data

9    that we're asking for here.

10            THE COURT:  All right.

11            MS. GINSBERG:  So there is this *Noyes* case that is the

12    only Court of Appeals case that appears to have fully considered

13    this issue, and I would say -- actually, saying "fully

14    considered" is not -- I'm shooting myself in the foot when I say

15    that.  It was a case that was brought by a *pro se* defendant who

16    did not raise the issue of whether the information contained on

17    the computer was separate property which could be -- in which he

18    could have a separate interest, which could be returned to him

19    if it was not contraband.

20            It was not litigated the way lawyers would litigate it.

21    It was a *pro se* case.  The court did make the ruling it made on

22    what was probably a less developed record than what we have in

23    this case.  It is what it is.  But it was also a case where the

24    defendant had previously agreed to what essentially here would

25    be the preliminary order of forfeiture.

30

1          Mr. Sanders is disputing that.  He doesn't agree that

2     it's all forfeitable.  And this was a defendant, in *Noyes*, who

3     was coming back and saying, yeah, you know, I essentially

4     changed my mind.  And that is the context in which that case

5     occurred.

6          THE COURT:  All right.

7          MS. GINSBERG:  One other thing I would say, and I think

8     courts recognize this, certainly not in every case where there's

9     a search warrant for a computer, but there are many cases - I'm

10    sure Your Honor has had many - where the government seeks a

11    search warrant for a cell phone or a computer --

12         THE COURT:  Yes, but that's very different.  This is a

13    conviction with a forfeiture that I'm deciding.  It's not a

14    return of property.  It's not a Rule 41 where, look, you took

15    this stuff in your search warrant but I want it back under

16    Rule 41.  It's not the same thing.

17         MS. GINSBERG:  It isn't the same thing.  But Rule 41

18    does itself recognize that the information -- even though it is

19    a different context -- as Your Honor is correctly pointing out,

20    it is a different context, but Rule 41 does recognize that there

21    is a difference between the device itself and the information

22    that's stored on it.

23         THE COURT:  All right.

24         MS. GINSBERG:  Thank you.

25         THE COURT:  Ms. Zanobini?

31

1          MS. ZANOBINI:  Your Honor, the issue before the Court

2   is whether or not the criminal statute governing forfeiture in

3   child pornography cases, 18 United States Code

4   Section 2253(a)(1) and (a)(3), requires the forfeiture of the

5   electronic devices in their entirety.  And based on a reading of

6   the statute and the case law, the answer to that question is

7   yes.

8          THE COURT:  Even if there's noncontraband on there?

9          MS. ZANOBINI:  Correct.

10          THE COURT:  All right.  Go on.  Why?

11          MS. ZANOBINI:  Because the statute states that you

12   are -- the statute permits you to forfeit the device in its

13   entirety.

14          And, Your Honor, in terms of a Rule --

15          THE COURT:  Of course the defendant could easily avoid

16   anything like that by putting it on a nonforfeitable device.

17          MS. ZANOBINI:  Correct, Your Honor.  Actually, that was

18   one of the other points I was going to make.  I was going to

19   first state that under a Rule 41(g) motion, that can be denied

20   if the devices are forfeitable.  The devices here are

21   forfeitable in their entirety.

22          Forfeiture is the correct context to look at the issue

23   in front of the Court.  And, as Your Honor stated, if every

24   defendant in a CP case could force law enforcement agencies to

25   engage in separating these files, it would be an enormous strain

32

1    on the government resources, especially when it was the

2    defendant who chose to store contraband on the same media along

3    with the noncontraband data, something he could have avoided had

4    he not commingled the data in the first place.

5            So, in conclusion, as these devices contain child

6    pornography, they are subject to forfeiture pursuant to

7    2253(a)(1) and (3).  The government requests that the Court

8    enter a preliminary order of forfeiture forfeiting the

9    electronic devices sought by the government.  As the devices are

10   forfeitable in their entirety, the Court should deny the

11   defendant's motion for return of property.

12           THE COURT:  Having heard that, Ms. Ginsberg, do you

13   have anything else you want to tell me?

14           MS. GINSBERG:  Your Honor, we don't dispute that the

15   Court has the authority to forfeit these devices in their

16   entirety.  And we are not asking the government -- the Court not

17   to forfeit them and not to -- if they choose to destroy the data

18   at some future point, that's their decision.

19           What we're asking the Court to do is permit a very

20   limited amount of information to be copied from those devices

21   and returned to Mr. Sanders' family.

22           THE COURT:  All right.  Thank you.

23           MS. GINSBERG:  It's separate property, separate from

24   the devices.

25           THE COURT:  Thank you.  All right.  I'll take the

33

1    matter under advisement.  It may take me a week or so, but I

2    will get to the bottom of it and issue a decision on this.

3        Now, Mr. Sanders was taken to Butner.  He shouldn't

4    have been.  And I had him returned.  Are you standing for some

5    reason?

6        MS. GINSBERG:  No, Your Honor.

7        THE COURT:  All right.  Thank you.  He was taken to

8    Butner and he shouldn't have been.  He should have been kept

9    here, because he has a right to be at this hearing, which was

10   scheduled two weeks ago.  So a mistake was made, and through the

11   efforts of the marshals - heroic efforts, I may say - he's back

12   here.

13       I don't see any reason to keep him here, now that I've

14   had this hearing.  I have to decide this matter, issue my

15   decision, but -- and it's regrettable that the government didn't

16   issue a writ to keep him here, knowing that the hearing was

17   coming up and the defendant has a right to be present at a

18   forfeiture hearing.  But it didn't happen.  I'll let the

19   U.S. Attorney's Office and the U.S. Marshals Office quarrel over

20   whose budget gets charged for this extra trip.

21       But what I want to be clear about, does the government

22   see any reason why he should be kept here?  And then I'll ask

23   you the same question.

24       MS. ZANOBINI:  No, Your Honor.

25       THE COURT:  Seems to me that the Bureau of Prisons now

34

1  can do what they typically do.

2          Ms. Ginsberg, what's your view?

3          MS. GINSBERG:  Your Honor, we agree.  We would ask

4  that -- I don't know how the marshals schedule these trips, but

5  we would ask that Mr. Sanders be returned to Butner as directly

6  as possible, and as quickly as possible.  In fact, he was

7  transferred from Alexandria to the Northern Neck, and then taken

8  to Butner, and then brought back to the Northern Neck and here.

9          THE COURT:  Well, the reason for that, Ms. Ginsberg --

10 let me explain.  It's the folks at Northern Neck who do the

11 driving under contract from the marshals, I believe.

12         Do I have that right?

13         DEPUTY MARSHAL:  Yes, Your Honor.

14         THE COURT:  That's the reason it went that way.

15         MS. GINSBERG:  Well, I understand that they are going

16 to do what they did.  Mr. Sanders did have two days where he was

17 not -- while he was at the Northern Neck, did not receive any

18 medication, he did not have food that he could eat.  There was a

19 day or two that he did not eat.  They don't seem --

20         THE COURT:  That's definitely not appropriate, and we

21 need to take steps to repair that.

22         So what you're saying is, you don't have -- there's no

23 way that you have any basis for objecting, but you want to make

24 clear that it ought to be done expeditiously so that he gets the

25 medical and other care that he needs at Butner.  And, by the

35

1    way, Butner is a good facility for that.

2            MS. GINSBERG:  Yes.  And apparently they handled his

3    intake in a very expeditious and effective manner.

4            THE COURT:  Yes.  And they're a good medical facility,

5    too, to deal with his problems, whatever they may be.

6            MS. GINSBERG:  But he was -- while he was at the

7    Northern Neck as opposed to Alexandria, he was not given the

8    type of food he can digest, and he was two days without any

9    medication at all.

10           THE COURT:  Let me ask the marshals, you still use

11   drivers from Northern Neck, don't you?

12           DEPUTY MARSHAL:  We do, Your Honor.

13           THE COURT:  Well, can we arrange to be sure that when

14   those drivers come here to pick up Mr. Sanders, they go from

15   here to Butner, and not by way of Northern Neck?

16           DEPUTY MARSHAL:  I would have to check with my

17   supervisor and see what the actual itinerary was and the

18   timeline to get him back to Butner.  I'm unsure of what that

19   actual schedule is.

20           THE COURT:  Well, I'll tell you, I can enter an order

21   that says he goes from here to Butner directly.

22           DEPUTY MARSHAL:  Yes, sir.

23           THE COURT:  I don't want to go to that trouble, and I'm

24   not going to get involved in the arrangements the marshals have

25   with Northern Neck to do the driving.  I know that the marshals

36

1   are pressed, and you have a lot of other duties, and I'm aware

2   that you can't be in two places at one time.

3            Would it be useful if I entered that order?  Would that

4   be helpful to you?

5            DEPUTY MARSHAL:  It would expedite everything, yes,

6   Your Honor.

7            THE COURT:  All right.  I will enter an order saying

8   that he's to be returned to Butner promptly, but directly, not

9   by way of Northern Neck or anywhere else.

10           DEPUTY MARSHAL:  I understand, Your Honor.

11           THE COURT:  I will do that now, before I leave.

12           Anything else today on behalf of the government?

13           MS. ZANOBINI:  No, Your Honor.

14           THE COURT:  On behalf of the defendant, Ms. Ginsberg?

15           MS. GINSBERG:  No, Your Honor.  Thank you.

16           THE COURT:  All right.  Court stands in recess.

17           (OFF THE RECORD.)

18           THE COURT:  I hope he fairs well and gets medical

19   treatment.  Of course, Ms. Ginsberg can watch for that.

20           MS. GINSBERG:  We will, Your Honor.  Thank you for your

21   concern.

22           THE COURT:  You started out with a good lawyer.  You

23   might as well keep that.

24           THE DEFENDANT:  She wasn't the first, but --

25           THE COURT:  She should have been the only one.

37

1          THE DEFENDANT:  -- she was the better of the group.

2          THE COURT:  Court stands in recess.

3          (Off the record at 3:44 p.m.)

4

5

6

7

8

9

10

11

12

13

14

15

16              **CERTIFICATE OF OFFICIAL COURT REPORTER**

17

18          **I, Rebecca Stonestreet, certify that the foregoing is a**

19  **correct transcript from the record of proceedings in the**

20  **above-entitled matter.**

21

22

23

24  **___//Rebecca Stonestreet//___           _____**

25  **SIGNATURE OF COURT REPORTER                   DATE**

## /

**//Rebecca** [1] - 37:24

## 1

**1** [1] - 1:23
**10** [1] - 24:18
**1101** [1] - 1:16
**12** [1] - 3:6
**15** [1] - 23:21
**18** [1] - 31:3
**1:20-CR-00143-TSE** [1] - 1:4
**1B** [2] - 3:16
**1B1** [2] - 4:17, 9:2
**1B19** [9] - 4:1, 4:5, 4:8, 4:21, 5:23, 6:6, 9:2, 11:12
**1B2** [7] - 3:22, 4:7, 4:17, 5:23, 6:5, 9:2, 11:12
**1B22** [5] - 3:22, 4:1, 4:8, 4:24, 9:2
**1B24** [6] - 9:3, 9:5, 9:11, 9:18, 10:7, 10:10
**1B27** [7] - 3:22, 4:9, 5:2, 5:23, 6:6, 9:3, 11:12
**1B3** [2] - 4:17, 9:2
**1B5** [2] - 4:17, 9:2
**1B6** [1] - 9:2

## 2

**2** [1] - 9:11
**2017** [1] - 27:18
**2020** [1] - 3:6
**2022** [1] - 1:6
**2100** [1] - 1:13
**22314** [3] - 1:14, 1:17, 1:21
**2252** [1] - 17:4
**2253** [3] - 16:25, 17:2, 19:11
**2253(a** [1] - 18:3
**2253(a)(1** [2] - 31:4, 32:7
**22nd** [1] - 10:6
**231** [1] - 27:18
**240** [1] - 1:21
**29** [1] - 1:6
**299-3700** [1] - 1:14

## 3

**3)** [1] - 32:7
**3:04** [1] - 23:22
**3:30** [1] - 1:6
**3:44** [1] - 37:3
**3d** [1] - 27:18

## 4

**401** [1] - 1:20
**41** [12] - 21:25, 22:14, 23:6, 23:15, 24:5, 24:6, 24:14, 25:17, 30:14, 30:16, 30:17, 30:20
**41(g** [5] - 21:15, 22:2, 22:6, 31:19
**426-7767** [1] - 1:21
**4S** [1] - 10:9

## 6

**610** [1] - 1:17
**643** [1] - 22:22
**684-4333** [1] - 1:18

## 7

**703** [2] - 1:14, 1:18

## 8

**872** [1] - 27:18

## 9

**9th** [1] - 1:20

## A

**a)(3** [1] - 31:4
**ability** [1] - 15:19
**above-entitled** [1] - 37:20
**abuse** [3] - 28:1, 28:8, 28:19
**access** [1] - 14:14
**accompanied** [1] - 13:17
**accompany** [2] - 12:12, 13:24
**account** [2] - 27:8, 27:9, 27:13
**accurately** [1] - 8:16
**action** [1] - 23:17
**activity** [3] - 18:10, 28:4, 29:8
**actual** [5] - 8:23, 14:23, 17:1, 35:17, 35:19
**additional** [2] - 15:5, 18:7
**address** [2] - 16:4, 16:5
**addressing** [1] - 16:12
**admitted** [3] - 4:13, 10:19, 10:22
**advisement** [3] - 24:10, 24:19, 33:1
**affidavit** [3] - 9:10,

9:11, 10:18
**affirmed** [1] - 18:5
**affixed** [1] - 26:25
**afford** [2] - 15:8, 15:12
**afternoon** [3] - 2:5, 2:6, 2:9
**agencies** [1] - 31:24
**Agent** [9] - 4:16, 4:20, 4:23, 5:1, 5:5, 5:11, 5:15, 8:25, 9:10
**agent** [5] - 5:15, 10:17, 13:14, 15:4, 15:7
**agent's** [2] - 10:6, 10:12
**agents** [2] - 3:5, 16:12
**ago** [1] - 33:10
**agree** [5] - 8:11, 26:8, 26:9, 30:1, 34:3
**agreed** [3] - 18:17, 19:1, 29:24
**agreement** [1] - 24:12
**Alexandria** [6] - 1:2, 1:14, 1:17, 1:21, 34:7, 35:7
**Allen** [1] - 22:23
**allow** [1] - 14:10
**allowed** [1] - 12:12
**altering** [2] - 11:21, 12:2
**alternative** [1] - 18:20
**amended** [1] - 8:2
**AMERICA** [1] - 1:3
**amount** [5] - 19:12, 20:11, 20:16, 28:13, 32:20
**analogous** [1] - 27:10
**analysis** [2] - 22:2, 23:16
**analyst** [1] - 13:15
**Annie** [1] - 2:10
**ANNIE** [1] - 1:12
**answer** [2] - 9:17, 31:6
**anyway** [1] - 6:5
**appeal** [2] - 18:5, 27:23
**Appeals** [1] - 29:12
**APPEARANCES** [1] - 1:11
**Appendix** [1] - 7:9
**Apple** [3] - 9:7, 9:12
**apply** [1] - 6:19
**appropriate** [2] - 15:6, 34:20
**approve** [1] - 12:23
**April** [2] - 1:6, 10:6
**argue** [4] - 2:12, 2:14, 11:14, 23:25
**argued** [2] - 8:1, 25:5

**argues** [1] - 7:19
**argument** [11] - 4:12, 6:6, 6:9, 15:25, 16:5, 16:6, 16:10, 16:11, 17:22, 18:20, 18:23
**arrange** [1] - 35:13
**arrangements** [1] - 35:24
**articulate** [1] - 16:22
**assessment** [2] - 19:22
**asset** [1] - 17:23
**assisted** [1] - 12:20
**attach** [1] - 12:25
**attached** [2] - 22:21, 23:2
**ATTORNEY'S** [1] - 1:13
**Attorney's** [1] - 33:19
**authority** [2] - 32:15
**available** [1] - 14:16
**Avenue** [1] - 1:13
**avoid** [1] - 31:15
**avoided** [1] - 32:3
**aware** [2] - 6:16, 36:1

## B

**bankruptcy** [1] - 25:16
**based** [2] - 19:11, 31:5
**basis** [2] - 6:9, 34:23
**BDSM** [1] - 20:1
**bear** [1] - 5:13
**BEFORE** [1] - 1:9
**begin** [1] - 8:14
**begins** [1] - 16:6
**behalf** [4] - 2:7, 2:10, 36:12, 36:14
**better** [1] - 37:1
**between** [1] - 30:21
**bless** [1] - 12:23
**book** [1] - 17:4
**bottom** [1] - 33:2
**box** [1] - 26:16
**brief** [4] - 13:4, 13:5, 23:7, 23:14
**briefly** [2] - 16:13, 23:24
**briefs** [2] - 16:1, 27:4
**broad** [1] - 6:19
**brought** [2] - 29:15, 34:8
**budget** [1] - 33:20
**bulk** [1] - 15:3
**burden** [4] - 5:12, 19:5, 24:21, 24:22
**Bureau** [1] - 33:25
**business** [5] - 3:11, 6:13, 16:15, 20:4, 20:10

**Butner** [10] - 33:3, 33:8, 34:5, 34:8, 34:25, 35:1, 35:15, 35:18, 35:21, 36:8

## C

**calculate** [1] - 28:13
**care** [1] - 34:25
**carefully** [2] - 2:18, 24:16
**Case** [1] - 1:3
**case** [51] - 6:4, 6:23, 6:24, 7:9, 7:18, 8:5, 8:17, 13:8, 15:13, 15:21, 16:25, 17:10, 17:11, 17:17, 20:21, 21:7, 21:12, 21:13, 22:20, 22:22, 22:24, 23:16, 24:1, 24:3, 24:4, 24:11, 27:2, 27:3, 27:5, 27:6, 27:16, 27:19, 27:20, 27:21, 27:22, 27:23, 27:24, 28:19, 29:11, 29:12, 29:15, 29:21, 29:23, 30:4, 30:8, 31:6, 31:24
**cases** [9] - 7:17, 23:2, 25:14, 25:15, 26:19, 26:23, 28:3, 30:9, 31:3
**cell** [1] - 30:11
**certain** [4] - 3:8, 3:10, 17:14, 19:18
**certainly** [5] - 15:13, 25:15, 26:12, 26:15, 30:8
**CERTIFICATE** [1] - 37:16
**certify** [1] - 37:18
**changed** [1] - 30:4
**charged** [1] - 33:20
**chat** [6] - 4:22, 4:25, 26:2, 26:6, 26:8, 26:9
**chats** [1] - 18:10
**check** [1] - 35:16
**child** [21] - 2:21, 3:2, 3:5, 3:12, 3:23, 4:14, 4:18, 4:22, 5:1, 5:3, 5:10, 5:23, 6:1, 6:11, 17:13, 17:16, 26:7, 26:13, 28:6, 31:3, 32:5
**children's** [1] - 26:24
**choose** [1] - 32:17
**chose** [1] - 32:2
**Christopher** [1] - 4:16
**Circuit** [21] - 6:17, 6:23, 6:24, 7:2, 7:7,

7:9, 7:10, 7:12, 7:19, 8:6, 8:11, 8:13, 17:16, 18:5, 18:12, 27:21, 27:23, 27:25, 28:15, 28:23
**Circuits** [1] - 8:12
**circumstances** [2] - 18:15, 22:3
**cited** [3] - 18:12, 21:13, 27:3
**cites** [3] - 6:22, 7:18, 17:12
**claim** [1] - 9:13
**claims** [1] - 4:13
**clarified** [1] - 12:9
**clarify** [5] - 10:4, 10:6, 10:14, 23:10, 23:11
**cleanly** [1] - 16:14
**clear** [6] - 12:5, 17:7, 17:9, 20:7, 33:21, 34:24
**clothing** [1] - 26:24
**Code** [1] - 31:3
**Coke** [1] - 19:25
**coming** [2] - 30:3, 33:17
**commingled** [5] - 7:13, 27:4, 28:25, 29:4, 32:4
**commingling** [1] - 27:7
**commission** [3] - 4:15, 6:2, 28:6
**commit** [2] - 17:24, 28:5
**company** [1] - 12:19
**compensate** [1] - 15:14
**computer** [4] - 17:19, 29:17, 30:9, 30:11
**COMPUTERIZED** [1] - 1:25
**computers** [2] - 12:1, 17:15
**concedes** [1] - 3:8
**concern** [3] - 18:6, 18:7, 36:21
**concerning** [1] - 18:10
**concerns** [1] - 18:11
**conclude** [1] - 7:14
**concludes** [1] - 24:9
**conclusion** [2] - 7:8, 16:23, 17:21, 32:5
**confidence** [1] - 23:12
**confidently** [1] - 7:14
**confirm** [1] - 12:22
**confronted** [1] - 19:9
**confusion** [1] - 8:21
**Conrad** [1] - 24:11
**consider** [3] - 5:5,

21:16, 23:25
**considered** [3] - 8:4, 29:12, 29:14
**constitute** [1] - 26:13
**construed** [1] - 6:19
**contact** [2] - 18:9, 20:1
**contain** [6] - 3:4, 4:14, 10:14, 14:9, 26:7, 32:5
**contained** [5] - 3:10, 4:18, 17:15, 26:3, 29:16
**container** [1] - 27:12
**contains** [3] - 10:1, 10:18, 17:5
**contend** [1] - 9:18
**contends** [3] - 3:12, 3:23, 6:18
**contents** [3] - 3:14, 27:8, 28:21
**contest** [1] - 5:21
**context** [8] - 23:17, 25:9, 25:16, 30:4, 30:19, 30:20, 31:22
**contexts** [1] - 25:15
**contextual** [1] - 19:23
**continue** [1] - 4:11
**contraband** [26] - 5:14, 5:25, 6:11, 8:10, 9:20, 10:2, 10:15, 10:18, 11:8, 11:14, 13:15, 14:9, 16:20, 18:1, 18:19, 19:3, 19:14, 19:25, 20:2, 20:22, 21:4, 26:2, 26:3, 26:14, 29:19, 32:2
**contract** [1] - 34:11
**contrary** [1] - 10:19
**convicted** [4] - 4:15, 6:2, 17:3, 17:13
**conviction** [3] - 7:16, 18:9, 30:13
**copied** [2] - 14:7, 32:20
**copies** [10] - 3:14, 12:6, 12:11, 12:14, 12:15, 14:10, 14:24, 20:19, 20:20, 21:6
**copy** [3] - 14:4, 20:14, 21:5
**core** [2] - 9:23
**correct** [15] - 2:16, 2:20, 4:7, 9:4, 10:7, 10:11, 11:2, 11:10, 16:9, 16:21, 19:17, 31:9, 31:17, 31:22, 37:19
**correctly** [1] - 30:19

**cost** [1] - 18:20
**course** [5] - 6:18, 8:8, 15:11, 31:15, 36:19
**COURT** [98] - 1:1, 1:19, 2:2, 2:7, 2:12, 2:14, 2:17, 3:21, 4:2, 4:6, 4:10, 8:22, 9:2, 9:13, 9:17, 9:22, 10:3, 10:10, 10:16, 10:21, 11:3, 11:6, 11:10, 11:22, 11:25, 12:8, 12:17, 12:22, 13:2, 13:4, 13:20, 13:22, 14:13, 14:17, 14:25, 15:8, 15:11, 15:20, 15:23, 15:25, 16:5, 16:10, 16:20, 16:22, 19:15, 19:18, 20:24, 21:8, 21:20, 21:23, 22:5, 22:10, 22:18, 22:25, 23:5, 23:7, 23:9, 23:11, 23:18, 23:20, 23:23, 25:3, 25:20, 26:19, 27:16, 28:23, 29:3, 29:10, 30:6, 30:12, 30:23, 30:25, 31:8, 31:10, 31:15, 32:12, 32:22, 32:25, 33:7, 33:25, 34:9, 34:14, 34:20, 35:4, 35:10, 35:13, 35:20, 35:23, 36:7, 36:11, 36:14, 36:16, 36:18, 36:22, 36:25, 37:2, 37:16, 37:25
**Court** [26] - 1:20, 2:22, 8:17, 9:24, 9:25, 12:5, 15:5, 17:22, 19:8, 22:24, 23:3, 27:20, 27:22, 27:23, 28:1, 28:9, 28:19, 29:12, 31:1, 31:23, 32:7, 32:10, 32:15, 32:16, 32:19
**court** [21] - 7:4, 7:19, 7:22, 8:4, 8:6, 13:8, 17:20, 18:13, 18:14, 18:15, 18:22, 18:23, 21:15, 23:20, 27:11, 28:2, 28:7, 29:5, 29:21, 36:16, 37:2
**court's** [1] - 23:1
**Court's** [2] - 7:24, 28:7
**Courthouse** [1] - 1:20
**courtroom** [1] - 2:4
**courts** [2] - 19:9, 30:8
**cover** [2] - 7:24, 8:2
**CP** [1] - 31:24
**crime** [2] - 17:24,

26:12
**crimes** [2] - 4:16, 18:10
**Criminal** [1] - 1:3
**criminal** [5] - 18:10, 26:5, 28:4, 29:7, 31:2
**CRR** [1] - 1:19
**custody** [1] - 2:4

# D

**Dakota** [5] - 13:7, 22:24, 23:5, 23:13, 23:18
**data** [21] - 7:15, 13:18, 16:18, 17:23, 18:1, 18:7, 18:8, 18:18, 18:19, 18:25, 19:13, 20:10, 20:11, 21:3, 28:4, 29:7, 29:8, 32:3, 32:4, 32:17
**DATE** [1] - 37:25
**days** [5] - 14:21, 15:17, 34:16, 35:8
**deal** [1] - 35:5
**dealt** [1] - 22:14
**decide** [3] - 24:7, 28:3, 33:14
**decided** [1] - 6:24
**deciding** [2] - 21:24, 30:13
**decision** [10] - 6:17, 13:3, 22:14, 22:25, 24:10, 24:20, 28:7, 32:18, 33:2, 33:15
**decisions** [1] - 12:23
**declaration** [5] - 5:6, 5:11, 5:18, 10:7, 10:18
**declarations** [3] - 9:16, 9:19, 10:12
**defendant** [30] - 2:15, 3:5, 3:8, 3:9, 3:12, 5:17, 5:21, 5:22, 6:10, 7:18, 8:8, 11:16, 15:8, 17:12, 21:16, 24:22, 24:23, 25:12, 28:9, 28:16, 28:22, 29:6, 29:15, 29:24, 30:2, 31:15, 31:24, 32:2, 33:17, 36:14
**Defendant** [1] - 1:7
**DEFENDANT** [4] - 1:15, 2:6, 36:24, 37:1
**defendant's** [7] - 2:24, 3:7, 6:25, 17:22, 18:2, 24:9, 32:11
**defendants** [4] - 7:3,

15:12, 17:3, 28:3
**defense** [8] - 10:6, 10:13, 18:12, 19:14, 20:8, 20:20, 21:6
**defense's** [1] - 21:18
**definitely** [1] - 34:20
**denied** [3] - 7:2, 7:10, 31:19
**deny** [1] - 32:10
**denying** [1] - 28:24
**depiction** [4] - 17:3, 17:6, 17:8, 26:7
**depictions** [1] - 3:4
**DEPUTY** [6] - 34:13, 35:12, 35:16, 35:22, 36:5, 36:10
**described** [2] - 8:17, 17:4
**designed** [1] - 14:1
**destroy** [1] - 32:17
**Deubler** [2] - 13:23, 14:20
**developed** [1] - 29:22
**device** [32] - 4:4, 4:21, 4:24, 5:3, 7:11, 8:9, 8:10, 10:14, 11:8, 11:13, 11:20, 11:21, 11:24, 12:3, 16:8, 16:19, 19:4, 19:10, 20:14, 22:8, 25:18, 25:23, 27:25, 28:2, 28:18, 28:20, 29:8, 30:21, 31:12, 31:16
**device's** [1] - 11:19
**devices** [48] - 3:1, 3:4, 3:8, 3:11, 3:14, 3:15, 4:14, 4:17, 5:8, 5:9, 5:13, 5:17, 5:21, 6:10, 6:20, 7:1, 8:3, 8:23, 9:13, 11:18, 12:11, 12:13, 13:14, 13:19, 14:16, 14:22, 14:23, 14:24, 16:14, 16:17, 19:12, 19:13, 19:15, 20:17, 20:22, 25:11, 28:20, 31:5, 31:20, 32:5, 32:9, 32:15, 32:20, 32:24
**dicta** [1] - 8:11
**difference** [2] - 25:3, 30:21
**different** [7] - 18:16, 21:25, 25:15, 27:3, 30:12, 30:19, 30:20
**difficult** [2] - 19:21, 21:4
**difficulty** [3] - 18:6, 18:20, 18:24
**digest** [1] - 35:8
**digital** [7] - 11:18,

3

11:19, 14:7, 15:4, 20:10, 25:10, 26:2
**DiMURO** [1] - 1:16
**directing** [2] - 3:13, 23:4
**directly** [5] - 7:18, 18:14, 34:5, 35:21, 36:8
**disclosed** [1] - 5:9
**discovered** [1] - 5:8
**discovery** [1] - 12:20
**discretion** [3] - 28:1, 28:8, 28:19
**disentangling** [1] - 18:6
**dispute** [1] - 32:14
**disputing** [1] - 30:1
**distinct** [1] - 17:23
**distinguish** [2] - 27:11, 28:9
**distinguishable** [2] - 7:23, 22:15
**DISTRICT** [3] - 1:1, 1:1, 1:9
**District** [15] - 1:20, 7:24, 17:20, 17:22, 19:8, 22:24, 23:3, 23:4, 27:18, 27:22, 27:23, 28:1, 28:7, 28:9, 28:19
**Division** [1] - 1:2
**document** [1] - 5:16
**Document** [1] - 22:22
**documents** [1] - 13:25
**dog** [1] - 17:25
**dollar** [2] - 27:13, 27:14
**done** [2] - 24:16, 34:24
**donut** [1] - 19:24
**doubt** [1] - 15:20
**down** [1] - 5:20
**drive** [2] - 14:4, 28:5
**drivers** [2] - 35:11, 35:14
**driving** [2] - 34:11, 35:25
**drop** [1] - 27:14
**drugs** [2] - 26:17, 26:20
**during** [1] - 12:20
**duties** [1] - 36:1

## E

**easily** [1] - 31:15
**Eastern** [1] - 17:20
**EASTERN** [1] - 1:1
**easy** [1] - 21:2
**eat** [2] - 34:18, 34:19

**Eckert** [1] - 5:7
**Eckert's** [3] - 5:5, 9:1, 9:10
**effective** [1] - 35:3
**effort** [1] - 18:2
**efforts** [2] - 33:11
**eight** [1] - 15:23
**either** [3] - 9:25, 14:4, 26:2
**elaborated** [1] - 5:12
**electronic** [9] - 3:3, 3:8, 7:1, 7:11, 8:2, 8:9, 19:13, 31:5, 32:9
**ELLIS** [2] - 1:6, 1:9
**email** [2] - 10:5, 10:13
**encompasses** [1] - 6:1
**end** [2] - 24:2, 24:8
**enforcement** [1] - 31:24
**engage** [1] - 31:25
**enormous** [1] - 31:25
**enter** [2] - 32:8, 35:20, 36:7
**entered** [3] - 24:13, 27:22, 36:3
**entire** [4] - 19:4, 27:8, 27:25, 28:2
**entirety** [7] - 16:18, 19:3, 31:5, 31:13, 31:21, 32:10, 32:16
**entitled** [1] - 37:20
**especially** [1] - 32:1
**ESQ** [1] - 1:15
**essence** [1] - 2:25
**essential** [1] - 6:6
**essentially** [6] - 7:23, 11:17, 12:7, 28:10, 29:24, 30:3
**established** [1] - 4:14
**events** [1] - 14:2
**evidence** [8] - 4:14, 10:19, 11:7, 18:24, 19:5, 20:19, 20:20, 21:6
**exactly** [2] - 20:8, 29:8
**examination** [1] - 5:8
**examine** [1] - 15:4
**examined** [4] - 4:17, 4:20, 4:24, 5:2
**examiner** [8] - 12:12, 12:18, 12:19, 13:17, 13:24, 14:7, 15:4, 15:15
**exclusive** [1] - 14:14
**executed** [1] - 3:6
**exhibit** [5] - 3:17, 3:19, 10:19, 10:24, 11:4

**expedite** [1] - 36:5
**expeditious** [1] - 35:3
**expeditiously** [1] - 34:24
**expense** [2] - 15:2, 15:5, 28:14
**expert** [1] - 12:1
**explain** [1] - 34:10
**explained** [2] - 5:7, 7:4
**explicitly** [1] - 7:24
**expressed** [1] - 18:6
**extra** [1] - 33:20
**extract** [1] - 5:17

## F

**F.Supp** [1] - 27:18
**facilitate** [4] - 7:15, 18:8, 26:4, 26:12
**facility** [3] - 14:16, 35:1, 35:4
**facing** [1] - 18:15, 18:16, 19:8
**fact** [6] - 5:20, 10:8, 15:18, 21:5, 28:17, 34:6
**fairly** [1] - 19:19
**fairs** [1] - 36:18
**falling** [1] - 27:14
**falls** [1] - 25:24
**familiar** [2] - 13:18, 21:9
**family** [11] - 6:12, 12:16, 14:2, 15:10, 15:19, 16:15, 17:24, 20:4, 26:10, 32:21
**far** [4] - 6:16, 10:20, 16:1, 24:11
**FBI** [11] - 3:5, 4:3, 5:15, 10:24, 14:15, 14:17, 15:14, 20:15, 20:20, 20:21, 21:5
**FBI's** [1] - 3:20
**February** [1] - 3:6
**Federal** [1] - 7:9
**few** [1] - 15:22
**figure** [1] - 28:12
**file** [5] - 5:16, 11:19, 14:5, 26:4
**filed** [2] - 13:6, 24:23
**files** [23] - 3:10, 5:13, 5:14, 6:2, 7:1, 7:11, 7:25, 8:2, 8:9, 8:10, 12:14, 14:3, 14:6, 14:8, 17:15, 18:21, 19:2, 19:6, 21:2, 21:3, 26:1, 26:2, 31:25
**film** [1] - 17:5

**first** [8] - 13:10, 16:6, 24:1, 24:25, 25:1, 31:19, 32:4, 36:24
**five** [1] - 24:17
**Floor** [1] - 1:20
**Florida** [4] - 23:4, 23:5, 23:14, 23:16
**focus** [1] - 20:3
**focused** [1] - 11:11
**focusing** [1] - 6:5
**folks** [1] - 34:10
**follows** [1] - 27:12
**food** [3] - 26:23, 34:18, 35:8
**foot** [1] - 29:14
**FOR** [3] - 1:1, 1:12, 1:15
**force** [1] - 31:24
**Ford** [4] - 4:16, 4:20, 4:23, 5:1
**foregoing** [1] - 37:18
**forensic** [8] - 5:8, 12:12, 12:18, 12:19, 13:15, 13:17, 13:24, 14:24
**forfeit** [7] - 7:3, 8:24, 9:25, 17:4, 31:12, 32:15, 32:17
**forfeitable** [14] - 7:13, 16:17, 17:8, 22:9, 25:24, 26:9, 26:14, 27:25, 28:5, 28:25, 30:2, 31:20, 31:21, 32:10
**forfeited** [12] - 5:22, 6:7, 7:6, 11:13, 17:15, 17:19, 19:10, 26:17, 26:20, 26:21, 26:23, 27:1
**forfeiting** [3] - 28:1, 28:20, 32:8
**forfeits** [3] - 8:8, 8:9, 17:25
**FORFEITURE** [1] - 1:8
**forfeiture** [46] - 2:24, 3:3, 3:9, 7:3, 7:12, 7:24, 8:1, 8:7, 8:16, 8:25, 9:6, 10:22, 11:9, 17:16, 18:2, 18:18, 19:2, 19:4, 21:20, 21:24, 22:6, 22:15, 22:18, 23:17, 23:18, 24:3, 24:4, 24:5, 24:6, 24:13, 24:14, 24:22, 25:21, 25:25, 26:22, 27:4, 27:9, 27:12, 29:25, 30:13, 31:2, 31:4, 31:22, 32:6, 32:8, 33:18

**forgotten** [1] - 20:5
**form** [1] - 26:13
**Fourth** [1] - 6:17
**frame** [3] - 2:17, 4:10, 5:19
**fraud** [1] - 27:14
**front** [3] - 9:5, 22:8, 31:23
**fully** [2] - 25:4, 29:12, 29:13
**fundamental** [1] - 25:8
**funds** [2] - 27:5, 27:7
**furniture** [2] - 26:22, 26:23
**furthermore** [1] - 19:12
**future** [1] - 32:18

## G

**general** [1] - 13:11
**Ginsberg** [17] - 2:14, 3:18, 4:2, 7:21, 10:16, 11:6, 11:10, 16:12, 19:19, 20:3, 22:12, 24:25, 32:12, 34:2, 34:9, 36:14, 36:20
**GINSBERG** [57] - 1:15, 1:16, 2:16, 4:3, 4:7, 8:19, 8:23, 9:4, 9:15, 9:19, 9:23, 10:17, 11:7, 11:17, 11:23, 12:4, 12:10, 12:18, 12:25, 13:3, 13:5, 13:21, 13:23, 14:15, 14:19, 15:1, 15:10, 15:13, 15:22, 15:24, 22:20, 23:2, 23:6, 23:8, 23:10, 23:15, 23:19, 25:2, 25:8, 25:22, 26:21, 27:17, 29:2, 29:4, 29:11, 30:7, 30:17, 30:24, 32:14, 32:23, 33:6, 34:3, 34:15, 35:2, 35:6, 36:15, 36:20
**given** [2] - 19:12, 35:7
**glad** [1] - 12:9
**Gladding** [13] - 7:18, 7:19, 7:22, 7:23, 8:1, 8:3, 8:6, 13:2, 13:3, 18:13, 18:16, 18:23, 19:7
**Gladding's** [1] - 18:22
**glass** [1] - 27:15
**governing** [1] - 31:2
**government** [39] - 2:8, 3:3, 3:6, 3:13, 4:13, 5:4, 5:13, 6:6, 6:14,

4

6:18, 6:22, 7:7, 8:1,
13:10, 13:14, 14:3,
14:7, 15:5, 16:2,
17:12, 17:14, 17:25,
18:17, 18:19, 18:24,
19:1, 19:4, 20:12,
24:13, 27:19, 28:11,
30:10, 32:1, 32:7,
32:9, 32:16, 33:15,
33:21, 36:12
**government's** [8] -
2:23, 5:7, 5:12, 8:21,
8:24, 13:11, 15:16,
16:17
**group** [1] - 37:1
**guess** [1] - 13:9
**guilty** [1] - 2:22

**H**

**handled** [1] - 35:2
**hard** [2] - 14:4, 28:4
**hardware** [1] - 16:18
**hate** [1] - 8:19
**head** [2] - 21:11, 22:3
**hear** [4] - 4:12, 7:21,
13:10, 25:4
**heard** [2] - 25:6, 32:12
**HEARING** [1] - 1:8
**hearing** [4] - 33:9,
33:14, 33:16, 33:18
**held** [2] - 19:10, 27:6
**helpful** [2] - 22:16,
36:4
**heroic** [1] - 33:11
**hire** [1] - 12:18
**hired** [1] - 15:21
**hit** [1] - 22:11
**home** [1] - 3:7
**Honor** [56] - 2:6, 2:9,
2:13, 2:16, 3:19,
3:25, 4:3, 4:7, 4:8,
9:5, 9:15, 10:5,
10:17, 11:2, 11:5,
11:17, 12:25, 13:9,
15:13, 16:3, 16:9,
16:16, 16:21, 17:1,
18:7, 18:13, 19:17,
20:7, 20:18, 21:1,
22:1, 22:4, 22:7,
22:17, 23:8, 23:10,
23:19, 25:2, 25:8,
30:10, 30:19, 31:1,
31:14, 31:17, 31:23,
32:14, 33:6, 33:24,
34:3, 34:13, 35:12,
36:6, 36:10, 36:13,
36:15, 36:20
**HONORABLE** [1] - 1:9
**hope** [1] - 36:18
**hours** [2] - 15:17,

16:13
**house** [7] - 17:25,
26:16, 26:20, 26:21,
26:23, 26:25
**Hull** [2] - 27:2

**I**

**identified** [4] - 3:16,
9:11, 9:24, 19:19
**identifies** [1] - 9:6
**identify** [3] - 13:19,
14:2, 14:5
**identifying** [2] - 6:3,
28:12
**III** [1] - 1:9
**illegal** [1] - 27:13
**image** [1] - 26:3
**imaged** [1] - 4:16
**images** [4] - 4:18, 5:8,
5:9, 6:1
**impossible** [3] - 7:14,
28:12, 28:13
**improper** [1] - 9:25
**includes** [3] - 6:2,
6:10, 17:9
**including** [3] - 3:11,
6:20, 7:4
**inconsistent** [1] - 18:3
**indicated** [1] - 17:18
**indicates** [1] - 7:5
**indication** [1] - 8:3
**indistinguishable** [1] -
27:24
**information** [22] -
5:23, 6:3, 11:18,
12:6, 12:11, 14:9,
14:11, 15:2, 18:9,
20:15, 25:10, 25:11,
26:1, 26:4, 28:10,
28:14, 28:16, 28:18,
29:16, 30:18, 30:21,
32:20
**ink** [1] - 27:14
**inspect** [1] - 5:16
**instance** [2] - 17:12,
28:15
**instances** [2] - 29:6
**intake** [1] - 35:3
**integral** [1] - 11:23
**intellectual** [2] -
25:16, 25:17
**intending** [1] - 15:18
**interest** [5] - 25:13,
28:3, 28:22, 29:7,
29:18
**interests** [1] - 24:15
**internet** [1] - 18:10
**interpretation** [1] -
17:2

**interrupt** [1] - 8:19
**intertwined** [2] - 18:1,
21:3
**involve** [3] - 22:6,
22:15, 22:18
**involved** [2] - 20:1,
35:24
**involving** [1] - 17:3
**iPad** [7] - 4:1, 9:7,
9:12, 9:16, 10:8,
10:13, 17:10
**IPad** [1] - 4:4
**iPads** [2] - 9:7, 9:9
**iPhone** [6] - 9:12,
10:7, 10:9, 10:10,
10:12, 17:10
**iPhones** [1] - 9:9
**issue** [29] - 3:22, 4:4,
4:19, 4:21, 4:24, 5:2,
5:20, 6:13, 8:18,
8:20, 9:23, 17:17,
19:8, 19:10, 19:16,
21:21, 21:24, 22:8,
24:3, 24:19, 25:10,
29:13, 29:16, 31:1,
31:22, 33:2, 33:14,
33:16
**issues** [1] - 8:17
**item** [2] - 9:25, 10:1
**Item** [1] - 9:11
**items** [2] - 26:25, 27:1
**itinerary** [1] - 35:17
**itself** [8] - 8:10, 11:21,
16:25, 17:8, 18:19,
19:11, 30:18, 30:21

**J**

**Jamieson** [1] - 1:13
**judge** [3] - 8:19,
21:12, 22:20
**JUDGE** [1] - 1:9
**judge's** [2] - 21:23,
22:14
**jury** [1] - 2:22

**K**

**keep** [3] - 33:13,
33:16, 36:23
**kept** [2] - 33:8, 33:22
**kinds** [1] - 16:14
**King** [1] - 1:16
**king** [2] - 27:6, 27:17
**kitchen** [1] - 26:24
**knowing** [1] - 33:16
**Kochy** [3] - 5:11, 5:12,
5:15

**L**

**language** [3] - 6:9,
6:19, 17:7
**laptop** [1] - 17:10
**last** [3] - 13:5, 14:19
**laundering** [1] - 27:5
**law** [4] - 16:25, 17:11,
31:6, 31:24
**lawyer** [2] - 12:13,
25:6, 36:22
**lawyers** [4] - 13:18,
13:20, 15:20, 29:20
**leads** [1] - 16:23
**least** [2] - 8:20, 25:9
**leave** [1] - 36:11
**left** [1] - 18:20
**legal** [2] - 8:20, 19:22
**legitimate** [5] - 7:14,
18:21, 28:25
**length** [1] - 27:20
**less** [1] - 29:22
**lighting** [1] - 14:1
**limit** [1] - 18:2
**limited** [7] - 12:14,
14:3, 14:6, 14:8,
18:19, 19:2, 32:20
**list** [1] - 14:6
**listed** [4] - 9:5, 9:7,
10:11, 10:13
**listen** [1] - 2:18
**lists** [1] - 10:8
**litigate** [1] - 29:20
**litigated** [1] - 29:20
**look** [13] - 9:10, 13:18,
14:18, 16:12, 21:11,
21:13, 23:9, 23:11,
23:20, 24:1, 24:16,
30:14, 31:22
**looking** [2] - 8:24,
13:25
**lure** [1] - 26:6

**M**

**magazine** [1] - 17:4
**magistrate** [5] - 13:7,
21:9, 21:12, 21:23,
22:14
**main** [1] - 4:6
**mandatory** [2] - 3:9,
7:11
**manner** [1] - 35:3
**MARSHAL** [6] - 34:13,
35:12, 35:16, 35:22,
36:5, 36:10
**marshals** [7] - 2:4,
33:11, 34:4, 34:11,
35:10, 35:24, 35:25
**Marshals** [1] - 33:19
**material** [12] - 2:25,

6:10, 6:11, 6:20,
9:18, 11:13, 11:14,
13:13, 13:16, 19:18,
26:1
**matter** [10] - 10:21,
11:3, 17:5, 17:9,
23:25, 24:16, 24:24,
33:1, 33:14, 37:20
**mean** [1] - 29:5
**meaning** [4] - 10:24,
13:20, 16:18, 25:25
**media** [1] - 32:2
**medical** [3] - 34:25,
35:4, 36:18
**medication** [2] -
34:18, 35:9
**mementos** [1] - 16:15
**memories** [5] - 3:1,
3:4, 3:11, 5:9, 11:15
**memory** [4] - 11:19,
11:25, 12:2
**mention** [1] - 5:19
**merchandise** [1] -
22:5
**mere** [1] - 27:6
**metadata** [1] - 28:17
**Michael** [1] - 22:23
**might** [1] - 36:23
**mind** [1] - 30:4
**minor** [2] - 6:4, 20:1
**minors** [3] - 4:22, 4:25
**minutes** [2] - 23:21,
24:18
**mischaracterized** [1] -
13:11
**mistake** [2] - 8:21,
33:10
**mistakenly** [2] - 10:8,
10:13
**moment** [1] - 21:20
**money** [2] - 27:5,
27:12
**money-laundering** [1]
- 27:5
**motion** [16] - 2:23,
2:24, 5:7, 8:24, 9:6,
10:8, 10:12, 17:12,
21:14, 21:15, 24:9,
24:21, 24:23, 31:19,
32:11
**motions** [1] - 2:23
**movant** [1] - 8:15
**MS** [83] - 2:9, 2:13,
2:16, 3:19, 3:25, 4:3,
4:7, 8:19, 8:23, 9:4,
9:15, 9:19, 9:23,
10:5, 10:11, 10:17,
11:2, 11:5, 11:7,
11:17, 11:23, 12:4,
12:10, 12:18, 12:25,

13:3, 13:5, 13:21, 13:23, 14:15, 14:19, 15:1, 15:10, 15:13, 15:22, 15:24, 16:3, 16:9, 16:16, 16:21, 16:24, 19:17, 20:7, 21:1, 21:10, 21:22, 22:1, 22:7, 22:17, 22:19, 22:20, 23:2, 23:6, 23:8, 23:10, 23:15, 23:19, 25:2, 25:8, 25:22, 26:21, 27:17, 29:2, 29:4, 29:11, 30:7, 30:17, 30:24, 31:1, 31:9, 31:11, 31:17, 32:14, 32:23, 33:6, 33:24, 34:3, 34:15, 35:2, 35:6, 36:13, 36:15, 36:20
**must** [1] - 19:10

## N

**name** [1] - 14:5
**necessarily** [2] - 22:6, 26:22
**Neck** [9] - 34:7, 34:8, 34:10, 34:17, 35:7, 35:11, 35:15, 35:25, 36:9
**need** [2] - 22:11, 34:21
**needs** [1] - 34:25
**never** [3] - 8:1, 18:14, 19:8
**New** [1] - 17:20
**NINA** [1] - 1:15
**nine** [2] - 3:3, 15:23
**Ninth** [5] - 7:19, 8:6, 8:11, 8:13, 18:12
**non** [2] - 3:23, 5:23
**non-child** [1] - 5:23
**non-child-pornography** [1] - 3:23
**noncontraband** [23] - 2:25, 3:14, 5:14, 5:23, 6:8, 6:20, 6:25, 7:4, 7:10, 7:25, 9:14, 9:18, 11:12, 11:15, 12:11, 13:16, 17:23, 18:1, 18:17, 19:21, 20:9, 31:8, 32:3
**none** [1] - 7:15
**nonexistent** [1] - 10:1
**nonforfeitable** [1] - 31:16
**normal** [1] - 8:8
**North** [5] - 13:7, 22:23, 23:5, 23:13, 23:18

**Northern** [10] - 23:4, 34:7, 34:8, 34:10, 34:17, 35:7, 35:11, 35:15, 35:25, 36:9
**noted** [4] - 17:18, 18:7, 18:22, 18:23
**NOTES** [1] - 1:25
**nothing** [3] - 7:5, 17:18, 25:21
**Noyes** [6] - 6:23, 7:4, 17:13, 18:4, 29:11, 30:2
**number** [10] - 3:16, 3:17, 3:20, 4:4, 14:3, 14:8, 19:12, 25:15
**numbers** [1] - 10:23
**numerous** [1] - 26:22

## O

**object** [1] - 11:8
**objecting** [1] - 34:23
**observing** [1] - 7:2
**obtained** [1] - 27:14
**obviously** [1] - 12:1
**occurred** [1] - 30:5
**OF** [6] - 1:1, 1:3, 1:8, 1:25, 37:16, 37:25
**OFF** [1] - 36:17
**offense** [6] - 7:13, 17:3, 18:9, 26:5, 28:6, 28:25
**offenses** [2] - 6:3, 7:15
**offering** [2] - 15:2, 15:14
**Office** [1] - 33:19
**OFFICE** [1] - 1:13
**OFFICIAL** [2] - 1:19, 37:16
**Oklahoma** [1] - 27:18
**Once** [1] - 27:11
**one** [21] - 4:6, 4:21, 9:7, 9:13, 9:15, 9:16, 9:19, 9:24, 11:18, 13:6, 13:7, 13:17, 13:20, 13:23, 23:18, 27:3, 27:13, 30:7, 31:18, 36:2, 36:25
**ones** [2] - 3:21, 3:22
**online** [3] - 4:22, 4:25
**opinion** [1] - 18:12
**opportunity** [3] - 13:17, 22:12, 23:25
**opposed** [2] - 4:8, 35:7
**opposite** [2] - 7:20, 7:22
**order** [24] - 2:23, 3:13, 7:24, 8:1, 8:7, 8:16,

8:25, 9:6, 18:3, 18:18, 19:2, 23:3, 24:1, 24:2, 24:3, 24:8, 24:14, 24:22, 27:22, 29:25, 32:8, 35:20, 36:3, 36:7
**ordering** [1] - 23:4
**original** [1] - 14:23
**otherwise** [1] - 24:6
**ought** [1] - 34:24
**ourselves** [1] - 14:5

## P

**P.C** [1] - 1:16
**p.m** [3] - 1:6, 23:22, 37:3
**page** [3] - 9:5, 9:11, 22:21
**pages** [1] - 1:23
**parameters** [1] - 25:25
**part** [6] - 8:21, 11:19, 11:23, 17:2, 23:16, 26:2
**particular** [2] - 15:8, 26:4
**parties** [1] - 18:9
**pay** [2] - 15:6, 15:19
**period** [1] - 14:14
**periodical** [1] - 17:4
**permanently** [2] - 25:19, 26:25
**permit** [1] - 32:19
**permits** [2] - 19:3, 31:12
**person** [1] - 14:13
**personal** [2] - 3:11, 20:9
**phone** [1] - 30:11
**photographs** [3] - 14:1, 20:10, 26:10
**pick** [1] - 35:14
**picture** [1] - 5:16
**pictures** [2] - 16:15, 20:4
**pieces** [1] - 26:15
**place** [2] - 8:14, 32:4
**places** [1] - 36:2
**plain** [2] - 6:9, 6:18
**plaintiff** [1] - 1:4
**PLAINTIFF** [1] - 1:12
**pleading** [2] - 15:16, 22:22
**pleadings** [1] - 13:11
**point** [4] - 6:17, 7:18, 21:1, 32:18
**point..** [1] - 16:4
**pointed** [1] - 17:16
**pointing** [1] - 30:19

**points** [1] - 31:18
**pooling** [1] - 27:7
**pornography** [21] - 2:21, 3:2, 3:5, 3:12, 3:23, 4:15, 4:18, 4:23, 5:1, 5:3, 5:10, 5:24, 6:1, 6:12, 17:14, 17:16, 26:8, 26:13, 28:6, 31:3, 32:6
**portion** [2] - 7:5, 17:18
**portions** [1] - 11:15
**position** [4] - 16:17, 16:24, 17:11, 25:13
**possession** [1] - 17:13
**possible** [2] - 34:6
**precision** [1] - 19:19
**preliminary** [6] - 2:23, 8:25, 9:6, 9:12, 29:25, 32:8
**presence** [1] - 27:12
**present** [4] - 2:4, 14:3, 18:11, 33:17
**presented** [3] - 8:4, 8:13, 8:18
**preserve** [1] - 3:13
**preserved** [1] - 12:15
**pressed** [1] - 36:1
**previously** [3] - 14:16, 18:13, 29:24
**Prisons** [1] - 33:25
**private** [1] - 14:9
**pro** [2] - 29:15, 29:21
**Pro** [2] - 4:1, 4:4
**problems** [1] - 35:5
**procedure** [1] - 12:24
**proceed** [2] - 16:2, 25:7
**proceedings** [1] - 37:19
**process** [3] - 12:20, 12:21, 13:8
**produce** [2] - 4:22, 4:25
**productive** [1] - 23:23
**professional** [1] - 13:25
**programs** [2] - 14:1, 17:15
**prohibitive** [1] - 15:19
**promote** [1] - 28:6
**promptly** [1] - 36:8
**property** [24] - 2:25, 5:25, 7:6, 7:12, 7:14, 17:24, 18:22, 21:14, 25:12, 25:13, 25:16, 25:17, 25:18, 25:22, 25:23, 25:24, 26:1, 26:15, 28:24, 29:1,

29:17, 30:14, 32:11, 32:23
**prosecution** [1] - 2:21
**protocol** [3] - 20:18, 20:19, 20:21
**pull** [1] - 6:14
**purposes** [1] - 10:22
**pursuant** [1] - 32:6
**put** [4] - 10:25, 14:20, 14:21, 16:1
**putting** [1] - 31:16

## Q

**quarrel** [1] - 33:19
**quickly** [2] - 24:7, 34:6
**quite** [1] - 15:22
**quoted** [1] - 29:3

## R

**R-E-A-I-D** [1] - 22:23
**raise** [1] - 29:16
**rate** [1] - 15:24
**rather** [3] - 17:8, 17:25, 19:3
**rationale** [1] - 18:4
**reach** [1] - 12:9
**reached** [4] - 7:7, 7:19, 24:2, 24:10
**read** [1] - 27:16
**reading** [2] - 16:6, 31:5
**Reaid** [4] - 22:23, 24:1, 24:2, 24:9
**real** [1] - 15:3
**realize** [1] - 25:20
**really** [6] - 4:18, 8:3, 10:21, 19:20, 24:4, 24:23
**reason** [6] - 18:21, 33:5, 33:13, 33:22, 34:9, 34:14
**reasonable** [2] - 21:17, 21:19
**REBECCA** [1] - 1:19
**Rebecca** [1] - 37:18
**receipt** [1] - 17:13
**receive** [5] - 4:22, 5:1, 5:3, 12:10, 34:17
**recess** [4] - 23:9, 23:20, 36:16, 37:2
**Recess** [1] - 23:22
**recognize** [4] - 25:17, 30:8, 30:18, 30:20
**recollection** [1] - 9:8
**recommendation** [6] - 13:7, 21:9, 21:23, 22:2, 23:1, 24:12
**record** [6] - 2:2, 19:5, 26:10, 29:22, 37:3,

37:19
**RECORD** [1] - 36:17
**records** [8] - 3:12, 6:12, 6:13, 13:25, 16:15, 20:4, 20:10, 26:10
**reference** [1] - 22:21
**referred** [2] - 9:16, 27:20
**referring** [1] - 22:20
**refers** [2] - 5:25, 10:7
**reflect** [1] - 2:2
**regarding** [1] - 18:6
**regardless** [3] - 20:12, 20:13, 25:18
**regrettable** [1] - 33:15
**rejected** [1] - 17:22
**related** [1] - 3:23
**relates** [1] - 14:9
**relating** [1] - 6:3
**relied** [1] - 27:19
**rely** [1] - 2:19
**remains** [1] - 24:9
**remanded** [1] - 19:7
**removable** [1] - 26:24
**remove** [1] - 12:5
**removed** [1] - 11:20
**render** [1] - 27:8
**repair** [1] - 34:21
**reply** [1] - 21:13
**report** [2] - 13:6, 24:11
**REPORTER** [3] - 1:19, 37:16, 37:25
**reputable** [1] - 12:19
**request** [5] - 6:25, 7:2, 7:10, 21:18, 28:24
**requested** [2] - 7:15, 17:14
**requesting** [3] - 13:12, 28:16
**requests** [1] - 32:7
**require** [1] - 20:15
**required** [4] - 5:16, 6:14, 7:3, 20:12
**requires** [1] - 31:4
**reserved** [1] - 28:21
**reside** [1] - 26:18
**resources** [1] - 32:1
**rest** [1] - 27:13
**result** [3] - 7:20, 7:23, 24:2
**resulted** [1] - 2:21
**retain** [3] - 18:21, 28:3, 29:7
**retrieve** [1] - 28:14
**return** [13] - 2:24, 3:10, 3:14, 7:10, 13:13, 17:14, 19:1, 21:14, 21:24, 22:5,

24:14, 30:14, 32:11
**returned** [9] - 6:12, 7:1, 11:15, 12:15, 29:18, 32:21, 33:4, 34:5, 36:8
**review** [5] - 5:13, 12:13, 13:12, 14:7, 20:15
**reviewed** [2] - 9:20, 20:22
**room** [2] - 14:22, 26:16
**RPR** [1] - 1:19
**Rule** [7] - 21:15, 21:25, 22:2, 22:14, 23:6, 23:15, 24:5, 24:6, 24:14, 25:17, 30:14, 30:16, 30:17, 30:20, 31:14, 31:19
**ruled** [3] - 18:14, 19:8, 19:9
**ruling** [1] - 29:21

## S

**salary** [1] - 15:7
**sanctioned** [1] - 13:8
**Sanders** [12] - 2:3, 2:5, 3:23, 12:16, 14:1, 25:12, 30:1, 33:3, 34:5, 34:16, 35:14
**SANDERS** [1] - 1:6
**Sanders'** [3] - 15:19, 26:10, 32:21
**schedule** [2] - 34:4, 35:19
**scheduled** [1] - 33:10
**Schlessinger** [1] - 2:10
**SCHLESSINGER** [1] - 1:12
**school** [2] - 13:25, 26:10
**scope** [1] - 18:2
**se** [2] - 29:15, 29:21
**search** [4] - 3:6, 30:9, 30:11, 30:15
**Second** [10] - 7:7, 7:10, 7:12, 8:12, 18:5, 27:21, 27:23, 27:25, 28:15, 28:23
**second** [1] - 18:18
**Section** [5] - 16:25, 17:2, 31:4
**see** [8] - 2:17, 4:11, 9:22, 10:3, 14:13, 33:13, 33:22, 35:17
**seeking** [1] - 8:24
**seeks** [5] - 3:3, 3:10,

3:13, 5:17, 30:10
**seem** [1] - 34:19
**segregate** [2] - 5:14, 13:15
**seized** [3] - 2:25, 3:5, 9:10
**selection** [2] - 12:14
**sent** [2] - 10:5, 10:13
**separate** [16] - 6:8, 12:13, 17:23, 25:10, 25:11, 25:13, 25:18, 25:23, 25:24, 26:1, 26:15, 28:22, 29:17, 29:18, 32:23
**separating** [5] - 18:21, 18:25, 19:5, 19:13, 31:25
**SETH** [1] - 1:12
**Seth** [1] - 2:10
**seven** [1] - 15:23
**Seventh** [6] - 6:23, 6:24, 7:2, 7:9, 8:12
**shall** [1] - 17:4
**shared** [1] - 26:11
**sharply** [3] - 11:11, 16:1, 20:3
**shooting** [1] - 29:14
**shoulder** [1] - 14:18
**shows** [1] - 5:18
**sIGNATURE** [1] - 37:25
**signed** [1] - 10:17
**significant** [2] - 20:11, 20:16
**similar** [2] - 7:8, 20:21
**simply** [1] - 21:2
**smaller** [1] - 15:1
**softball** [1] - 22:11
**software** [1] - 16:18
**sorry** [3] - 5:6, 9:17, 21:22
**sought** [1] - 32:9
**Special** [7] - 4:16, 4:20, 4:23, 5:1, 5:5, 5:11, 5:15
**species** [1] - 25:18
**specific** [5] - 14:2, 16:4, 16:14, 19:2
**specifically** [4] - 6:25, 17:21, 28:2, 28:21
**specify** [1] - 28:16
**spent** [1] - 16:13
**Square** [1] - 1:20
**squarely** [1] - 19:9
**standing** [1] - 33:4
**stands** [3] - 23:20, 36:16, 37:2
**started** [2] - 23:13, 36:22
**starting** [1] - 17:1

**state** [2] - 21:18, 31:19
**States** [6] - 2:3, 2:11, 22:23, 27:6, 27:17, 31:3
**STATES** [3] - 1:1, 1:3, 1:9
**states** [2] - 17:2, 31:11
**statute** [16] - 6:18, 7:3, 7:5, 16:7, 16:23, 17:8, 17:17, 17:18, 19:3, 19:11, 19:25, 31:2, 31:6, 31:11, 31:12
**statutory** [1] - 17:1
**STENOGRAPHIC** [1] - 1:25
**steps** [1] - 34:21
**still** [7] - 5:15, 7:13, 10:14, 20:15, 26:9, 28:25, 35:10
**STONESTREET** [1] - 1:19
**Stonestreet** [2] - 37:18, 37:24
**storage** [1] - 8:9
**store** [3] - 26:17, 26:20, 32:2
**stored** [12] - 7:1, 7:11, 11:20, 11:25, 17:9, 25:11, 25:19, 25:23, 26:16, 28:4, 29:8, 30:22
**strain** [1] - 31:25
**Street** [1] - 1:16
**stuff** [4] - 3:24, 6:8, 6:14, 30:15
**subject** [4] - 3:9, 7:11, 27:9, 32:6
**submit** [1] - 18:24
**submitted** [4] - 5:4, 5:6, 5:11, 19:5
**Suite** [1] - 1:17
**supervisor** [1] - 35:17
**support** [2] - 5:6, 6:22
**supported** [2] - 16:25, 17:11
**suspected** [1] - 9:20

## T

**T.S** [1] - 1:9
**taint** [1] - 27:13
**tainted** [1] - 27:7
**talks** [3] - 15:16, 21:14, 27:4
**technically** [1] - 11:19
**temporarily** [1] - 25:19
**terms** [3] - 18:3, 19:11, 31:14

**testified** [4] - 4:16, 4:20, 4:23, 5:1
**testimony** [3] - 4:13, 5:5, 9:8
**text** [1] - 26:8
**THE** [102] - 1:1, 1:9, 1:12, 1:15, 2:2, 2:6, 2:7, 2:12, 2:14, 2:17, 3:21, 4:2, 4:6, 4:10, 8:22, 9:2, 9:13, 9:17, 9:22, 10:3, 10:10, 10:16, 10:21, 11:3, 11:6, 11:10, 11:22, 11:25, 12:8, 12:17, 12:22, 13:2, 13:4, 13:20, 13:22, 14:13, 14:17, 14:25, 15:8, 15:11, 15:20, 15:23, 15:25, 16:5, 16:10, 16:20, 16:22, 19:15, 19:18, 20:24, 21:8, 21:20, 21:23, 22:5, 22:10, 22:18, 22:25, 23:5, 23:7, 23:9, 23:11, 23:18, 23:20, 23:23, 25:3, 25:20, 26:19, 27:16, 28:23, 29:3, 29:10, 30:6, 30:12, 30:23, 30:25, 31:8, 31:10, 31:15, 32:12, 32:22, 32:25, 33:7, 33:25, 34:9, 34:14, 34:20, 35:4, 35:10, 35:13, 35:20, 35:23, 36:7, 36:11, 36:14, 36:16, 36:17, 36:18, 36:22, 36:24, 36:25, 37:1, 37:2
**themselves** [3] - 3:9, 26:13, 28:20
**therefore** [1] - 18:19
**thinks** [2] - 15:6, 25:2
**Third** [1] - 17:16
**thousand** [1] - 16:13
**thousands** [2] - 15:16, 15:17
**three** [10] - 6:10, 6:16, 9:7, 12:13, 13:13, 13:18, 14:21, 16:14, 19:15, 20:17
**thrown** [1] - 22:10
**timeline** [1] - 35:18
**today** [6] - 2:12, 4:19, 6:5, 8:18, 11:11, 36:12
**took** [1] - 30:14
**top** [2] - 21:10, 22:3
**traceable** [1] - 7:12, 28:24
**traction** [1] - 24:6

transcript [1] - 37:19
TRANSCRIPT [1] - 1:8
TRANSCRIPTION [1] - 1:25
transferred [1] - 34:7
treatment [1] - 36:19
trial [6] - 4:13, 5:5, 9:8, 10:20, 10:22, 11:4
trip [1] - 33:20
trips [2] - 14:2, 34:4
trouble [1] - 35:23
true [2] - 22:11, 22:12
two [14] - 2:23, 4:6, 7:17, 9:9, 11:17, 13:6, 20:13, 23:2, 33:10, 34:16, 34:19, 35:8, 36:2
type [4] - 8:7, 12:20, 13:24, 35:8
typically [1] - 34:1

## U

U.S [4] - 1:13, 1:20, 33:19
unclear [1] - 20:8
uncommon [1] - 8:7
unconnected [2] - 28:4, 29:7
under [11] - 19:11, 21:15, 21:25, 22:2, 22:5, 24:9, 24:19, 30:15, 31:19, 33:1, 34:11
underaged [1] - 20:1
undertaking [1] - 19:13
United [6] - 2:3, 2:11, 22:23, 27:6, 27:17, 31:3
UNITED [3] - 1:1, 1:3, 1:9
universe [1] - 15:2
unless [1] - 25:24
unpublished [1] - 6:23
unrelated [1] - 3:1
unreported [2] - 13:6, 13:8
unsure [1] - 35:18
untainted [1] - 27:7
up [2] - 33:17, 35:14
upheld [1] - 28:7
useful [1] - 36:3

## V

VA [2] - 1:14, 1:17
ventures [1] - 6:13
verdict [1] - 2:22
victim [1] - 26:6

victims [4] - 6:4, 14:10, 14:12, 26:11
videos [1] - 5:10
videotape [1] - 17:5
view [5] - 3:1, 4:2, 22:7, 25:9, 34:2
views [1] - 24:17
Virginia [1] - 1:21
VIRGINIA [1] - 1:1
visual [5] - 3:4, 17:3, 17:5, 17:8, 26:7
visually [1] - 5:16
vs [3] - 22:23, 27:6, 27:17

## W

wait [1] - 21:20
wants [1] - 20:3
warrant [4] - 3:6, 30:9, 30:11, 30:15
watch [1] - 36:19
water [1] - 27:15
week [1] - 33:1
weeks [1] - 33:10
Wernick [5] - 7:8, 17:21, 27:20, 27:21
Western [1] - 27:18
whole [2] - 16:7, 19:10
words [1] - 24:10
writ [1] - 33:16

## Y

York [1] - 17:20
you-all [1] - 2:20

## Z

ZACKARY [1] - 1:6
Zanobini [10] - 2:10, 2:12, 3:18, 8:15, 10:3, 11:1, 11:4, 20:6, 25:1, 30:25
ZANOBINI [29] - 1:12, 2:9, 2:13, 3:19, 3:25, 10:5, 10:11, 11:2, 11:5, 16:3, 16:9, 16:16, 16:21, 16:24, 19:17, 20:7, 21:1, 21:10, 21:22, 22:1, 22:7, 22:17, 22:19, 31:1, 31:9, 31:11, 31:17, 33:24, 36:13

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal Action No. 1:20-cr-143 |
| | ) | |
| ZACKARY ELLIS SANDERS, | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

A jury, following a seven-day trial, convicted Defendant Zackary Ellis Sanders of five counts of production of child pornography, six counts of receipt of child pornography, and one count of possession of child pornography. Now before the Court are the government's motion for a preliminary order of forfeiture (Dkt. 610) and defendant's motion for return of non-contraband seized property (Dkt. 607). The government seeks forfeiture of nine electronic devices, all of which were used in the commission of the offenses of conviction, and which were seized by FBI agents on February 12, 2020 in the course of executing a search warrant at Defendant's home. Defendant concedes that the electronic devices themselves are subject to mandatory forfeiture, but defendant nonetheless seeks the return of certain files contained on these devices, including defendant's business records and family photograph, which defendant argues are not subject to mandatory forfeiture. Defendant seeks an order directing the government to preserve and return copies of the non-contraband content on the devices. The motions have been fully briefed and a forfeiture hearing was held April 29, 2022.[1] The motions are therefore ripe for disposition.

---

[1] Ordinarily, a forfeiture order is entered at the time of sentencing, and sentencing in this case occurred on April 1, 2022. At the time of defendant's sentencing, however, defendant requested additional time to respond to the government's proffered preliminary forfeiture order and requested that the forfeiture hearing be continued to a later date. *See* Defendant's Reply in Support of Defendant's Motion for Return of Property, *United States v. Sanders*, 1:20-cr-00143

1

**I.**

The factual and procedural background of this case has been recounted in prior Orders and need not be fully repeated here. *See, e.g.*, Sealed Order, *United States v. Sanders*, 1:20-cr-143 (E.D. Va. Apr. 15, 2022) (Dkt. 642) (summarizing defendant's convicted offenses and the trial evidence supporting those convictions).  In essence, in October 2021, following a seven-day trial, defendant was convicted by a jury of twelve counts of possession, receipt, and production of child pornography. The trial evidence established that Defendant coerced, persuaded, and enticed minor victims to record videos of themselves engaged in sexualized conduct (*e.g.* slapping their testicles) and then to send those videos to Defendant. The trial evidence also established that Defendant amassed a collection of child pornography from various websites and that Defendant stored that child pornography on various electronic devices. As a result, the government seeks forfeiture of the following nine electronic devices, all of which contain child pornography or were used in commission of the offenses of conviction:

> (a) 1B1 - 4GB Sandisk Cruzer Edge thumb drive ("1B1");
>
> (b) 1B2 - HP Elite Book 755 laptop ("1B2");
>
> (c) 1B3 - Lexar 32GB thumb drive ("1B3");
>
> (d) 1B5 - HP laptop S/N: 5CH1262Y5Y ("1B5");
>
> (e) 1B6 - HP laptop S/N: CNF8255WH5 ("1B6");
>
> (f) 1B19 - Apple iPad, S/N: DMPVGGCPHDDV ("1B19");

---

(E.D.Va.  Mar. 31, 2022) (Dkt. 612 at 1). Defendant's motion to continue the forfeiture hearing was granted, and the forfeiture hearing was continued until Aril 29, 2022.

During defendant's sentencing, counsel for both parties agreed that Fourth Circuit precedent established that a sentencing court may retain jurisdiction to enter a forfeiture order after sentencing, provided that, as occurred here, the sentencing court makes clear at the time of sentencing that a forfeiture order would be forthcoming at a later time. *See United States v. Martin*, 662 F.3d 301, 307 (4th Cir. 2011).

(g) 1B22 - Apple iPad, S/N: DMPHM3K7DVGF ("1B22");

(h) 1B24 - Apple iPhone, FCC ID: BCG-E2430A ("1B24");[2] and

(i) 1B27 - Apple iPhone S/N; C39VJ0XDJCL6 ("1B27").

Trial testimony and admitted evidence establishes that all of these electronic devices contained child pornography and were used by Defendant in the commission of the offenses of conviction. Specifically, trial testimony included:

- Special Agent Christopher Ford testified that he imaged and examined devices 1B1, 1B2, 1B3, and 1B5, and that those devices each contained images of child pornography (relating to the possession of child pornography charges).

- Agent Ford also testified that he examined 1B19 and that, based on Agent Ford's examination, 1B19 was used to chat online with minors to produce and receive child pornography.

- Agent Ford testified that he examined 1B22 and that 1B22 was used to chat online with minors to produce and receive child pornography.

- Agent Ford testified that he examined 1B27 and that 1B27 was used to receive child pornography.

In addition to the trial testimony, the government submitted two declarations in support of forfeiture. First, Special Agent Emily Eckert submitted a declaration in support of the government's forfeiture motion in which Eckert explained that a forensic examination of the electronic devices found images and videos of child pornography on each device. *See* Declaration of Special Agent Emily T. Eckert, *United States v. Sanders*, 1:20-cr-00143 (E.D.Va. Mar. 29, 2022) (Dkt. 610-1). Second, FBI Special Agent Andrew Kochy also submitted a declaration in support of the government's forfeiture motion in which Agent Kochy described the burden the government would bear if the government were required to review the files on these electronic devices and segregate contraband from non-contraband files. *See* Declaration of

---

[2] The government's proposed forfeiture order incorrectly identified device 1B24 as an Apple iPad, *see* Dkt. 610, but the government corrected this error during the April 22 forfeiture hearing.

3

Special Agent Andrew Kochy, *United States v. Sanders*, 1:20-cr-00143 (E.D.Va.  Mar. 29, 2022) (Dkt. 610-1 at 7). Specifically, Agent Kochy stated that an FBI agent would be required to "inspect every picture, text message, email, document, and file" on these devices to ensure that the files Defendant seeks contain no contraband or evidence of Defendant's crimes.[3] Dkt. 610-1 at 9. Thus, agents would be required to engage in the time-consuming effort of reviewing each file for contraband content before separating contraband content in order to separate contraband from non-contraband files.

### III.

The forfeiture of property in child pornography prosecutions is governed by 18 U.S.C. § 2253. In essence, the parties dispute the proper scope of that statutory provision. Section 2253(a) provides that defendants who are convicted of child pornography offenses are required to forfeit certain property used in connection with those offenses. *See* 18 U.S.C. § 2253(a). Because Section 2253(a)'s forfeiture provisions are mandatory, district courts lack authority to deny forfeiture even in the presence of compelling circumstances or equitable considerations. In this respect, the Fourth Circuit has been clear that "[t]he plain text of the statute thus indicates that forfeiture is not a discretionary element of sentencing." *United States v. Blackman*, 746 F.3d 137, 143 (4th Cir. 2014). Indeed, in *Blackman*, the Fourth Circuit explicitly held that the district court erred in "believe[ing] that it could withhold forfeiture on the basis of equitable considerations." *Id.* Thus, equitable considerations must play no role in determining whether the electronic devices are subject to forfeiture in their entirety.

---

[3] As discussed in more detail below, the term "contraband" refers to all property subject to mandatory forfeiture. The term "contraband" encompasses not only images of child pornography, but also includes any electronic files used in the commission of the convicted offenses as well as any information identifying or relating to the minor victims in this case.

The government bears the burden of "establish[ing] a nexus between the property for which it is seeking forfeiture and the crime by a preponderance of the evidence." *United States v. Martin*, 662 F.3d 301, 307 (4th Cir. 2011). The government has clearly satisfied its burden in this case, as the trial evidence and the declarations of Special Agents Eckert and Kochy, *see* Dkt. 610-1, establish that all nine electronic devices at issue here contain visual depictions of child pornography and were used by defendant in the commission of his child pornography offenses. [4] Defendant does not contest that all nine electronic devices are subject to forfeiture.

Although the parties agree that the nine electronic devices are subject to mandatory forfeiture under § 2253, the parties disagree about whether § 2253 applies to non-contraband files stored on those devices. The government argues that the provisions of § 2253 unambiguously require forfeiture of the electronic devices in their entirety, and that the defendant is not entitled to the return of certain non-contraband files stored on those devices. *See* Dkts. 610, 641. Defendant, in contrast, argues that the forfeiture statute does not apply to the non-contraband files contained on those files, and that the government is required to return to defendant non-contraband files which the government can easily identify and separate from the contraband files. Specifically, the defendant seeks the return of certain allegedly non-contraband files—business records and family pictures—stored on the devices designated as 1B2, 1B19, and 1B27.

---

[4] Under Rule 32.2(b)(1)(B), Fed. R. Crim. P., the determination of a nexus between the property and the crime of conviction "may be based on evidence already in the records ... or information presented by the parties ... after the verdict or finding of guilty." Rule 32.2(b)(1)(B); *accord United States v. Farkas*, 474 Fed. App'x. 349, 360 (4th Cir. 2012) (holding that a district court may rely on additional evidence submitted during sentencing in determining the scope of a forfeiture order). Thus, the declarations of Special Agents Eckert and Kochy are properly considered as part of the factual record at this stage of proceedings.

Section 2253(a) specifically identifies three categories of property subject to mandatory forfeiture:

> (1) any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction [of child pornography], which was produced, transported, mailed, shipped or received in violation of this chapter;
>
> (2) any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and
>
> (3) any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property.

18 U.S.C. § 2253(a).

Notably, nowhere does the statute provide that only some portion of the property containing child pornography should be subject to forfeiture. Nor does the statute provide that non-contraband material on the devices should be separated from contraband materials on the devices and returned to a defendant. Instead, the statute clearly requires forfeiture of "any … matter which contains" a visual depiction of child pornography, and thus requires the forfeiture not only of the visual depiction itself, but also the matter or device on which that visual depiction is stored. 18 U.S.C. § 2253(a)(1). Accordingly, any and all property used to commit a child pornography offense must be forfeited to the government under § 2253(a)(3).[5] The statute on its face thus requires that Defendant must forfeit the nine electronic devices in their entirety. And as

---

[5] This result is also consistent with the Fourth Circuit's interpretation of forfeiture provisions in other areas of criminal laws. For example, the Fourth Circuit has held that the forfeiture laws governing drug prosecutions, *see* 21 U.S.C. § 881(a), requires forfeiture of an entire property even if drug sales occurred only on a small portion of that property. *See United States v. Santoro*, 866 F.2d 1538, 1542-43 (4th Cir. 1989) (holding that the statutory text, and not the defendant's "subjective characterization of the property," must "serve as the legal basis" for determining what property is subject to forfeiture).

6

discussed below, none of Defendant's arguments against forfeiture are persuasive and thus Defendant's opposition to forfeiture of the entire device must fail.

Because the parties disagree on the scope of 18 U.S.C. § 2253, the question presented in this matter is a question of statutory interpretation. Thus, the analysis must "begin, as always in deciding questions of statutory interpretation, with the text of the statute." *Othi v. Holder*, 734 F.3d 259, 265 (4th Cir. 2013). Section 2253's text makes unmistakably clear that the government's position is correct; the electronic devices at issue are subject to forfeiture in their entirety under two subsections of § 2253.

First, the electronic devices are subject to forfeiture under § 2253(a)(1) because they are "any … other matter which contains any such visual depiction" of child pornography. 18 U.S.C. § 2253(a)(1). There is no dispute that each of the nine electronic devices contain images of child pornography, and thus each electronic device falls within the scope of § 2253(a)(1). Notably, Section 2253(a)(1) makes no exception for non-contraband material contained on the electronic devices, and instead requires that any and all matter containing child pornography (*i.e.* the nine devices at issue here) are subject to forfeiture. To the contrary, § 2253(a)(1) clearly requires forfeiture of the matter containing the visual depictions—*i.e.* the electronic storage devices.

Second, the nine electronic devices are also subject to forfeiture in their entirety under § 2253(a)(3), which requires forfeiture of "any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property." 18 U.S.C. § 2253(a)(3). Here, the electronic devices the government seeks to be forfeited qualify as property used to commit the offenses, given that these electronic devices were all used by the defendant to access and store visual depictions of child pornography. Defendant also used these electronic devices (i) to direct his minor victims to produce sexually

7

explicit images of themselves and (ii) to receive those images from his victims. *See* Dkt. 610-1 at 4-5. Thus, these electronic devices were also used to facilitate the convicted offenses of production and receipt of child pornography. Like Section 2253(a)(1), Section 2253(a)(3) applies to *any* property used to commit a child pornography offense and does not contain an exception for non-contraband portions of property. Accordingly, many of the electronic devices are subject to forfeiture in their entirety under § 2253(a)(3).

Thus, there is no doubt that the plain and unambiguous text of 18 U.S.C. § 2253(a) requires the forfeiture of the electronic devices in their entirety if the devices contain child pornography or were used to commit child pornography offenses. As the Fourth Circuit has made clear in statutory interpretation cases, where, as here, "the text is unambiguous, [the] inquiry is complete." *Taylor v. Grubbs*, 930 F.3d 611, 616 (4th Cir. 2019) (citing *Nat'l Ass'n of Mfrs. v. Dep't of Def.*, ⸺ U.S. ⸺, 138 S. Ct. 617, 631 (2018)). Indeed, the Supreme Court has observed that criminal forfeiture provisions "punish wrongdoing … [and] deter future illegality," *Kaley v. United States*, 571 U.S. 320, 323 (2014). And the plain language of § 2253(a) reflects Congress's clear purpose to deter and prevent further child pornography offenses. As discussed below, a review of persuasive caselaw confirms this result.

Although the Fourth Circuit has not ruled on this precise issue, two well-reasoned opinions of other federal courts of appeals analyzing this issue have reached the conclusion that in child pornography cases, non-contraband files stored on contraband electronic devices must be forfeited along with the devices themselves. In *United States v. Noyes*, 557 Fed. App'x. 125 (3d Cir. 2014), the Third Circuit held that electronic devices used in connection with a child pornography conviction were subject to forfeiture in their entirety, including all of the files, contraband and non-contraband, stored on those devices. As occurred here, the defendant in

8

*Noyes* requested an order requiring the government to return to defendant any non-contraband electronic files stored on those devices. The *Noyes* Court denied this request, observing that the forfeiture statute in child pornography cases required defendants to forfeit "any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property." *Noyes*, 556 Fed. App'x at 127 (citing 18 U.S.C. § 2253(a)(3)). The *Noyes* Court explained that "[t]here is nothing in the statute which indicates that only a portion of the property can be forfeited," *Noyes*, 557 Fed. App'x at 127, and accordingly the *Noyes* Court held that the child pornography forfeiture statute required forfeiture of the electronic devices as well as all files stored on those devices, including non-contraband files.

The Second Circuit reached a similar conclusion in *United States v. Wernick*, 673 Fed. App'x. 21, 25 (2d Cir. 2016). There, as here, a defendant convicted of a child pornography offense sought return of non-contraband files stored on an electronic device subject to mandatory forfeiture under 18 U.S.C. § 2253(a)(3). The Second Circuit denied defendants request, explaining that in child pornography prosecutions electronic devices containing child pornography were "still forfeitable [in their entirety] even if commingled with legitimate property." *Wernick*, 673 Fed. App'x at 25. The Second Circuit also explained that such a request would be difficult to grant even if defendant identified specific files, as "[i]t is impossible confidently to conclude that none of the data requested was used to facilitate the offenses of conviction (such as contact information for parties to the crimes or records of internet chats concerning the criminal activity)." *Id.*

In his briefs opposing forfeiture, defendant cites various out-of-circuit cases to argue that the electronic devices are not subject to forfeiture in their entirety. But this caselaw fails to persuade, as none of the cases cited by defendant involve construction of 18 U.S.C. § 2253, the

governing statute in this case. Accordingly, none of these cases are applicable and therefore these

cases do not suggest, yet alone require, a conclusion different from the result reached here

      Defendant argues that an opinion of the Ninth Circuit, *United States v. Gladding*, 775

F.3d 1149 (9th Cir. 2014), reached the opposite result and requires that the government return

defendant's non-contraband files. This is an inaccurate reading of *Gladding*. The *Gladding* Court

interpreted a district court's forfeiture order, not the text of § 2253(a). At issue in *Gladding* was

whether the district court's forfeiture order which excluded "noncontraband files even though

those files were intermingled with files containing child pornography," *id.* at 1153, nonetheless

applied to non-contraband files. The government in *Gladding* sought forfeiture of the non-

contraband files notwithstanding that those files were not included in the forfeiture order. The

Ninth Circuit acknowledged that "this type of forfeiture order [issued in *Gladding*] is

uncommon…" because "in the normal course, a defendant forfeits all the files on an electronic

storage device when it forfeits the device itself, whether those files are contraband or not." *Id.* at

1153, n.1. But the government in *Gladding* never argued that the forfeiture order should be

amended to cover all the files on the electronic devices, and there is no indication that the

*Gladding* Court considered the proper interpretation of § 2253(a). To the contrary, the Ninth

Circuit explicitly "d[id] not express an opinion on the validity of the district court's order

requiring [defendant] to forfeit only contraband files" and further, the *Gladding* Court declined

to "preclude the district court from amending its forfeiture order on remand to include the

noncontraband files that [defendant] seeks in his motion to the extent permitted by law." *Id.*

Thus, the *Gladding* Court expressly declined to consider the issue presented in this case, namely

whether the child pornography forfeiture statute, 18 U.S.C. § 2253(a), requires forfeiture of all

files housed on electronic storage devices if those devices are used to commit child pornography

offenses. Accordingly, *Gladding* does not suggest that defendant should prevail on his motion for return of non-contraband property.

Defendant also cites additional caselaw which does not involve application of § 2253(a) and is therefore inapplicable to the instant case. For example, defendant cites *United States v. Conrad*, 2013 WL 4028273, No. 3:12-cr-00134-K-34 (TEM) (M.D. Fla. May 14, 2013), which Defendant claims stands for the proposition that courts have developed a standard practice for separating contraband and non-contraband materials in forfeiture disputes. But *Conrad* involved a motion for return of property under Rule 41, Fed. R. Crim. P., and the opinion relied on by defendant does not even cite, yet alone analyze, 18 U.S.C. § 2253(a), which controls the mandatory forfeiture in this case. Defendant also cites *United States v. Reaid*, 4:10-cr-00042 (N.D. Fl., June 11, 2012) for the proposition that courts may order the return of non-contraband property. Once again, however, the *Reaid* opinion did not entail an analysis of § 2253(a); that opinion dealt instead with a motion for return of property under Rule 41. Thus, the *Reaid* opinion does not concern the proper scope of § 2253(a), which, as discussed above, compels the forfeiture of the electronic devices in their entirety even if the device contains some non-contraband material. In sum, defendant relies on inapplicable and unpersuasive cases, none of which interprets § 2253(a), the statute that undoubtedly governs this child pornography forfeiture dispute.

As discussed above, the plain text of § 2253(a) requires forfeiture of the electronic devices in their entirety, and the Fourth Circuit has held that courts imposing mandatory forfeiture under § 2253(a) may not decline to require forfeiture based on equitable considerations. *See Blackman*, 746 F.3d at 143. But even if equitable considerations were

JA231

considered, it is clear that those considerations favor a ruling requiring Defendant to forfeit the electronic devices in their entirety.

First, the government has demonstrated, through trial testimony and declarations submitted in support of the instant forfeiture motion, that compliance with defendant's request for return of some files would impose an unwarranted and substantial burden on government resources. In his declaration, FBI Special Agent Kochy advised that it would take considerable time for FBI forensic examiners to comb through the electronic devices at issue and segregate contraband from non-contraband files. *See* Dkt. 610-2. The government also notes that the task of separating contraband from non-contraband files is more complicated than merely separating pornographic images from non-pornographic ones. For example, the trial evidence in this case demonstrated that the Defendant offered employment in his businesses to several of the minor victims. Thus, some of the business files the Defendant seeks to be returned may contain information identifying defendant's minor victims, and thus such files could only be returned to the Defendant with identifying information redacted. *See* 18 U.S.C. § 3509, 3771. It would necessarily take detailed review of each file to ensure that no contraband material was inadvertently disclosed to the defendant. This review would require government personnel to devote substantial time; given the number of child pornography cases prosecuted in this District, manual review of every electronic device subject to forfeiture would be entirely unworkable given finite government resources.[6]

---

[6] Defendant, in his briefing on this issue, has offered to pay the government for the costs of identifying and returning to defendant the non-contraband files stored on the electronic devices. Defendant's offer to pay the government is insufficient. As the government rightly notes, however, even if defendant assisted with the cost of reviewing the files, an FBI technician would still be required to review the files and determine which were contraband and which were not contraband. This would require that FBI personnel take time away from other jobs, which cannot be compensated for by Defendant's payments.

12

Second, any burden to the Defendant in this case is a result of the Defendant's own wrongdoing. It is clear that the Defendant is the one who decided to commingle family photographs and business records with images of child pornography. Given that the purpose of criminal forfeiture is to punish and deter criminals, equity requires a denial of Defendant's motion. Forfeiture of the devices in their entirety also serves a significant deterrent purpose. As the Fourth Circuit has observed, "the substantive purpose of criminal forfeiture is not to provide protection for defendants but to deprive criminals of the fruits of their illegal acts and deter future crimes." *Martin*, 662 F.3d at 309. Forfeiture of the electronic devices in their entirety is a significant deterrent to those who consider trafficking in images of child pornography.

## IV.

In sum, Defendant asks for the creation of an exception to a statute's mandatory statutory forfeiture requirement, based on the premise that it is unfair to deprive Defendant of family photographs and business records stored on the forfeited devices. But the exception Defendant seeks comes not from the statute's clear text, which contains no such exception for non-contraband files housed on a contraband device; instead, Defendant's proposed exception comes from reliance on equitable considerations. But the Fourth Circuit has explicitly held that sentencing courts may not deny forfeiture based on equitable consideration in cases involving forfeiture under 18 U.S.C. § 2553. *See Blackman*, 746 F.3d at 143 ("Insofar as the district court believed that it could withhold forfeiture on the basis of equitable considerations, its reasoning was in error."). Instead, the plain and unambiguous text of § 2253(a) requires that the government's motion for forfeiture be granted, the defendant's motion for the return of non-contraband property be denied, and that the electronic devices at issue be forfeited in their entirety.

13

An Order reflecting the issues in this Memorandum Opinion will issue separately.

The Clerk is directed to send a copy of this Memorandum Opinion to all counsel of

record.

Alexandria, Virginia
August 19, 2022

T. S. Ellis, III
United States District Judge

14

JA234

# IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

UNITED STATES OF AMERICA,      )
                               )
      v.                          )     **Criminal Action No. 1:20-cr-143**
                               )
ZACKARY ELLIS SANDERS,         )
    Defendant.                  )

## ORDER

This matter comes before the Court on (i) the government's motion for a preliminary order of forfeiture (Dkt. 610) and (ii) Defendant's motion for return of non-contraband seized property (Dkt. 607).

For the reasons stated in the Memorandum Opinion issued this same day,

It is hereby **ORDERED** that the government's motion for a preliminary order of forfeiture (Dkt. 610) is **GRANTED**.

It is further **ORDERED** that Defendant's motion for return of non-contraband seized property (Dkt. 607) is **DENIED**.

The Clerk of the Court is directed to provide of this Order to all counsel of record.

Alexandria, VA
August 19, 2022

T. S. Ellis, III
United States District Judge

## IN THE UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

UNITED STATES OF AMERICA,

v.

ZACKARY ELLIS SANDERS,

*Defendant*.

Case No. 1:20-cr-143

### NOTICE OF APPEAL

Notice is hereby given that ZACKARY ELLIS SANDERS, above named, hereby appeals to the United States Court of Appeals for the Fourth Circuit from the Order granting the government's motion for a preliminary forfeiture order and denying the defendant's motion for return of non-contraband property, (Dkt. 661, 662), entered in this action on the 19th day of August 2022.

Date: September 1, 2022

Respectfully submitted,

ZACKARY ELLIS SANDERS
By Counsel

_____/s/_____
Nina J. Ginsberg (#19472)
DiMuroGinsberg, P.C.
1101 King Street, Suite 610
Alexandria, VA 22314
Telephone: (703) 684-4333
Facsimile: (703) 548-3181
Email: nginsberg@dimuro.com

### CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of September 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to counsel of record.

_____/s/_____
Nina J. Ginsberg, Esquire

**JA236**