UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:20-CV-84-BJB

PATTI'S HOLDING COMPANY, LLC;   PLAINTIFFS
PATTI'S ENTERPRISES, LLC;
WILLIAM G. TULLAR, JR.; AND
MICHAEL LEE GRIMES

v.

ZURICH AMERICAN INSURANCE COMPANY   DEFENDANT

### PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO COMPEL
*(Electronically Filed)*

## INTRODUCTION

Plaintiffs, by counsel, reply to Defendant's Response in Opposition and repeat Plaintiffs' belief that the entire, unredacted claims file must be produced. Generally, Defendant failed to address the cases from this jurisdiction that address first party bad faith claims, and the privilege log was not expanded to provide any reasons why the categories of evidence redacted by Zurich are not discoverable. We are at the discovery stage, not the admissibility stage. Also, the bad faith claims were originally bifurcated, and the contract phase has been completed. These discovery issues must be considered in light of the fact that this is the bad faith action. Zurich attempts to obfuscate by stating that of the 5,876 pages produced, only approximately five percent are redacted. That means Zurich is hiding over 298 pages. Plaintiffs are entitled to that information. As stated by the Western District of Kentucky in *Minter v Liberty Mutual Fire Ins. Co.*:

> Moreover, the magistrate judge is also aware that first-party bad-faith actions against an insurer can only be proved by showing exactly how the company processed the claim and why the company made the decisions it did. Without the claims file, a contemporaneously-prepared history of the handling of the claim, it is difficult to see how an action for first-party bad faith could be

1

> maintained without requiring an overwhelming number of depositions, whose costs would thereby render all but the rare wealthy few first-party bad faith claimants financially unable to proceed. This court is therefore unwilling to predict that Kentucky's highest court would enter an opinion that would shield portions of a claims file from discovery in a first-party bad faith case on the basis of the attorney-client privilege, and therefore rules that the attorney-client privilege does not shield materials contained in Ms. Minter's underlying claims file.

*Minter v. Liberty Mut. Fire Ins. Co.*, No. 3:11-CV-249-S, 2012 WL 2430471, at *2 (W.D. Ky. June 26, 2012).

## ATTORNEY CLIENT PRIVILEGE AND WORK PRODUCT

In *Woods v Standard Fire Insurance Company*, Magistrate Judge Stinnet of the Eastern District of Kentucky, considered the prior district court decisions cited in Plaintiffs' motions (*Madison, Shaheen*, and *Minter*) in the context of a discovery issue in a first party bad faith action. *See Woods v. Standard Fire Ins. Co.*, No. 5:18-CV-658-JMH-MAS, 2020 WL 2420527 (E.D. Ky. May 12, 2020). The discovery sought included items claimed to be privileged by attorney-client or work product, after the contract claim had been resolved. *Woods* is remarkably similar to the case at bar. Judge Stinnet considered all aspects of the privileged items and made specific rulings that only attorney communications related specifically to the bad faith claim and pleadings or draft pleadings are protected. In all other respects, the court agreed with *Madison*, *Shaheen*, and *Minter*. Judge Stinnet even quoted *Minter* as stating: "This court is therefore unwilling to predict that Kentucky's highest court would enter an opinion that would shield portions of a claims file from discovery in a first-party bad faith case on the basis of the attorney-client privilege[.]" *Id*. at *4. The court specifically required discovery of attorney-client communications that relate to the contract claim. *Id.*

2

Likewise, work product documents related to the handling of the contract portion of the claim are discoverable. "Woods must have access to the critical information contained in the claim filed including information that is post-suit, but only to the extent it relates to the UIM claim." *Id.* at *5. The UIM claim was the contract portion of the Woods claim. "Without production of the claims file, it would be nearly impossible to prove bad faith." *Id.*

Defendant attempts to rely on *Hines v Safeco Ins. Co. of America*, No. 3:18-CV-00304-JRW-RSE, 2020 WL 5237525 (W.D. Ky. Sept. 2, 2020). In that case, the bad faith and contractual claims were bifurcated, and the discovery motions considered by the Court related to disputes in the contractual claim. *See id*. at *1. Therefore, the analysis of the Court is inapplicable here. "On February 25, 2019, the Honorable Colin H. Lindsay granted Safeco's Motion and stayed discovery on the bad faith claims pending resolution of the breach of contract claim. … **Discovery then proceeded on the contractual claim only** but disputes concerning document production, …resulted in the subject Motions." *Id.* (emphasis added).

## RESERVES

The issue of the production of reserves in discovery was answered affirmatively by Judge King in the *Madison v Nationwide Mut. Ins. Co*., 2012 WL 4592135, which quoted *Grange Mutual Ins. Co. v Trude*, 151 S.W.3d 803 (Ky 2004) approvingly:

> The relevance of procedures for setting reserves to a bad faith claim seems obvious. Reserve setting procedures are controlled in part by statute. Evidence of Grange's reserve setting procedures would help show whether Grange is following the statutory and regulatory requirements and whether the specific system for setting reserves is aimed at achieving unfairly low values. We find that this evidence is relevant to the bad faith claim.

*Madison v. Nationwide Mut. Ins. Co*., No. 1:11-CV-157-R, 2012 WL 4592135, at *4 (W.D. Ky. Oct. 1, 2012).

Defendant mistakenly relies on *Messer v Universal Underwriters Insurance Company*, 598 S.W.3d, Ky App 2019 (Disc Rev denied April 22, 2020) as support for its argument. However, *Messer* is a *third-party* claim and only considers *admissibility* of reserves as evidence, as opposed to the discoverability—a completely different situation from the matter at hand. Plaintiffs are entitled to see the reserve information to assist in understanding the manner in which Zurich adjusted the claim.

## CONCLUSION

In short, Defendant attempts to muddle the case law by claiming that there is a conflict between the state and federal cases. However, the contradiction is not between state and federal law; rather, it is between first party bad faith cases and third party bad faith cases. The first party case law rings clear that the insured is entitled to *discovery* of their claim file. This applies to reserves, attorney-client privilege material, and work product. Furthermore, Defendant has failed to fulfill its burden of establishing the existence of privilege throughout the nearly 300 pages of redacted materials. Instead, it attempts to push the blame on Plaintiffs for not giving enough explanation as to the purpose for which the information will be utilized. In all its contentions within its Response, Defendant is clearly wrong under the law, as established in this district. Therefore, Plaintiffs respectfully request the Court grant their Motion to Compel.

Respectfully Submitted,

WHITLOW, ROBERTS, HOUSTON & STRAUB, PLLC
*Attorneys for Plaintiffs*


BY:   /s/ E. Frederick Straub, Jr.
       E. Frederick Straub, Jr., Esq.
       Matthew S. Eddy, Esq.
       300 Broadway
       Post Office Box 995
       Paducah, Kentucky 42002-0995
       Telephone:  (270) 443-4516
       Facsimile:  (270) 442-1712
       rstraub@whitlow-law.com
       meddy@whitlow-law.com


**CERTIFICATE OF SERVICE**

I hereby certify that I have this the 6th day of March, 2023, electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to the following:

David B. Sloan, Esq., and Colby Cowherd, Esq., O'Hara, Taylor, Sloan, Cassidy Beck, PLLC, 25 Town Center Blvd., Suite 201, Covington, KY 41017-0411, *Attorneys for Defendant.*

       /s/ E. Frederick Straub, Jr.
       E. Frederick Straub, Jr.